COLETTE VOGELE (SBN No. 192865)
Email: colette@vogelelaw.com
BENJAMIN COSTA (SBN No. 245953)
Email: ben@vogelelaw.com
**VOGELE & ASSOCIATES**
580 California Street, Suite 1600
San Francisco, CA 94104
Tel: (415) 751-5737
Fax: (415) 358-4975

Attorneys for Plaintiff
VIOLET BLUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIOLET BLUE, an Individual,<br><br>  Plaintiff,<br><br>  v.<br><br>ADA MAE JOHNSON a/k/a ADA WOOFINDEN, an individual d/b/a VIOLET BLUE a/k/a VIOLET a/k/a VIOLET LUST; VIOLET BLUE, INC., a California Corporation; and DOES 1-10,<br><br>  Defendants. | Case No. C 07-5370 MJJ<br><br>**PLAINTIFF'S MOTION FOR LEAVE PURSUANT TO FED. R. CIV. P. 15(a) TO AMEND COMPLAINT**<br><br>Hon. Judge Jenkins<br>Courtroom 11, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>**Hearing Date: January 29, 2008**<br>**Hearing Time: 9:00 a.m.** |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 29, 2008, at 9:00 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 11 (19th Floor) of the Honorable Martin J. Jenkins, Plaintiff Violet Blue will and hereby does move the Court pursuant to Federal Rule of Civil Procedure 15(a) for leave to file a First Amended Complaint to add Assassin Pictures, Inc., AssassinCash.com, Five Star Distribution Company LLC, and Bill Fox as additional defendants to this action. [*See* Declaration of Colette Vogele ("Vogele Decl."), Exh. 1 (Proposed First

Amended Complaint).] This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the proposed First Amended Complaint, the pleadings and papers on file, and such other arguments as may be presented in the Reply and at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION AND STATEMENT OF FACTS

Plaintiff Violet Blue initiated this action just two months ago, on October 22, 2007, alleging causes of action for trademark infringement, trademark dilution, violation of Plaintiff's right of publicity, and unfair competition. [Complaint, *filed* Oct. 22, 2007 ("Complaint").] Plaintiff's Complaint alleges these causes of action against Defendant Ada Mae Johnson, an individual, Violet Blue Inc., a California corporation, and ten Doe defendants.

The Complaint was personally served on Defendant Johnson on October 23, 2007. Thereafter Defendant Johnson contacted Plaintiff's counsel by telephone. [Vogele Decl., ¶ 4.] Plaintiff's counsel cautioned Johnson to obtain legal counsel before responding to the complaint. [*Id.*] Several days later, Johnson contacted Plaintiff's counsel by email. In response, counsel for Plaintiff again encouraged Johnson to obtain legal counsel and informed Johnson of resources for finding pro bono counsel in her area if she could not afford to pay for an attorney. [*Id.* & Exh. 3.] Plaintiff's counsel also informed Johnson by email that she would have until November 12, 2007, to respond to the Complaint. [*Id.*]

Defendant Johnson thereafter submitted a "Response" to the Complaint (herein "Answer") by placing a copy in the mail to Plaintiff and (presumably) to this Court, and also by emailing portions of the Answer to counsel.[1] The Answer identifies several facts that raise new issues in this matter, including the need to add at least four new defendants to this action. For example, Defendant's answer includes the following admissions and statements:

/ / /

---

[1] On November 7, Defendant Johnson emailed the Answer and Exhibits E and G of her Answer to Plaintiff's counsel. A few days later, Plaintiff's counsel received by mail a printed and signed copy of Defendant Johnson's Answer and four exhibits. Defendant's Answer (with four exhibits) was entered into the Court's docket on November 13, 2007. [Answer, (Docket No. 6).]

