COLETTE VOGELE (SBN No. 192865)
Email: colette@vogelelaw.com
BENJAMIN COSTA (SBN No. 245953)
Email: ben@vogelelaw.com
**VOGELE & ASSOCIATES**
580 California Street, Suite 1600
San Francisco, CA 94104
Tel: (415) 751-5737
Fax: (415) 358-4975

Attorneys for Plaintiff
VIOLET BLUE

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIOLET BLUE, an Individual, | Case No. C 07-5370 MJJ |
| Plaintiff, | **PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | Hon. Judge Jenkins |
| ADA MAE JOHNSON a/k/a ADA WOOFINDEN, an individual d/b/a VIOLET BLUE a/k/a VIOLET a/k/a VIOLET LUST; VIOLET BLUE, INC., a California Corporation; and DOES 1-10, | Courtroom 11, 19th Floor 450 Golden Gate Avenue San Francisco, CA 94102 |
| | **Hearing Date: March 4, 2008** **Hearing Time: 9:30 a.m.** |
| Defendants. | |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 4, 2008, at 9:30 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California in Courtroom 11 (19th Floor) of the Honorable Martin J. Jenkins, Plaintiff Violet Blue will and hereby does move the Court pursuant to the Court's inherent authority and 28 U.S.C. § 1927 to assess against Defendant Ada Mae Johnson and/or Defendant's Counsel in this matter the reasonable costs totaling $4,123 for the preparation and filing of her motion to amend and the accompanying papers, and $2,208 for this motion for sanctions. This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities,

the previously filed motion for leave to amend, the Court's January 17 Order to Show Cause, Defendant's December 21 statement of non-opposition, and the pleadings and papers on file, and such other arguments as may be presented in the Reply and at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  INTRODUCTION AND STATEMENT OF FACTS.

Plaintiff Violet Blue is a prolific and accomplished sex-positive writer and speaker. On October 22, 2007, she filed a Complaint alleging causes of action for trademark infringement, trademark dilution, violation of her right of publicity, and unfair competition against adult film actress Defendant Ada Mae Johnson ("Defendant"), an individual, Violet Blue Inc., a California corporation,[1] and ten Doe defendants. [Complaint, filed Oct. 22, 2007 ("Complaint").] On November 13, 2007, Defendant Answered the Complaint. The Answer informed Plaintiff of several new facts related to the causes of action raised in the Complaint, including Plaintiff's need to amend the complaint to include additional defendants.

On December 5, 2007, Plaintiff's Counsel contacted Defendant's Counsel to meet and confer regarding amending the original Complaint. [Declaration of Colette Vogele In Support Of Motion For Sanctions, ¶ 2 (hereinafter "Vogele Decl."); *see also* Declaration of Colette Vogele In Support Of Plaintiff's Motion For Leave To Amend Complaint, *filed* Dec. 21, 2008, ¶ 11 (Docket No. 10).] Respective Counsel for the parties met and conferred on that date regarding Plaintiff's intention to amend the Complaint in light of the additional entities and individuals Defendant identified in her Answer as related to the causes of action already at issue in this proceeding. [Vogele Decl. ¶ 2]. Defendant's Counsel unambiguously refused to consent to Plaintiff's amendment of the Complaint and informed Plaintiff's Counsel that he would oppose any motion to amend. [*Id.*, ¶ 2]. Plaintiff thereafter moved to amend the original complaint, expending valuable time and resources in preparing and filing the motion and the supporting papers. [*Id.* ¶ 3.] In total, Plaintiff's costs amounted to $ 4,123.00. [*Id.* ¶¶ 4-5].

///

---

[1] Plaintiff Blue subsequently agreed to the dismissal without prejudice of Violet Blue Inc., after learning of the fraudulent use of that entities name in the registration information for Defendant's website. *See* Motion To Amend, *filed* Dec. 21, 2008, at 3, note 2.

1   Defendant failed to file a response to Plaintiff's Motion for Leave to Amend and,
2   ultimately, following the Court's Order to Show Cause (*See* Docket No. 17), Defendant filed a
3   notice of non-opposition. [Defendant Woofinden's Statement Of Non-Opposition To Plaintiff's
4   Motion To File Amended Complaint, *filed* Jan. 21, 2008 (Docket No. 21) (hereinafter "Notice of
5   Non-opposition").]

6   II.  SANCTIONS SHOULD BE IMPOSED IN ORDER TO ENSURE A JUST, SPEEDY, AND INEXPENSIVE DETERMINATION OF THIS PROCEEDING AND TO PREVENT DEFENDANT FROM ENGAGING IN FUTURE GAMESMANSHIP.

8   The Court may sanction parties or their lawyers for improper conduct as authorized under
9   (1) the court's inherent power, which penalizes bad faith conduct, and (2) 28 U.S.C. § 1927,
10  which penalizes conduct that unreasonably and vexatiously multiplies the proceedings. *Fink v.*
11  *Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

12      A.  Defendant's Refusal To Consent To Filing Of Plaintiff's First Amended Complaint And Submission Of The Notice Of Non-opposition Rise To The Level Of Bad Faith Conduct Undertaken For The Purposes Of Causing Delay And Increasing Litigation Costs.

