COLETTE VOGELE (SBN No. 192865)
Email: colette@vogelelaw.com
BENJAMIN COSTA (SBN No. 245953)
Email: ben@vogelelaw.com
**VOGELE & ASSOCIATES**
580 California Street, Suite 1600
San Francisco, CA 94104
Tel: (415) 751-5737
Fax: (415) 358-4975

Attorneys for Plaintiff
VIOLET BLUE

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIOLET BLUE, an Individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADA MAE JOHNSON et al.,<br><br>　　　　　Defendants. | Case No. C 07-5370 MJJ<br><br>**[PROPOSED] ORDER GRANTING SANCTIONS AGAINST DEFENDANT**<br><br>Hon. Judge Jenkins<br>Courtroom 11, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>**Hearing Date: March 4, 2008**<br>**Hearing Time: 9:30 a.m.** |

**BACKGROUND**

Prominent blogger and author Plaintiff Violet Blue, filed this action on October 22, 2007, alleged causes of action for trademark infringement, trademark dilution, violation of Plaintiff's right of publicity, and unfair competition against adult film actress Defendant Ada Mae Johnson ("Defendant"), an individual, and others. [Complaint, filed Oct. 22, 2007 ("Complaint").] Defendant's Answer informed Plaintiff of several new facts related to the causes of action already raised in the Complaint and Plaintiff Blue sought Defendant's consent to file an Amended Complaint. Plaintiff's counsel met and conferred with Defendant's counsel and during that meeting, Defendant's counsel refused to consent to the filing of an amended complaint. Thereafter, on December 21, 2008, Plaintiff filed a Motion for Leave Pursuant to Fed. R. Civ. P.

15(a) to Amend Complaint. Defendant failed to respond to Plaintiff's Motion for Leave to Amend and, following this Court's Order to Show Cause, Defendant filed a Notice of Non-opposition on January 21, 2008. Plaintiff thereafter filed the instant motion for sanctions seeking the monetary sanctions in the form of reasonable fees and costs associated with Plaintiff's motion to amend and this motion for sanctions, based upon Defendant's bad faith during the meet and confer process and for filing the notice of non-opposition. This Court agrees that Defendant and her counsel's conduct amounts to bad faith and hereby awards Plaintiff $6,331 in reasonable costs and fees associated with the motion to amend and the motion for sanctions.

## LEGAL STANDARD

Sanctions may be assessed against a party or its counsel by way of the Court's inherent power to penalize bad faith conduct and pursuant to 28 U.S.C. § 1927, which penalizes conduct that unreasonable and vexatiously multiplies the proceedings. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

The Court may impose sanctions against Defendant and/or Defendant's counsel pursuant to its inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)(*quoting Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962)). In order to impose sanctions using its inherent authority, the Court must find the Defendant and/or Defendant's counsel acted in bad faith, which includes a broad range of willful improper conduct. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002); *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). The requirement that the Court make a bad faith finding, "does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees." *Fink*, 239 F.3d at 992*; citing to In re Itel Securities Litigation*, 791 F.2d 672 (9th Cir. 1986)(*quoting Lipsig v. National Student Mktg. Corp.*, 663 F.2d 178, 182 (D.C. Cir. 1980)). "[S]anctions are justified when a party acts *for an improper purpose* – even if the act consists of making a truthful statement or a non-frivolous argument or objection." *Gomez v. Vernon*, 255 F.3d 1118, 1133 (9th Cir. 2001)(*quoting Fink*, 239 F.3d at 992).

## ANALYSIS

Defendant's refusal to consent to the filing of Plaintiff's first amended complaint and submission of the notice of non-opposition rises to the level of bad faith undertaken for the purposes of causing delay and increasing litigation costs. Sanctions are appropriate here under this Court's inherent authority and pursuant to 28 U.S.C. § 1927.

A.  Sanctions Pursuant To This Court's Inherent Authority.

The court finds that Defendant and/or her counsel acted in bad faith by refusing to consent to Plaintiff's amendment to the original Complaint on the grounds that Defendant was going to oppose the amendment and then later filed of a Notice of Non-opposition. This conduct amounts to an improper delay tactic. While Defendant's Notice of Non-opposition may not be factually or legally frivolous, it was filed in bad faith because there is no legitimate reason for Defendant to have withheld consent just six weeks earlier when Plaintiff first requested it during Counsel's meet and confer. Plaintiff's request to amend the complaint was entirely justified, as the request was made without undue delay, without bad faith or dilatory motive, it was Plaintiff's first amendment to the complaint, there was no risk of prejudice to the Defendant, and the amendment was not futile. *G & C Auto Body Inc. v. Geico General Insurance Company*, 2007 WL 3306629, slip op. (N.D. Cal. 2007) (Jenkins, J.); *citing to DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Had Defendant or her Counsel consented to Plaintiff's request to amend the complaint to add new parties, Plaintiff would not have expended the resources preparing the motion to amend and the supporting documents. Fed. R. Civ. P. 15(a)(2) (A party may amend its pleading with the opposing party's written consent.)

Furthermore, had Defendant and/or her counsel consented to the filing of an amended complaint, the Court would not have expended its own limited resources drafting the Order to Show Cause dated January 17, 2008. Accordingly, Defendant's conduct contradicts the requirements of Fed. R. Civ. P. 1 which provides that the Federal Rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action and

///

///

proceeding." The Court therefore sanctions Defendant and her Counsel and awards Plaintiff her total fees and costs amounting to $6,331 for her preparation and filing of the motion to amend and the instant sanctions motion.

B.     Sanctions Pursuant To 28 U.S.C. § 1927.

Section 1927 provides an alternative ground for imposing sanctions. This section provides sanctions for the imposition of "excess costs, expenses, and attorneys' fees" on counsel who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927 (2007). A finding of recklessness plus knowledge is sufficient to justify the imposition of sanctions under section 1927. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002).

Here, sanctions are appropriately assessed against Defendant's Counsel for the refusal to consent to Plaintiff's amended complaint. Fed. R. Civ. P. 15(a)(2). In refusing consent, Defendant's Counsel acted with knowing and reckless disregard for Rule 1 of the Federal Rules of Civil Procedure which requires Defendant's Counsel to construe the rules with an eye toward a just, speedy, and inexpensive determination of every proceeding. Fed. R. Civ. P. 1. Defendant's Counsel's recklessness multiplied the proceedings by forcing Plaintiff to file the motion to amend the Complaint and supporting papers.

The Court is further justified in awarding sanctions under 28 U.S.C. § 1927 for Defendant's bad faith previously described in this order. *Fink*, 239 F.3d at 993. "A finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997) (*quoting In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996)). "Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith." *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989); citing to *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982) and *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981). Here, the Court finds that Defendant's Counsel acted in bad faith by withholding consent to allow the filing of Plaintiff's First Amended Complaint in early December, and subsequently submitting the Notice of Non-

4                                                              C 07-5370 MJJ
[PROPOSED] ORDER RE SANCTIONS

opposition in mid-January. These tactics appear to have been taken for the purpose harassing Plaintiff by delaying litigation and needlessly increasing her costs. Therefore, in light of the foregoing, sanctions are appropriate in the amount of $6,331 against Defendant's Counsel.

## CONCLUSION

Defendant and her Counsel are hereby ordered to pay Plaintiff's reasonable fees and costs totaling $6,331 associated with the filing of the motion to amend the complaint, and the motion for sanctions.

**IT IS SO ORDERED.**

Dated: _____, 2008

Hon. Judge Martin J. Jenkins
UNITED STATES DISTRICT COURT