COLETTE VOGELE (SBN No. 192865)
Email: colette@vogelelaw.com
BENJAMIN COSTA (SBN No. 245953)
Email: ben@vogelelaw.com
VOGELE & ASSOCIATES
580 California Street, Suite 1600
San Francisco, CA 94104
Tel: (415) 751-5737
Fax: (415) 358-4975

Attorneys for Plaintiff
VIOLET BLUE

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

VIOLET BLUE, an Individual,

Plaintiff,

v.

ADA MAE JOHNSON a/k/a ADA WOFFINDEN, an individual d/b/a VIOLET BLUE a/k/a VIOLET a/k/a VIOLET LUST; ASSASSIN PICTURES INC., a California Corporation; ASSASSINCASH.COM; BILL T. FOX, an individual, a/k/a BILL FOX; FIVE STAR VIDEO L.C., an Arizona Limited Liability Company a/k/a Five Star Video Distributors LLC d/b/a Five Star Fulfillment; and DOES 1-10,

Defendants.

Case No. C 07-5370 MJJ

**FIRST AMENDED COMPLAINT FOR:**

**(1) TRADEMARK INFRINGEMENT,**
**(2) TRADEMARK DILUTION,**
**(3) VIOLATION OF CAL. CIVIL CODE 3344;**
**(4) UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

Plaintiff VIOLET BLUE, an individual, for her First Amended Complaint against Defendant ADA MAE JOHNSON a/k/a ADA WOFFINDEN, an individual d/b/a VIOLET BLUE a/k/a VIOLET a/k/a VIOLET LUST (hereinafter "Defendant Johnson"); ASSASSIN PICTURES INC., a California Corporation (hereinafter "Defendant Assassin Pictures"); ASSASSINCASH.COM (hereinafter Defendant AssassinCash"); BILL T. FOX, an individual

a/k/a BILL FOX (hereinafter "Defendant Fox"); FIVE STAR VIDEO L.C., an Arizona Limited Liability Company a/k/a Five Star Video Distributors LLC d/b/a Five Star Fulfillment (hereinafter "Defendant Five Star"); and DOES 1-10, alleges as follows:

## I. PARTIES

1. Plaintiff Violet Blue (hereinafter "Plaintiff," "Blue," or "Plaintiff Blue") is an individual, residing and having her principal place of business in San Francisco, California, in the county of San Francisco.

2. Plaintiff is informed and believes and thereon alleges that Defendant Ada Mae Johnson, a/k/a Ada Woffinden, an individual d/b/a Violet Blue a/k/a Violet a/k/a Violet Lust is an individual currently residing in Pacific Beach, Washington.

3. Plaintiff is informed and believes and thereon alleges that Defendant Assassin Pictures Inc., is a California Corporation, with its principal place of business at 5825 Winnetka Avenue, Woodland Hills, California, in the county of Los Angeles.

4. Plaintiff is informed and believes and thereon alleges that Defendant AssassinCash.com is a business of unknown form with activities in California, and is an entity related to and/or owned or operated by Defendant Assassin Pictures and/or Defendant Fox. Plaintiff is informed and believes and thereon alleges that Defendant AssassinCash is operated from Defendant Fox's address 25542 North Street, San Bernardino, California, in the county of San Bernardino.

5. Plaintiff is informed and believes and thereon alleges that Bill T. Fox is an individual also known as Bill Fox currently residing at an unknown address in San Bernardino or Los Angeles county, California.

6. Plaintiff is informed and believes and thereon alleges that Defendant Five Star Video L.C., is an Arizona Limited Liability Company also known as "Five Star Video Distributors LLC" and also doing business as "Five Star Fulfillment". Plaintiff is informed and believes and thereon alleges that Defendant Five Star has a principal place of business located at 1415 East University Drive, Suite 5, Tempe, Arizona.

/ / /

7. Doe Defendants 1 through 10, inclusive (collectively referred to with Defendant Johnson, Defendant Assassin Pictures, Defendant AssassinCash, Defendant Fox, and Defendant Five Star as "Defendants," and individually referred to as "Doe Defendant(s)"), are sued herein under fictitious names because their true names, capacities, and the extent of their involvement is unknown to Plaintiff Blue. Blue will seek leave of Court to amend this complaint to allege such names, capacities, and extent of involvement as soon as the information is ascertained. Plaintiff Blue is informed and believes, and thereon alleges, that each fictitious Doe Defendant(s) is responsible in some manner for the occurrences alleged herein and for damages suffered by Blue.

