1  Robert S. Apgood
   CarpeLaw PLLC
2  2400 NW 80th Street #130
   Seattle, WA 98117
3  Telephone: 206-624-2379
   Facsimile: 206-784-6305
4  rob@carpelaw.com

5
   John Jeffrey Carter
6  329 Flume Street
   Chico, CA 95927-3606
7  Telephone: 530-342-6196
   Facsimile: 530 342-6195
8
                    UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO DIVISION
10

11  VIOLET BLUE, an individual,                    **Case No.:  C 07-5370 MJJ**

12              Plaintiff/Counterclaim Defendant,  **DEFENDANT WOFFINDEN'S
                                                   (INCORRECTLY PLEADED AS
13      vs.                                        "WOOFINDEN") ANSWER TO
                                                   PLAINTIFF'S FIRST AMENDED
14  ADA MAE JOHNSON et al.,                        COMPLAINT, AFFIRMATIVE
                                                   DEFENSES, COUNTERCLAIMS,
15              Defendant/Counterclaim Plaintiff.  PRAYER FOR RELIEF AND JURY
                                                   DEMAND**
16
17                                                 Hon. Martin J. Jenkins
18                                                 Courtroom 11, 19th Floor
                                                   450 Golden Gate Avenue
19                                                 San Francisco, CA 94102
20

21                            **ANSWER**

22          COMES NOW the Defendant Ada Mae Woffinden (incorrectly pleaded as "Woofinden") *nee*

23  Johnson aka "Violet" aka "Violet Lust" aka "Violet Blue" ("VIOLET BLUE"), by and through her

24  attorneys, and alleges, as her Answer to the First Amended Complaint of Plaintiff Violet Blue aka

25

26

1   "Wendy Sullivan Blue" ("SULLIVAN-BLUE"), a self-styled pornography aficionado, on information

2   and belief, the following:

## INTRODUCTION

4   Almost eight (8) years ago, Defendant VIOLET BLUE began her acting and modeling career,

5   starring and/or performing in traditional, mainstream productions, as well as starring and/or

6   performing in productions that are commonly characterized as adult erotica.  Adult Film Database

7   (<http://www.adultfilmdatabase.com>) and the Internet Movie Database (<http://www.imdb.com>)

8   both list the July 1999 production of a work entitled SMUT 14 as the oldest date in which Defendant

9   VIOLET BLUE appeared.  Defendant VIOLET BLUE has no independent recollection of that

10  production, but remembers only that in the year 1999, she performed in the production of The Crow

11  Salvation (in which she had no speaking part, and therefore was not credited).

12  At about the same time, upon information and belief, Plaintiff SULLIVAN-BLUE, a self-

13  styled pornography aficionado, was employed at a pornography store located in San Francisco,

14  California, named "Good Vibrations," wherein copies of Defendant VIOLET BLUE's video

15  performances were, and, according to Plaintiff SULLIVAN-BLUE's amended complaint, continue to

16  be sold.

17  Upon information and belief, when Defendant VIOLET-BLUE's video productions were being

18  sold at Good Vibrations in San Francisco, Plaintiff SULLIVAN-BLUE was employed at Good

19  Vibrations in San Francisco.

20  Defendant VIOLET BLUE began using her stage name, "Violet Blue" on or about March

21  2000.  At that time, she performed and Internet search for the name, "Violet Blue," but received no

22  responsive documents.  No results were provided referring to Plaintiff SULLIVAN-BLUE.  As such,

23  Defendant VIOLET BLUE reasonably concluded that she would experience no conflicts or confusion

24  by using that name.

25  Defendant VIOLET BLUE, since commencing her career, has appeared in no fewer than 300

26  productions, using her maiden name, or more commonly, openly and notoriously using her stage

---

**DEFENDANT WOFFINDEN'S ANSWER TO PLAINTIFF'S FIRST AMENDED**          Case No. C 07-5370 MJJ
**COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER**
**FOR RELIEF AND JURY DEMAND**  - 2

1    name, "Violet Blue."

2        Unbeknownst to Defendant VIOLET BLUE, Plaintiff SULLIVAN-BLUE alleges, at some

3    time around 1999, she began using the *nom de plume*, "Violet Blue."  Neither the Plaintiff nor the

4    Defendant compete, one with the other, in their respective markets.

5        On or about March 2, 2007, almost eight (8) full years after Defendant VIOLET BLUE began

6    using her stage name, Plaintiff SULLIVAN-BLUE, filed her application for a trademark for the mark,

7    "Violet Blue" for use in international classes 9 and 41.  *See Trademark Application Serial No.*

8    *77121570.*  The mark has not yet been placed on either the principal or secondary trademark registers

9    maintained by the United States Patent and Trademark Office.

10       In December 2007, the United States Patent and Trademark Office published Plaintiff's

11   requested trademark, "Violet Blue," for opposition.  The current status of the mark is that it is open for

12   opposition.

13       On or about October 22, 2007, Plaintiff SULLIVAN-BLUE, filed her complaint against

14   Defendant VIOLET BLUE.  On or about October 23, 2007, Defendant VIOLET BLUE was personally

15   served with a copy of the summons and complaint.  The due date for an answer to the complaint was

16   November 13, 2007.  Defendant VIOLET BLUE searched diligently for counsel to represent her.

17   However, due to her extremely limited means, she was not able to secure representation.  As such, she

18   sought the assistance of the AVN Online magazine, who put out a call for assistance on Defendant

19   VIOLET BLUE's behalf.

20       In January 2002, AVN Media, a well-established and highly regarded publisher of adult

21   entertainment industry trade magazines and sponsor of the annual AVN Awards that recognize

22   accomplishments of individuals in the adult entertainment industry awarded Defendant VIOLET

23   BLUE the "Best New Starlet" award.

24       Plaintiff SULLIVAN-BLUE, a self-styled pornography aficionado, describes the Awards as

25

26

---

**DEFENDANT WOFFINDEN'S ANSWER TO PLAINTIFF'S FIRST AMENDED**          Case No. C 07-5370 MJJ
**COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER**
**FOR RELIEF AND JURY DEMAND**  - 3

1   "big backslapping event where the same companies and same names win year after year." [1]

2       Defendant VIOLET BLUE believes, and therefore avers, that Plaintiff SULLIVAN-BLUE has

3   never been nominated for nor received an AVN Award.

