1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Robert S. Apgood
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117
Telephone: 206-624-2379
Facsimile: 206-784-6305
rob@carpelaw.com

John Jeffrey Carter
329 Flume Street
Chico, CA 95927-3606
Telephone: 530-342-6196
Facsimile: 530-342-6195

Attorneys for Defendant Ada Mae Woffinden *nee* Johnson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

VIOLET BLUE, an individual,

                    Plaintiff/Counterclaim Defendant,

    vs.

ADA MAE JOHNSON et al.,

                  Defendant/Counterclaim Plaintiff.

**Case No.:  C 07-5370 MJJ**

**DEFENDANT WOFFINDEN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AND RELATED MOTIONS**

Hon. Martin J. Jenkins
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Hearing Date:  March 04, 2008**
**Hearing Time: 9:00 AM**

**I.  RESPONSE IN OPPOSITION**

Plaintiff, Violet Blue, has moved this Honorable Court to assess against Defendant Ada Mae

Woffinden *nee* Johnson costs in the amount of $4,123 for the preparation and filing of Plaintiff's

motion to amend the complaint and accompanying papers, and $2,208 for Plaintiff's Motion For

1    Sanctions ("Motion").

2        In her Motion, Plaintiff argues that on December 5, 2007, Plaintiff's counsel contacted

3    Defendant's counsel seeking agreement to the filing of Plaintiff's Amended Complaint. *Motion at*

4    *2:14-21*. Defendant's counsel does not dispute this representation. Rather, Defendant's counsel

5    candidly admits that Plaintiff's counsel contacted him on the very date this Honorable Court granted

6    Defendant's counsel's application for admission *pro hac vice* into this case. *Declaration of Robert S.*

7    *Apgood in Support of Defendant Woffinden's Response in Opposition to Motion for Sanctions*

8    ("Apgood Decl.") at ¶¶ 4-7.

9        When Plaintiff's counsel, Ms. Vogele, contacted Defendant's counsel, Mr. Apgood, Mr.

10   Apgood had not yet had the opportunity to fully review the file and pleadings in the case, and thus was

11   not adequately informed about the case to fully apprise the Defendant of the potential pros and cons of

12   agreeing to the filing of an amended complaint by the Plaintiff. *Id.* at ¶ 8. Consequently, Mr. Apgood

13   refused to agree to the filing of the amended complaint. *Id.* At ¶ 9.

14       Moreover, when Mr. Apgood refused on December 5, 2007 to agree to the filing of the

15   amended complaint, he had serious questions whether there were sufficient minimum contacts with

16   this forum for this Honorable Court to exert *in personam* jurisdiction over the Defendant, and whether

17   venue was properly found in this district. *Id.* at ¶ 10. Both of these reasons were explained to Ms.

18   Vogele during the course of the telephonic conversation on December 5, 2007, which Plaintiff

19   overlooks in the factual recitation in her Motion and in the Declaration of Ms. Colette Vogele made in

20   support thereof. *Id.*

21       Additional reasonable justification for refusing to agree to the filing of the amended complaint

22   existed in Defendant's counsel's mind, the substance of which Defendant respectfully declines to

23   examine in detail in this response as, to do so, would reveal theories of the case that are protected by

24   the attorney-client privilege. Nevertheless, Defendant's counsel will gladly make full disclosure *in*

25   *camera* to this Honorable Court in order that this Honorable Court may make an informed

26   determination of the sufficiency of Defendant's non-divulgence, as well as to consider the merits of

1    those reasons in determining its ruling on this Motion.  *Id.* at ¶ 11.

2          Plaintiff filed her Motion For Leave To File An Amended Complaint on January 2, 2008.  Dkt.

3    # 23.

