Robert S. Apgood
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117
Telephone: 206-624-2379
Facsimile: 206-784-6305
rob@carpelaw.com

John Jeffrey Carter
329 Flume Street
Chico, CA 95927-3606
Telephone: 530-342-6196
Facsimile: 530-342-6195

Attorneys for Defendant Ada Mae Woffinden *nee* Johnson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

VIOLET BLUE, an individual,

    Plaintiff/Counterclaim Defendant,

vs.

ADA MAE JOHNSON et al.,

    Defendant/Counterclaim Plaintiff.

**Case No.: C 07-5370 MJJ**

**DECLARATION OF ROBERT S. APGOOD IN SUPPORT OF DEFENDANT WOFFINDEN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Hon. Martin J. Jenkins
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Hearing Date: March 18, 2008**
**Hearing Time: 9:30 AM**

I, Robert S. Apgood, upon my oath do hereby declare and state as follows:

1. I am of at least 18 years of age and, if called upon to testify, could and would testify to the following based upon personal knowledge;

2.     I am an attorney of record for the Defendant, Ada Mae Woffinden *nee* Johnson;

3.     On Thursday, November 29, 2007, I filed a Motion For Admission *Pro Hac Vice* in this case for the limited purpose of representing the Defendant, Ada Mae Woffinden (incorrectly spelled in the complaint as "Woofinden") *nee* Johnson;

4.     On Wednesday, December 5, 2007, this Honorable granted that motion and admitted me to the bar of this court and case to represent Ms. Woffinden;

5.     *On that very same day*, Wednesday, December 5, 2007, I was contacted via telephone by Ms. Colette Vogele, counsel of record for the Plaintiff;

6.     The purpose of Ms. Vogele's call was to request my client's consent and agreement to allow the Plaintiff to file an amended complaint;

7.     Ms. Vogele represented to me that her client wished to file the amended complaint to name new parties and claims that resulted from Ms. Woffinden's *pro se* answer to the complaint;

8.     At that time, I had not yet had the opportunity to review all of the pleadings and the file in this case, so I was not in a position of knowledge to adequately advise my client as to the pros and cons of agreeing to the filing of an amended complaint;

9.     As a result of my inability at that time to adequately advise my client on the matter, I refused to agree on, what was my first day of representation of Ms. Woffinden, the filing of an amended complaint;

10.    I further refused to agree to the filing of the amended complaint on the bases that we had serious questions as to whether this Honorable Court could exert *in personam jurisdiction* over the Defendant, and whether venue in the case was proper; of which both issues were specifically raised to Ms. Vogele during the course of that conversation, and neither of which were referenced in the Plaintiff's Motion for Sanctions, nor the Declaration of Colette Vogele in Support of Plaintiff's Motion for Sanctions;

11.    Further, in an abundance of caution, I informed Ms. Vogele that if necessary, we would oppose Plaintiff's motion to amend.  At that time, I could not agree to the filing of the amended

**DECLARATION OF ROBERT S. APGOOD IN SUPPORT OF DEFENDANT WOOFINDEN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** - 2

Case No. C 07-5370 MJJ

1  complaint for fear that such an agreement could possibly be construed to constitute a waiver of any challenges the Defendant might have under Fed. R. Civ. P. 12;

12.     At that time, I had other valid reasons for refusing to agree to the amended complaint and for possibly opposing it.  However, to reveal those reasons here would require me to divulge attorney work-product protected material and attorney-client privileged communications.  I am more than willing to divulge those reasons to the court *in camera* to allow the court to make a determination of the sufficiency of reasons for non-divulgence, as well as consider the merits of those reasons with respect to the Defendant's opposition to Plaintiff's motion for sanctions;

13.     For reasons of which the discussion in Defendant's opposition would require me to divulge attorney work-product protected material and attorney-client privileged communications, the election was made to not oppose the Plaintiff's motion.  I am more than willing to divulge those reasons to the court *in camera* to allow the court to make a determination of the sufficiency of reasons for non-divulgence, as well as consider the merits of those reasons with respect to the Defendant's opposition to Plaintiff's motion for sanctions;

14.     Having later concluded that the amended complaint would likely not affect the Defendants future factual and legal arguments, no opposition to Plaintiff's motion was made;

15.     At no times were Defendant's counsel's refusals to agree to the filing of the amended complaint made in bad faith;

16.     The decision to not *agree* to the amended complaint was not made for the purpose of vindictiveness, improper purpose, to cause delay to the orderly proceeding of the lawsuit, obduracy, or to increase the costs of the litigation;

17.     The decision to not *oppose* to the amended complaint was not made for the purpose of vindictiveness, improper purpose, to cause delay to the orderly proceeding of the lawsuit, obduracy, or to increase the costs of the litigation;

18.     At no time did I act with a knowing and reckless disregard for Fed. R. Civ. P. 1; and

19.     Defendant's counsel's reasons for the late filing of the Statement of Non-Opposition

1  have previously been explained to this Honorable Court.  As a result, this Honorable Court determined
2  that those reasons were sufficient, that the error was not likely to recur, and that sanctions are
3  inappropriate (Dkt. # 22).
4      I declare, under penalty of perjury under the laws of the United States of America, that to the
5  best of my knowledge and belief, the foregoing is true and correct.
6      FURTHER YOUR DECLARANT SAYETH NAUGHT.
7      DATED THIS 10th day of February 2008.  Executed at Seattle, Washington.

Respectfully submitted,

CARPELAW PLLC

 /s/ Robert S. Apgood
Robert S. Apgood, *Pro Hac Vice*
WSBA #31023
Attorney for Defendant Ada Mae Woffinden
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
Email: rob@carpelaw.com

---

**DECLARATION OF ROBERT S. APGOOD IN SUPPORT OF DEFENDANT WOOFINDEN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**  - 4     Case No. C 07-5370 MJJ

## DECLARATION OF SERVICE

I, Robert S. Apgood, hereby make the following Declaration from personal knowledge that on February 12, 2008, I served the foregoing

1. Declaration of Robert S. Apgood in Support of Defendant Woffinden's Response in Opposition To Plaintiff's Motion For Sanctions; and

2. this certificate of Service

by filing a copy thereof with Clerk of the Court via the Court's CM-ECF system. As a result of their agreement and the court's rule, the following will be notified of this filing and copies of the documents will be made available to them:

Colette Vogele
Benjamin Costa
Vogele & Associates
12 Geary Street, Suite 701
San Francisco, CA 94108

I herby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 12th of February 2008 at Seattle, Washington.

CARPELAW PLLC

*s/ Robert S. Apgood*
*Pro Hac Vice*
WSBA # 31023
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
E-mail: rob@carpelaw.com

**DECLARATION OF ROBERT S. APGOOD IN SUPPORT OF DEFENDANT WOFFINDEN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** - 5

Case No. C 07-5370 MJJ