1  [Pursuant to Civ. L. R. 3-4(a)(1), a complete list of
2  parties represented appears in the signature page of
   this document.]

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT FOR THE

9                      NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11

12  VIOLET BLUE, an Individual,
                                              Case No. C 07-5370 SI
13                   Plaintiff,

14          v.                                **JOINT CASE MANAGEMENT
                                              CONFERENCE STATEMENT**
15  ADA MAE JOHNSON a/k/a ADA
    WOOFINDEN, an individual d/b/a
16  VIOLET BLUE a/k/a VIOLET a/k/a
    VIOLET LUST; VIOLET BLUE, INC., a
17  California Corporation; and DOES 1-10,

18                   Defendants.

19

20          Plaintiff Violet Blue (hereinafter referred to as "Plaintiff Blue" or "Plaintiff") and

21  Defendant Ada Mae Johnson (hereinafter referred to as "Defendant Johnson," "Defendant

22  Woffinden" or "Defendant"), through their respective counsel, provide this Joint Case

23  Management Conference Statement pursuant to the Court's January 21, 2008 Notice and Case

24  Management Conference Order, March 1, 2007 Standing Order for all Northern District Judges,

25  Rule 16.9(a) of the Local Civil Rules for the Northern District of California, and Rule 26(f) of

26  the Federal Rules of Civil Procedure.

27  / / /

28

1    **I.    Jurisdiction and Service**

2         Plaintiff's first and second claims for relief arise under the Lanham Trademark Act, 15

3    U.S.C. §§ 1051, et seq. Jurisdiction of these federal question claims is therefore founded on 28

4    U.S.C. § 1338. This Court has supplemental jurisdiction over the third and fourth claims for

5    relief, for statutory misappropriation of Plaintiff's right of publicity and unfair competition,

6    pursuant to 28 U.S.C. § 1367.

7         The original Complaint was properly served on Defendant Johnson on October 23, 2007,

8    and Defendant Johnson has answered the Complaint. [Proof of Service, *filed* Nov. 14, 2007

9    (Docket # 5); Answer, *filed* Nov. 13, 2007 (Docket # 6) (hereinafter "Defendant's Initial

10   Answer").] Defendant Violet Blue Inc. was served on October 23, 2007. Violet Blue Inc. is a

11   California corporation and, at the time of the filing of this action, was identified as the

12   "registrant" of Defendant Johnson's website, www.violetblue.org. After serving the Complaint,

13   Defendant Johnson informed Plaintiff that Violet Blue Inc. has no involvement with the

14   www.violetblue.org website. Plaintiff thereafter learned that the website domain registration was

15   falsely made in the name of Violet Blue Inc. Counsel for Violet Blue Inc. thereafter issued a

16   cease and desist letter to Defendant Johnson. Recently, the www.violetblue.org website

17   registration has changed to "David Clairborne" as the "registrant" with an address that matches

18   Defendant Johnson's PO Box address. Accordingly, Plaintiff has voluntarily dismissed

19   Defendant Violet Blue Inc. without prejudice. [Notice of Dismissal and Order, *filed* Jan. 8, 2008

20   (Docket # 16).]

21        The Court granted Plaintiff's motion for leave to amend the original Complaint, and on

22   January 25, 2008, plaintiff filed the First Amended Complaint. Plaintiff expects to have the

23   amended parties served prior to the Case Management Conference.

24   **II.    Short Factual Summary of Case and Claims.**

25        A.    <u>Plaintiff's Factual Summary</u>

26             Plaintiff Blue is a highly respected, nationally renowned, sex-positive writer,

27   educator, blogger, podcaster, editor, and author, and well-known as "Violet Blue" for her

28   work promoting a healthy understanding of and approach to sex in the modern day. Since

2

1    at least as early as 1999, Plaintiff Blue has diligently worked to develop her reputation

2    among a large, mainstream audience exclusively under her given name, "Violet Blue."

3    Plaintiff Blue's hard work and dedication is manifested through her numerous successes

4    and exploits, including her weekly column for the San Francisco Chronicle newspaper at

5    www.SFGate.com, her regular lectures at University of California Boalt Hall School of

6    Law, her widely popular, frequently "top ten" rated podcast series on iTunes, her website,

7    which has attracted over 4.3 million visitors a year, her 17 books sold in 32 countries and

8    translated into three languages, the July 2007 feature of her work in *O, the Oprah*

9    *Magazine*, and a laudatory recognition in January 2007 by *Forbes* magazine honoring

10   Plaintiff as one of the Top 25 Most Influential Figures on the Internet. Plaintiff maintains

11   a distinctive look and appearance that includes long dark hair and short "Betty" bangs.

12          Defendant Johnson is a pornographic film actress who performs and sells

13   pornographic films and images in brick and mortar retail outlets, on-line retail outlets,

14   and through her website, www.violetblue.org. Defendant Johnson uses the stage name

15   "Violet Blue" for her performances, though early in her career she used different names.

