Robert S. Apgood
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117
Telephone: 206-624-2379
Facsimile: 206-784-6305
rob@carpelaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLET BLUE, an individual,<br><br>     Plaintiff/Counter-Defendant,<br><br>vs.<br><br>ADA MAE JOHNSON aka ADA MAE WOFFINDEN, an individual;<br><br>     Defendant/Counter-Plaintiff,<br><br>and<br><br>ASSASSIN PICTURES, INC., a California corporation; ASSASSINCASH.COM; BILL T. FOX, an individual, a/k/a BILL FOX; FIVE STAR VIDEO L.C., an Arizona Limited Liability Company a/k/a FIVE STAR VIDEO DISTRIBUTORS LLC d/b/a FIVE STAR FULFILLMENT; and DOES 1-10,<br><br>     Defendants. | **Case No.: C 07-5370 SI**<br><br>**DEFENDANT WOFFINDEN'S REQUEST FOR OPPORTUNITY TO BE HEARD IN OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Honorable Susan Illston<br>Courtroom 10, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br><br>Hearing Date: April 4, 2008<br>Hearing Time: 9:00 a.m. |

COMES NOW, the Defendant, Ada Woffinden, by and through her counsel of record, Robert S. Apgood, and hereby submits this Request For Opportunity To Be Heard In Opposition To Plaintiff/Counter-Defendant's ("Plaintiff") Request For Judicial Notice.

Plaintiff/Counter-Defendant has filed her Request For Judicial Notice ("Request") (Dkt. # 44) seeking to have this Honorable Court take judicial notice of certain documents listed in and attached to

1  Plaintiff's Request.

2  Federal Rule of Evidence 201(e) states,

3  Opportunity to be heard.

4  A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

5

6  When heard, Defendant/Counter-Claimant, Ada Mae Woffinden, intends to oppose Plaintiff's

7  Request on the basis that, with the exception of Exhibit C, because those proferred facts are from

8  publications found on Internet Web sites.  Plaintiff requests this Honorable Court to take judicial notice

9  of the authenticity of those proffered facts on the alleged basis that the authenticity of those documents

10  is not disputed by the Defendant.  Request at 4:9-16.

11  **Plaintiff's References to Documents Referred To In The Complaint**

12  Defendant Woffinden disputes the authenticity of those documents on the basis that Plaintiff has

13  not properly authenticated those documents as required by Fed. R. Evid. 901(a), which requires as a

14  condition precedent to admissibility that evidence, that the evidence is authenticated.

15  Plaintiff contends that the existence of the facts alleged in these documents are "crucial to the

16  counterclaims at issue in {Plaintiff's] Anti-SLAPP Motion and Motion to Dismiss," Request at 4:14-16.

17  Defendant agrees.  However, Plaintiff seeks to have this Honorable Court admit as judicially noticed

18  facts, those very facts that the offering parties have their burden to prove at trial to receive the relief they

19  seek.  Judicial notice of facts is allowed only from sources not reasonably subject to dispute. Fed. R.

20  Evid. 201(b).

21  Anyone may purchase an internet address, and so, without proceeding to discovery or some other

22  means of authentication, it is premature to assume that a Web page contains facts that are indisputable.

23  *Victaulic Company, V. Joseph L. Tieman*, 499 F.3d 227, 236; 2007 U.S. App. LEXIS 20077; 154 Lab.

24  Cas. (CCH) P60, 483; 26 I.E.R. Cas. (BNA) 890 (3d Cir. 2007), citing *United States v. Jackson*, 208

25  F.3d 633, 638 (7th Cir. 2000) (holding that information from the internet must be properly authenticated

26  to be admitted); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004)

---

DEFENDANT WOFFINDEN'S REQUEST FOR OPPORTUNITY TO BE HEARD IN   Case No.:  C 07-5370 SI
OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S REQUEST FOR
JUDICIAL NOTICE - 2

1  ("Printouts from a web site do not bear the indicia of reliability demanded for other self-authenticating
2  documents under Fed. R. Evid. 902. To be authenticated, some statement or affidavit from someone with
3  knowledge is required . . . .").

