| | |
|---|---|
| **To:** | Violet Blue d/b/a Tiny Nibbles (tmdocket@vogelelaw.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 77121570 - VIOLET BLUE - N/A |
| **Sent:** | 6/15/2007 8:33:04 PM |
| **Sent As:** | ECOM106@USPTO.GOV |
| **Attachments:** | |

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:    77/121570

**MARK**: VIOLET BLUE

**\*77121570\***

**CORRESPONDENT ADDRESS**:
 COLETTE VOGELE
 VOGELE & ASOCIATES
 580 CALIFORNIA ST STE 1600
 SAN FRANCISCO, CA 94104-1037

**RESPOND TO THIS ACTION:**
http://www.uspto.gov/teas/eTEASpageD.htm

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/main/trademarks.htm

**APPLICANT**:    Violet Blue d/b/a Tiny Nibbles

**CORRESPONDENT'S REFERENCE/DOCKET NO**:
 N/A

**CORRESPONDENT E-MAIL ADDRESS**:
 tmdocket@vogelelaw.com

## OFFICE ACTION

TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE ISSUE/MAILING DATE.

**ISSUE/MAILING DATE**: **6/15/2007**

The assigned trademark examining attorney has reviewed the referenced application filed on March 2, 2007, and has determined the following.

## SEARCH RESULTS

The Office records have been searched and no similar registered or pending mark has been found that would bar registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d).  TMEP §704.02.

## PRELIMINARY AMENDMENT

The March 21, 2007 preliminary amendment including specimens has been received. The specimens are discussed below.

## GOODS/SERVICES

The wording outlined below in the identification of services is indefinite and must be clarified because it is vague and includes goods/services that belong in more than one class. TMEP §1402.01. Applicant must amend this wording to specify the common commercial or generic name for the goods/services. If there is no common commercial or generic name for the goods/services, then applicant must describe their nature as well as their main purpose, channels of trade, and the intended consumer(s).

The applicant may amend to any or all of the following, as may be accurate:

Class 9: **Downloadable electronic publications in the nature of** {*indicate specific nature of publication, e.g., printable investigative reports*} **in the field of** {*indicate subject matter of publication, e.g., health, robotics, machine art, sexual pleasures, pornography, technology and new media services* }; **Downloadable MP3 files, MP3 recordings, online discussion boards, web casts, pod casts featuring music, audio books and news broadcasts, all in the fields of** in the fields of health, robotics, machine art, sexual pleasures, pornography, technology and new media services

Class 41: **Providing on-line, non-downloadable publications in the nature of** {*indicate specific nature of publication, e.g., printable investigative reports*} **in the field of** {*indicate subject matter of publication, e.g., health, robotics, machine art, sexual pleasures, pornography, technology and new media services* }; **On-line journals, namely, blogs featuring** information and photographs in the fields of health, robotics, machine art, sexual pleasures, pornography, technology and new media services; Electronic publishing services, namely, publication of text, audio, video, graphic and interactive works of others (*indicate format, e.g., CD, DVD, online*) featuring information in the fields of health, robotics, machine art, sexual pleasures, pornography, technology and new media services

Please note that, while the identification of goods and/or services may be amended to clarify or limit the goods and/or services, adding to the goods and/or services or broadening the scope of the goods and/or services is not permitted. 37 C.F.R. §2.71(a); TMEP §1402.06. Therefore, applicant may not amend the identification to include goods and/or services that are not within the scope of the goods and/or services set forth in the present identification.

The applicant is advised that the above suggestions may not be a complete listing of acceptable specifications available to the applicant, but are instead provided only as suggestions. It is the applicant's duty to properly identify and classify the goods and services. TMEP Section 1402.01(e). For assistance regarding an acceptable listing of goods and/or services, please see the on#line searchable *Manual of Acceptable Identifications of Goods and Services*, at http://www.uspto.gov/web/offices/tac/doc/gsmanual/ or http://tess2.uspto.gov/netahtml/tidm.html.