- Defendant admits that "Violet Blue, Inc." was fictitiously identified by her "webmaster" in the domain registration when she obtained the domain name VioletBlue.org. [Answer, ¶ 3].
- Defendant entered contracts relevant to this action with the Exotic Erotic Ball, an entity located in South San Francisco, California and, as recently as October, 2006, Defendant co-hosted and performed in South San Francisco, California, for the Exotic Erotic Ball. [*Id.*, ¶¶ 6, 13.]
- Defendant performed under the name "Violet Blue" in movies filmed in California. [*Id.*, ¶ 11.]
- Defendant distributes her films through Five Star FC. [*Id.*, ¶ 12.]
- Defendant was aware of the potential for public confusion as a direct result of her use of the name "Violet Blue". [*Id.*, ¶ 19, 26.]
- Defendant admits that Dave Pounder read a news article about Plaintiff's work and contacted Defendant under the mistaken belief that the news article was about Defendant. [*Id.*, ¶ 20.]
- Defendant admits to receiving emails wherein the senders had confused Defendant with Plaintiff. [*Id.*, ¶ 26].

In light of these and other facts stated in Defendant's Answer, and based upon Plaintiff's further investigation of facts relevant to the entity Violet Blue Inc. and the ownership of Defendant's website, VioletBlue.org,[2] Plaintiff seeks leave to amend the Complaint to name four of the Doe defendants included in the Complaint and to add relevant factual statements regarding these additional defendants: Assassin Pictures, AssassinCash.com, Five Star Video L.C., and Bill Fox.

---

[2] Violet Blue Inc. is a California corporation and, at the time of the filing of this action, was identified as the "registrant" of Defendant Johnson's website, VioletBlue.org. [Vogele Decl., ¶ 7 & Exh. 4.] After serving the Complaint, Plaintiff was informed that Violet Blue Inc. has no involvement with the VioletBlue.org website, and that the domain registration was falsely made in its name. [*Id.*, ¶ 8 & Exh. 5.] Violet Blue Inc. thereafter issued a cease and desist letter to Defendant Johnson. [*Id.*]. Recently, the VioletBlue.org website registration has changed to the name of "David Clairborne" as the "registrant" with an address that matches Defendant Johnson's PO Box. [*Id.*, ¶ 9-10 & Exhs. 6 & 7.] Based on this information, Plaintiff has agreed to dismiss without prejudice named defendant Violet Blue Inc. simultaneously with this motion.

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT            Case No. C 07-5370 MJJ

To date, a case management scheduling order has not been entered in this case. The proposed amendments create no new legal theories and assert no new material facts to the prejudice of Defendant Johnson. Counsel for Johnson[3] would not consent to the amendment of the Complaint, and therefore Plaintiff now moves for leave to amend. For the reasons stated more fully below, Plaintiff's requested amendment is entirely justified under the liberal standards governing amendments to pleadings.

II. LEAVE TO AMEND SHOULD BE GRANTED BECAUSE THE CASE IS AT A VERY EARLY STAGE AND THE PROPOSED AMENDMENT WILL NOT PREJUDICE DEFENDANTS.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a). District courts have discretion in granting motions to amend, and the provision "leave shall be freely given" is a "mandate [] to be heeded." *Foman v. Davis*, 371 U.S. 178, 812 (1962).

Rule 15 is designed to facilitate amendment, except when prejudice to the opposing party would result. *United States v. Hougham*, 364 U.S. 310, 316 (1961). In deciding whether to grant leave to amend, the court takes several factors into account: "(1) whether the movant unduly delayed in bringing the motion, (2) evidence of bad faith or dilatory motive on the part of the movant; (3) the movant's repeated failure to cure deficiencies by previous amendments; (4) prejudice to the opposing party; and (5) futility of amendment." *G & C Auto Body Inc. v. Geico General Insurance Company*, 2007 WL 3306629, slip op. (N.D. Cal. 2007) (Jenkins, J.); *citing to DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Unless prejudice is shown, or a strong showing of one of the remaining factors, there is a presumption under Rule 15(a) in favor of granting leave to amend. *G & C Auto Body Inc.,* 2007 WL 3306629, slip op.; *citing to Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice under Rule 15 means "undue difficulty in prosecuting [or defending] the lawsuit as a result of the change in tactics or theories." *Smith v. Guaranty Service Corp.*, 51 F.R.D. 289, 293 (N.D. Cal. 1970); citing to *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969).

---

[3] On November 9, 2007, Plaintiff's counsel received a phone call from Robert Apgood, an attorney licensed in Washington State, stating that he would be representing Defendant Johnson in this litigation. [Vogele Decl., ¶ 6.]