15  The Court may impose sanctions against Defendant and/or Defendant's Counsel pursuant
16  to its inherent authority to "manage their own affairs so as to achieve the orderly and expeditious
17  disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (*quoting Link v.*
18  *Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962)). In order to impose sanctions using its inherent
19  authority, the Court must find the Defendant and/or Defendant's Counsel acted in bad faith,
20  which includes a broad range of willful improper conduct. *Christian v. Mattel, Inc.*, 286 F.3d
21  1118, 1131 (9th Cir. 2002); *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). The requirement
22  that the Court make a bad faith finding, "does not require that the legal and factual basis for the
23  action prove totally frivolous; where a litigant is substantially motivated by vindictiveness,
24  obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of
25  attorney's fees." *Fink*, 239 F.3d at 992*; citing to In re Itel Securities Litigation*, 791 F.2d 672
26  (9th Cir. 1986) *(quoting Lipsig v. National Student Mktg. Corp.*, 663 F.2d 178, 182 (D.C. Cir.
27  1980)). "[S]anctions are justified when a party acts *for an improper purpose* – even if the act
28

3                                                          C 07-5370 MJJ
PLAINTIFF'S MOTION FOR SANCTIONS

consists of making a truthful statement or a non-frivolous argument or objection." *Gomez v. Vernon*, 255 F.3d 1118, 1133 (9th Cir. 2001) (*quoting Fink*, 239 F.3d at 992).

In this case, Defendant's refusal to consent to Plaintiff's amendment to the Complaint on the grounds that Defendant was going to oppose the amendment, and subsequent filing of a Notice of Non-opposition amounts to an improper delay tactic. While Defendant's Notice of Non-opposition is not factually or legally frivolous, it was filed in bad faith because there is no legitimate reason for Defendant to have withheld consent to the filing of Plaintiff's First Amended Complaint when Plaintiff requested it during their meet and confer nearly ***two months ago***. It was further unreasonable for Defendant's Counsel to refuse Plaintiff's entirely justified request to amend the complaint to add new parties, as the request was made without undue delay, without bad faith or dilatory motive, it was Plaintiff's first amendment to the complaint, there was no risk of prejudice to the Defendant, and the amendment was not futile. *G & C Auto Body Inc. v. Geico General Insurance Company*, 2007 WL 3306629, slip op. (N.D. Cal. 2007) (Jenkins, J.); *citing to DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). If, during the meet and confer, Defendant's Counsel had consented to Plaintiff's request to amend the complaint to add new parties, Plaintiff would not have expended resources preparing the motion to amend and the supporting documents, and the Court would not have expended resources drafting the Order to Show Cause. Fed. R. Civ. P. 15(a)(2) (A party may amend its pleading with the opposing party's written consent.). In refusing consent and failing to oppose Plaintiff's motion, the Defendant's Notice of Non-opposition was submitted for the improper purposes of causing unnecessary delay and needlessly increasing the cost of litigation. *Chambers v. NASCO*, 501 U.S. 32, 32, 51 (1991) (Using tactics of delay, oppression, harassment and massive expense to exhaust the opposing party is conduct the court may sanction under its inherent authority.)

Such gamesmanship plainly interferes with the requirements of Rule 1, which provides that the Federal Rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Defendant's bad faith conduct should therefore be sanctioned in order to deter similar conduct in the future, particularly since

the parties are in the early stages of this proceeding with anticipated, extensive future adversarial interaction.

      B.      Defendant's Counsel Refused To Consent To Plaintiff's Amendment, As Authorized By Federal Rule Of Civil Procedure 15, With Reckless Disregard For The Guiding Principle Set Forth By Rule 1: To Promote A Just, Speedy, And Inexpensive Result.

Section 1927 provides for the imposition of "excess costs, expenses, and attorneys' fees" on counsel who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927 (2007). The Ninth Circuit has provided that a finding of recklessness plus knowledge is sufficient to justify the imposition of sanctions under section 1927. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002).

Relying on the Ninth Circuit's guidance, sanctions should be imposed on Defendant's Counsel here under section 1927 for his refusal to consent to Plaintiff's amended complaint as authorized, "when justice so requires", by Rule 15 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a)(2). In refusing consent, Defendant's Counsel acted with knowing and reckless disregard for Rule 1 of the Federal Rules of Civil Procedure which requires Defendant's Counsel to construe the rules with an eye toward a just, speedy, and inexpensive determination of every proceeding. Fed. R. Civ. P. 1. Defendant's Counsel's recklessness ultimately multiplied the proceedings by forcing Plaintiff to file the Motion to Amend the Complaint and supporting papers.

While a finding of knowing recklessness suffices to justify sanctions under section 1927, a finding of bad faith also justifies such an award. *Fink*, 239 F.3d at 993. "A finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (*quoting In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996)). "Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith." *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989); citing to *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982) and *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981). Defendant's Counsel acted in bad

faith by withholding consent to allow the First Amended Complaint and subsequently submitting the Notice of Non-opposition, all for the purpose of harassing Plaintiff by delaying litigation and increasing costs. Therefore, in light of Defendant's Counsel's disregard for Rule 1 and bad faith refusal to consent to Plaintiff's amendment, sanctions should be imposed under section 1927.

### III. CONCLUSION

For the reasons stated above, the Court should grant Plaintiff's Motion for Sanctions and assess the reasonable costs totaling $4,123 for preparing and filing the motion to amend and accompanying papers against Defendant and/or Defendant's Counsel, reasonable costs totaling $2,208 for the preparation and filing of this motion for sanctions. This result serves the interests of justice so as to deter such gamesmanship in the future.

Dated: January 29, 2008                                    VOGELE & ASSOCIATES

By: /S/
Colette Vogele

Attorneys for Plaintiff VIOLET BLUE