## II. JURISDICTION AND VENUE

8. The first and second claims for relief arise under the Lanham Trademark Act, 15 U.S.C. §§ 1051, et seq. Jurisdiction of these claims is therefore founded on 28 U.S.C. § 1338. This Court has supplemental jurisdiction over the third and fourth claim for relief, for statutory misappropriation of Plaintiff's right of publicity and unfair competition, pursuant to 28 U.S.C. § 1367.

9. Plaintiff is informed and believes and thereon alleges that Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

10. Plaintiff is informed and believes and thereon alleges that Defendant Johnson, Defendant Assassin Pictures, Defendant AssassinCash, Defendant Fox, and Defendant Five Star each receive monetary income through the paid subscription website www.violetblue.org for Defendant Johnson's performances under the name "Violet Blue" from residents in this Judicial District.

11. Plaintiff is informed and believes and thereon alleges that Defendant Five Star has entered contracts with third parties in this Judicial District to support the distribution of pornographic materials.

12. Plaintiff is informed and believes and thereon alleges that Defendant Five Star maintains ongoing business relationships and/or agreements with entities distributing pornographic contente in San Francisco, California, including the following: Gay Asian

Amateurs, P Beaumont, 2370 Market Street #440, San Francisco, California; Ladyboy, Mr. A. Rau, 1032 Market Street Suite # G, San Francisco, California; Pantheon, C. Turner, 584 Castro St., San Francisco, California; Redboard, A Shustak, 170 Clara St., San Francisco, California.

13. Plaintiff is informed and believes and thereon alleges that Defendant Five Star has entered electronic contracts through its website Terms of Service with individuals in this Judicial District.

14. Plaintiff is informed and believes and thereon alleges that Defendant Five Star receives revenue through the sale of DVDs from www.movies.violetblue.org, directly from residents within this Judicial District.

15. Plaintiff is informed and believes and thereon alleges that Defendant Five Star receives income directly from residents of this Judicial District for the sale of films including films of Defendant Johnson in her persona as "Violet Blue" through the website operated by Defendant Five Star at www.movies.violetblue.org.

## III. INTRADISTRICT ASSIGNMENT

16. This is an intellectual property action subject to district-wide assignment under Local Rule 3-2(c).

## IV. FACTS

### A. PLAINTIFF BLUE'S BACKGROUND.

17. Plaintiff Blue is a well-known and respected personality in the field of human sexuality, sexual health, and relationship education. Since 1999, Blue has developed her reputation as a writer, lecturer, blogger, podcaster, editor, and newspaper communist, among other forms of media and education. Blue's significant reputation in the community was achieved through hard work, substantial effort, and the high quality that makes her work attractive to a large and mainstream audience.

18. From 1999 to the present, Plaintiff Blue has regularly written articles dedicated to human sexuality, exclusively under her own name, which have been published in various national magazines, newspapers, and websites. Her work has recently been featured in the July

/ / /

2007 issue of *O, the Oprah Magazine*. (A true and correct copy of this article is attached to this Complaint as Exhibit **A**.)

19. Plaintiff Blue also maintains an internet website entitled "Violet Blue™: Open Source Sex" (located at http://www.tinynibbles.com/) to provide access to her works. The site focuses on healthy attitudes towards human sexuality and safe sex practices. As a result of the good reputation and high quality of work produced by Plaintiff Blue, the website regularly attracts over 4.3 million visitors each year.

20. Owing in no small part to her fame and notoriety, Plaintiff Blue routinely lectures at the University of California's Boalt Hall School of Law (Berkeley), the University of California at San Francisco, and at numerous new media conventions, to live audiences as large as 300 persons.

21. Plaintiff Blue also hosts a podcast series entitled "Violet Blue™: Open Source Sex". Her podcast is distributed through the internet to a global audience of over 3.2 million subscribers. "Violet Blue™: Open Source Sex" has frequently been ranked among the ten most popular podcasts by the iTunes Music Store®, which is the world's leading distributor of podcasts.

22. In the January 23, 2007, online issue of *Forbes* magazine, Plaintiff Blue was honored as one of the Internet's most influential figures in an article entitled "Forbes Web Celeb 25". (A true and correct copy of the column as provided at http://www.forbes.com is attached hereto as Exhibit **B**.)