4       Since July 1999, Defendant VIOLET BLUE has appeared or starred in more than 300 movies

5   and is a well known celebrity, both domestically and abroad.

6       On November 13, 2007, as a result of much pressure by counsel for Plaintiff SULLIVAN-

7   BLUE to do so or face a default on the complaint, Defendant VIOLET BLUE filed her answer

8   (dubbed "Response") to the complaint as a *pro se* litigant.

9       On November 29, 2007, Robert S. Apgood of CarpeLaw PLLC, filed his application for

10  admission *pro hac vice* to this court for the limited purpose of representing Defendant VIOLET BLUE

11  in this matter.

12      On December 5, 2007, this Honorable Court granted the application.

13      On December 21, 2007, Plaintiff SULLIVAN-BLUE, a self-styled pornography aficionado,

14  filed her Motion for Leave to File Amended Complaint.

15      On January 21, 2008, Defendant VIOLET BLUE filed her Statement of Non-Opposition.

16      On January 29, 2008, this Honorable Court granted Plaintiff's motion.

17      Defendant VIOLET BLUE now respectfully answers Plaintiff's First Amended Complaint.

18      Answering Plaintiff's introductory paragraph at 1:24-28 through 2:1-3, Plaintiff states a

19  conclusion of law to which no response is required.  To the extent a response is required, Defendant

20  VIOLET BLUE admits that she has, at differing times, used the names, "Ada Mae Johnson," "Ada

21  Woffinden," "Violet Blue, "Violet," and "Violet Lust" all for legitimate purposes and without any

22  intent to perpetrate a fraud.

23

24                              **I.  PARTIES**

25  ─────────────────────────

26  [1] Violet Blue (2007-01-18). The Rise of Indie Porn? *SF Gate*.

---

1        1.        Answering Paragraph 1, the averments contained therein are conclusions of law to

2    which no response is required.  To the extent a response is deemed required, Defendant neither admits

3    nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

4    Plaintiff to her proofs.

5        2.        Answering Paragraph 2, the averments contained therein are conclusions of law to

6    which no response is required.  To the extent a response is deemed required, Defendant ADMITS the

7    averments contained therein.

8        3.        Answering Paragraph 3, the averments contained therein are conclusions of law to

9    which no response is required.  To the extent a response is deemed required, Defendant neither admits

10   nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

11   Plaintiff to her proofs.

12       4.        Answering Paragraph 4, the averments contained therein are conclusions of law to

13   which no response is required.  To the extent a response is deemed required, Defendant neither admits

14   nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

15   Plaintiff to her proofs.

16       5.        Answering Paragraph 5, the averments contained therein are conclusions of law to

17   which no response is required.  To the extent a response is deemed required, based upon information

18   and belief, Defendant ADMITS the averments contained therein.

19       6.        Answering Paragraph 6, the averments contained therein are conclusions of law to

20   which no response is required.  To the extent a response is deemed required, Defendant neither admits

21   nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

22   Plaintiff to her proofs.

23       7.        Answering Paragraph 7, the averments contained therein are conclusions of law to

24   which no response is required.  To the extent a response is deemed required, Defendant neither admits

25   nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

26   Plaintiff to her proofs.

1

## II.  JURISDICTION AND VENUE

2      8.      Answering Paragraph 8, the averments contained therein are conclusions of law to

3 which no response is required.  To the extent a response is deemed required, based upon information

4 and belief, Defendant ADMITS the averments contained therein.

5      9.      Answering Paragraph 9, the averments contained therein are conclusions of law to

6 which no response is required.  To the extent a response is deemed required, based upon information

7 and belief, Defendant ADMITS the averments contained therein.  Defendant further ADMITS that

8 venue is  also proper in the United States District Court, Western District of Washington.

9      10.      Answering Paragraph 10, the averments contained therein are conclusions of law to

10 which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

11 she has received monetary income as a result of the subscription Web site located at

12 www.violetblue.org, but neither admits nor denies the remainder of the averments contained therein

13 for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

14      11.      Answering Paragraph 11, the averments contained therein are conclusions of law to

15 which no response is required.  To the extent a response is deemed required, Defendant neither admits

16 nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

17 Plaintiff to her proofs.

18      12.      Answering Paragraph 12, the averments contained therein are conclusions of law to

19 which no response is required.  To the extent a response is deemed required, Defendant neither admits

20 nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

21 Plaintiff to her proofs.

22      13.      Answering Paragraph 13, the averments contained therein are conclusions of law to

23 which no response is required.  To the extent a response is deemed required, Defendant neither admits

24 nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

25 Plaintiff to her proofs.

26

14.    Answering Paragraph 14, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant DENIES the averments thereon for the reason that the averments contained therein are untrue.

15.    Answering Paragraph 15, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant DENIES the averments thereon for the reason that the averments contained therein are untrue.

### III.  INTRADISTRICT  ASSIGNMENT

16.    Answering Paragraph 16, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant ADMITS that Local Rule 3-2(c) applies to this matter.

### IV.  FACTS

**A.     PLAINTIFF (SULLIVAN) BLUE'S BACKGROUND.**

17.    Answering Paragraph 17, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant accepts at face value, and therefore does not deny, that Plaintiff is, as she pleads, "a newspaper communist." Regarding the remainder of the allegations, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

18.    Answering Paragraph 18, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant ADMITS that Exhibit A appears to be a written article.  Regarding the remainder of the averments, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

19.    Answering Paragraph 19, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

20.     Answering Paragraph 20, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

21.     Answering Paragraph 21, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant DENIES that Plaintiff authored or broadcasted her "podcast" prior to February 12, 2004, and only did so several years after Defendant VIOLET BLUE had openly and notoriously employed the use of her stage name and trademark, "Violet Blue."  Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

22.     Answering Paragraph 22, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant ADMITS that Exhibit B appears to be a Web page, but DENIES that the Web page refers to Plaintiff SULLIVAN-BLUE as "one of the Internet's most influential figures."  Regarding the remainder of the averments, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