4          On January 17, 2008, this Honorable Court issued its Order to Show Cause to the Defendant

5    for failure to timely file an opposition or statement of non-opposition to Plaintiff's Motion For Leave

6    To File An Amended Complaint.  Dkt. # 17.  In response to the Order, counsel for the Defendant filed

7    Defendant's Statement of Non-opposition (Dkt. # 21) concurrent with the Defendant's response to the

8    Order to Show Cause (Dkt. # s 19, 20).  At that time, the Defendant determined that her interests

9    would not be prejudiced by not opposing Plaintiff's Motion For Leave To File An Amended

10   Complaint.  While discussion of those reasons here would require the divulgence of theories of the

11   defense in this case protected by the attorney-client privilege, Defendant's counsel will fully make *in*

12   *camera* disclosure to this Honorable Court in order that this Honorable Court may make an informed

13   determination of the sufficiency of Defendant's non-divulgence, as well as to consider the merits of

14   those reasons in determining its ruling on this Motion.  *Id.* at ¶¶ 13-14.

15         Federal Rule of Civil Procedure No. 15 states, in relevant part:

16   Rule 15.  Amended and Supplemental Pleadings
     *(a) Amendments Before Trial.*
17            (1) Amending as a Matter of Course.
            A party may amend its pleading once as a matter of course:
18                  (A) before being served with a responsive pleading; or
                   (B) within 20 days after serving the pleading if a responsive
19                      pleading is not allowed and the action is not yet on the trial
20                      calendar.
            (2) Other Amendments.
21          In all other cases, a party may amend its pleading only with the opposing
            party's written consent or the court's leave. The court should freely give
22          leave when justice so requires.

23

24         Plaintiff filed her original complaint on October 22, 2007.  Defendant filed her *pro se* answer

25   on November 13, 2007.  As noted *supra*, Plaintiff requested that Defendant agree to the filing of the

26   amended complaint on December 5, 2007,  21 days after Defendant filed her *pro se* answer.  Nothing

1    in the Rule requires the non-moving party to agree to the filing of an amended pleading under penalty

2    of sanctions if that party does not ultimately oppose the filing of the pleading.  Yet, this is precisely

3    how the Plaintiff asks this Honorable Court to hold.  In her Motion, Plaintiff states without

4    equivocation that Defendant's non-opposition to Plaintiff's Motion For Leave To File An Amended

5    Complaint, and "subsequent filing of a Notice of Non-opposition amounts to an improper delay

6    tactic."  Motion at 4:3-5.  Plaintiff further argues that "[i]n refusing consent and failing to oppose

7    Plaintiff's motion, the Defendant's Notice of Non-opposition was submitted for the improper purposes

8    of causing unnecessary delay and needlessly increasing the cost of litigation."  Motion at 4:19-21.

9    Plaintiff argues this despite this Honorable Court's holding that "[t]he Court further finds that the

10    declaration submitted by Defendant's counsel sufficiently explains the circumstances that led to

11    Defendant's failure to comply with the local rules and to timely respond to the Motion. The Court is

12    persuaded that there is little risk that the problem will be repeated, and finds that sanctions are

13    inappropriate." Dkt. # 22.  Moreover, Defendant's counsel averred that none of these reasons, nor any

14    nefarious reason, was the impetus to neither oppose the motion, nor file a Notice of Non-opposition.

15    *See, Declaration of Robert S. Apgood*, Dkt. # 20.

16      At no times were Defendant's counsel's refusals to agree to the filing of the amended

17    complaint made in bad faith. *Apgood Decl.* at ¶ 15.

18      The decision to not *agree* to the amended complaint was not made for the purpose of

19    vindictiveness, improper purpose, to cause delay to the orderly proceeding of the lawsuit, obduracy, or

20    to increase the costs of the litigation.  *Id.* at ¶ 16.

21      The decision to not *oppose* to the amended complaint was not made for the purpose of

22    vindictiveness, improper purpose, to cause delay to the orderly proceeding of the lawsuit, obduracy, or

23    to increase the costs of the litigation. *Id.* at ¶ 17.

24      At no time did Defendant's counsel act with a knowing and reckless disregard for Fed. R. Civ.

25    P. 1.  *Id.* at ¶ 18

26      Defendant's counsel's reasons for the late filing of the Statement of Non-opposition have

1  previously been explained to this Honorable Court.  *See, Declaration of Robert S. Apgood*, Dkt. # 20.