16   At least as recently as 2006 Defendant Johnson appeared at an event in this judicial

17   district using Plaintiff Blue's name "Violet Blue." Plaintiff recently learned that

18   Defendant is also advertising yet another appearance under the name "Violet Blue" in

19   October 2008 in this judicial district. Defendant also has at times styled her look to match

20   that of Plaintiff Blue, and on her website she includes photos of herself in sexually

21   explicit positions with a look that mimics Plaintiff Blue's distinctive look and uses

22   Plaintiff's name.

23          After Plaintiff Blue had developed a public reputation as a sex educator, lecturer,

24   writer and other related roles, and long after she achieved public recognition under her

25   given name, Violet Blue, Defendant Johnson misappropriated "Violet Blue" as a stage

26   name in her pornographic film performances and public appearances. Defendant adopted

27   the stage name "Violet Blue" in order to benefit from the established reputation and

28   burgeoning goodwill Plaintiff has developed, and continues to develop, through her

3

popular writing, appearances, and programs. Upon recognizing a trend of repeated instances of public confusion, Plaintiff contacted Defendant to request that she discontinue use of Plaintiff's name. Despite Defendant's assurances that the confusion would stop, Defendant persisted in knowingly using Plaintiff's name for commercial purposes and attempting to further her career as "Violet Blue" in the pornographic film industry.

As a result of the overlap between the audience for Plaintiff Blue's sex-positive publications, and the audience for Defendant's sex performances in pornographic films and events, there have been several known and, presumably, a vastly greater number of unknown instances of public confusion. Indeed, Defendant readily admits to the numerous instances of public confusion resulting from her use of Plaintiff's name. [*See, e.g.,* Defendant's Initial Answer, *filed* November 13, 2007, ¶ 20, 26]. For example, in her Answer to the original Complaint, Defendant states that "the Defendant has also received emails confusing her with the Plaintiff and has redirected the persons writing the emails to Plaintiff's website www.tinynibbles.com." [Defendant's Initial Answer, ¶ 26]. Further, Defendant admits to requesting that the moniker "Porn Star" precede her use of the name "Violet Blue" in material used to promote her appearance at the 2006 the Exotic Erotic Ball "so the public would not confuse [Defendant] with Plaintiff." [*Id.* at 6:11-13]. Defendant also admits the actual confusion of an intimate business acquaintance, "Dave Pounder." [*Id.* ¶ 20.] To the detriment of Plaintiff's reputation, her respected colleagues and personal acquaintances have also befallen to the confusion caused by Defendant's use of the name "Violet Blue" in association with her pornographic career.

The confusion resulting from Defendant's use of Plaintiff's name and trademark, Violet Blue, tarnishes the reputation Plaintiff has worked so hard to create and, thereby, the strength and reach of Plaintiff's sex-positive message, which is aimed at a large, mainstream audience. If the public is continually confused into believing that Plaintiff Blue is not only a sex writer, but also a pornographic film actress, then Plaintiff will continue to lose the respect of those mainstream audience members who value the work

4

1    of a sex-positive writer, but do not value the work of a pornographic film actress. Worse

2    yet, Plaintiff Blue will continue to lose these individuals as members of her audience

3    altogether, and Plaintiff's value in her trademark will be diluted and compromised.

4          Because Defendant has already admitted confusion in her Answer to the original

5    Complaint, the principal factual issues in dispute in this case are limited:

6          1. Whether Defendant Johnson knew of Plaintiff Blue's use of the name "Violet

7          Blue" when Defendant Johnson adopted "Violet Blue" as a stage name in

8          association with her pornographic performances.

9          2. When Defendant Johnson began using the stage name "Violet Blue."

10          2. Whether Plaintiff Blue requested that Defendant Johnson cease and desist use

11          of the stage name "Violet Blue" in her work as a pornographic film actress.

12          3. The extent to which Plaintiff Blue has been damaged as a result of Defendant

13          Johnson's use of her trademark, name, and image in her pornographic

14          performances, modeling, and appearances.

15          4. The amount of profit/revenue Defendant receives for her pornographic

16          performances, modeling, appearances, signings, promotional work, contractual

17          agreements, photo sales, DVD sales, on-line distributions, etc. while using the

18          name "Violet Blue."

19    B.    Defendant's Factual Summary

20          Defendant Woffinden *nee* Johnson is a well-established and prolific actor in the

21    adult erotica genre of films and modeling, having performed in over 300 films since

22    1999.  When she began her career, her agent informed her that she needed to acquire a

23    "stage name" for use in her performances in order to establish a reputation for what he

24    anticipated to be, and what indeed resulted in being, a highly successful career.  Initially

25    adopting just the name, "Violet," the Defendant was told that she also needed a last name

26    for her stage name.  After investigating the name on the Internet, and finding *no*

27    occurrences of the use of that name in 2000, the Defendant adopted the full stage name,

28    "Violet Blue."  Ms. Woffinden has used this stage name for her professional appearances

5

1    at all times relevant to this case since early 2000.

2            As far back as April 2000, Defendant Woffinden at times styled herself to look

3    like the famous model and actress, "Betty Page." Ms. Page is known for her unique style

4    of black hair accompanied by short bangs. It is this style of short bangs that the Plaintiff

5    has, for obvious reasons, dubbed "Betty Bangs." Defendant Woffinden's research has

6    revealed that the Plaintiff did not adopt this Betty Page "copycat" look until sometime

7    after December 13, 2004. *See, eg.,* <

8    http://web.archive.org/web/20041213112043/http://tinynibbles.com/ >.

9            At or about the time that Plaintiff began her writing career, she was employed by

10   Good Vibrations, an "online resource for sex toys, sex education, erotic and how-to

11   books and adult videos."