4      "A company's website is a marketing tool. Often, marketing material is full of imprecise puffery
5  that no one should take at face value. *Cf. Catrol, Inc. v. Pennzoil Co.,* 987 F.2d 939, 945 (3d Cir. 1993)
6  (distinguishing between mere puffery and actual misrepresentations).  Thus courts should be wary of
7  finding judicially noticeable facts amongst all the fluff; private corporate websites, particularly when
8  describing their own business, generally are not the sorts of 'sources whose accuracy cannot reasonably
9  be questioned,' Fed. R. Evid. 201(b), that our judicial notice rule contemplates." *Victaulic Company, V.*
10 *Tieman*, 499 F.3d at 236.  Among other non-authenticated articles, Plaintiff requests this Honorable
11 Court to take judicial notice of her own writings (Request at 2:23-24, Exhibit F) and from a "blog"
12 writing hosted at the site that currently employs Plaintiff (Request at 2:26-28, Exhibit H).  Where
13 *Victaulic* Court observes that "courts should be wary of finding judicially noticeable facts" when those
14 facts are on the offering party's own Web site, here this Honorable Court, too, should be wary of
15 accepting as authenticated those "facts" found on Plaintiff's Web sites.  Notwithstanding that Plaintiff's
16 counsel's declaration states that the documents attached to her declaration are "true and correct" copies
17 of what was found at those Web sites, Plaintiff's counsel's declaration does *not* authenticate the contents
18 therein.  Nor can it.  Plaintiff's counsel is not the author of the contents on those Web sites and, not
19 being so, she cannot attest to the truth of the matter Plaintiff seeks to assert as found on those Web sites.
20 Merely citing to a Web site and inviting others to visit the site does not satisfy the Fed. R. Evid 201(b)
21 requirement that the fact be "capable of accurate and ready determination." *Fenner v. Suthers*, 194 F.
22 Supp. 2d 1146, 1148 (D. Colo. 2002).  "[A] web site [cannot] be said to provide an 'accurate' reference,
23 at least in normal circumstances, where the information can be modified at will by the web master and,
24 perhaps, others.  There is, in other words, the question of whether . . . the district judge, and any
25 reviewing court are literally on the same page when they visit the site on different dates." *Id.* at
26 1148-49.

DEFENDANT WOFFINDEN'S REQUEST FOR OPPORTUNITY TO BE HEARD IN   Case No.:  C 07-5370 SI
OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S REQUEST FOR
JUDICIAL NOTICE - 3

The *Fenner* Court was requested to take judicial notice of postings on an Internet Web site that appeared to have some connection to the National Institute of Health. In declining to grant the request, the Court observed that (like the Plaintiff in this case has offered), only citations to that Web site had been offered without any authenticating affidavit or testimony substantiating the contents of that Web site. Because of that lack, the Court indicated that it had "substantial doubt, on [the] record, that the information constitute[d] admissible evidence." *Id.* at 1149. The Court observed that "defendants and the magistrate judge have wholly omitted to explain whether NIH sponsors, endorses, collects, or simply provides the information on the web sites" and that "most of the information cited [was] expert opinion and/or hearsay, and it [was] simply not clear whether there [was] any foundation for its admission." *Id.*

In the instant case, Plaintiff requests that this Honorable Court take judicial notice of the substance of the content on the proffered Web sites by merely inviting the Court to view the Web sites and compare them to the copies offered in Plaintiff's counsel's declaration to confirm that they "match." And, like the *Fenner* Court, this Honorable Court should also decline to take judicial notice of the exhibits A through S requested by the Plaintiff.