Please also note that the applicant may not use the indefinite wording "and/or," "or," or "etc." in its identification of goods/services. The applicant must use the more definite word "and" when listing more than one item. The applicant may not use parentheticals in its description of goods/services. The examining attorney used them above merely to indicate wording that requires further amendment.

## MULTI-CLASS FILING RULES

The application identifies goods and/or services that are classified in at least two classes; however, the fees submitted are sufficient for only one class(es). In a multiple-class application, a fee for each class is required. 37 C.F.R. §2.86(a)(2); TMEP §§810-810.01 and 1403.01.

Therefore, applicant must either: (1) restrict the application to the number of class(es) covered by the fee(s) already paid, or (2) submit the fees for the additional class(es).

If applicant prosecutes this application as a combined, or multiple-class application, then applicant must comply with each of the requirements below for those goods and/or services based on actual use in commerce *under Trademark Act Section 1(a):*

(1) Applicant must <u>list the goods/services by international class</u> with the classes listed in ascending numerical order;

(2) Applicant must submit a filing <u>fee</u> for each international class of goods and/or services not covered by the fee already paid (current fee information should be confirmed at http://www.uspto.gov); and

(3) For each additional class of goods and/or services, applicant must submit:

   (a) <u>dates</u> of first use of the mark anywhere and dates of first use of the mark in commerce, or a statement that the dates of use in the initial application apply to that class; the dates of use, both anywhere and in commerce, must be at least as early as the filing date of the application;

   (b) one <u>specimen</u> showing use of the mark for each class of goods and/or services; the specimen must have been in use in commerce at least as early as the filing date of the application;

   (c) a <u>statement</u> that "the specimen was in use in commerce on or in connection with the goods and/or services listed in the application at least as early as the filing date of the application;" and

    (d) <u>verification</u> of the statements in 3(a) and 3(c) in an affidavit or a signed declaration under 37 C.F.R. §2.20. (NOTE: Verification is *not* required where (1) the dates of use for the added class are stated to be the same as the dates of use specified in the initial application, or (2) the original specimens are acceptable for the added class.)

37 C.F.R. §§2.6, 2.34(a), 2.59, 2.71(c), and 2.86(a); TMEP §§810, 904.09, 1403.01 and 1403.02(c).

**Please note that the specimen(s) of record are acceptable for class(es) 41 only.**

If applicant prosecutes this application as a combined, or multiple-class application, applicant must comply with each of the following for those goods and/or services based on an intent to use the mark in commerce ***under Trademark Act Section 1(b):***

    (1) Applicant must list the goods and/or services by international class with the classes listed in ascending numerical order; and

    (2) Applicant must submit a filing fee for each international class of goods and/or services not covered by the fee already paid (current fee information should be confirmed at http://www.uspto.gov).

37 C.F.R. §2.86(a)(2); TMEP §§810 and 1403.01.

*Fee Information*

The filing fee for adding classes to an application is as follows:

    (1) $325 per class, when the fees are submitted with a response filed online via the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html; and

    (2) $375 per class, when the fees are submitted with a paper response.

37 C.F.R. §§2.6(a)(i) and (ii); TMEP §810.

**SPECIMENS**

The specimen is acceptable for Class 41. If the applicant amends to only include Class 41, then no additional specimen would be required. If the applicant amends to include Class 9, then the applicant must comply with the following.

The specimen is not acceptable because it consists of advertising material for Class 9 goods. Section 45 of the Trademark Act requires use "on the goods or their containers or the displays associated therewith or on tags or labels affixed thereto." 15 U.S.C. §1127; *see* 37 C.F.R. §2.56(b)(1); TMEP §904.05.

Material that functions merely to tell prospective purchasers about the goods, or to promote the sale of the goods, is unacceptable to show trademark use. Indeed, invoices, business cards, announcements, price lists, listings in trade directories, order forms, bills of lading, leaflets, brochures, publicity releases, advertising circulars and other printed advertising material, while normally acceptable for showing use in connection with services, generally are not acceptable specimens for showing trademark use in connection with goods. *See In re MediaShare Corp.*, 43 USPQ2d 1304, 1307 (TTAB 1997); *In re Schiapparelli Searle*, 26 USPQ2d 1520, 1522 (TTAB 1993); TMEP §§904.05 and 904.07.