4

A. As The Case Is In The Very Early Stage, Plaintiff Has Not Delayed in Filing This Motion to Amend.

As explained above, Plaintiff brings this motion for leave to amend without undue delay following the receipt of Defendant Johnson's Answer, filed November 13, and after further investigation into the true names and identities of those affiliated with Defendant's website VioletBlue.org based on Defendant Johnson's Answer and admissions. Plaintiff's counsel informed Defendant Johnson's counsel on December 5 of Plaintiff's need to amend the Complaint. Defendant's counsel refused to grant such consent. [Vogele Decl., ¶ 11.] Therefore, Plaintiff brings this motion without undue delay because Plaintiff has only recently become aware of the true names and identities of these new defendants, their relationship with Defendant Johnson, and their complicity with the violations of Plaintiff's trademark rights, right of publicity and unfair competition. Moreover, less than six (6) weeks have passed since the time Defendant Johnson's Answer was entered in the Docket. *See SAES Getters S.p.A. v. Aeronex, Inc.,* 219 F.Supp.2d 1081, 1096 (S.D. Cal. 2002) (Granting plaintiff's motion to amend the complaint where five months had elapsed between defendant's answer and plaintiff's motion, particularly because no proceedings had taken place in the interim); *see also DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987)* (Holding that plaintiff's motion to amend the complaint (in this case, the fourth amended complaint) was improperly denied because a 14-month delay was insufficient to demonstrate undue delay.).

B. Plaintiff Brings This Motion Without Bad Faith or Dilatory Motive.

Moreover, Plaintiff filed this motion without bad faith or dilatory motive. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (2003); *G & C Auto Body Inc. v. GEICO General Ins. Co.*, 2007 WL 3306629, slip op. (N.D. Cal. 2007) (Jenkins, J.). Plaintiff's post-filing investigation revealed legitimate grounds for adding the new defendants as the parties previously alleged as Does, and specifically as a result information learned from Defendant Johnson and Defendant VBI.

Assassin Pictures, Inc. ("AP") operates AssassinPictures.com and Assassin Cash ("AC"), and both are internet companies that facilitate creation of commercial, pornographic websites,

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT                    Case No. C 07-5370 MJJ

specifically the VioletBlue.org website where Defendant Johnson's illicit content is displayed, promoted, and sold in violation of Plaintiff's rights. [Vogele Decl., ¶¶ 12-16, Exhs. 8-12.] AP and AC make available to their customers advertising content including links and banner ads for VioletBlue.org, which generate revenue for AP and AC as a direct result of the infringing content found at VioletBlue.org. [*See, e.g., Id.*, ¶ 16 & Exh. 12 (banner advertising)].

Moreover, Five Star Distribution Company LLC ("Five Star") operates an internet company that facilitates creation of virtual "adult super stores" to sell pornographic DVD and VHS movies, and adult toys. Five Star is a distributor that receives revenue for each movie and toy sold in its virtual stores. [*See Id.*, ¶ 17 & Exh. 13.] According to Defendant Johnson's Answer, "Five Star Video (www.fivestarfc.com) set up, ran and maintained the Defendant's online store www.movies.violetblue.org." [Answer, ¶ 12.] It is through this "online store" that pornographic films featuring Defendant Johnson using Plaintiff's trademark, name "Violet Blue" and likeness are sold to the public, including in California and in this Judicial District.

Finally, Bill Fox is the registered owner of AssassinCash.com, the website that supports and receives revenue from the infringing images, name, and persona portrayed at VioletBlue.org, and is provided as the technical contact and/or general contact for both AssassinPictures.com and AssassinCash.com. [Vogele Decl., ¶¶ 18-20 & Exhs. 14-16]. Through his involvement with these websites, Mr. Fox assists the websites in making the infringing content and receiving revenue as a result of the portrayal of the Plaintiff's trademark, name, likeness and persona at VioletBlue.org. Moreover, Defendant Johnson has asserted in a conversation with Plaintiff's counsel on October 25, that Bill Fox "hosts" the VioletBlue.org website and that Mr. Fox receives payments based on sales of content from the website. [*Id.*, ¶ 4.] Finally, "Bill Fox" is identified as the custodian of record under 18 U.S.C. § 2257 on the VioletBlue.org website, an important federal compliance role for the sexually explicit website. [*Id.*, ¶ 20 & Exh. 16.]