23. Plaintiff Blue's column "Open Source Sex" appears on a weekly basis on the internet at SFGate.com, the website of the *San Francisco Chronicle*, a well-respected and long-running daily newspaper having a significant daily regional, national, and international distribution. SFGate.com is the sixth most popular newspaper website in the United States, with a monthly audience of over four million unique visitors.

24. Plaintiff Blue is also a published author, having authored seventeen books, which are currently for sale at, among other places, Amazon.com, the leading online retailer of mainstream printed material. These books, dedicated to helping couples improve their

relationships, have been well received by a large and mainstream audience. To date, Plaintiff Blue's published books have sold in excess of 300,000 copies in 32 countries, and have been translated into Spanish, French, Italian, with other languages forthcoming.

25. A true and correct copy of a photograph of Plaintiff Blue, depicting her longstanding public look including short "betty" bangs, long, dark/black hair color, is attached hereto as Exhibit **C**.

26. As a result of Plaintiff Blue's time, effort, and talent, she has become widely recognized as a premier sexual health commentator in California, throughout the country, and throughout the world. For her entire career, her writings, publications, programs, speaking engagements, and educational initiatives have all been associated exclusively with her name and trademark: Violet Blue.

**B. DEFENDANT JOHNSON.**

27. Defendant Johnson is an American pornographic actress, who has adopted the name "Violet Blue" for use in her acting and pornography-related appearances.

28. Plaintiff is informed and believes and thereon alleges that in recent years Defendant Johnson has appeared in dozens of pornographic films in which she either starred or co-starred under the name "Violet Blue." These films include, but are not limited to, such titles as "My Ass #12," "I've Never Done That Before #1," "Oral Adventures of Craven Morehead #7," "Bend Over and Say Ahhh 4," "Whore of the Rings," "Shut Up and Blow Me #29", and "Who Violet Blew." Plaintiff is informed and believes and thereon alleges that as recently as 2007, Defendant Johnson appeared in a film entitled "Romantic Desires", under the name Violet Blue.

29. Plaintiff is informed and believes and thereon alleges that the recording of Johnson's pornographic performances occurred in the State of California.

30. The recordings of Defendant Johnson's pornographic performances are available for purchase in this Judicial District at, among other locations, Good Vibrations, a retail store located at 603 Valencia Street, San Francisco, California. The recordings of Johnson's pornographic performances are also available for sale to individuals in this Judicial District

through internet websites, including at www.violetblue.org and www.movies.violetblue.org.

31. Plaintiff is informed and believes and thereon alleges that Defendant Johnson makes regular trips to this Judicial District for purposes relating to her pornographic performances and the conduct complained of in this action. For example, at least as recently as October 2006, Plaintiff is informed and believes and thereon alleges that Defendant Johnson personally attended press functions and industry events in this Judicial District for purposes of promoting the sales and distribution of her pornographic performances and website, www.violetblue.org.

32. Plaintiff is informed and believes and thereon alleges that Defendant Johnson has filmed numerous pornographic performances in the State of California under the name "Violet Blue."

33. Plaintiff is informed and believes and thereon alleges that Defendant Johnson has entered contracts with the Exotic Erotic Ball and/or Perry Mann, Inc. for appearances under the name "Violet Blue" at the Exotic Erotic Ball taking place in this Judicial District.

34. Plaintiff is informed and believes and thereon alleges that Defendant Johnson's appearances at the Exotic Erotic Ball under the name "Violet Blue" were advertised in newspapers distributed in this Judicial District, including the *SF Weekly* print newspaper as recently as October 2007. Plaintiff is further informed and believes and thereon alleges that Defendant Johnson's appearances at the Exotic Erotic Ball were also advertised on-line via the Exotic Erotic Ball website (www.exoticeroticball.com) and were perceived by individuals worldwide, including residents in this Judicial District.

35. Defendant Johnson registered or caused to be registered the domain name www.violetblue.org in 2001.

36. Sometime after the registration of the www.violetblue.org website domain, Defendant Johnson established a paid-subscription pornographic website at that domain. This paid-subscription pornographic website has been, and continues to be, dedicated to the pornographic exploits of Defendant Johnson's "Violet Blue" persona. The www.violetblue.org website features images of Defendant Johnson designed to strongly resemble the real-life and

long-standing appearance of Plaintiff Blue, including her long dark/black hair and short "betty bangs". (Attached hereto as Exhibit **D**, is a true and correct copy of screen shots of pages of the violetblue.org website (redacted for public view).)