23.     Answering Paragraph 23, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

24.     Answering Paragraph 24, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

25.     Answering Paragraph 25, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant ADMITS that Exhibit C to the Amended Complaint is a photograph of a female, but DENIES that the exhibit provided to the Defendant if of a quality wherein any detail may be ascertained.  Defendant also ADMITS that the bangs termed "betty bangs" by the Plaintiff are reminiscent of the short bangs worn by the famous model and actress, "Betty Page."  Defendant VIOLET BLUE further ADMITS that many women who perform in adult erotica emulate the hairstyles of noted performers, including Betty Page.  Defendant VIOLET BLUE ADMITS that, upon information and belief, as recently as September 24, 2005, Plaintiff SULLIVAN-BLUE did **NOT** wear her hair in the "Betty Bangs" style.  *See, e.g.,* <http://web.archive.org/web/20050920052020/www.tinynibbles.com/violetblue.html>, whereas Defendant VIOLET BLUE first emulated the Betty Page hairstyle in 2000 (at least five (5) years prior to Plaintiff SULLIVAN-BLUE adopting that style) when performing in the movie, "RealSexMachine 31."  Regarding the remainder of the averments, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

26.     Answering Paragraph 26, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

**B.     DEFENDANT JOHNSON (VIOLET BLUE)**

27.     Answering Paragraph 27, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant admits that early in her career, she adopted the stage name, "Violet Blue."  Defendant VIOLET BLUE further ADMITS that, as a result of such long-term use of that stage name, Defendant VIOLET BLUE possesses a common-law trademark in the mark, "Violet Blue." Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

1    28.    Answering Paragraph 28, the averments contained therein are conclusions of law to

2    which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

3    since she began her acting career, she has appeared in hundreds of films, both mainstream and erotic,

4    wherein she appeared under stage name, "Violet Blue," including those listed in Defendant

5    SULLIVAN-BLUE'S complaint.  Regarding the remainder of the paragraph, Defendant neither admits

6    nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

7    Plaintiff to her proofs.

8    29.    Answering Paragraph 29, the averments contained therein are conclusions of law to

9    which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

10    some of the performances in which she partook were recorded in the State of California, but DENIES

11    that all such recordings occurred in the State of California.

12    30.    Answering Paragraph 30, the averments contained therein are conclusions of law to

13    which no response is required.  To the extent a response is deemed required, Defendant DENIES the

14    averments contained therein indicating that recordings of Defendant's performances are available for

15    sale at the Web sites located at www.movies.violetblue.org and www.violetblue.org.  Regarding the

16    remainder of the paragraph, Defendant neither admits nor denies the averments contained therein for

17    lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

18    31.    Answering Paragraph 31, the averments contained therein are conclusions of law to

19    which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

20    she has attended tradeshows in the District of Northern California promoting both her mainstream and

21    erotic performances, both on video and on the Internet Web site located at www.violetblue.org, but

22    DENIES that she "makes regular trips to this Judicial District."  Regarding the remainder of the

23    paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient

24    knowledge or information and leaves Plaintiff to her proofs.

25    32.    Answering Paragraph 32, the averments contained therein are conclusions of law to

26    which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

1   some of the performances in which she partook were recorded in the State of California, and that when

2   she was so performing, she was doing so under her stage name and common-law trademark, "Violet

3   Blue."

4       33.     Answering Paragraph 33, the averments contained therein are conclusions of law to

5   which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

6   she agreed to appear at the Exotic Erotic Ball and ADMITS that she entered into contracts with Perry

7   Mann, Inc. to appear in the Exotic Erotic Ball, but DENIES the remainder of the allegations for the

8   reason that the averments contained therein are untrue.

9       34.     Answering Paragraph 34, the averments contained therein are conclusions of law to

10  which no response is required.  To the extent a response is deemed required, Defendant neither admits

11  nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

12  Plaintiff to her proofs.

13      35.     Answering Paragraph 35, the averments contained therein are conclusions of law to

14  which no response is required.  To the extent a response is deemed required, Defendant DENIES that

15  www.violetblue.org is a "domain name."  Defendant ADMITS that "www.violetblue.org" is a *host*

16  *name*.  Defendant ADMITS that the domain name, "violetblue.org" was registered in 2001, in part for

17  her benefit.  Regarding the remainder of the paragraph, Defendant DENIES the averments contained

18  therein for the reasons that the averments contained therein are untrue.

19      36.     Answering Paragraph 36, the averments contained therein are conclusions of law to

20  which no response is required.  To the extent a response is deemed required, DENIES that

21  www.violetblue.org is a "domain," but ADMITS that the Web site located at "www.violetblue.org"

22  has been and continues to be used for marketing Defendant VIOLET BLUE's goods and services

23  utilizing her stage name and trademark, "Violet Blue."  Defendant VIOLET BLUE ADMITS that

24  certain areas of the Web site located at www.violetblue.org contain imagery of her designed to

25  strongly resemble the real-life and long-standing appearance of the famous model and actress, "Betty

26  Page."  See Exhibit A attached hereto and by this reference hereby made a part hereof.  Defendant

---

**DEFENDANT WOFFINDEN'S ANSWER TO PLAINTIFF'S FIRST AMENDED**     Case No. C 07-5370 MJJ
**COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER**
**FOR RELIEF AND JURY DEMAND**   - 11

1  ADMITS that Plaintiff has styled herself to look like the famous actress and model "Betty Page" and

2  that Plaintiff affirms this by referring to her short hair "bangs" as "Betty Bangs."  Defendant VIOLET

3  BLUE DENIES that she uses Plaintiff SULLIVAN-BLUE's likeness.  Defendant VIOLET BLUE also

4  DENIES that Plaintiff SULLIVAN-BLUE, a self-styled pornography aficionado, has the exclusive

5  right to resemble the real-life and long-standing appearance of the famous model and actress, "Betty

6  Page" and that to make any such representations is disingenuous.  Defendant VIOLET BLUE

7  ADMITS that Exhibit D to Plaintiff's First Amended Complaint contains a photograph of a female,

8  alleged by Plaintiff to be of herself, who has prepared herself to strongly resemble the real-life and

9  long-standing appearance of the famous model and actress, "Betty Page."  *See, e.g.,*

10  <http://web.archive.org/web/20060507095625/www.bettiepage.com/photos/nude/index.html>.

11  Regarding the remainder of the paragraph, Defendant DENIES the averments contained therein for the

12  reasons that the averments contained therein are untrue.

13       37.    Answering Paragraph 37, the averments contained therein are conclusions of law to

14  which no response is required.  To the extent a response is deemed required, Defendant ADMITS the

15  averments contained therein.