2  As a result, this Honorable Court determined that those reasons were sufficient, that the error was not

3  likely to recur, and that sanctions are  not appropriate (Dkt. # 22).

4        Other than Plaintiff's conclusory statements that Defendant and/or Defendant's counsel acted

5  in bad faith, acted with the purpose of vindictiveness, with improper purpose, to cause delay to the

6  orderly proceeding of the lawsuit, obduracy, and to increase the costs of the litigation, Plaintiff offers

7  no evidence in support of those claims and certainly nothing to disprove or adequately refute the

8  evidence that was before this Honorable Court *prior to* Plaintiff bringing this Motion, and as is put

9  before this Honorable Court contemporarily with this opposition that Defendant's action and/or

10  inaction was done with malice.

11        Moreover, Plaintiff misstates the plain language of Fed. R. Civ. P. 15 when she argues that

12  "[r]elying on the Ninth Circuit's guidance, sanctions should be imposed on Defendant's Counsel here

13  under [28 U.S.C. §] 1927 for his refusal to consent to Plaintiff's amended complaint as authorized

14  'when justice so requires', by Rule 15 of the Federal Rules of Civil Procedure." (quoting Fed. R. Civ.

15  P. 15(a)(2)).  Plaintiff's argument appears to be that the Rule imposes a duty on the non-moving party

16  "when justice so requires."  However, that is *not* what the Rule states.  Rather, the Rule

17  unambiguously states that, when a movant seeks the filing of an amended pleading, "[t]he *court* should

18  freely give leave 'when justice so requires.'"  Fed. R. Civ. P. 15(a)(2)(emphasis added).  The Rule is

19  not dictating a standard for opposition or non-opposition by the non-moving party.  Rather, the Rule

20  states a precatory aspiration for the court in considering a motion seeking the filing of an amended

21  pleading.

22        Plaintiff argues that Defendant's counsel acted with a "knowing and reckless disregard for

23  Rule 1 of the Federal Rules of Civil Procedure" which "requires Defendant's Counsel to construe the

24  [Federal Rules of Civil Procedure] with an eye toward as just, speedy, and inexpensive determination

25  of every proceeding." *Motion* at 5:14-17.  By not opposing Plaintiff's Motion For Leave To File An

26  Amended Complaint, Plaintiff argues, Defendant's counsel was "reckless" and that that "recklessness

1  ultimately multiplied the proceedings by forcing Plaintiff to file the Motion to Amend the Complaint

2  and supporting papers." *Id.* at 5:17-19.  Plaintiff argues that, by Defendant's counsel's refusing to

3  agree to the filing of the Amended Complaint, Defendant's counsel also acted in bad faith.  While

4  Plaintiff makes a succinct series of recitations of potential sanctions that may be imposed against an

5  attorney who acts recklessly and/or in bad faith, Plaintiff fails to articulate precisely what conduct of

6  Defendant's counsel constitutes such recklessness and/or bad faith.  Indeed, the only argument that

7  sets forth any inkling of a basis for damage to the Plaintiff is Plaintiff's unsubstantiated, and unsworn

8  representation that, had Defendant agreed to the filing of the amended complaint, "Plaintiff would not

9  have expended resources preparing the motion to amend and the supporting documents…" *Motion* at

10  4:16-17.  Defendant reasonably interprets this representation to mean, essentially, that Plaintiff would

11  not have as comprehensively pleaded its case for the admission of the amended complaint as it did had

12  Defendant acquiesced to Plaintiff's request, notwithstanding the plain-language requirement of Fed. R.

13  Civ. P. 15 *requirement* to seek leave of the court by motion for the admission of any amended pleading

14  to which the non-movant has not agreed (and for which there is no duty on the part of the non-movant

15  to so agree).  Clearly, since Defendant had filed her answer to Plaintiff's complaint, Plaintiff was

16  compelled by the plain language of the Rule to seek leave of the Court to file the amended complaint.