12   <http://web.archive.org/web/20020124231849/www.goodvibes.com/ >. It was there that

13   Plaintiff likely first encountered the use of Defendant's stage name, "Violet Blue," and,

14   because it has an appealing quality and because it was similar to her legal name, "Wendy

15   Sullivan Blue," Plaintiff apparently adopted the name for her own use in "promoting a

16   healthy understanding of and approach to" a "mainstream audience" on such subjects as

17   "use [of] a butt plug on a partner while performing oral sex,"

18   <http://web.archive.org/web/20011123111217/www.tinynibbles.com/main.html > and

19   "very graphic … well-crafted short stories … designed to inspire and arouse, and

20   include[] plenty of threesomes, strap-on sex, lots of tense and sticky blow jobs, great

21   first-time girl-girl cunnilingus, and some very wicked role playing." *Id.*

22           The years passed, and neither party encountered each other, nor did others

23   confuse them as to their identities. Each had her own sphere of notoriety and fans.

24   Curiously, although the Plaintiff is a self-described pornography reviewer [*Id.*], she

25   claims to have never heard of Defendant Woffinden performing in her role as Violet

26   Blue, even though the Defendant's videos were being distributed world-wide that entire

27   time, and even though, as Plaintiff states *infra*, there exists an overlap between Plaintiff

28   Blue's audience for her publications and Defendant's audience for her performances in

6

1    films.

2            In 2006, Defendant Woffinden was invited to participate in the Exotic Erotic Ball

3    held in San Francisco, California.  Because this limited geographic area is the home of

4    the Plaintiff, understandably a few of the locals who know the Plaintiff assumed that the

5    "Violet Blue" advertised to appear at the ball was the very same local author, Plaintiff

6    Blue.  It was at this time that the Plaintiff "first" discovered the existence of the

7    Defendant.

8            While, as Plaintiff claims, she "worked hard to create" her reputation which is

9    "aimed at a large, 'mainstream' audience," as noted *supra*, Defendant Woffinden, too,

10   worked hard to create and strengthen her audience.

11           The principal factual issues in dispute in this case are:

12           1. Whether Plaintiff knew of Defendant's use of the name "Violet Blue" when

13           Plaintiff adopted "Violet Blue" as a *nom de plume* in association with her

14           pornographic reviews;

15           2. The extent to which Defendant has been economically damaged as a result of

16           Plaintiff's use of her trademark and name in her pornographic reviews, writings,

17           and appearances;

18           3. Whether the representations by Plaintiff to the United States Patent and

19           Trademark Office regarding her alleged "exclusive and continuing" use of the

20           name "Violet Blue" when she applied for the mark VIOLET BLUE were

21           misleading and inaccurate;

22           4.  Whether Plaintiff knew or should have know that the Defendant had been

23           openly and notoriously using the stage name, "Violet Blue," since on or about

24           May 2000.

25   **III.    Principal Legal Issues in the Case.**

26           A.  Plaintiff's Statement of the Legal Issues:

27           1.  Whether Defendant Johnson's use of Plaintiff's trademarked name "Violet Blue"

28           creates a likelihood of confusion, mistake and/or deception with the consuming public

7

1    by leading consumers to believe Plaintiff Blue and Defendant Johnson are one in the

2    same person. [*See* 15 U.S.C. § 1125(a)(1)(A) (2007); *Thane Intern., Inc. v. Trek*

3    *Bicycle Corp.*, 305 F.3d 894, 901 (9th Cir. 2002) ("The question whether an alleged

4    trademark infringer's use of a mark creates a likelihood that the consuming public

5    will 'be confused as to who makes what' product is therefore the 'core element' of

6    trademark infringement law." *Citing to Brookfield Communications, Inc. v. West*

7    *Coast Entertainment Corp.*, 174 F.3d 1036, 1053 (9th Cir. 1999.)).]

8    2.    Whether the public confusion resulting from Defendant Johnson's use of Plaintiff

9        Johnson's identical mark, "Violet Blue," dilutes or tarnishes the strength of Plaintiff's

10       trademark in the name "Violet Blue." [*See* 15 U.S.C. §1125(c) (2007); *Moseley v. V.*

11       *Secret Catalogue, Inc.*, 537 U.S. 418, 434 (2003), *superceded and expanded by*

12       *statute* Trademark Dilution Revision Act of 2006, Pub. L. No. 109-312, 120 Stat.

13       1730 ("It may well be, however, that direct evidence of dilution such as consumer

14       surveys will not be necessary if actual dilution can reliably be proved through

15       circumstantial evidence-the obvious case is one where the junior and senior marks are

16       identical.").]

17   3.    Whether Defendant Johnson knowingly used Plaintiff Blue's name and/or likeness for

18       commercial purposes. [*See* West's Ann. Cal. Civ. Code § 3344 (2007).]

19   4.    Whether Defendant Johnson's use of Plaintiff Blue's name "Violet Blue" for

20       commercial purposes causes a likelihood of confusion among members of the public,

21       thereby amounting to unfair competition. [*See* West's Ann. Cal. Bus. & Prof. Code

22       § 17200 (2007); *Thane Intern.*, 305 F.3d at 902 ("If enough people have been *actually*

23       confused, then a *likelihood* that people are confused is established").]

24   B.    Defendant's Statement Of Legal Issues:

25   1.   Whether Plaintiff Blue's "given" name is, indeed, "Violet Blue" or whether Plaintiff

26       Blue legally changed her name to "Violet Blue" two (2) or more years after

27       Defendant Woffinden began using the stage name, "Violet Blue."

28   2.   Whether Plaintiff's claimed mark, "Violet Blue," is a "famous" mark as that term is

8

1   contemplated by 15 U.S.C. § 1125(c)(1), *et seq.*

2   3.  Whether Plaintiff, by attempting to convert the real-life and long-standing appearance

3       of the famous model and actress, "Betty Page," to her own exclusive use, comes to

4       the court with unclean hands.