**Plaintiff's Allegations That The Documents Are A Matter Of Public Record**

Plaintiff has alleged that the documents it proffers are "capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned" (Request at 4:17-21) and that "Exhibits A through S are true and correct copies of the publically available articles and websites as described" in Plaintiff's Request. *Id.* at 5:2-4. In support of Plaintiff's contention, she relies heavily on the holding in *Pollstar v. Gigmania, Ltd.*, 170 F. Supp. 2d 974, 978 (E.D. Cal. 2000) wherein that Court took judicial notice of a Web site printout referenced in the Plaintiff's complaint. Plaintiff's reliance is misplaced. In *Pollstar*, the parties did not dispute the authenticity of the information contained on the Web site. 170 F. Supp. 2d at 978. It was on that basis, alone, that the Court took judicial notice of the content of that Web site printout. Of greater significance, the *Pollster* Court specifically did *not* consider whether "a printout of a web site as that site existed on July 9, 2000 is 'generally known' and 'capable of accurate and ready determination by resort to sources whose accuracy

cannot reasonably be questioned.'" *Id*. Here, the Defendant disputes many of the "facts" contained on the Web sites offered by the Plaintiff. Of note, the *Pollstar* Court declined to take judicial notice of pleadings from an unpublished district court case because there is no authority for judicial notice of pleadings in an unrelated case. 170 F. Supp. 2d at 979.[1] Similarly, there is no authority for judicial notice of unauthenticated Web sites.

The *Victaulic* Court opines that "[t]aking a bare 'fact' that is reflected not in the pleadings, but on a corporate website, and then drawing inferences *against* the non-moving party so as to dismiss its well-pleaded claims on the basis of an affirmative defense, takes us, as a matter of process, far too far afield from the adversarial context of litigation." 499 F.3d at 237. And moving far too far afield from the adversarial context of this litigation is precisely what Plaintiff requests of this Honorable Court.

Plaintiff attempts to have the contents of the Web sites be judicially noticed as "public records" simply because they are available to the public. However, simply because they can be accessed by the public-at-large, does not make them public records as contemplated by Fed. R. Evid. 1005 and 902.

Fed. R. Evid. 1005, controlling the admissibility of Public Records, states,

> The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with rule 902 or testified to be correct by a witness who has compared it with the original. If a copy which complies with the foregoing cannot be obtained by the exercise of reasonable diligence, then other evidence of the contents may be given.

Fed. R. Evid 902 enumerates a finite set of types of documents that may be considered self-authenticating. That list comprises,

(1) Domestic public documents under seal.
(2) Domestic public documents not under seal.
(3) Foreign public documents.
(4) Certified copies of public records.
(5) Official publications.
(6) Newspapers and periodicals.

---

[1] Arguably, those pleadings could have been authenticated and then deemed admissible. However, simply because those pleadings were accessible to the public at large did not make them "public records" as those types of records are contemplated by Fed. R. Evid. 1005 and 902.

DEFENDANT WOFFINDEN'S REQUEST FOR OPPORTUNITY TO BE HEARD IN      Case No.:  C 07-5370 SI
OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S REQUEST FOR
JUDICIAL NOTICE - 5

    (7)    Trade inscriptions and the like.
    (8)    Acknowledged documents.
    (9)    Commercial paper and related documents.
    (10)   Presumptions under Acts of Congress.
    (11)   Certified domestic records of regularly conducted activity.
    (12)   Certified foreign records of regularly conducted activity.

By the plain-language of Fed. R. Evid. 1005, a "public record" is a record that is "an official record, or of a document *authorized to be recorded or filed* and actually recorded or filed, including data compilations in any form, if otherwise admissible." (Emphasis added).  Web sites are not those types of documents "authorized to be recorded or filed" as contemplated by the rule.  Neither are they self-authenticating as contemplated by Fed. R. Evid. 902 simply because each and every enumerated type of document in Fed. R. Evid 902 requires some form of certification, is a newspaper or periodical that is printed and not subject to being changed, are accompanied by certifications of acknowledgment, are commercial paper and related documents regulated by general commercial law, or are declared by Act of Congress.  Web sites are none of these.  As such, Plaintiff has failed to satisfy the requirement of Fed. R. Evid. 1005 that the each offered document is a copy of "of an official record, or of a document authorized to be recorded or filed and actually recorded or filed."

DATED THIS 14th day of March 2008.

                Respectfully submitted,
                **CARPELAW PLLC**

                *s/ Robert S. Apgood*
                WSBA # 31023
                CARPELAW PLLC
                2400 NW 80th Street #130
                Seattle, WA 98117-4449
                Telephone: (206) 624-2379
                Facsimile: (206) 784-6305
                E-mail: rob@carpelaw.com