The current specimen does not indicate that any of the content is downloadable. The Trademark Manual of Examining Procedure (TMEP) provides guidance as to the acceptable specimens for downloadable software, which also applies to downloadable media:

*904.04(d) Specimens for Trademarks Identifying Computer Programs, Movies or Video Tapes*
The computer program, video tape, and movie industries have adopted the practice of applying trademarks that are visible only when the goods, *i.e.*, programs or movies, are displayed on a screen (perhaps, for example, on the first several frames of a movie).

An acceptable specimen might be a photograph of a display screen projecting the identifying trademark of a computer program, or a photograph of a frame(s) of a movie or video tape bearing the mark. It is not necessary that purchasers see the mark prior to purchasing the goods, so long as the mark is applied to the goods or their containers, or to a display associated with the goods, and the goods are sold or transported in commerce. *In re Brown Jordan Co.*, 219 USPQ 375 (TTAB 1983) (stamping the mark after purchase of the goods, on a tag attached to the goods that are later transported in commerce, held sufficient).

**For downloadable computer software, an applicant may submit a specimen that shows use of the mark on an Internet website. Such a specimen is acceptable only if it provides sufficient information to enable the user to download the software from the website. If the website simply advertises the software without providing a way to download it, the specimen is unacceptable**. *See* regarding electronic displays as specimens for trademarks.

Emphasis added.


An application based on Section 1(a) must include a specimen showing the applied-for mark in use in commerce for each class of goods. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051 and 1127; 37 C.F.R. §2.34(a)(1)(iv).

Therefore, applicant must submit the following:

   (1) A substitute specimen showing the mark in use in commerce for the goods specified in the application; and


   (2) The following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: "**The substitute specimen was in use in commerce at least as early as the filing date of the application**." 37 C.F.R. §2.59(a); TMEP §904.09. If submitting a specimen requires an amendment to the dates of use, applicant must also verify the amended dates. 37 C.F.R. §2.71(c).

Examples of specimens for goods are tags, labels, instruction manuals, containers, photographs that show the mark on the goods or packaging, or displays associated with the goods at their point of sale. TMEP §§904.04 *et seq*.

If applicant cannot satisfy the above requirements, applicant may amend the Section 1(a) filing basis (use in commerce) to Section 1(b) (intent to use basis), for which no specimen is required. However, should applicant amend the basis to Section 1(b), registration cannot be granted until applicant later amends the application back to use in commerce by filing an acceptable allegation of use with a proper specimen. 15 U.S.C. §1051(c); 37 C.F.R. §§2.76, 2.88; TMEP Chapter 1100.

In order to amend to Section 1(b), applicant must submit the following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: "**Applicant has had a bona fide intention to use the mark in commerce on or in connection with the goods or services listed in the application as of the filing date of the application**." 15 U.S.C. §1051(b); 37 C.F.R. §§2.34(a)(2) and 2.35(b)(1); TMEP §806.03(c).

Pending a proper response, registration is refused because the specimen does not show the applied-for mark in use in commerce as a trademark. 15 U.S.C. §§1051 and 1127; 37 C.F.R. §§2.34(a)(1)(iv) and 2.56.

Applicant should add the following declaration paragraph to the end of its response, and include a dated signature by a person authorized under 37 C.F.R. §2.33(a). 37 C.F.R. §2.20.

> The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements and the like may jeopardize the validity of the application or document or any resulting registration, declares that the facts set forth in the application are true; all statements made of his/her own knowledge are true; and all statements made on information and belief are believed to be true.

_____

(Signature)

_____

(Print or Type Name and Position)

_____

(Date)

**NOTE: APPLICABLE LEGAL AUTHORITIES**
The following legal authorities govern the processing of trademark and service mark applications by the Office:  The Trademark Act, 15 U.S.C. §§1051 *et seq*., the Trademark Rules of Practice, 37 C.F.R. Part 2, and the Office's *Trademark Manual of Examining Procedure* (TMEP) (4th ed., 2005).