Accordingly, Plaintiff's motion is filed in good faith and without dilatory motive because each of the new defendants profits directly from the distribution of content under the name "Violet Blue" causing confusion among members of the public between Plaintiff Violet Blue, an accomplished, prolific, and mainstream sex-positive writer and speaker, and the adult film

1 actress Defendant Johnson who has impermissibly assumed Plaintiff's name and persona for her
2 pornographic acting.

### C.     Plaintiff Has Not Previously Failed to Cure Defects.

This is Plaintiff's first motion to amend the complaint. Accordingly, Plaintiff's motion for leave to amend cannot be denied on the basis of a previous failure to cure.

### D.     Adding Four New Defendants Will Not Prejudice Defendant Johnson.

Defendant Johnson will not suffer prejudice as a result of the addition of these four new defendants. The party opposing the amendment has the burden of showing prejudice. *DCD Programs, Ltd*, 833 F.2d at 187 (9th Cir. 1987). It is well settled in the Ninth Circuit (and others) that "[b]ald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.'" *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946 (9th Cir. 2006) (citing to *Hurn v. Ret. Fund Trust of the Plumbing, Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)); *see also Eminence Capital*, 316 F.3d at 1052 ("A simple denial of leave to amend without any explanation by the district court is subject to reversal. Such a judgment is 'not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.'" (quoting *Foman*, 371 U.S. at 182)). Here, Defendant was surely aware of the important roles that these four new defendants played during her operation of the website VioletBlue.org. Given the very short time since the Complaint and Answer were filed, and given the fact that Defendant's counsel has not responded to Plaintiff's counsel's request for dates upon which to conduct a Rule 26(f) meeting with Plaintiff's counsel, Defendant cannot argue prejudice by the addition of these new defendants.

### E.     Plaintiff's Amendments Are Purposeful and Serve the Interests of Justice.

Finally, Plaintiff's amendments are not futile. "Before discovery is complete, a proposed amendment is 'futile' only if no set of facts can be proved under the amendment that would constitute a valid claim or defense." *Miller v. Rykoff-Sexton, Inc.* 845 F2d 209, 214 (9th Cir. 1988). Plaintiff has asserted viable trademark infringement, trademark dilution, violation of right of publicity, and unfair competition causes of action against Defendant Johnson as demonstrated

in the Complaint and Defendant Johnson's Answer. The same causes of action have been asserted against each of the four new defendants in the (Proposed) First Amended Complaint, as a result of Defendant's Answer and Plaintiff's further investigation. In light of these facts, Plaintiff argues the First Amended Complaint asserts valid claim against the new defendants.

Moreover, Plaintiff is seeking injunctive relief and monetary damages in this action which cannot be fully accorded without adding these defendants.  The Ninth Circuit has consistently found that the aim in seeking to accord "complete relief" is to preclude multiple lawsuits on the same cause of action. *Disabled Rights*, 375 F.3d at 879 (9th Cir. 2004). The Court could not accord Plaintiff complete injunctive relief without joining AP, AC, Five Star, and Bill Fox as defendants because, absent a finding that these defendants were in active concert or participation with Defendant, they would not be automatically bound by an injunction prohibiting the continued proliferation of the infringing images, name, and persona at VioletBlue.org. Fed. R. Civ. Pro. 65(d). Similarly, in the context of monetary damages, Plaintiff could not obtain complete relief unless each of these new defendants who have received revenue in connection with use of the name, image, and persona Violet Blue is added as a party in this action.

In conclusion, the addition of the four new defendants will enable the Court to accord Plaintiff complete relief, and because no prejudice befalls Defendant as a result of this amendment, the interests of justice require that leave to amend be granted. *Foman*, 371 U.S. at 812; *see also Hougham*, 364 U.S. at 317 (the purpose of pleading is to facilitate a proper decision on the merits) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

8

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT    Case No. C 07-5370 MJJ

III. CONCLUSION

For the reasons stated above, the Court should grant Plaintiff's Motion and allow the filing of their First Amendment Complaint [Vogele Decl., Exh. 1].

Dated:  December 21, 2007                           VOGELE & ASSOCIATES


By:/S/ Colette Vogele
         Colette Vogele

Attorneys for Plaintiff VIOLET BLUE