37. Plaintiff is informed and believes and thereon alleges that Defendant Johnson is connected with "David Claiborne" the current "registrant" of the domain name www.violetblue.org. Defendant Johnson is currently identified as the "administrative" and "technical" contact for the domain name www.violetblue.org.

38. Plaintiff is informed and believes and thereon alleges that Defendant Johnson receives revenue through the paid subscription website www.violetblue.org directly from residents within this Judicial District.

**C. DEFENDANT ASSASSIN PICTURES.**

39. Plaintiff is informed and believes and thereon alleges that Defendant Assassin Pictures conducts business in this Judicial District on a regular basis.

40. Plaintiff is informed and believes and thereon alleges that Defendant Assassin Pictures operates a web-based business with a website located on the internet at www.assassinpictures.com, and offers services including website design, programming and database design, web hosting, billing services, printing services and production services.

41. Plaintiff is informed and believes and thereon alleges that Defendant Johnson's paid subscription website, www.violetblue.org, is designed, programmed, hosted, billed and/or operated by Defendant Assassin Pictures.

42. Plaintiff is informed and believes and thereon alleges that Defendant Assassin Pictures receives income directly as a result of the paid subscriptions and other commercial activity conducted through Defendant Johnson's website, www.violetblue.org, including through the distribution of pornographic images of Defendant Johnson using the name "Violet Blue" and bearing the name and likeness of Plaintiff Violet Blue.

43. Plaintiff is informed and believes and thereon alleges that Defendant AssassinCash receives revenue through Defendant Johnson's paid subscription website, www.violetblue.org, directly from residents within this Judicial District.

**D. DEFENDANT ASSASSINCASH.**

44. Plaintiff is informed and believes and thereon alleges that Defendant AssassinCash conducts business in this Judicial District on a regular basis.

45. Plaintiff is informed and believes and thereon alleges that Defendant AssassinCash is a web-based business with a website located on the internet at www.assassincash.com. Defendant is informed and believes and thereon alleges that Defendant AssassinCash is operated by Defendant Assassin Pictures.

46. Defendant is informed and believes and thereon alleges that AssassinCash is operated for the purpose of promoting an adult entertainment "affiliate program" to assist individuals "to make a *killing* in the adult web business" (emphasis in original). Plaintiff is further informed and believes and thereon alleges that the program offers individuals marketing opportunities including paid banner marketing and paid commissions for referrals to various adult-entertainment websites, including Defendant Johnson's website, www.violetblue.org.

47. Plaintiff is informed and believes and thereon alleges that Defendant AssassinCash receives income directly as a result of the commercial aspects of Defendant Johnson's website, www.violetblue.org, including through banner advertisements and affiliate marketing of pornographic content featuring Defendant Johnson using the name "Violet Blue" and bearing the name and likeness of Plaintiff Violet Blue.

48. Plaintiff is informed and believes and thereon alleges that Defendant AssassinCash receives revenue through Defendant Johnson's paid subscription website, www.violetblue.org, directly from residents within this Judicial District.

**E. DEFENDANT FOX.**

49. Plaintiff is informed and believes and thereon alleges that Defendant Fox is the "webmaster" for Defendant Johnson's website, www.violetblue.org, a "team member" of Defendant Assassin Pictures and Defendant AssassinCash.

50. Plaintiff is informed and believes and thereon alleges that Defendant Fox controls the content found on Defendant Johnson's website, www.violetblue.org, and was involved in the registration of the domain www.violetblue.org.

51. Plaintiff is informed and believes and thereon alleges that Defendant Fox receives revenue through Defendant Johnson's paid subscription website, www.violetblue.org, directly from residents within this Judicial District.

**F. DEFENDANT FIVE STAR.**

52. Plaintiff is informed and believes and thereon alleges that Defendant Five Star is a web-based business with a website located on the internet at www.fivestarfc.com. Defendant is informed and believes and thereon alleges that Defendant Five Star set up, operates and maintains Defendant Johnson's online store located on the internet at www.movies.violetblue.org.

53. Plaintiff is informed and believes and thereon alleges that Defendant Five Star receives income directly as a result of the commercial aspects of Defendant Johnson's website, www.violetblue.org, including through the sale of pornographic content (for example, on DVDs) featuring Defendant Johnson using the name "Violet Blue" and bearing the name and likeness of Plaintiff Violet Blue.