16       38.    Answering Paragraph 38, the averments contained therein are conclusions of law to

17  which no response is required.  To the extent a response is deemed required, Defendant neither admits

18  nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

19  Plaintiff to her proofs.

20       **C.    DEFENDANT ASSASSIN PICTURES.**

21       39.    Answering Paragraph 39, the averments contained therein are conclusions of law to

22  which no response is required.  To the extent a response is deemed required, Defendant neither admits

23  nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

24  Plaintiff to her proofs.

25       40.    Answering Paragraph 40, the averments contained therein are conclusions of law to

26  which no response is required.  To the extent a response is deemed required, Defendant neither admits

nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

41.    Answering Paragraph 41, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, upon information and belief, Defendant Assassin Pictures provides billing services through its AssassinCash program. Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

42.    Answering Paragraph 42, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, upon information and belief, Defendant Assassin Pictures receives income as a result of the paid subscriptions and other commercial activity conducted on Defendant VIOLET BLUE's Web site located at www.violetblue.org. Defendant VIOLET BLUE further ADMITS that she uses her stage name and trademark, "Violet Blue" on that Web site. Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

43.    Answering Paragraph 43, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, upon information and belief, Defendant Assassin Pictures receives income through Defendant VIOLET BLUE's Web site located at www.violetblue.org. Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

**D.    DEFENDANT ASSASSINCASH.**

44.    Answering Paragraph 44, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

45.     Answering Paragraph 45, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant ADMITS that a Web site exists at www.assassincash.com.  Defendant VIOLET BLUE ADMITS that "Defendant is informed and believes that Defendant AssassinCash is operated by Defendant Assassin Pictures." Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

46.     Answering Paragraph 46, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant ADMITS that "Defendant is informed and believes that AssassinCash is operated for the purpose of promoting an adult erotic entertainment 'affiliate program' to assist individuals" in earning commissions on sales referred to Web sites sponsored and promoted by AssassinCash.  Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

47.     Answering Paragraph 47, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, upon information and belief, Defendant ADMITS that AssassinCash receives income as a result of the commercial aspects of Defendant VIOLET BLUE's Web site located at www.violetblue.org.  Defendant VIOLET BLUE further ADMITS that the offerings at the Web site located at www.violetblue.org feature Defendant VIOLET BLUE using her stage name and trademark, "Violet Blue."  Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

48.     Answering Paragraph 48, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, upon information and belief, Defendant AssassinCash receives income through Defendant VIOLET BLUE's Web site located at www.violetblue.org.  Regarding the remainder of the paragraph, Defendant neither admits

1    nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

2    Plaintiff to her proofs.

3         **E.    DEFENDANT FOX**

4         49.    Answering Paragraph 49, the averments contained therein are conclusions of law to

5    which no response is required.  To the extent a response is deemed required, upon information and

6    belief, Defendant VIOLET BLUE ADMITS the averments contained therein.

7         50.    Answering Paragraph 50, the averments contained therein are conclusions of law to

8    which no response is required.  To the extent a response is deemed required, Defendant VIOLET

9    BLUE ADMITS that she has a Web site located at www.violetblue.org, but DENIES the remainder of

10   the paragraph for the reason that the averments contained therein are untrue.

11        51.    Answering Paragraph 51, the averments contained therein are conclusions of law to

12   which no response is required.  To the extent a response is deemed required, Defendant VIOLET

13   BLUE ADMITS that she has a Web site located at www.violetblue.org, but DENIES the remainder of

14   the paragraph for the reason that the averments contained therein are untrue.

15        **F.    DEFENDANT FIVE STAR**

16        52.    Answering Paragraph 52, the averments contained therein are conclusions of law to

17   which no response is required.  To the extent a response is deemed required, Defendant VIOLET

18   BLUE DENIES the averments contained therein for the reason that the averments contained therein

19   are untrue.

20        53.    Answering Paragraph 53, the averments contained therein are conclusions of law to

21   which no response is required.  To the extent a response is deemed required, Defendant VIOLET

22   BLUE DENIES the averments contained therein for the reason that the averments contained therein

23   are untrue.

24        **G.    ACTUAL CONFUSION AND THE DILUTION RESULTING FROM
25              DEFENDANTS' USE OF PLAINTIFF (SULLIVAN-) BLUE'S NAME AND
               LIKENESS.**

26

1

54.     Answering Paragraph 54, the averments contained therein are conclusions of law to

2  which no response is required.  To the extent a response is deemed required, Defendant VIOLET

3  BLUE ADMITS that she was scheduled to appear at the "Exotic Erotic Ball" on or about October 28,

4  2006 using her stage name and trademark, "Violet Blue."  Regarding the remainder of the paragraph,

5  Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge

6  or information and leaves Plaintiff to her proofs.

7

55.     Answering Paragraph 55, the averments contained therein are conclusions of law to

8  which no response is required.  To the extent a response is deemed required, Defendant DENIES that

9  Plaintiff was broadcasting her "podcast" in March 2000, when Defendant commenced use of her full

10  stage name, "Violet Blue."  Regarding the remainder of the averments therein, Defendant neither

11  admits nor denies the averments contained therein for lack of sufficient knowledge or information and

12  leaves Plaintiff to her proofs.

13

56.     Answering Paragraph 56, the averments contained therein are conclusions of law to

14  which no response is required.  To the extent a response is deemed required, Defendant neither admits

15  nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

16  Plaintiff to her proofs.

17

57.     Answering Paragraph 57, the averments contained therein are conclusions of law to

18  which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

19  the Web site located at "www.violetblue.org" has been and continues to be used for marketing

20  Defendant VIOLET BLUE's goods and services utilizing her stage name and trademark, "Violet

21  Blue."  Defendant VIOLET BLUE ADMITS that certain areas of the Web site located at

22  www.violetblue.org contain imagery of her designed to strongly resemble the real-life and long-

23  standing appearance of the famous model and actress, "Betty Page."  Defendant VIOLET BLUE

24  DENIES that she uses Plaintiff SULLIVAN-BLUE's likeness.  Defendant VIOLET BLUE also

25  DENIES that Plaintiff SULLIVAN-BLUE has the exclusive right to resemble the real-life and long-

26

1  standing appearance of the famous model and actress, "Betty Page" and that to make any such

2  representations is disingenuous.  Defendant VIOLET BLUE ADMITS that in readying for some

3  performances, she has prepared herself in the past to strongly resemble the real-life and long-standing

4  appearance of the famous model and actress, "Betty Page."  *See, e.g.,*

5  <http://web.archive.org/web/20060507095625/www.bettiepage.com/photos/nude/index.html>.