17        Aside from this Honorable Court's Order to Show Cause (of which this Honorable Court has

18  disposed, and which is not now before the Court), the *only* proceeding in this case that has not been

19  required by rule, court order, or the normal course of pleadings, is Plaintiff's instant Motion, which

20  necessarily also implicates Defendant's response in opposition, Plaintiff's reply, if any, this Honorable

21  Court's consideration of the pleadings and argument of counsel, and the Court's ruling on Plaintiff's

22  Motion.  Moreover, as a direct result of Plaintiff filing her Motion and noticing it for hearing on March

23  4, 2008, additional pleadings to continue the hearing date of the Motion were necessitated due to

24  Defendant's counsel being scheduled in trial for the week of March 3, 2008 and possibly carrying over

25  into the week of March 10, 2008.  Additionally, costs to both the Plaintiff and Defendant are increased

26  in no insignificant amount by this Motion and by requiring counsel for both parties to travel to the

1  court to argue the Motion.

2      For all of these reasons, Plaintiff's Motion must be DENIED.

3

4                          **II.  DEFENDANT'S MOTIONS**

5      In Plaintiff's Motion, Plaintiff argues that Defendant's refusal to consent to Plaintiff's

6  amendment to the Complaint on the grounds that Defendant was going to oppose the amendment, and

7  subsequent filing of a Notice of Non-opposition amounts to an improper delay tactic.  *Motion* at 4:3-5.

8  Plaintiff's allegations are legal conclusions for which Plaintiff provides no foundation, either by the

9  offer of tangible evidence, or by declaration.  Defendant therefore MOVES TO STRIKE all references

10  in Plaintiff's Motion that state that Defendant's filing of a Notice of Non-opposition is an improper

11  delay tactic.

12      In Plaintiff's Motion, Plaintiff argues that Defendant's Notice of Non-opposition was filed in

13  bad faith.  *Motion* at 4:5-9.   Plaintiff's allegations are legal conclusions for which Plaintiff provides

14  no foundation, either by the offer of tangible evidence, or by declaration.  Defendant therefore

15  MOVES TO STRIKE all references in Plaintiff's Motion that state that Defendant's filing of a Notice

16  of Non-opposition was done in bad faith.

17      In Plaintiff's Motion, Plaintiff argues that Defendant's filing her Notice of Non-opposition was

18  gamesmanship.  *Motion* at 4:25-27.  Plaintiff's allegations are legal conclusions for which Plaintiff

19  provides no foundation, either by the offer of tangible evidence, or by declaration.  Defendant

20  therefore MOVES TO STRIKE all references in Plaintiff's Motion that state that Defendant's filing of

21  her Notice of Non-opposition was gamesmanship.

22      In Plaintiff's Motion, Plaintiff argues that sanctions should be imposed on Defendant's counsel

23  under 28 U.S.C. § 1927 for his refusal to consent to Plaintiff's amended complaint.  *Motion* at 5:11-14.

24  In support of her argument, Plaintiff misstates the plain language of Fed. R. Civ. P. 15(a)(2).

25  Plaintiff's allegations are legal conclusions for which Plaintiff provides no foundation, either by the

26  offer of tangible evidence, or by declaration.  Defendant therefore MOVES TO STRIKE all references

1   in Plaintiff's Motion that state that Defendant's counsel's refusal to consent to Plaintiff's amended

2   complaint violates Fed. R. Civ. P. 15 and that, as a result, Defendant's counsel is liable for sanctions

3   under 28 U.S.C. § 1927.

4          In Plaintiff's Motion, Plaintiff argues that in refusing consent to agree to Plaintiff's filing of her

5   amended complaint, Defendant's counsel acted with knowing and reckless disregard for Fed R. Civ. P.