5   4.  Whether, by knowledge either express or implied, Plaintiff has acquiesced to

6       Defendant's contemporaneous use of the mark, "Violet Blue."

7   5.  Whether Plaintiff can establish her claims of trademark infringement and unfair

8       competition as the parties have co-existed with their respective uses of the name

9       "Violet Blue" for at least seven (7) years without confusion.

10  6.  Whether Plaintiff's Trademark Registration Application Serial No. 77121570 should

11      be cancelled for Plaintiff's failure to properly notify the United States Patent and

12      Trademark Office that Plaintiff did not make use of the mark "exclusively and

13      continuously" in International Class 009 for web casts, and podcasts featuring music,

14      audio books and news broadcasts, in the fields of *inter alia*, sexual pleasures and

15      pornography, and in International Class 041 for downloadable publications in the

16      nature of individual texts of blog posts, photographs, electronic books, audio books,

17      news columns, and newsletters, in the fields of, *inter alia*, sexual pleasures and

18      pornography during the time period alleged in the application.

19  7.  Whether Defendant's use of "Violet Blue" in connection with online and video adult

20      erotica performances is infringing Plaintiff's use of her name "Violet Blue" in

21      connection with web casts, and podcasts featuring music, audio books and news

22      broadcasts, in the fields of *inter alia*, sexual pleasures and pornography, and other

23      categories identified in Trademark International Class 9, and downloadable

24      publications in the nature of individual texts of blog posts, photographs, electronic

25      books, audio books, news columns, newsletters, and other categories in the fields of

26      *inter alia*, sexual pleasures and pornography, identified in Trademark International

27      Class 41.

28  8.  Whether Plaintiff intentionally sought and received a change of her legal name from

9

1    "Wendy Sullivan Blue" to that of Defendant's stage name and trademark, "Violet

2    Blue," for the purpose of capitalizing on Defendant's goodwill in her stage name and

3    mark.

4    9. Whether the Defendant has a cognizable and enforceable common-law trademark in

5    her stage name, "Violet Blue."

6    10.  Whether Plaintiff slandered and libeled Defendant by referring to Defendant as a

7    "twat" on Plaintiff's Web site.

8    **IV.    Motions**

9         On December 21, 2007, Plaintiff filed a Motion for Leave to Amend the Complaint to

10   add four new defendants, after Defendant refused to consent to the filing of a first amended

11   complaint. [*See* Plaintiff's Motion for Leave Pursuant to Fed. R. Civ. P. 15(a) to Amend

12   Complaint, *filed* Dec. 21, 2007 (Docket # 9-11).]. Defendant later did not oppose the motion and

13   after responding to an Order to Show Cause, Defendant filed a notice of non-opposition.

14   [Defendant's Statement of Non Opposition to Plaintiff's Motion To File Amended Complaint,

15   *filed* Jan. 21, 2008 (Docket No. 21).] The Court then granted Plaintiff's Motion for Leave to

16   Amend the Complaint. [Order Granting Plaintiff's Unopposed Motion for Leave Pursuant to Fed.

17   R. Civ. P. 15(a) To Amend Complaint, *filed* Jan. 28, 2008 (Docket #22).]

18        On January 29, 2008, Plaintiff filed a Motion for Sanctions (Docket #23, 24, 25) to

19   address Defendant's unjustified refusal to consent to the filing of Plaintiff's First Amended

20   Complaint. Defendant has opposed the Motion for Sanctions (Docket # 32, 33), and Plaintiff has

21   filed a reply brief in support of the Motion for Sanctions (Docket # 38, 39). After reassignment

22   of this action to the Hon. Judge Illston, Plaintiff re-noticed the Motion for Sanctions motion for

23   hearing before this Court, on March 28, 2008 at 9:00 AM in Courtroom 12, 19th Floor, San

24   Francisco. (Docket # 41).

25        On February 25, 2008, in response to Defendant's filing an answer to the First Amended

26   Complaint and alleging five counterclaims, Plaintiff filed a Motion to Strike Fifth Counterclaim

27   As A Meritless S.L.A.P.P. Pursuant To Cal. Code Of Civ. Proc. § 425.16; And (2) Motion To

28   Dismiss The Third And Fourth Counterclaims. These motions have been noticed for hearing

10

1    which is scheduled to take place before this Court at 9:00 a.m. on April 4, 2008 in Courtroom 10,

2    19th Floor, San Francisco.

3        Plaintiff further anticipates filing a Motion for Preliminary Injunction, based in part upon

4    the admission of numerous instances of actual confusion by Defendant in her Initial Answer.

5    Plaintiff also anticipates filing a Motion for Leave to Amend the complaint to add other parties

6    discovered to have a role in Defendant's distribution of various works under the name "Violet

7    Blue."

8        Finally, the parties also anticipate filing motions for summary judgment. The timing of

9    the motions depends on discovery and/or whether the parties can come to an agreement to

10   stipulate regarding certain facts in the case. The parties agree that the last date to file any

11   summary judgment or other dispositive motion should be December 5, 2008, as noted below.