"TMEP" refers to the Office's *Trademark Manual of Examining Procedure* (4th ed., 2005), available on the United States Patent and Trademark Office website at  http://tess2.uspto.gov/netahtml/tidm.html   This is a detailed guidebook written by the Office to explain the laws and procedures that govern the trademark application, registration and post registration processes.

The Trademark Applications and Registrations Retrieval (TARR) database on the USPTO website at http://tarr.uspto.gov provides detailed, up to the minute information about the status and prosecution history of trademark applications and registrations.  Please note that an application serial number or registration number is needed to be able to access this database.  TARR is available 24 hours a day, 7 days a week.

/Elissa Garber Kon/

Examining Attorney, Law Office 106

Phone:  (571) 272-9181

Fax:  (571) 273-9106

Email:  elissagarber.kon@uspto.gov


**RESPOND TO THIS ACTION:** If there are any questions about the Office action, please contact the assigned examining attorney. A response to this Office Action should be filed using the Office's Response to Office action form available at http://www.uspto.gov/teas/eTEASpageD.htm.  If notification of this Office action was received via e-mail, no response using this form may be filed for 72 hours after receipt of the notification.  **Do not attempt to respond by e-mail as the USPTO does not accept e-mailed responses**.

If responding by paper mail, please include the following information: the application serial number, the mark, the filing date and the name, title/position, telephone number and e-mail address of the person signing the response.  Please use the following address: Commissioner for Trademarks, P.O. Box 1451, Alexandria, VA 22313-1451.

**STATUS CHECK:** Check the status of the application at least once every six months from the initial filing date using the USPTO Trademark Applications and Registrations Retrieval (TARR) online system at http://tarr.uspto.gov.  When conducting an online status check, print and maintain a copy of the complete TARR screen.  If the status of your

application has not changed for more than six months, please contact the assigned examining attorney.

Case 3:07-cv-05370-SI     Document 90-3     Filed 04/26/2008     Page 8 of 9

| | |
|---|---|
| **To:** | Violet Blue d/b/a Tiny Nibbles (tmdocket@vogelelaw.com) |
| **Subject:** | TRADEMARK APPLICATION NO. 77121570 - VIOLET BLUE - N/A |
| **Sent:** | 6/15/2007 8:33:16 PM |
| **Sent As:** | ECOM106@USPTO.GOV |
| **Attachments:** | |

# IMPORTANT NOTICE
## USPTO OFFICE ACTION HAS ISSUED ON 6/15/2007 FOR APPLICATION SERIAL NO. 77121570

Please follow the instructions below to continue the prosecution of your application:

**VIEW OFFICE ACTION:** Click on this link **http://portal.uspto.gov/external/portal/tow?DDA=Y&serial_number=77121570&doc_type=OOA&mail_date=2007061** (or copy and paste this URL into the address field of your browser), or visit **http://portal.uspto.gov/external/portal/tow** and enter the application serial number to **access** the Office action.

**PLEASE NOTE**: The Office action may not be immediately available but will be viewable within 24 hours of this notification.

**RESPONSE MAY BE REQUIRED:** You should carefully review the Office action to determine (1) if a response is required; (2) how to respond; and (3) the applicable **response time period**. Your response deadline will be calculated from **6/15/2007**.

**Do NOT hit "Reply" to this e-mail notification, or otherwise attempt to e-mail your response, as the USPTO does NOT accept e-mailed responses.  Instead, the USPTO recommends that you respond online using the Trademark Electronic Application System response form at http://www.uspto.gov/teas/eTEASpageD.htm.**

**HELP:** For *technical* assistance in accessing the Office action, please e-mail **TDR@uspto.gov**.  Please contact the assigned examining attorney with questions about the Office action.

## WARNING
**1. The USPTO will NOT send a separate e-mail with the Office action attached.**

**2. Failure to file any required response by the applicable deadline will result in the ABANDONMENT of your application.**