**G. ACTUAL CONFUSION AND THE DILUTION RESULTING FROM DEFENDANTS' USE OF PLAINTIFF BLUE'S NAME AND LIKENESS.**

54. On or about October 27, 2006, Plaintiff Blue received several communications from established journalists (including Justin Juul, writing for the *San Francisco Bay Guardian*) and acquaintances (including Fleshbot.com co-contributor Gram Ponante) expressing their surprise to learn that Plaintiff Blue was appearing at the "Exotic Erotic Ball" to be held the weekend of October 28, 2006, in South San Francisco, California. Plaintiff Blue had no appearances scheduled for the Exotic Erotic Ball, but learned that Defendant Johnson was scheduled to appear in her "Violet Blue" persona. Defendant Johnson's appearance was advertised and promoted as an appearance by "Violet Blue". The individuals who contacted Plaintiff Blue about the appearance were confused by advertisements for Defendant Johnson's planned appearance at the Exotic Erotic Ball.

55. On-going public confusion continued in the spring of 2007. In an on-line audio program discussing the "Forbes Web Celeb 25" awards, the hosts of "This Week In Tech," a

well-known and widely distributed audio podcast, were also confused by Defendant's use of Plaintiff's name. For example, in episode 86 of This Week In Tech, the hosts (Leo Laporte, John Dvorak, Patrick Norton and Robert Heron) mocked several of the "Web Celebs" honored by Forbes.com. Plaintiff Blue drew attention to the mockery in her column for the San Francisco Chronicle published at SFGate.com. Co-host LaPorte responded that he had confused Defendant Johnson, the pornographic performer, with Plaintiff Blue. Each of these well-known and well-educated media and technology hosts erroneously believed that Forbes had chosen to honor Defendant Johnson, when it was Plaintiff Blue who had in fact been honored.

56. The confusion continues not only in the general public but also specifically in the adult film and entertainment industry. For example, as recently as October 6, 2007, Plaintiff Blue received an email from "Dave Pounder," a purported acquaintance of Defendant Johnson, who has performed in pornographic films and on-line events with Defendant Johnson. The email is directed to Plaintiff Blue at the San Francisco Chronicle, where Plaintiff Blue writes the column "Open Source Sex" for SFGate.com. The email begins, "What's up, girl! I see you are writing for SFgate.com now…. Very interesting." It continues with the plainly mistaken belief that Plaintiff Blue is in fact Defendant Johnson: "I'll never forget you because you were my first scene ever …". Plaintiff Blue has never met nor appeared in any film with "Dave Pounder".

57. The confusion between Plaintiff Blue and Defendant Johnson, which continues to the present, results from Defendants use of Plaintiff Blue's trademark, name and likeness to promote Defendant Johnson's pornographic content on the internet, through film and video distribution, and through the website www.violetblue.org.

**F. DEFENDANT JOHNSON'S BROKEN PROMISE TO CEASE AND DESIST.**

58. As recently as December 2006, Defendant Johnson promised to cease, desist, and quit the use of the name "Violet Blue". Making these promises explicit, Johnson wrote in to Plaintiff Blue that she is "finished doing Boy/Girl porn scenes, so your [Plaintiff's] name will no longer be on the front of porn box covers that say 'Shut up and blow me' and the like."

/ / /

59. Despite more than one assurance to Plaintiff Blue by Defendant Johnson, Defendants have nonetheless continued their unauthorized and patently offensive use of Plaintiff Blue's valuable identity and trademark in the promotion of pornographic content on the internet, through film and video distribution, and through the paid subscription website www.violetblue.org.

60. Plaintiff Blue has consistently and clearly demanded that Defendant Johnson cease, desist, and quit the use of the pseudonym "Violet Blue," because of the likelihood of confusion as to the origin of the works on which that name appears and because of the harm to Plaintiff Blue's identity, reputation, and good name resulting therefrom. Defendant Johnson has refused to do so.

## FIRST CAUSE OF ACTION

**(Trademark Infringement)**

61. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges, and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

62. Plaintiff Blue, through continuous and exclusive use dating back at least until 1999, has acquired valuable trademark rights to the use of her mark VIOLET BLUE.

63. Plaintiff Blue is informed and believes and based thereon alleges that Defendants, and each of them, have created a likelihood of confusion as to sponsorship, connection, or authorization with Plaintiff Blue's valuable mark thereby constituting infringement of Plaintiff Blue's trademark rights.