6  Regarding the remainder of the paragraph, Defendant DENIES the averments contained therein for the

7  reasons that the averments contained therein are untrue.

8  **H.    (F) DEFENDANT JOHNSON'S BROKEN PROMISE TO CEASE AND DESIST**

9  58.    Answering Paragraph 58, the averments contained therein are conclusions of law to

10  which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

11  at one time she represented to Plaintiff SULLIVAN-BLUE that she was considering no longer using

12  the stage name, "Violet Blue," but DENIES that such representation was a promise.  Regarding the

13  remainder of the paragraph, Defendant DENIES the averments contained therein for the reasons that

14  the averments contained therein are untrue.

15  59.    Answering Paragraph 59, the averments contained therein are conclusions of law to

16  which no response is required.  To the extent a response is deemed required, Defendant VIOLET

17  BLUE DENIES that her use of her stage name and trademark, "Violet Blue" is use of Plaintiff

18  SULLIVAN-BLUE's valuable identity and trademark (much less an "unauthorized" one).  Defendant

19  VIOLET BLUE ADMITS that her use of her stage name and common-law trademark, "Violet Blue" is

20  fully within her lawful rights of use of her mark.

21  60.    Answering Paragraph 60, the averments contained therein are conclusions of law to

22  which no response is required.  To the extent a response is deemed required, Defendant VIOLET

23  BLUE ADMITS that Plaintiff SULLIVAN-BLUE, a self-styled pornography aficionado, has

24  demanded that Defendant VIOLET BLUE cease, desist, and quit use of Defendant VIOLET BLUE's

25  stage name and trademark, "Violet Blue."  Regarding the remainder of the paragraph, Defendant

26

1    neither admits nor denies the averments contained therein for lack of sufficient knowledge or

2    information and leaves Plaintiff to her proofs.

3                                    **V.  CAUSES OF ACTION**

4                                    **FIRST CAUSE OF ACTION**

5                                    **(Trademark Infringement)**

6          61.      Answering Paragraph 61, Defendant repeats and restates her answers in Paragraphs 1

7    through 60 as if set forth fully herein.

8          62.      Answering Paragraph 62, the averments contained therein are conclusions of law.  To

9    the extent that a response is deemed required, Defendant DENIES the averments contained therein for

10   the reasons that said allegations are untrue.

11         63.      Answering Paragraph 63, the averments contained therein are conclusions of law.  To

12   the extent that a response is deemed required, Defendant DENIES the averments contained therein for

13   the reasons that said allegations are untrue.

14         64.      Answering Paragraph 64, the averments contained therein are conclusions of law.  To

15   the extent that a response is deemed required, Defendant DENIES the averments contained therein for

16   the reasons that said allegations are untrue.

17         65.      Answering Paragraph 65, the averments contained therein are conclusions of law.  To

18   the extent that a response is deemed required, Defendant DENIES the averments contained therein for

19   the reasons that said allegations are untrue.

20         66.      Answering Paragraph 66, the averments contained therein are conclusions of law.  To

21   the extent that a response is deemed required, Defendant DENIES the averments contained therein for

22   the reasons that said allegations are untrue.

23                                  **SECOND CAUSE OF ACTION**

24                                    **(Trademark Dilution)**

25         67.      Answering Paragraph 67, Defendant repeats and restates her answers in Paragraphs 1

26   through 66 as if set forth fully herein.

1    68.     Answering Paragraph 68, the averments contained therein are conclusions of law.  To

2    the extent that a response is deemed required, Defendant DENIES the averments contained therein for

3    the reasons that said allegations are untrue.

4    69.     Answering Paragraph 69, the averments contained therein are conclusions of law.  To

5    the extent that a response is deemed required, Defendant DENIES the averments contained therein for

6    the reasons that said allegations are untrue.

7    70.     Answering Paragraph 70, the averments contained therein are conclusions of law.  To

8    the extent that a response is deemed required, Defendant ADMITS that Plaintiff has no control over

9    the quality of Defendant's offerings whether through her Web site or through brick-and-mortar sales

10   establishments, but DENIES the remainder of the paragraph for the reasons that said allegations are

11   untrue.  Moreover, Defendant objects to Plaintiff's characterization of Defendant's work as "base,

12   obscene, and pornographic" on the basis that Plaintiff owes much of her status as a self-described

13   "well known and respected personality in the field of human sexuality" to authoring reviews on

14   pornographic films.  Specifically, Defendant VIOLET BLUE DENIES that Plaintiff's mark is

15   "protected" from concurrent use by Defendant.  Defendant VIOLET BLUE ADMITS that Plaintiff's

16   own Web site located at http://www.tinynibbles.com discusses subjects such as "suck-lick-rim" (a

17   reference to mouth-to-anus and mouth-to-genital sexual conduct), "hot sex ed" and "find good porn."

18   Further, the works authored or reviewed by the Plaintiff include such titles as "The Ultimate Guide To

19   Adult Videos: How To Watch Adult Videos And Make Your Sex Life Sizzle," "The Ultimate Guide

20   To Fellatio: How To Go Down On A Man And Give Him Mind-Blowing Pleasure," "The Ultimate

21   Guide To Cunninglingus," "The Smart Girl's Guide To Porn" and  "Ultimate Guide To Anal Sex For

22   Women."

23   71.     Answering Paragraph 71, the averments contained therein are conclusions of law.  To

24   the extent that a response is deemed required, Defendant DENIES the averments contained therein for

25   the reasons that said allegations are untrue.

26   72.     Answering Paragraph 72, the averments contained therein are conclusions of law.  To

---

**DEFENDANT WOFFINDEN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND   - 19**     Case No. C 07-5370 MJJ

1  the extent that a response is deemed required, Defendant DENIES the averments contained therein for

2  the reasons that said allegations are untrue.

3      73.    Answering Paragraph 73, the averments contained therein are conclusions of law.  To

4  the extent that a response is deemed required, Defendant DENIES the averments contained therein for

5  the reasons that said allegations are untrue.

6      74.    Answering Paragraph 74, the averments contained therein are conclusions of law.  To

7  the extent that a response is deemed required, Defendant DENIES the averments contained therein for

8  the reasons that said allegations are untrue.