6   1. *Motion* at 5:14-17.   Plaintiff's allegations are legal conclusions for which Plaintiff provides no

7   foundation, either by the offer of tangible evidence, or by declaration.  Defendant therefore MOVES

8   TO STRIKE all references in Plaintiff's Motion that Defendant's counsel's refusal to consent to

9   Plaintiff's amended complaint was a knowing and reckless disregard for Fed. R. Civ. P. 1.

10         In Plaintiff's Motion, Plaintiff argues that Defendant's counsel acted in bad faith by

11   withholding consent to allow the filing of Plaintiff's First Amended Complaint and subsequently

12   submitting Defendant's Notice of Non-opposition, all for the purpose of harassing Plaintiff by

13   delaying litigation and increasing costs. *Motion* at 5:20 – 6:4. Plaintiff's allegations are legal

14   conclusions for which Plaintiff provides no foundation, either by the offer of tangible evidence, or by

15   declaration.  Defendant therefore MOVES TO STRIKE all references in Plaintiff's Motion that

16   Defendant's counsel acted in bad faith by withholding consent to allow the filing of Plaintiff's First

17   Amended Complaint and subsequently submitting Defendant's Notice of Non-opposition, all for the

18   purpose of harassing Plaintiff by delaying litigation and increasing costs.

19         Defendant Ada Mae Woffinden *nee* Johnson respectfully MOVES THIS HONORABLE

20   COURT to find that it is Plaintiff's Motion For Sanctions that has unreasonably and vexatiously

21   multiplied the proceedings in this matter, and to issue an Order appropriately sanctioning Plaintiff's

22   counsel for her participation in the unreasonable and vexatious multiplication of the proceedings,

23   including such monetary sanctions as the Court deems just, to be paid to a charitable organization of

24   the Court's choosing.

25         Defendant Ada Mae Woffinden *nee* Johnson respectfully MOVES THIS HONORABLE

26   COURT to find that Plaintiff's Motion For Sanctions is frivolous, and to issue an Order directing

1  Defendant to submit to the Court a Bill of Costs and Fees suffered in defending this Motion for

2  consideration by this Honorable Court for an award thereon.

3

4        DATED THIS 12th day of February 2008.

5                                        Respectfully submitted,

6                                        CARPELAW PLLC

7                                         */s/ Robert S. Apgood*

8                                        Robert S. Apgood, *Pro Hac Vice*
                                         WSBA # 31023

9                                        CARPELAW PLLC
                                         2400 NW 80th Street #130

10                                       Seattle, WA 98117-4449
                                         Telephone: (206) 624-2379

11                                       Facsimile: (206) 784-6305
                                         E-mail: rob@carpelaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## **DECLARATION OF SERVICE**

2

   I, Robert S. Apgood, hereby make the following Declaration from personal knowledge that on

3

February 12, 2008, I served the foregoing

4
       1.    Defendant Woffinden's Response in Opposition To Plaintiff's Motion For Sanctions
             and Related Motions;

5
       2.    Proposed Order Granting Defendant's Motions To Strike and For Sanctions; and

6

7
       3.    this certificate of Service

8
by filing a copy thereof with Clerk of the Court via the Court's CM-ECF system.  As a result of their
agreement and the court's rule, the following will be notified of this filing and copies of the documents

9
will be made available to them:

10
Colette Vogele
Benjamin Costa

11
Vogele & Associates

12
12 Geary Street, Suite 701
San Francisco, CA 94108

13

   I herby declare under penalty of perjury under the laws of the United States of America that the

14
foregoing is true and correct.

15

   EXECUTED this 12th of February 2008 at Seattle, Washington.

16

17
                                        CARPELAW PLLC

18
                                        *s/ Robert S. Apgood*
                                        Robert S. Apgood, *Pro Hac Vice*

19
                                        WSBA # 31023
                                        CARPELAW PLLC

20
                                        2400 NW 80th Street #130

21
                                        Seattle, WA 98117-4449
                                        Telephone: (206) 624-2379

22
                                        Facsimile: (206) 784-6305
                                        E-mail: rob@carpelaw.com

23

24

25

26

---

**DEFENDANT WOOFINDEN'S RESPONSE IN OPPOSITION TO**          Case No. C 07-5370 MJJ
**PLAINTIFF'S MOTION FOR SANCTIONS AND RELATED MOTIONS**  - 10