12   **V.    Amendment of the Pleadings.**

13       The parties anticipate filing motions to amend the pleadings to add or dismiss parties,

14   claims, or defenses. The timing of the motions depends on discovery. The parties agree that the

15   last date to file any motion to amend the pleadings to add or dismiss parties, claims, or defenses

16   should be June 3, 2008, as noted below.

17   **VI.    Evidence Preservation.**

18       The parties each have agreed to preserve evidence relevant to the trademark, unfair

19   competition, and right of publicity claims in this action by not destroying any existing physical

20   or electronic documents.

21   **VII.    Disclosures.**

22       Plaintiff Blue served her initial disclosures by mail pursuant to Fed. R. Civ. P. 26(a)(1)

23   on January 17, 2008, including documents bearing production VB00001 through VB 00228.

24       Defendant served her initial disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) on January

25   24, 2008.

26       Plaintiff objects to Defendant's statement regarding service of Defendant's Rule 26(a)(1)

27   initial disclosures. Specifically, Plaintiff's counsel contacted Defendant's counsel on January 24,

28   2008, regarding the whereabouts of Defendant's initial disclosures as they had not been received

11

1  as of that date. Defendant then emailed a copy to Plaintiff's counsel on January 25, 2008. The

2  proof of service, dated January 24, 2008, states that the initial disclosures were purportedly

3  mailed, faxed and emailed to Plaintiff's Counsel purportedly on January *21*, 2008. Plaintiff's

4  Counsel, however, never received a fax of Defendant's initial disclosures, the email version was

5  first sent to Plaintiff's Counsel on January 25, as opposed to January 21, and the postmark for the

6  mailed copy is actually five days later, *January 29, 2008* (from zip code 98117 which is the zip

7  code of Defendant's Counsel's offices). Due to these discrepancies, on February 14, 2008,

8  Plaintiff's Counsel requested a corrected declaration of service and/or to explain the

9  irregularities. Defendant's Counsel then emailed a "corrected declaration of service" for

10  Defendant's initial disclosures; however, the new declaration still contains many irregularities.

11  First, it purports that Defendant's initial disclosures and declaration of service were transmitted

12  electronically, by fax, and by U.S. Mail, on January 24, 2008. No fax copy was ever received,

13  nor was the electronic copy sent until January 25, 2008. Moreover, the declaration could not

14  have been signed on January 24, 2008, since it is a corrected declaration and only was corrected

15  *after* Plaintiff's Counsel pointed out the discrepancies on February 14, 2008. Finally, as

16  previously noted, the copy received by U.S. Mail was not postmarked until five days after it was

17  purportedly placed in the U.S. Mail.

18        Defendant observes that Plaintiff makes much ado about de minimus issues and

19  unnecessarily monopolizes this Honorable Court's valuable time by unnecessarily multiplying

20  the proceedings.  The parties are early in the discovery process in this dispute and Plaintiff has

21  not been prejudiced by simple clerical errors.  Moreover, the Defendant, who has extremely

22  modest financial resources, has made several sincere overtures to settle this matter, all of which

23  have been virtually ignored by the Plaintiff.

24  **VIII.    Discovery.**

25        To date, no written discovery has been taken in this case.  The parties jointly propose

26  that, in general, the ordinary discovery limits of the Federal Rules of Civil Procedure be imposed

27  and observed with respect to all discovery. Plaintiff anticipates serving initial written discovery

28  requests prior to the Case Management Conference.  Defendant anticipates propounding initial

1    written discovery requests at or about the time it is permitted by statute and rule.

2    Plaintiff's Proposed Discovery Plan

3        Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff proposes to conduct

4    a single phase of discovery on the following subjects: the extent of public confusion from the

5    time when Defendant adopted the name "Violet Blue" to the present; the change in public

6    perception toward Plaintiff Blue as a result of Defendant Johnson's use of the name "Violet

7    Blue"; the extent and timing of Defendant Johnson's knowledge of Plaintiff Blue's prior use of

8    "Violet Blue" for commercial purposes; Defendant Johnson's allegations to owning a trademark

9    for "Violet Blue" prior to Plaintiff Blue's use; and damages under each cause of action alleged in

10   the Complaint.

11       Plaintiff plans to obtain this information by way of interrogatories, document requests,

12   requests for admission, and depositions, and third party subpoenas. Plaintiff anticipates discovery

13   should be completed in approximately eight months time, unless Defendant and Plaintiff reach

14   agreement on factual stipulations in which case discovery may be streamlined and the case may

15   be expedited accordingly.

16   Defendant's Proposed Discovery Plan

17       Pursuant to Fed. R. Civ. P. 26, 30, 33, 34, 36, 45 and possibly 31, the Defendant intends

18   to conduct discovery on the following subjects: when Plaintiff began use of the name "Violet

19   Blue" in her writings; the extent to which Defendant's contemporaneous use of the mark,

20   "VIOLET BLUE," began and the Plaintiff's acquiescence thereto; the extent of Plaintiff's use of

21   the name "Violet Blue" in connection with online and video adult erotica performances; the

22   extent of Defendant's use of her stage name in connection with web casts, and podcasts featuring

23   music, audio books and news broadcasts, in the fields of *inter alia*, sexual pleasures and

24   pornography, and other categories identified in Trademark International Class 9, and

25   downloadable publications in the nature of individual texts of blog posts, photographs, electronic

26   books, audio books, news columns, newsletters, and other categories in the fields of *inter alia*,