64. The foregoing actions constitute a violation of 15 U.S.C. § 1125.

65. As a proximate result of Defendants' above-described conduct, Plaintiff Blue is informed and believes and based thereon alleges that she has suffered damage to her business, goodwill, and profits in an unascertained amount. Plaintiff Blue will seek leave to amend this Complaint when such damages have been ascertainable.

/ / /

/ / /

66. The above-described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff Blue, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this court.

**SECOND CAUSE OF ACTION**

**(Trademark Dilution)**

67. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges, and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

68. Plaintiff Blue, through continuous and exclusive use dating back at least until 1999, has acquired valuable trademark rights to the use of her mark VIOLET BLUE.

69. Plaintiff Blue's trademark is a famous mark, entitled to protection under the federal Lanham Act, 15 U.S.C § 1051, et seq.

70. Plaintiff Blue has no control over the quality of Defendants' offerings either through their web site or through brick-and-mortar sales establishments. As a result, such use by Defendants continues to dilute the distinctive qualities of Plaintiff's valuable trademark. The dilution in this case is especially egregious, offensive, and damaging because of the base, obscene, and pornographic nature of the use being made by Defendants of Plaintiff's protected Violet Blue trademark.

71. Defendants' wrongful conduct, including but not limited to goods and services in the area of pornographic entertainment, constitutes an extreme threat to the distinctiveness and wholesome nature of the Plaintiff's mark that Plaintiff Blue has expended great time and effort to cultivate, develop, and maintain and greatly tarnishes the positive and high-quality reputation associated with Plaintiff Blue's trademark.

72. The foregoing actions constitute a violation of 15 U.S.C. § 1125.

73. As a proximate result of Defendants' above-described conduct, Plaintiff Blue is informed and believes and based thereon alleges that she has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

74. Defendants have, at all material times, acted in bad faith towards Plaintiff, thereby entitling Plaintiff to treble damages against Defendants, and each of them, in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

75. The above-described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this court.

**THIRD CAUSE OF ACTION**

**(Violation Of Cal. Civil Code §3344)**

76. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges, and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

77. Plaintiff has the exclusive right to use her name and likeness for commercial purposes.

78. Defendants violated Plaintiff's exclusive right to use her name and likeness for commercial purposes by knowingly using Plaintiff's name and likeness in their obscene and pornographic works without the permission or consent of Plaintiff. Defendants' use of Plaintiff's name and likeness has been and continues to be in a commercial product or to sell a commercial product.

79. The foregoing actions constitute a violation of California Civil Code § 3344.

80. As a proximate result of Defendants' above-described conduct, Plaintiff is informed and believes and based thereon alleges that she has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

81. The above-described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this court.

/ / /

**FOURTH CAUSE OF ACTION**

**(Unfair Competition)**

82. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges, and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

83. The actions of Defendants as described hereinabove constitute unfair competition under California common law.

84. As a proximate result of Defendants' above-described conduct, Plaintiff is informed and believes and based thereon alleges that she has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

85. The above-described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Blue prays for judgment in her favor and against Defendants as follows:

1. An award of monetary damages, including recovery of Defendants' profits and the damages sustained by Plaintiff, arising from the acts of Defendants complained of herein, according to proof;

2. An award of trebled monetary damages, according to proof;

3. An award of prejudgment interest from the date of each wrongful act;

4. Injunctive relief against Defendants, and each of them, their officers, agents, employees, servants, attorneys, representatives, successors, and assigns, and all others in privity and acting on behalf of or in concert therewith, from using as a trademark, service mark, or otherwise referring to her goods and services, comprising and containing the phrase "Violet Blue," or any acronym of similar appearance, sound, or import as an indicator of goods in connection with any licensing, merchandising, or sale of goods or services;

5. An award of Plaintiff's attorneys' fees and costs; and

6. Any and all further relief as may be deemed fit and proper.

Dated: February 4, 2007

VOGELE & ASSOCIATES

By: /S/Colette Vogele
Colette Vogele

Attorneys for Plaintiff VIOLET BLUE

**JURY DEMAND**

Pursuant to Fed R. Civ. P. 38(b) and Local Rule 3-6, Plaintiff hereby demands a trial by jury of all issues triable before a jury.

Dated: February 4, 2007

VOGELE & ASSOCIATES

By: /S/Colette Vogele
Colette Vogele