9      75.    Answering Paragraph 75, the averments contained therein are conclusions of law.  To

10  the extent that a response is deemed required, Defendant DENIES the averments contained therein for

11  the reasons that said allegations are untrue.

## THIRD CAUSE OF ACTION

### (Violation of Cal. Civil Code § 3344)

14      76.    Answering Paragraph 76, Defendant repeats and restates her answers in Paragraphs 1

15  through 75 as if set forth fully herein.

16      77.    Answering Paragraph 77, the averments contained therein are conclusions of law.  To

17  the extent that a response is deemed required, Defendant DENIES the averments contained therein for

18  the reasons that said allegations are untrue.

19      78.    Answering Paragraph 78, the averments contained therein are conclusions of law.  To

20  the extent that a response is deemed required, Defendant DENIES the averments contained therein for

21  the reasons that said allegations are untrue.  Moreover, Defendant objects to Plaintiff's disingenuous

22  characterization of Defendant's work as "obscene" on the basis that Plaintiff owes much of her status

23  as a self-described "well known and respected personality in the field of human sexuality" to authoring

24  reviews on adult entertainment films in which Defendant VIOLET BLUE and others have performed.

25  Defendant VIOLET BLUE ADMITS that Plaintiff's own Web site located at

26  http://www.tinynibbles.com discusses subjects such as "suck-lick-rim" (a reference to mouth-to-anus

1  and mouth-to-genital sexual conduct), "hot sex ed" and "find good porn."  Further, the works authored

2  or reviewed by the Plaintiff include such titles as "The Ultimate Guide To Adult Videos: How To

3  Watch Adult Videos And Make Your Sex Life Sizzle," "The Ultimate Guide To Fellatio: How To Go

4  Down On A Man And Give Him Mind-Blowing Pleasure," "The Ultimate Guide To Cunninglingus,"

5  "The Smart Girl's Guide To Porn" and  "Ultimate Guide To Anal Sex For Women."

6        79.    Answering Paragraph 79, the averments contained therein are conclusions of law.  To

7  the extent that a response is deemed required, Defendant DENIES the averments contained therein for

8  the reasons that said allegations are untrue.

9        80.    Answering Paragraph 80, the averments contained therein are conclusions of law.  To

10  the extent that a response is deemed required, Defendant DENIES the averments contained therein for

11  the reasons that said allegations are untrue.

12        81.    Answering Paragraph 81, the averments contained therein are conclusions of law.  To

13  the extent that a response is deemed required, Defendant DENIES the averments contained therein for

14  the reasons that said allegations are untrue.

15                              **FOURTH CAUSE OF ACTION**

16                                  **(Unfair Competition)**

17        82.    Answering Paragraph 82, Defendant repeats and restates her answers in Paragraphs 1

18  through 81 as if set forth fully herein.

19        83.    Answering Paragraph 83, the averments contained therein are conclusions of law.  To

20  the extent that a response is deemed required, Defendant DENIES the averments contained therein for

21  the reasons that said allegations are untrue.

22        84.    Answering Paragraph 84, the averments contained therein are conclusions of law.  To

23  the extent that a response is deemed required, Defendant DENIES the averments contained therein for

24  the reasons that said allegations are untrue.

25        85.    Answering Paragraph 85, the averments contained therein are conclusions of law.  To

26  the extent that a response is deemed required, Defendant DENIES the averments contained therein for

1   the reasons that said allegations are untrue.

2   ## VI. AFFIRMATIVE DEFENSES

3   As affirmative defenses, Defendant alleges and states as follows:

4   1.  Plaintiff has failed in whole or in part to state a claim upon which relief can be granted;

5   2.  Plaintiff has suffered no damages and/or has failed to mitigate her damages, if any;

6   3.  Plaintiff has suffered no injury nor is there a likelihood of injury;

7   4.  Plaintiff has suffered no harm and/or irreparable harm;

8   5.  Plaintiff failed to protect and/or enforce her alleged rights;

9   6.  Plaintiff's Complaint is barred as unconscionable;

10   7.  Plaintiff's Complaint is barred by reason of waiver;

11   8.  Plaintiff's Complaint is barred by the doctrine of estoppel;

12   9.  Plaintiff's Complaint is barred by the doctrine of assumption of laches;

13   10. No conduct by or attributable to Defendant was either the cause in fact or the proximate

14   cause of the damages alleged by Plaintiff. Rather, the damages alleged by Plaintiff were caused, either

15   in whole or in part, by Plaintiff's own acts or omissions or by the acts or omissions of persons or

16   entities other than Defendant. Plaintiffs' damages, if any, must be reduced accordingly;

17   11. Plaintiff's Complaint is barred by the Statutes of Limitations;

18   12. Plaintiff lacks exclusive right of use of the mark;

19   13. Plaintiff has created a likelihood of confusion in the mark by infringing and diluting

20   Defendant VIOLET BLUE's trademark;

21   14. Plaintiff's claimed mark, "Violet Blue," is not a famous mark as that term is contemplated

22   by 15 U.S.C. § 1125(c)(1), *et seq.*  Plaintiff admits the same wherein on her own Web page located at

23   <http://www.tinynibbles.com>, she reproduces a quote from Webnation that states, "She might not be

24   a household name, but Violet Blue is the leading sex educator for the Internet generation." –

25   Webnation;

26   15. Plaintiff's requested mark is not fanciful.

---

16. Plaintiff's requested trademark is a word mark that is identical to the Crayola Crayon color, "Violet Blue," first offered in 1949, and Defendant VIOLET BLUE's common-law trademark;

17. When Defendant VIOLET BLUE adopted the use of her stage name, she had no knowledge of the Plaintiff whose name was, at that time, upon information and belief, Wendy Sullivan Blue;

18. Plaintiff, by attempting to convert the real-life and long-standing appearance of the famous model and actress, "Betty Page," to her own exclusive use, comes to the court with unclean hands;

19. Plaintiff, by emphasizing the term "pornography" in her complaint when referring to the offerings of Defendant VIOLET BLUE, implies that she does not engage in pornography.  Yet, links to pornographic images of her emanate from her own Web site located at <http://www.tinynibbles.com> and direct the reader to the Web site located at <http://theblight.net/08/hhr_jan/>.  By intentionally misleading this Honorable Court, Plaintiff SULLIVAN-BLUE, a self-styled pornography aficionado, comes to the court with unclean hands;