27   sexual pleasures and pornography, identified in Trademark International Class 41;

28   representations made by the Plaintiff in connection with her Trademark Registration Application

                                               13

1  Serial No. 77121570 before the United States Patent and Trademark Office; Plaintiff's

2  knowledge of and the extent to which the Plaintiff relied upon the notoriety and goodwill of the

3  Defendant's use of her trademark and stage name, "Violet Blue" when Plaintiff adopted the use

4  of that mark for her own benefit; Plaintiff's intent for and actual result of her public defamation

5  of the Defendant when, on her Web site, she referred to the Defendant as a "twat";

6  representations made by the Plaintiff to third parties that she intended to, *inter alia*, "kick the

7  [Defendant's] ass" if the Defendant did not cease using her stage name, "Violet Blue"; and

8  Plaintiff's sources regarding Plaintiff's intentional and express public statement that the

9  Defendant participated in a video comprising "pregnant gangbang porn."

10          Defendant anticipates obtaining this evidence by way of propounding interrogatories,

11  requests for admission, requests for production of documents and other tangible things,

12  depositions upon oral examination, subpoenas for oral testimony and/or production of documents

13  and other tangible things, and possibly depositions upon written questions.

14          Defendant agrees that discovery should be completed in approximately eight months

15  time, unless Defendant and Plaintiff reach agreement on factual stipulations in which case

16  discovery may be streamlined and the case may be expedited accordingly.

17  **IX.    Class Actions.**

18          The parties jointly assert that the case before this Court is not a class action and therefore

19  class certification is unnecessary.

20  **X.    Related Cases.**

21          The parties jointly assert that we have no knowledge of any related cases or proceedings

22  pending before another judge of this Court, or before another court or administrative body.

23  **XI.    Relief.**

24          Plaintiff Blue seeks relief in her favor and against the Defendants in the form of an award

25  of monetary damages, including recovery of Defendants' profits and the damages sustained by

26  Plaintiff, arising from Defendants' use of Plaintiff's name and image in association with

27  Defendant Johnson's and her use of Plaintiff's name and image for commercial purposes. At this

28  time, Plaintiff is unable to ascertain the precise amount of damages sought because discovery has

14

1  not been conducted as to the profits received by Defendant in connection with her use of

2  Plaintiff's name and image for the purpose of selling pornographic films and obtaining

3  advertising revenue. Plaintiff further seeks an award of trebled monetary damages in light of

4  Defendant's willful misappropriation of Plaintiff's trademark, name, and persona. Plaintiff

5  further seeks an award of prejudgment interest from the date of each of the Defendant's wrongful

6  acts. Plaintiff also seeks injunctive relief against Defendant, her agents, employees, servants,

7  attorneys, representatives, successors, and assigns, and all others in privity and acting on behalf

8  of or in concert therewith, from using as a trademark, service mark, or otherwise referring to her

9  goods and services, comprising and/or containing the phrase "Violet" and "Blue", "Violet Blue,"

10  "Violetta Blue", or any name or acronym of similar appearance, sound, or import as an indicator

11  of goods or services in connection with the pornography/adult-entertainment and/or sex

12  education industries (including all forms of media related thereto). Finally, Plaintiff seeks an

13  award of Plaintiff's attorneys' fees and costs, and any and all further relief as may be deemed fit

14  and proper.

15      Defendant seeks the following relief: the Court deny all of Plaintiff's claims and relief

16  and/or damages; the Court enter judgment in favor of Defendant on Plaintiff's claims and

17  dismiss Plaintiff's Complaint with prejudice; the Court grant Defendant judgment against

18  Plaintiff on Defendant's counterclaims; the Court declares that Defendant did not infringe or

19  dilute under the Lanham Act and that Defendant did not violate unfair competition laws; the

20  Court find that Plaintiff failed to make an adequate pre-filing investigation as required under

21  Rule 11, and the Court award sanctions under Rule 11, including and award of attorney's fees to

22  Defendant and against Plaintiff; Plaintiff's U.S. Trademark and Service Mark Application, Serial

23  No. 77121570 be denied and cancelled; Defendant be awarded her reasonable costs, including

24  attorney's fees, incurred in defending herself in this action and prosecuting her counterclaims;

25  Defendant be awarded treble damages; Defendant be awarded fees pursuant to 28 U.S.C. § 1927;

26  and for such further and other relief as the Court may deem appropriate.

27  **XII.  Settlement and ADR.**

28      Plaintiff's view:

1    To date, Counsel for Plaintiff Blue and Counsel for Defendant Johnson have discussed

2    settlement options for the action and appear to be at an impasse regarding the scope of injunctive

3    relief agreeable to each party. Counsel for the respective parties agree to continue negotiations

4    and also informally exchange discoverable information in an attempt to resolve the action

5    efficiently.

6    Defendant's view:

7    To date, Defendant has made no fewer than three (3) sincere attempts to engage the

8    Plaintiff into meaningful settlement discussions.  Thus far, Defendant's overtures have been

9    virtually ignored by Plaintiff.

10    The parties have filed a Notice Of Need For ADR Phone Conference and request an

11    Early Settlement Conference with a Magistrate Judge.

12    **XIII.    Consent to Magistrate Judge for All Purposes.**

13    The parties jointly agree that they do not consent to have a magistrate judge conduct all

14    further proceedings in this case including trial and entry of judgment.