20. Plaintiff has filed trademark and service mark applications for subject matter specifically related to "sexual pleasures and pornography";

21. Although Defendant denies making any promises to Plaintiff, any promise that may have been made by Defendant VIOLET BLUE to Plaintiff SULLIVAN-BLUE, a self-styled pornography aficionado, to cease using Defendant's stage name and trademark, "Violet Blue," was a gratuitous promise, wholly unsupported by consideration of any kind, and was subject to unilateral withdrawal by Defendant VIOLET BLUE at any time for any reason, or no reason at all;

22. Plaintiff has acquiesced to Defendant VIOLET BLUE's use of the mark;

23. Defendant VIOLET BLUE's use of the mark was concurrent to Plaintiff's use of the mark since at least March 2000;

24.  Plaintiffs cannot establish its claims of trademark infringement and unfair competition claims as the parties have co-existed with their respective uses of the name "Violet Blue" for many years without confusion;

25. Plaintiff cannot establish her first claim of infringement if Defendant's counterclaim for cancellation of Trademark and Service Mark Application Serial No. 77121570 (unregistered mark) is granted;

26. Defendant hereby reserves the right to add, supplement, modify, change or amend any and all of its Affirmative Defenses as the facts and circumstances become known through further discovery and/or investigation.

## VII.  COUNTERCLAIMS

Defendant Ada Mae Woffinden, *nee* Johnson ("Counterclaim Plaintiff"), an individual, asserts these counterclaims against Plaintiff Violet Blue aka Wendy Sullivan Blue, an individual ("Counterclaim Defendant").

## PARTIES

1.    Counterclaim Plaintiff Ada Mae Woffinden, *nee* Johnson, is an individual who resides in the State of Washington.

2.    Counterclaim Defendant, Violet Blue aka Wendy Sullivan Blue, is an individual who, on information and belief, resides in the State of California.

3.    Counterclaim Defendant is listed as the owner of Trademark Registration Application Serial No. 77121570 for the trademark and service mark "Violet Blue" in the International Class 009 for web casts, and podcasts featuring music, audio books and news broadcasts, in the fields of *inter alia*, sexual pleasures and pornography; and in International Class 041 for downloadable publications in the nature of individual texts of blog posts, photographs, electronic books, audio books, news columns, and newsletters, in the fields of, *inter alia*, sexual pleasures and pornography.

4.    As a result of her close association with the adult erotica market, Counterclaim Defendant knew, or should have known, that Counterclaim Plaintiff Woffinden was openly and notoriously using the stage name and trademark "Violet Blue" as no later than March 2000.

5.    Upon information and belief, Plaintiff/Counterclaim Defendant changed her legal name from Wendy Sullivan Blue to Violet Blue on or about 2002.

---

DEFENDANT WOFFINDEN'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER
FOR RELIEF AND JURY DEMAND   - 24

Case No. C 07-5370 MJJ

1

**JURISDICTION AND VENUE**

2

6.    This Court has jurisdiction over the subject matter of these counterclaims pursuant to

3

28 U.S.C. §§ 1331 and 1338.

4

7.    This Court has personal jurisdiction over Counterclaim Defendant and venue in this

5

District is proper pursuant to 28 U.S.C. § 1391, and by virtue of the fact that the Counterclaim

6

Defendant resides in this District and regularly solicits business in this District.  Counterclaim

7

Plaintiffs further assert that jurisdiction is also proper in the Western District of Washington, as that is

8

the district in which the Defendant/Counterclaim Plaintiff resides, and in which the Counterclaim

9

Defendant conducts business by offering for sale to the residents therein, the various books that she

10

has authored.  Counterclaim Defendant offers her books for sale through the online retailer,

11

Amazon.com, with whom she has a contractual relationship and who is located in the Western District

12

of Washington.

13

**FIRST COUNTERCLAIM FOR DECLARATORY RELIEF**

14

8.    Counterclaim Plaintiff alleges, re-alleges and incorporates by reference each and every

15

allegation set forth above.

16

9.    Counterclaim Plaintiff requests declaratory relief that her use of "Violet Blue" in

17

connection with online and video adult erotica performances is not infringing Counterclaim

18

Defendant's use of her name "Violet Blue" in connection with web casts, and podcasts featuring

19

music, audio books and news broadcasts, in the fields of *inter alia*, sexual pleasures and pornography,

20

and other categories identified in Trademark International Class 9, and downloadable publications in

21

the nature of individual texts of blog posts, photographs, electronic books, audio books, news

22

columns, newsletters, and other categories in the fields of *inter alia*, sexual pleasures and

23

pornography, identified in Trademark International Class 41.

24

**SECOND COUNTERCLAIM FOR DECLARATORY RELIEF**

25

10.    Counterclaim Plaintiff alleges, re-alleges and incorporates by reference each and every

26

allegation set forth above.

DEFENDANT WOFFINDEN'S ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER
FOR RELIEF AND JURY DEMAND   - 25

Case No. C 07-5370 MJJ

11.     Counterclaim Plaintiff requests declaratory relief that Counterclaim Defendant's use of "Violet Blue" is not famous and has not been diluted by Counterclaim Plaintiffs' use of "Violet" and "Violet Blue" in connection with online and video mainstream and adult erotica performances.

**THIRD COUNTERCLAIM FOR CANCELLATION OF U.S. TRADEMARK AND SERVICE MARK REGISTRATION APPLICATION SERIAL NO. 77121570**

12.     Counterclaim Plaintiff alleges, re-alleges and incorporates by reference each and every allegation set forth above.

13.     Counterclaim Plaintiff requests that the Court cancel Counterclaim Defendant's U.S. Trademark and Service Mark Registration Application Serial No. 77121570 as the Counterclaim Defendant committed fraud on the U.S. Trademark Office by representing to the Office that Counterclaim Defendant's use of the sought mark has been used "exclusively and continuously" in International Class 009 for web casts, and podcasts featuring music, audio books and news broadcasts, in the fields of *inter alia*, sexual pleasures and pornography; and in International Class 041 for downloadable publications in the nature of individual texts of blog posts, photographs, electronic books, audio books, news columns, and newsletters, in the fields of, *inter alia*, sexual pleasures and pornography and Counterclaim Defendant intentionally failed to take steps to correct this misrepresentation.