15    **XIV.    Other References.**

16    The parties jointly agree that they do not believe this matter is suitable for reference to a

17    binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

18    **XV.    Narrowing of Issues.**

19    A.    Plaintiff's Statement Regarding Narrowing of Issues

20    Several issues may be resolved by stipulation. For example, the parties may agree to

21    stipulate on (a) dates of first use by Plaintiff and Defendant of the name Violet Blue, (b) that

22    Defendant's use of Plaintiff's name and likeness has been for commercial purposes, (c) that in at

23    least some of Defendant's appearances and in many photos available of her, Defendant's hair

24    style is the same hair style Plaintiff has maintained since she first developed a professional

25    reputation as Violet Blue; (d) that there has been on-going confusion in the marketplace among

26    members of the consuming public resulting from the parties' use of the name "Violet Blue.", (e)

27    that the work of both Plaintiff Blue and Defendant Johnson fall within a similar industry and that

28    there is overlap between the Plaintiff's and Defendant's market of consumers, and (f) that

16

1    Plaintiff Blue sent Defendant Johnson an email asking her to stop using the name "Violet Blue"

2    because it was causing confusion among members of the consuming public.

3            B.     Defendant's Statement Regarding Narrowing of Issues

4           Several issues may be resolved by stipulation. For example, the parties may agree to

5    stipulate on (a) dates of first use by Plaintiff and Defendant of the name Violet Blue, (b) that

6    both Defendant's and Plaintiff's use of the name, "Violet Blue," have been for commercial

7    purposes, (c) that in at least some of the parties' appearances and in many photos available of

8    them, the parties' hair styles are a similar hair style to that of the model and actress "Betty Page";

9    (d) that there has been some confusion in the marketplace among members of the consuming

10    public resulting from the parties' concurrent use of the name "Violet Blue.", (e) that the work of

11    both Plaintiff Blue and Defendant Johnson fall within a similar industry and that there is overlap

12    between the Plaintiff's and Defendant's market of consumers, and (f) that Plaintiff Blue sent

13    Defendant Johnson an email asking her to stop using the name "Violet Blue" because it was

14    causing confusion among members of the consuming public; and (g) that Defendant's use of the

15    Betty Page hair style predated Plaintiff's use of that hair style at least two (2) years.

16    **XVI.**  **Expedited Schedule.**

17           Plaintiff believes that if the parties can reach agreement to stipulate to certain facts, the

18    case could be resolved through summary judgment proceedings and/or through a shortened trial.

19    In such circumstances, Plaintiff would be amenable to an expedited schedule with streamlined

20    procedures.

21           Defendant believes that this dispute can be expeditiously resolved by mediation.  That

22    failing, stipulations of fact may minimize the factual issues in dispute and the case may be

23    resolved through summary judgment motions.  Defendant has no objection to an expedited

24    schedule with streamlined procedures.

25    **XVII.**  **Scheduling.**

26           The parties do not intend their agreement on the above discovery limits or their agreed

27    schedule to preclude a later request to the Court to modify one or more limits or dates in

28    particular instances.

The parties jointly propose the following discovery schedule:

| Event | Due Date |
|---|---|
| Initial Disclosures under 26(a)(1) | January 17, 2008 |
| Deadline to file any motion to amend the pleadings to add or dismiss parties, claims, or defenses. | June 3, 2008 |
| Fact discovery cut-off (except discovery as to advice of counsel, if necessary) | July 18, 2008 |
| Deadline for all motions concerning the adequacy of fact discovery responses | August 1, 2008 |
| Exchange of expert reports pursuant to 26(a)(2)(A) on all issues for which a party bears the burden of proof | August 18, 2008 |
| Responsive expert reports | September 15, 2008 |
| Rebuttal expert reports | September 29, 2008 |
| Expert discovery cut off | November 10, 2008 |
| Dispositive motion cut off | December 5, 2008 |
| Pretrial conference | January 20, 2009 |
| Trial | January 26, 2009 |

The parties acknowledge that the four newly-added defendants may not be amenable to the case schedule proposed here, and that a further Case Management Conference may be necessary once the parties make their appearances before this Court.

**XVIII. Trial.**

The parties have agreed and jointly estimate that trial will last approximately four (4) to ten (10) days.

**XIX. Disclosure of Non-party Interested Entities or Persons.**

Plaintiff has filed her Certification of Interested Entities or Persons. [Docket # 2.] At the

1  time of Plaintiff's first appearance before the Court, Plaintiff did not know of any additional

2  parties with an interest, economic or otherwise, that could be substantially affected by the

3  outcome of this proceeding. Since the time of Plaintiff's filing of the Complaint, Plaintiff learned

4  from Defendant of the interests of four additional parties who are involved in and profit from the

5  distribution of Defendant Johnson's videos under the name "Violet Blue". Plaintiff's First

6  Amended Complaint adds these parties to the Action. Plaintiff has also recently learned of the

7  involvement of non-party Adult Entertainment Broadcast Network (AEBN) in the distribution of

8  content by Defendant. Accordingly, AEBN may have a "financial interest" in this proceeding.

9  **XX.    Other Matters.**

10      Plaintiff's Counsel wishes to address one additional matter regarding Case Management.

11  Defendant has never responded to Plaintiff's Counsel's requests come to an agreement about

12  service of discovery and related records electronically. Nevertheless, Defendant's Counsel has

13  transmitted documents to Plaintiff's Counsel by email on February 17, 2008, including nine

14  attachments totaling 11.9 megabytes. These records do not include readily identifiable

15  production numbers or use any other method to make it later possible to identify them clearly in

16  the litigation. Plaintiff also has concerns that records that are emailed may not be received (by

17  either party) due to constraints in receiving large e-mail attachments.