**FOURTH COUNTERCLAIM FOR INJUNCTIVE RELIEF PROSCRIBING COUNTERCLAIM DEFENDANT'S USE OF COUNTERCLAIM PLAINTIFF'S TRADEMARK**

14.     Counterclaim Plaintiff alleges, re-alleges and incorporates by reference each and every allegation set forth above.

15.     Counterclaim Plaintiff believes, and therefore avers that Counterclaim Defendant intentionally sought and received a change of her legal name to that of Counterclaim Plaintiff's stage name and trademark for the purpose of capitalizing on Counterclaim Plaintiff's goodwill in her stage name and mark.

1

### FIFTH COUNTERCLAIM FOR DAMAGES FROM OUTRAGE

2      16.     Counterclaim Plaintiff alleges, re-alleges and incorporates by reference each and every

3  allegation set forth above.

4      17.     Counterclaim Defendant has made numerous postings on the Internet regarding

5  Counterclaim Plaintiff and has, at times, slandered and libeled Counterclaim Plaintiff in such a

6  manner on Counterclaim Defendants Web site that Counterclaim Plaintiff cannot respond in a

7  meaningful manner.  This outrage includes the specific allegation by Counterclaim Defendant

8  SULLIVAN-BLUE that Counterclaim Plaintiff is a "twat."

9      18.     Counterclaim Defendant's allegations were and are false.

10     19.     Counterclaim Plaintiff intended that these instances of outrage be committed in such a

11  manner that Counterclaim Plaintiff could not and cannot respond in a meaningful manner to dispute

12  the allegations.

13     20.     Counterclaim Defendant is in an advantaged comparative situation over Counterclaim

14  Plaintiff in that she is able to reach the ears of some 3.2 million people on the Internet, as alleged in

15  her First Amended Complaint, and several millions of people in the greater San Francisco, California

16  area as a result of her weekly column in the SFGate publication.

17     21.     By making these allegations, Counterclaim Defendant intended for other persons to

18  believe her allegations to be true.

19     22.     Responses on Counterclaim Defendant's Web site indicate that other persons did

20  believe Counterclaim Defendants allegations to be true.

21     23.     Since Counterclaim Plaintiff is unable to post responses on Counterclaim Defendant's

22  Web site, she is unable to dispute the allegations, and is thereby damaged by the false allegations.

23     24.     As a result, Counterclaim Plaintiff has been damaged in an amount to be proven at trial.

24  ### VIII.  PRAYER FOR RELIEF

25  WHEREFORE, Defendant/Counterclaim Plaintiff prays:

26     1.     That the Court deny all of Plaintiff's claims and relief and/or damages;

---

**DEFENDANT WOFFINDEN'S ANSWER TO PLAINTIFF'S FIRST AMENDED**          Case No. C 07-5370 MJJ
**COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER**
**FOR RELIEF AND JURY DEMAND**   - 27

1  2.  That the Court enter judgment in favor of Defendant on Plaintiff's claims and dismiss

2  Plaintiff's Complaint with prejudice;

3  3.  That the Court grant Counterclaim Plaintiff judgment against Counterclaim Defendant

4  on Counterclaim Plaintiff's counterclaims;

5  4.  That the Court declares that Defendant did not infringe or dilute under the Lanham Act

6  and that Defendant did not violate unfair competition laws;

7  5.  That Plaintiff failed to make an adequate pre-filing investigation as required under Rule

8  11, and the Court consider sanctions under Rule 11, including and award of attorney's fees to

9  Defendant;

10  6.  That Counterclaim Defendant's U.S. Trademark and Service Mark Application, Serial

11  No. 77121570 be denied and cancelled;

12  7.  That Defendant, Counterclaim Plaintiff be awarded her reasonable costs, including

13  attorney's fees, incurred defending herself in this action and prosecuting her counterclaims;

14  8.  Where applicable, Counterclaim Plaintiff be awarded treble damages;

15  9.  That Counterclaim Plaintiff be awarded fees pursuant to 28 U.S.C. § 1927; and

16  10.  For such further and other relief as the Court may deem appropriate.

17  ## IX.  JURY DEMAND

18  Defendant/Counterclaim Plaintiff respectfully demands a trial by a jury of her peers.

19  DATED THIS 4th day of February 2008.

20  Respectfully submitted,
   CARPELAW PLLC

21

22  /s/ Robert S. Apgood
   Robert S. Apgood, *Pro Hac Vice*

23  WSBA #31023
   Attorney for Defendant Ada Mae Woffinden

24  CARPELAW PLLC
   2400 NW 80th Street #130

25  Seattle, WA 98117-4449
   Telephone: (206) 624-2379

26

---

**DEFENDANT WOFFINDEN'S ANSWER TO PLAINTIFF'S FIRST AMENDED**              Case No. C 07-5370 MJJ
**COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER**
**FOR RELIEF AND JURY DEMAND**  - 28

1

2

Facsimile: (206) 784-6305
Email: rob@carpelaw.com

3

John Jeffrey Carter (Bar No. 79857)
329 Flume Street

4

Chico, CA 95927-3606
Telephone: 530-342-6196

5

Facsimile: 530 342-6195

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

<u>DECLARATION OF SERVICE</u>

2

3

    I, Robert S. Apgood, hereby make the following Declaration from personal knowledge that on February 4,, 2008, I served the foregoing

4

    1.    Defendant Woffinden's Answer To Plaintiff's First Amended Complaint, Affirmative Defenses, Counterclaims, Prayer For Relief And Jury Demand; and

5

6

    2.    this certificate of Service

7

on the following attorneys by transmitting an electronic version thereof, by transmitting a facsimile thereof, and by depositing a copy thereof in the U.S. Mail, postage prepaid:

8

9

Collette Vogele
Benjamin Costa
Vogele & Associates
580 California Street
Suite 1600
San Francisco, CA 94104

10

11

12

13

    I herby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

14

    EXECUTED this 4th day of February 2008 at Seattle, Washington.

15

                        CARPELAW PLLC

16

17

                        <u>s/ Robert S. Apgood</u>
                        *Pro Hac Vice*
                        WSBA # 31023
                        CARPELAW PLLC
                        2400 NW 80th Street #130
                        Seattle, WA 98117-4449
                        Telephone: (206) 624-2379
                        Facsimile: (206) 784-6305
                        E-mail: rob@carpelaw.com

18

19

20

21

22

23

24

25

26

**DEFENDANT WOFFINDEN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND** - 30

Case No. C 07-5370 MJJ