18      While Plaintiff wishes to work out an agreement to keep costs down (and in so doing

19  presumably allow for electronic production of records), absent agreement from Defendant and

20  her Counsel, Plaintiff is concerned about continued confusion regarding service of such

21  documents (e.g. emails may not be received due to size constraints and the error may go

22  unnoticed until much later in the case, misunderstandings regarding production of documents,

23  problems may arise during deposition or at trial when using records produced without document

24  production numbers, etc.). Accordingly, Plaintiff's Counsel requests that the Court require

25  Defendant to, at minimum, (1) include document production numbers for all documents that are

26  produced, and (2) until an agreement is reached to produce documents electronically, Defendant

27  produce records in paper with a confirmation reflecting the production numbers of the records so

28  produced. Given the issues noted above regarding the Defendant's declaration of service on the

19

1  initial disclosures (*see* Section VII), and Defendant's failure to respond to Plaintiff's prior

2  requests for clarification, Plaintiff's Counsel appreciates the Court's assistance in resolving this

3  concern.

4      Defendant has properly identified documents and other tangible things in its initial

5  disclosures that will be made available for inspection and copying at Plaintiff's request and at a

6  mutually convenient time.  Plaintiff has the right to inspect and copy these documents and other

7  tangible things by proper use of the Federal Rules of Civil Procedure.  All electronic versions of

8  documents that have been provided to the Plaintiff have been so provided as a *courtesy* to

9  Plaintiff, and without Plaintiff propounding its requests pursuant to Fed. R. Civ. P. 34, as

10  Plaintiff assured Defendant's counsel several weeks ago it will propound.

11      Moreover, Defendant has provided several dates to Plaintiff when Plaintiff and/or

12  Plaintiff's counsel may inspect the documents and other tangible things.  Plaintiff has not

13  responded to Defendant's counsel regarding which of those dates Plaintiff desires.  Now that

14  several weeks have passed since Defendant offered the available dates, other matters have

15  occupied Defendant's counsel's schedule and Plaintiff shall necessarily need to request new

16  availability dates.

17      Defendant apologizes to Plaintiff and Plaintiff's counsel for any inconvenience that

18  Defendant's courtesy may have imposed and shall hereafter strictly adhere to the processes set

19  forth in the Federal Rules of Civil Procedure to receive and respond to discovery requests.

20      Defendant further agrees to uniquely identify documents produced by the Defendant to

21  the Plaintiff, as it has done in all cases where documents were produced to Plaintiff, but does not

22  agree that the methods of production clearly set forth in Fed. R. Civ. P. 26 and 34 need to be

23  modified to "produce records in paper" as Plaintiff requests.  The rules specifically provide that a

24  "a party who produces documents for inspection shall produce them as they are kept in the usual

25  course of business,"  that with respect to electronically stored information, "a responding party

26  must produce the information in the form or forms in which it is ordinarily maintained," and that

27  "a party need not produce the same electronically stored information in more than one form."

28  Fed. R. Civ. P. 34(b)(i)-(iii).  Due to the large numbers of electronic records that are likely to be

JOINT CASE MANAGEMENT                                      Case No. C 05-5370 SI
CONFERENCE STATEMENT

1  produced in this case, Plaintiff's request would place an undue financial burden on the

2  Defendant.

3        Defendant shall hereafter provide all copies of electronically stored documents on

4  tangible media, such as CD-ROM.

5  Dated:  March 4, 2008                    VOGELE & ASSOCIATES

6

7

8                                          By: _____/s/ Colette Vogele_____

9                                                Colette Vogele
                                           Attorneys for Plaintiff VIOLET BLUE
10
                                           COLETTE VOGELE (SBN No. 192865)
11                                         Email: colette@vogelelaw.com
                                           BENJAMIN COSTA (SBN No. 245953)
12                                         Email: ben@vogelelaw.com
                                           VOGELE & ASSOCIATES
13                                         580 California Street, Suite 1600
                                           San Francisco, CA 94104
14                                         Tel: (415) 751-5737
                                           Fax: (415) 358-4975
15

16  Dated:  March 4, 2008                   CARPELAW PLLC

17

18

19                                         By: _____/s/ Robert Apgood_____

20                                                Robert Apgood
                                           Attorney for Defendant ADA MAE
21                                         JOHNSON a/k/a ADA WOFFINDEN, an
                                           individual d/b/a VIOLET BLUE a/k/a
22                                         VIOLET a/k/a VIOLET LUST

23                                         ROBERT S. APGOOD (Pro Hac Vice)
                                           WSBA 31023
24                                         Email: rob@carpelaw.com
                                           CARPELAW PLLC
25                                         2400 NW 80th Street #130
                                           Seattle, WA 98117-2400
26                                         Tel: (206) 624-2379
                                           Fax: (206) 784-6305
27

28

                                           21

1

2   Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of
    perjury that concurrence in the filing of this document has been obtained from Robert Apgood.
3

4   Dated:  March 4, 2008                          VOGELE & ASSOCIATES

5

6                                         By:_____/s/ Colette Vogele_____
                                                  Colette Vogele
7                                           Attorneys for Plaintiff VIOLET BLUE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT                                       Case No. C 05-5370 SI
CONFERENCE STATEMENT