Robert S. Apgood
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117
Telephone: 206-624-2379
Facsimile: 206-784-6305
rob@carpelaw.com

John Jeffrey Carter
329 Flume Street
Chico, CA 95927-3606
Telephone: 530-342-6196
Facsimile: 530 342-6195

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| VIOLET BLUE, an individual,<br><br>   Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>ADA MAE JOHNSON et al.,<br><br>   Defendant/Counterclaim Plaintiff. | **Case No.:  C 07-5370 SI**<br><br>**DEFENDANT WOFFINDEN'S SECOND AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND**<br><br>Hon. Susan Illston<br>Courtroom 10, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

**ANSWER**

   COMES NOW the Defendant Ada Mae Woffinden *nee* Johnson aka "Violet" aka "Violet Lust" aka "Violet Blue" ("VIOLET BLUE"), by and through her attorneys, and alleges, as her Answer to the First Amended Complaint of Plaintiff Violet Blue, a self-styled pornography aficionado, on information and belief, the following:

**INTRODUCTION**

1    Almost eight (8) years ago, Defendant WOFFINDEN began her acting and modeling career,

2   starring and/or performing in traditional, mainstream productions, as well as starring and/or

3   performing in productions that are commonly characterized as adult erotica.  Adult Film Database

4   (<http://www.adultfilmdatabase.com>) and the Internet Movie Database (<http://www.imdb.com>)

5   both list the July 1999 production of a work entitled SMUT 14 as the oldest date in which the

6   performer Violet Blue appeared.  Defendant WOFFINDEN has no independent recollection of that

7   production, but remembers only that in the year 1999, she performed in the production of The Crow

8   Salvation (in which she had no speaking part, and therefore was not credited).

9    At about the same time, upon information and belief, Plaintiff BLUE, a self-styled

10   pornography aficionado, was employed at a pornography store located in San Francisco, California,

11   named "Good Vibrations," wherein copies of Defendant WOFFINDEN's video performances were,

12   and, according to Plaintiff BLUE's amended complaint, continue to be sold.

13    Upon information and belief, when Defendant VIOLET-BLUE's video productions were being

14   sold at Good Vibrations in San Francisco, Plaintiff BLUE was employed at Good Vibrations in San

15   Francisco.

16    Defendant WOFFINDEN began using her stage name, "Violet Blue" on or about March 2000.

17   At that time, she performed and Internet search for the name, "Violet Blue," but received no

18   responsive documents.  No results were provided referring to Plaintiff BLUE.  As such, Defendant

19   WOFFINDEN reasonably concluded that she would experience no conflicts or confusion by using that

20   name.

21    Defendant WOFFINDEN, since commencing her career, has appeared in no fewer than 300

22   productions, using her maiden name, or more commonly, openly and notoriously using her stage

23   name, "Violet Blue."

24    Unbeknownst to Defendant WOFFINDEN, Plaintiff BLUE alleges, at some time around 1999,

25   she began using the *nom de plume*, "Violet Blue."  Neither the Plaintiff nor the Defendant competes,

26   one with the other, in their respective markets.

On or about March 2, 2007, almost eight (8) full years after Defendant WOFFINDEN began using her stage name, Plaintiff BLUE, filed her application for a trademark for the mark, "Violet Blue" for use in international classes 9 and 41. *See Trademark Application Serial No. 77121570*. The mark was placed on either the principal trademark register maintained by the United States Patent and Trademark Office on March 4, 2008 and given the registration number 3391010.

On or about October 22, 2007, Plaintiff BLUE, filed her complaint against Defendant WOFFINDEN. On or about October 23, 2007, Defendant WOFFINDEN was personally served with a copy of the summons and complaint. The due date for an answer to the complaint was November 13, 2007. Defendant WOFFINDEN searched diligently for counsel to represent her. However, due to her extremely limited means, she was not able to secure representation. As such, she sought the assistance of the AVN Online magazine, who put out a call for assistance on Defendant WOFFINDEN's behalf.

In January 2002, AVN Media, a well-established and highly regarded publisher of adult entertainment industry trade magazines and sponsor of the annual AVN Awards that recognize accomplishments of individuals in the adult entertainment industry awarded Defendant WOFFINDEN the "Best New Starlet" award.

Plaintiff BLUE, a self-styled pornography aficionado, describes the Awards as "big backslapping event where the same companies and same names win year after year."[1]

Defendant WOFFINDEN believes, and therefore avers, that Plaintiff BLUE has never been nominated for nor received an AVN Award.

Since July 1999, Defendant WOFFINDEN has appeared or starred in more than 300 movies and is a well known celebrity, both domestically and abroad.

On November 13, 2007, as a result of much pressure by counsel for Plaintiff BLUE to do so or face a default on the complaint, Defendant WOFFINDEN filed her answer (dubbed "Response") to the complaint as a *pro se* litigant.

---

[1] Violet Blue (2007-01-18). The Rise of Indie Porn? *SF Gate*.

1   On November 29, 2007, Robert S. Apgood of CarpeLaw PLLC, filed his application for

2   admission *pro hac vice* to this court for the limited purpose of representing Defendant WOFFINDEN

3   in this matter.

4   On December 5, 2007, this Honorable Court granted the application.

5   On December 21, 2007, Plaintiff BLUE, a self-styled pornography aficionado, filed her Motion

6   for Leave to File Amended Complaint.

7   On January 21, 2008, Defendant WOFFINDEN filed her Statement of Non-Opposition.

8   On January 29, 2008, this Honorable Court granted Plaintiff's motion.

9   On February 4, 2008, Defendant WOFFINDEN filed her answer to Plaintiff BLUE's First

10  Amended Complaint, and Defendant WOFFINDEN alleged five counter claims against Plaintiff

11  BLUE.

12  On February 25, 2008, Plaintiff BLUE filed a motion to strike and/or dismiss three of

13  Defendant WOFFINDEN's counterclaims.

14  On April 7, 2008, this Honorable Court denied Plaintiff BLUE's motions to strike and/or

15  dismiss VIOLET BLUE's three counterclaims, and granted Defendant WOFFINDEN's request for

16  leave to amend her answer and counterclaims.

17  Defendant WOFFINDEN now respectfully amends her answers and counterclaims to

18  Plaintiff's First Amended Complaint.

19  Answering Plaintiff's introductory paragraph at 1:24-28 through 2:1-3, Plaintiff states a

20  conclusion of law to which no response is required.  To the extent a response is required, Defendant

21  WOFFINDEN admits that she has, at differing times, used the names, "Ada Mae Johnson," "Ada

22  Woffinden," "Violet Blue, "Violet," and "Violet Lust" all for legitimate purposes and without any

23  intent to perpetrate a fraud.

24  ## I.  PARTIES

25  1.    Answering Paragraph 1, the averments contained therein are conclusions of law to

26  which no response is required.  To the extent a response is deemed required, Defendant neither admits

1   nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

2   Plaintiff to her proofs.

3       2.      Answering Paragraph 2, the averments contained therein are conclusions of law to

4   which no response is required.  To the extent a response is deemed required, Defendant ADMITS the

5   averments contained therein.

6       3.      Answering Paragraph 3, the averments contained therein are conclusions of law to

7   which no response is required.  To the extent a response is deemed required, Defendant neither admits

8   nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

9   Plaintiff to her proofs.

10      4.      Answering Paragraph 4, the averments contained therein are conclusions of law to

11  which no response is required.  To the extent a response is deemed required, Defendant neither admits

12  nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

13  Plaintiff to her proofs.

14      5.      Answering Paragraph 5, the averments contained therein are conclusions of law to

15  which no response is required.  To the extent a response is deemed required, based upon information

16  and belief, Defendant ADMITS the averments contained therein.

17      6.      Answering Paragraph 6, the averments contained therein are conclusions of law to

18  which no response is required.  To the extent a response is deemed required, Defendant neither admits

19  nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

20  Plaintiff to her proofs.

21      7.      Answering Paragraph 7, the averments contained therein are conclusions of law to

22  which no response is required.  To the extent a response is deemed required, Defendant neither admits

23  nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

24  Plaintiff to her proofs.

25                          **II.  JURISDICTION AND VENUE**

26      8.      Answering Paragraph 8, the averments contained therein are conclusions of law to

1   which no response is required.  To the extent a response is deemed required, based upon information

2   and belief, Defendant ADMITS the averments contained therein.

3           9.      Answering Paragraph 9, the averments contained therein are conclusions of law to

4   which no response is required.  To the extent a response is deemed required, based upon information

5   and belief, Defendant ADMITS the averments contained therein.  Defendant further ADMITS that

6   venue is  also proper in the United States District Court, Western District of Washington.

7          10.     Answering Paragraph 10, the averments contained therein are conclusions of law to

8   which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

9   she has received monetary income as a result of the subscription Web site located at

10  www.violetblue.org, but neither admits nor denies the remainder of the averments contained therein

11  for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

12         11.     Answering Paragraph 11, the averments contained therein are conclusions of law to

13  which no response is required.  To the extent a response is deemed required, Defendant neither admits

14  nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

15  Plaintiff to her proofs.

16         12.     Answering Paragraph 12, the averments contained therein are conclusions of law to

17  which no response is required.  To the extent a response is deemed required, Defendant neither admits

18  nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

19  Plaintiff to her proofs.

20         13.     Answering Paragraph 13, the averments contained therein are conclusions of law to

21  which no response is required.  To the extent a response is deemed required, Defendant neither admits

22  nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

23  Plaintiff to her proofs.

24         14.     Answering Paragraph 14, the averments contained therein are conclusions of law to

25  which no response is required.  To the extent a response is deemed required, Defendant DENIES the

26  averments thereon for the reason that the averments contained therein are untrue.

15.     Answering Paragraph 15, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant DENIES the averments thereon for the reason that the averments contained therein are untrue.

### III.  INTRADISTRICT  ASSIGNMENT

16.     Answering Paragraph 16, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant ADMITS that Local Rule 3-2(c) applies to this matter.

### IV.  FACTS

### A.     PLAINTIFF  BLUE'S BACKGROUND.

17.     Answering Paragraph 17, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant accepts at face value, and therefore does not deny, that Plaintiff is, as she pleads, "a newspaper communist." Regarding the remainder of the allegations, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

18.     Answering Paragraph 18, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant ADMITS that Exhibit A appears to be a written article.  Regarding the remainder of the averments, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

19.     Answering Paragraph 19, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

20.     Answering Paragraph 20, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

1    Plaintiff to her proofs.

2        21.     Answering Paragraph 21, the averments contained therein are conclusions of law to

3    which no response is required.  To the extent a response is deemed required, Defendant DENIES that

4    Plaintiff authored or broadcasted her "podcast" prior to February 12, 2004, and only did so several

5    years after Defendant WOFFINDEN had openly and notoriously employed the use of her stage name

6    and common-law trademark, "Violet Blue."  Regarding the remainder of the paragraph, Defendant

7    neither admits nor denies the averments contained therein for lack of sufficient knowledge or

8    information and leaves Plaintiff to her proofs.

9        22.     Answering Paragraph 22, the averments contained therein are conclusions of law to

10   which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

11   Exhibit B appears to be a Web page, but DENIES that the Web page refers to Plaintiff BLUE as "one

12   of the Internet's most influential figures."  Regarding the remainder of the averments, Defendant

13   neither admits nor denies the averments contained therein for lack of sufficient knowledge or

14   information and leaves Plaintiff to her proofs.

15       23.     Answering Paragraph 23, the averments contained therein are conclusions of law to

16   which no response is required.  To the extent a response is deemed required, Defendant neither admits

17   nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

18   Plaintiff to her proofs.

19       24.     Answering Paragraph 24, the averments contained therein are conclusions of law to

20   which no response is required.  To the extent a response is deemed required, Defendant neither admits

21   nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

22   Plaintiff to her proofs.

23       25.     Answering Paragraph 25, the averments contained therein are conclusions of law to

24   which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

25   Exhibit C to the Amended Complaint is a photograph of a female, but DENIES that the exhibit provided

26   to the Defendant if of a quality wherein any detail may be ascertained.  Defendant also ADMITS that

1   the bangs termed "betty bangs" by the Plaintiff are reminiscent of the short bangs worn by the famous

2   model and actress, "Betty Page." Defendant WOFFINDEN further ADMITS that many women who

3   perform in adult erotica emulate the hairstyles of noted performers, including Betty Page. Defendant

4   WOFFINDEN ADMITS that, upon information and belief, as recently as September 24, 2005, Plaintiff

5   BLUE did **NOT** wear her hair in the "Betty Bangs" style. *See, e.g.,*

6   <http://web.archive.org/web/20050920052020/www.tinynibbles.com/violetblue.html>, whereas

7   Defendant WOFFINDEN first emulated the Betty Page hairstyle in 2000 (at least five (5) years prior to

8   Plaintiff BLUE adopting that style) when performing in the movie, "RealSexMachine 31." Regarding

9   the remainder of the averments, Defendant neither admits nor denies the averments contained therein

10  for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

11       26.     Answering Paragraph 26, the averments contained therein are conclusions of law to

12  which no response is required. To the extent a response is deemed required, Defendant neither admits

13  nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

14  Plaintiff to her proofs.

15       **B.    DEFENDANT JOHNSON (VIOLET BLUE)**

16       27.     Answering Paragraph 27, the averments contained therein are conclusions of law to

17  which no response is required. To the extent a response is deemed required, Defendant admits that

18  early in her career, she adopted the stage name, "Violet Blue." Defendant WOFFINDEN further

19  ADMITS that, as a result of such long-term use of that stage name, Defendant WOFFINDEN

20  possesses a common-law trademark in the mark, "Violet Blue." Regarding the remainder of the

21  paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient

22  knowledge or information and leaves Plaintiff to her proofs.

23       28.     Answering Paragraph 28, the averments contained therein are conclusions of law to

24  which no response is required. To the extent a response is deemed required, Defendant ADMITS that

25  since she began her acting career, she has appeared in hundreds of films, both mainstream and erotic,

26  wherein she appeared under stage name, "Violet Blue," including those listed in Defendant BLUE'S

1   complaint.  Regarding the remainder of the paragraph, Defendant neither admits nor denies the

2   averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her

3   proofs.

4        29.    Answering Paragraph 29, the averments contained therein are conclusions of law to

5   which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

6   some of the performances in which she partook were recorded in the State of California, but DENIES

7   that all such recordings occurred in the State of California.

8        30.    Answering Paragraph 30, the averments contained therein are conclusions of law to

9   which no response is required.  To the extent a response is deemed required, Defendant DENIES the

10  averments contained therein indicating that recordings of Defendant's performances are available for

11  sale at the Web sites located at www.movies.violetblue.org and www.violetblue.org.  Regarding the

12  remainder of the paragraph, Defendant neither admits nor denies the averments contained therein for

13  lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

14       31.    Answering Paragraph 31, the averments contained therein are conclusions of law to

15  which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

16  she has attended tradeshows in the District of Northern California promoting both her mainstream and

17  erotic performances, both on video and on the Internet Web site located at www.violetblue.org, but

18  DENIES that she "makes regular trips to this Judicial District."  Regarding the remainder of the

19  paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient

20  knowledge or information and leaves Plaintiff to her proofs.

21       32.    Answering Paragraph 32, the averments contained therein are conclusions of law to

22  which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

23  some of the performances in which she partook were recorded in the State of California, and that when

24  she was so performing, she was doing so under her stage name and common-law trademark, "Violet

25  Blue."

26       33.    Answering Paragraph 33, the averments contained therein are conclusions of law to

1    which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

2    she agreed to appear at the Exotic Erotic Ball and ADMITS that she entered into contracts with Perry

3    Mann, Inc. to appear in the Exotic Erotic Ball, but DENIES the remainder of the allegations for the

4    reason that the averments contained therein are untrue.

5       34. Answering Paragraph 34, the averments contained therein are conclusions of law to

6    which no response is required.  To the extent a response is deemed required, Defendant neither admits

7    nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

8    Plaintiff to her proofs.

9       35. Answering Paragraph 35, the averments contained therein are conclusions of law to

10   which no response is required.  To the extent a response is deemed required, Defendant DENIES that

11   www.violetblue.org is a "domain name."  Defendant ADMITS that "www.violetblue.org" is a *host*

12   *name*.  Defendant ADMITS that the domain name, "violetblue.org" was registered in 2001, in part for

13   her benefit.  Regarding the remainder of the paragraph, Defendant DENIES the averments contained

14   therein for the reasons that the averments contained therein are untrue.

15      36. Answering Paragraph 36, the averments contained therein are conclusions of law to

16   which no response is required.  To the extent a response is deemed required, DENIES that

17   www.violetblue.org is a "domain," but ADMITS that the Web site located at "www.violetblue.org"

18   has been and continues to be used for marketing Defendant WOFFINDEN's goods and services

19   utilizing her stage name and trademark, "Violet Blue."  Defendant WOFFINDEN ADMITS that

20   certain areas of the Web site located at www.violetblue.org contain imagery of her designed to

21   strongly resemble the real-life and long-standing appearance of the famous model and actress, "Betty

22   Page."  See Exhibit A attached hereto and by this reference hereby made a part hereof.  Defendant

23   ADMITS that Plaintiff has styled herself to look like the famous actress and model "Betty Page" and

24   that Plaintiff affirms this by referring to her short hair "bangs" as "Betty Bangs."  Defendant

25   WOFFINDEN DENIES that she uses Plaintiff BLUE's likeness.  Defendant WOFFINDEN also

26   DENIES that Plaintiff BLUE, a self-styled pornography aficionado, has the exclusive right to resemble

1   the real-life and long-standing appearance of the famous model and actress, "Betty Page" and that to

2   make any such representations is disingenuous.  Defendant WOFFINDEN ADMITS that Exhibit D to

3   Plaintiff's First Amended Complaint contains a photograph of a female, alleged by Plaintiff to be of

4   herself, who has prepared herself to strongly resemble the real-life and long-standing appearance of the

5   famous model and actress, "Betty Page."  *See, e.g.,*

6   <http://web.archive.org/web/20060507095625/www.bettiepage.com/photos/nude/index.html>.

7   Regarding the remainder of the paragraph, Defendant DENIES the averments contained therein for the

8   reasons that the averments contained therein are untrue.

9        37.    Answering Paragraph 37, the averments contained therein are conclusions of law to

10  which no response is required.  To the extent a response is deemed required, Defendant ADMITS the

11  averments contained therein.

12       38.    Answering Paragraph 38, the averments contained therein are conclusions of law to

13  which no response is required.  To the extent a response is deemed required, Defendant neither admits

14  nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

15  Plaintiff to her proofs.

16       **C.    DEFENDANT ASSASSIN PICTURES.**

17       39.    Answering Paragraph 39, the averments contained therein are conclusions of law to

18  which no response is required.  To the extent a response is deemed required, Defendant neither admits

19  nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

20  Plaintiff to her proofs.

21       40.    Answering Paragraph 40, the averments contained therein are conclusions of law to

22  which no response is required.  To the extent a response is deemed required, Defendant neither admits

23  nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

24  Plaintiff to her proofs.

25       41.    Answering Paragraph 41, the averments contained therein are conclusions of law to

26  which no response is required.  To the extent a response is deemed required, upon information and

1    belief, Defendant Assassin Pictures provides billing services through its AssassinCash program.

2    Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments

3    contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

4          42.     Answering Paragraph 42, the averments contained therein are conclusions of law to

5    which no response is required. To the extent a response is deemed required, upon information and

6    belief, Defendant Assassin Pictures receives income as a result of the paid subscriptions and other

7    commercial activity conducted on Defendant WOFFINDEN's Web site located at www.violetblue.org.

8    Defendant WOFFINDEN further ADMITS that she uses her stage name and trademark, "Violet Blue"

9    on that Web site. Regarding the remainder of the paragraph, Defendant neither admits nor denies the

10   averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her

11   proofs.

12         43.     Answering Paragraph 43, the averments contained therein are conclusions of law to

13   which no response is required. To the extent a response is deemed required, upon information and

14   belief, Defendant Assassin Pictures receives income through Defendant WOFFINDEN's Web site

15   located at www.violetblue.org. Regarding the remainder of the paragraph, Defendant neither admits

16   nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

17   Plaintiff to her proofs.

18         **D.     DEFENDANT ASSASSINCASH.**

19         44.     Answering Paragraph 44, the averments contained therein are conclusions of law to

20   which no response is required. To the extent a response is deemed required, Defendant neither admits

21   nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

22   Plaintiff to her proofs.

23         45.     Answering Paragraph 45, the averments contained therein are conclusions of law to

24   which no response is required. To the extent a response is deemed required, Defendant ADMITS that

25   a Web site exists at www.assassincash.com. Defendant WOFFINDEN ADMITS that "Defendant is

26   informed and believes that Defendant AssassinCash is operated by Defendant Assassin Pictures."

---

Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments

contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

46.    Answering Paragraph 46, the averments contained therein are conclusions of law to

which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

"Defendant is informed and believes that AssassinCash is operated for the purpose of promoting an

adult erotic entertainment 'affiliate program' to assist individuals" in earning commissions on sales

referred to Web sites sponsored and promoted by AssassinCash.  Regarding the remainder of the

paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient

knowledge or information and leaves Plaintiff to her proofs.

47.    Answering Paragraph 47, the averments contained therein are conclusions of law to

which no response is required.  To the extent a response is deemed required, upon information and

belief, Defendant ADMITS that AssassinCash receives income as a result of the commercial aspects of

Defendant WOFFINDEN's Web site located at www.violetblue.org.  Defendant WOFFINDEN further

ADMITS that the offerings at the Web site located at www.violetblue.org feature Defendant

WOFFINDEN using her stage name and trademark, "Violet Blue."  Regarding the remainder of the

paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient

knowledge or information and leaves Plaintiff to her proofs.

48.    Answering Paragraph 48, the averments contained therein are conclusions of law to

which no response is required.  To the extent a response is deemed required, upon information and

belief, Defendant AssassinCash receives income through Defendant WOFFINDEN's Web site located

at www.violetblue.org.  Regarding the remainder of the paragraph, Defendant neither admits nor

denies the averments contained therein for lack of sufficient knowledge or information and leaves

Plaintiff to her proofs.

### E.    DEFENDANT FOX

49.    Answering Paragraph 49, the averments contained therein are conclusions of law to

which no response is required.  To the extent a response is deemed required, upon information and

belief, Defendant WOFFINDEN ADMITS the averments contained therein.

50.    Answering Paragraph 50, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant WOFFINDEN ADMITS that she has a Web site located at www.violetblue.org, but DENIES the remainder of the paragraph for the reason that the averments contained therein are untrue.

51.    Answering Paragraph 51, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant WOFFINDEN ADMITS that she has a Web site located at www.violetblue.org, but DENIES the remainder of the paragraph for the reason that the averments contained therein are untrue.

## F.    DEFENDANT FIVE STAR

52.    Answering Paragraph 52, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant WOFFINDEN DENIES the averments contained therein for the reason that the averments contained therein are untrue.

53.    Answering Paragraph 53, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant WOFFINDEN DENIES the averments contained therein for the reason that the averments contained therein are untrue.

## G.    ACTUAL CONFUSION AND THE DILUTION RESULTING FROM DEFENDANTS' USE OF PLAINTIFF BLUE'S NAME AND LIKENESS.

54.    Answering Paragraph 54, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant WOFFINDEN ADMITS that she was scheduled to appear at the "Exotic Erotic Ball" on or about October 28, 2006 using her stage name and trademark, "Violet Blue."  Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

**DEFENDANT WOFFINDEN'S SECOND AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND** - 15

Case No. C 07-5370 SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

55.    Answering Paragraph 55, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant DENIES that Plaintiff was broadcasting her "podcast" in March 2000, when Defendant commenced use of her full stage name, "Violet Blue."  Regarding the remainder of the averments therein, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

56.    Answering Paragraph 56, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

57.    Answering Paragraph 57, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant ADMITS that the Web site located at "www.violetblue.org" has been and continues to be used for marketing Defendant WOFFINDEN's goods and services utilizing her stage name and trademark, "Violet Blue." Defendant WOFFINDEN ADMITS that certain areas of the Web site located at www.violetblue.org contain imagery of her designed to strongly resemble the real-life and long-standing appearance of the famous model and actress, "Betty Page."  Defendant WOFFINDEN DENIES that she uses Plaintiff BLUE's likeness.  Defendant WOFFINDEN also DENIES that Plaintiff BLUE has the exclusive right to resemble the real-life and long-standing appearance of the famous model and actress, "Betty Page" and that to make any such representations is disingenuous.  Defendant WOFFINDEN ADMITS that in readying for some performances, she has prepared herself in the past to strongly resemble the real-life and long-standing appearance of the famous model and actress, "Betty Page."  *See, e.g.,* <http://web.archive.org/web/20060507095625/www.bettiepage.com/photos/nude/index.html>. Regarding the remainder of the paragraph, Defendant DENIES the averments contained therein for the reasons that the averments contained therein are untrue.

**H.      (F) DEFENDANT JOHNSON'S BROKEN PROMISE TO CEASE AND DESIST**

58.      Answering Paragraph 58, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant ADMITS that at one time she represented to Plaintiff BLUE that she was considering no longer using the stage name, "Violet Blue," but DENIES that such representation was a promise.  Regarding the remainder of the paragraph, Defendant DENIES the averments contained therein for the reasons that the averments contained therein are untrue.

59.      Answering Paragraph 59, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant WOFFINDEN DENIES that her use of her stage name and trademark, "Violet Blue" is use of Plaintiff BLUE's valuable identity and trademark (much less an "unauthorized" one).  Defendant WOFFINDEN ADMITS that her use of her stage name and common-law trademark, "Violet Blue" is fully within her lawful rights of use of her mark.

60.      Answering Paragraph 60, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant WOFFINDEN ADMITS that Plaintiff BLUE, a self-styled pornography aficionado, has demanded that Defendant WOFFINDEN cease, desist, and quit use of Defendant WOFFINDEN's stage name and trademark, "Violet Blue."  Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

**V.  CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**(Trademark Infringement)**

61.      Answering Paragraph 61, Defendant repeats and restates her answers in Paragraphs 1 through 60 as if set forth fully herein.

62.      Answering Paragraph 62, the averments contained therein are conclusions of law.  To

1    the extent that a response is deemed required, Defendant DENIES the averments contained therein for

2    the reasons that said allegations are untrue.

3        63.    Answering Paragraph 63, the averments contained therein are conclusions of law.  To

4    the extent that a response is deemed required, Defendant DENIES the averments contained therein for

5    the reasons that said allegations are untrue.

6        64.    Answering Paragraph 64, the averments contained therein are conclusions of law.  To

7    the extent that a response is deemed required, Defendant DENIES the averments contained therein for

8    the reasons that said allegations are untrue.

9        65.    Answering Paragraph 65, the averments contained therein are conclusions of law.  To

10   the extent that a response is deemed required, Defendant DENIES the averments contained therein for

11   the reasons that said allegations are untrue.

12       66.    Answering Paragraph 66, the averments contained therein are conclusions of law.  To

13   the extent that a response is deemed required, Defendant DENIES the averments contained therein for

14   the reasons that said allegations are untrue.

15                          **SECOND CAUSE OF ACTION**

16                              **(Trademark Dilution)**

17       67.    Answering Paragraph 67, Defendant repeats and restates her answers in Paragraphs 1

18   through 66 as if set forth fully herein.

19       68.    Answering Paragraph 68, the averments contained therein are conclusions of law.  To

20   the extent that a response is deemed required, Defendant DENIES the averments contained therein for

21   the reasons that said allegations are untrue.

22       69.    Answering Paragraph 69, the averments contained therein are conclusions of law.  To

23   the extent that a response is deemed required, Defendant DENIES the averments contained therein for

24   the reasons that said allegations are untrue.

25       70.    Answering Paragraph 70, the averments contained therein are conclusions of law.  To

26   the extent that a response is deemed required, Defendant ADMITS that Plaintiff has no control over

the quality of Defendant's offerings whether through her Web site or through brick-and-mortar sales

establishments, but DENIES the remainder of the paragraph for the reasons that said allegations are

untrue.  Moreover, Defendant objects to Plaintiff's characterization of Defendant's work as "base,

obscene, and pornographic" on the basis that Plaintiff owes much of her status as a self-described

"well known and respected personality in the field of human sexuality" to authoring reviews on

pornographic films.  Specifically, Defendant WOFFINDEN DENIES that Plaintiff's mark is

"protected" from concurrent use by Defendant.  Defendant WOFFINDEN ADMITS that Plaintiff's

own Web site located at http://www.tinynibbles.com discusses subjects such as "suck-lick-rim" (a

reference to mouth-to-anus and mouth-to-genital sexual conduct), "hot sex ed" and "find good porn."

Further, the works authored or reviewed by the Plaintiff include such titles as "The Ultimate Guide To

Adult Videos: How To Watch Adult Videos And Make Your Sex Life Sizzle," "The Ultimate Guide

To Fellatio: How To Go Down On A Man And Give Him Mind-Blowing Pleasure," "The Ultimate

Guide To Cunninglingus," "The Smart Girl's Guide To Porn" and  "Ultimate Guide To Anal Sex For

Women."

71.    Answering Paragraph 71, the averments contained therein are conclusions of law.  To

the extent that a response is deemed required, Defendant DENIES the averments contained therein for

the reasons that said allegations are untrue.

72.    Answering Paragraph 72, the averments contained therein are conclusions of law.  To

the extent that a response is deemed required, Defendant DENIES the averments contained therein for

the reasons that said allegations are untrue.

73.    Answering Paragraph 73, the averments contained therein are conclusions of law.  To

the extent that a response is deemed required, Defendant DENIES the averments contained therein for

the reasons that said allegations are untrue.

74.    Answering Paragraph 74, the averments contained therein are conclusions of law.  To

the extent that a response is deemed required, Defendant DENIES the averments contained therein for

the reasons that said allegations are untrue.

75.    Answering Paragraph 75, the averments contained therein are conclusions of law.  To the extent that a response is deemed required, Defendant DENIES the averments contained therein for the reasons that said allegations are untrue.

### THIRD CAUSE OF ACTION

### (Violation of Cal. Civil Code § 3344)

76.    Answering Paragraph 76, Defendant repeats and restates her answers in Paragraphs 1 through 75 as if set forth fully herein.

77.    Answering Paragraph 77, the averments contained therein are conclusions of law.  To the extent that a response is deemed required, Defendant DENIES the averments contained therein for the reasons that said allegations are untrue.

78.    Answering Paragraph 78, the averments contained therein are conclusions of law.  To the extent that a response is deemed required, Defendant DENIES the averments contained therein for the reasons that said allegations are untrue.  Moreover, Defendant objects to Plaintiff's disingenuous characterization of Defendant's work as "obscene" on the basis that Plaintiff owes much of her status as a self-described "well known and respected personality in the field of human sexuality" to authoring reviews on adult entertainment films in which Defendant WOFFINDEN and others have performed.  Defendant WOFFINDEN ADMITS that Plaintiff's own Web site located at http://www.tinynibbles.com discusses subjects such as "suck-lick-rim" (a reference to mouth-to-anus and mouth-to-genital sexual conduct), "hot sex ed" and "find good porn."  Further, the works authored or reviewed by the Plaintiff include such titles as "The Ultimate Guide To Adult Videos: How To Watch Adult Videos And Make Your Sex Life Sizzle," "The Ultimate Guide To Fellatio: How To Go Down On A Man And Give Him Mind-Blowing Pleasure," "The Ultimate Guide To Cunninglingus," "The Smart Girl's Guide To Porn" and  "Ultimate Guide To Anal Sex For Women."

79.    Answering Paragraph 79, the averments contained therein are conclusions of law.  To the extent that a response is deemed required, Defendant DENIES the averments contained therein for the reasons that said allegations are untrue.

80.     Answering Paragraph 80, the averments contained therein are conclusions of law.  To the extent that a response is deemed required, Defendant DENIES the averments contained therein for the reasons that said allegations are untrue.

81.     Answering Paragraph 81, the averments contained therein are conclusions of law.  To the extent that a response is deemed required, Defendant DENIES the averments contained therein for the reasons that said allegations are untrue.

## FOURTH CAUSE OF ACTION

### (Unfair Competition)

82.     Answering Paragraph 82, Defendant repeats and restates her answers in Paragraphs 1 through 81 as if set forth fully herein.

83.     Answering Paragraph 83, the averments contained therein are conclusions of law.  To the extent that a response is deemed required, Defendant DENIES the averments contained therein for the reasons that said allegations are untrue.

84.     Answering Paragraph 84, the averments contained therein are conclusions of law.  To the extent that a response is deemed required, Defendant DENIES the averments contained therein for the reasons that said allegations are untrue.

85.     Answering Paragraph 85, the averments contained therein are conclusions of law.  To the extent that a response is deemed required, Defendant DENIES the averments contained therein for the reasons that said allegations are untrue.

## VI. AFFIRMATIVE DEFENSES

As affirmative defenses, Defendant alleges and states as follows:

1.   Plaintiff has failed in whole or in part to state a claim upon which relief can be granted;

2.   Plaintiff has suffered no damages and/or has failed to mitigate her damages, if any;

3.   Plaintiff has suffered no injury nor is there a likelihood of injury;

4.   Plaintiff has suffered no harm and/or irreparable harm;

5.   Plaintiff failed to protect and/or enforce her alleged rights;

**DEFENDANT WOFFINDEN'S SECOND AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND** - 21

Case No. C 07-5370 SI

6.  Plaintiff's Complaint is barred as unconscionable;

7.  Plaintiff's Complaint is barred by reason of waiver;

8.  Plaintiff's Complaint is barred by the doctrine of estoppel;

9.  Plaintiff's Complaint is barred by the doctrine of assumption of laches;

10. No conduct by or attributable to Defendant was either the cause in fact or the proximate cause of the damages alleged by Plaintiff. Rather, the damages alleged by Plaintiff were caused, either in whole or in part, by Plaintiff's own acts or omissions or by the acts or omissions of persons or entities other than Defendant. Plaintiffs' damages, if any, must be reduced accordingly;

11. Plaintiff's Complaint is barred by the Statutes of Limitations;

12. Plaintiff lacks exclusive right of use of the mark;

13. Plaintiff's claimed mark, "Violet Blue," is not a famous mark as that term is contemplated by 15 U.S.C. § 1125(c)(1), *et seq.* Plaintiff admits the same wherein on her own Web page located at <http://www.tinynibbles.com>, she reproduces a quote from Webnation that states, "She might not be a household name, but Violet Blue is the leading sex educator for the Internet generation." – Webnation;

14. Plaintiff's requested mark is not fanciful.

15. Plaintiff's requested trademark is a word mark that is identical to the Crayola Crayon color, "Violet Blue," first offered in 1949, and Defendant WOFFINDEN's common-law trademark;

16. When Defendant WOFFINDEN adopted the use of her stage name, she had no knowledge of the Plaintiff;

17. Plaintiff, by attempting to convert the real-life and long-standing appearance of the famous model and actress "Betty Page" to her own exclusive use, comes to the court with unclean hands;

18. Plaintiff, by emphasizing the term "pornography" in her complaint when referring to the offerings of Defendant WOFFINDEN, implies that she does not engage in pornography. Yet, links to pornographic images of her emanate from her own Web site located at <http://www.tinynibbles.com> and direct the reader to the Web site located at <http://theblight.net/08/hhr_jan/>. By intentionally

1    misleading this Honorable Court, Plaintiff BLUE, a self-styled pornography aficionado, comes to the

2    court with unclean hands;

3        19. Plaintiff has filed trademark and service mark applications for subject matter specifically

4    related to "sexual pleasures and pornography";

5        20. Although Defendant denies making any promises to Plaintiff, any promise that may have

6    been made by Defendant WOFFINDEN to Plaintiff BLUE, a self-styled pornography aficionado, to

7    cease using Defendant's stage name and trademark, "Violet Blue," was a gratuitous promise, wholly

8    unsupported by consideration of any kind, and was subject to unilateral withdrawal by Defendant

9    WOFFINDEN at any time for any reason, or no reason at all;

10        21. Plaintiff has acquiesced to Defendant WOFFINDEN's use of the mark;

11        22. Defendant WOFFINDEN's use of the mark was concurrent to Plaintiff's use of the mark

12    since at least March 2000;

13        23.  Plaintiffs cannot establish its claims of trademark infringement and unfair competition

14    claims as the parties have co-existed with their respective uses of the name "Violet Blue" for many

15    years without confusion;

16        24. Plaintiff cannot establish her first claim of infringement if Defendant's counterclaim for

17    cancellation of Trademark and Service Mark Application Serial No. 77121570 (unregistered mark) is

18    granted;

19        25. Defendant hereby reserves the right to add, supplement, modify, change or amend any and

20    all of its Affirmative Defenses as the facts and circumstances become known through further discovery

21    and/or investigation.

22    ### VII.  COUNTERCLAIMS

23        Defendant Ada Mae Woffinden, *nee* Johnson ("Counterclaim Plaintiff"), an individual, asserts

24    these counterclaims against Plaintiff Violet Blue, an individual ("Counterclaim Defendant").

25    ### PARTIES

26        1.    Counterclaim Plaintiff Ada Mae Woffinden, *nee* Johnson, is an individual who resides

1    in the State of Washington.

2        2.      Counterclaim Defendant, Violet Blue aka Wendy Sullivan Blue, is an individual who,

3    on information and belief, resides in the State of California.

4        3.      Counterclaim Defendant is listed as the owner of Trademark Registration Application

5    Serial No. 77121570 and the Trademark Registration No. 3391010 for the trademark and service mark

6    "Violet Blue" in the International Class 009 for web casts, and podcasts featuring music, audio books

7    and news broadcasts, in the fields of *inter alia*, sexual pleasures and pornography; and in International

8    Class 041 for downloadable publications in the nature of individual texts of blog posts, photographs,

9    electronic books, audio books, news columns, and newsletters, in the fields of, *inter alia*, sexual

10   pleasures and pornography.

11       4.      As a result of her close association with the adult erotica market, Counterclaim

12   Defendant knew, or should have known, that Counterclaim Plaintiff Woffinden was openly and

13   notoriously using the stage name and trademark "Violet Blue" as no later than March 2000.

14                                   **JURISDICTION AND VENUE**

15       5.      This Court has jurisdiction over the subject matter of these counterclaims pursuant to

16   28 U.S.C. §§ 1331 and 1338.

17       6.      This Court has personal jurisdiction over Counterclaim Defendant and venue in this

18   District is proper pursuant to 28 U.S.C. § 1391, and by virtue of the fact that the Counterclaim

19   Defendant resides in this District and regularly solicits business in this District.  Counterclaim

20   Plaintiffs further assert that jurisdiction is also proper in the Western District of Washington, as that is

21   the district in which the Defendant/Counterclaim Plaintiff resides, and in which the Counterclaim

22   Defendant conducts business by offering for sale to the residents therein, the various books that she

23   has authored.  Counterclaim Defendant offers her books for sale through the online retailer,

24   Amazon.com, with whom she has a contractual relationship and who is located in the Western District

25   of Washington.

26

**FIRST COUNTERCLAIM FOR DECLARATORY RELIEF**

7.      Counterclaim Plaintiff alleges, re-alleges and incorporates by reference each and every allegation set forth above.

8.      Counterclaim Plaintiff requests declaratory relief that her use of "Violet Blue" in connection with online and video adult erotica performances is not infringing Counterclaim Defendant's use of her name "Violet Blue" in connection with web casts, and podcasts featuring music, audio books and news broadcasts, in the fields of *inter alia*, sexual pleasures and pornography, and other categories identified in Trademark International Class 9, and downloadable publications in the nature of individual texts of blog posts, photographs, electronic books, audio books, news columns, newsletters, and other categories in the fields of *inter alia*, sexual pleasures and pornography, identified in Trademark International Class 41.

**SECOND COUNTERCLAIM FOR DECLARATORY RELIEF**

9.      Counterclaim Plaintiff alleges, re-alleges and incorporates by reference each and every allegation set forth above.

10.      Counterclaim Plaintiff requests declaratory relief that Counterclaim Defendant's use of "Violet Blue" is not famous and has not been diluted by Counterclaim Plaintiffs' use of "Violet" and "Violet Blue" in connection with online and video mainstream and adult erotica performances.

**THIRD COUNTERCLAIM FOR CANCELLATION OF U.S. TRADEMARK AND SERVICE MARK REGISTRATION NO. 3391010**

11.      Counterclaim Plaintiff alleges, re-alleges and incorporates by reference each and every allegation set forth above.

12.      Counterclaim Plaintiff requests that the Court cancel Counterclaim Defendant's U.S. Trademark and Service Mark Registration No. 3391010 as the Counterclaim Defendant committed fraud on the U.S. Trademark Office by representing to the Office that Counterclaim Defendant's use of the sought mark has been used "exclusively and continuously" in International Class 009 for web casts, and podcasts featuring music, audio books and news broadcasts, in the fields of *inter alia*,

sexual pleasures and pornography; and in International Class 041 for downloadable publications in the nature of individual texts of blog posts, photographs, electronic books, audio books, news columns, and newsletters, in the fields of, *inter alia*, sexual pleasures and pornography and Counterclaim Defendant intentionally failed to take steps to correct this misrepresentation.

### FOURTH COUNTERCLAIM FOR DAMAGES FROM DEFAMATION

13.     Counterclaim Plaintiff alleges, re-alleges and incorporates by reference each and every allegation set forth above.

14.     Counterclaim Defendant has made numerous postings on the Internet regarding Counterclaim Plaintiff and has, at times, slandered and libeled Counterclaim Plaintiff in such a manner on Counterclaim Defendants Web site that Counterclaim Plaintiff cannot respond in a meaningful manner.

15.     Counterclaim Defendant's allegations were and are false.

16.     Counterclaim Plaintiff intended that these instances of defamation be committed in such a manner that Counterclaim Plaintiff could not and cannot respond in a meaningful manner to dispute the allegations.

17.     Counterclaim Defendant is in an advantaged comparative situation over Counterclaim Plaintiff in that she is able to reach the ears of some 3.2 million people on the Internet, as alleged in her First Amended Complaint, and several millions of people in the greater San Francisco, California area as a result of her weekly column in the SFGate publication.

18.     By making these allegations, Counterclaim Defendant intended for other persons to believe her allegations to be true.

19.     Responses on Counterclaim Defendant's Web site indicate that other persons did believe Counterclaim Defendants allegations to be true.

20.     Since Counterclaim Plaintiff is unable to post responses on Counterclaim Defendant's Web site, she is unable to dispute the allegations, and is thereby damaged by the false allegations.

21.     As a result, Counterclaim Plaintiff has been damaged in an amount to be proven at trial.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaim Plaintiff prays:

1.    That the Court deny all of Plaintiff's claims and relief and/or damages;

2.    That the Court enter judgment in favor of Defendant on Plaintiff's claims and dismiss Plaintiff's Complaint with prejudice;

3.    That the Court grant Counterclaim Plaintiff judgment against Counterclaim Defendant on Counterclaim Plaintiff's counterclaims;

4.    That the Court declares that Defendant did not infringe or dilute under the Lanham Act and that Defendant did not violate unfair competition laws;

5.    That Plaintiff failed to make an adequate pre-filing investigation as required under Rule 11, and the Court consider sanctions under Rule 11, including and award of attorney's fees to Defendant;

6.    That Counterclaim Defendant's U.S. Trademark and Service Mark Registration No. 3391010 be cancelled;

7.    That Defendant, Counterclaim Plaintiff be awarded her reasonable costs, including attorney's fees, incurred defending herself in this action and prosecuting her counterclaims;

8.    That Counterclaim Plaintiff be awarded fees pursuant to 28 U.S.C. § 1927; and

9.    For such further and other relief as the Court may deem appropriate.

## IX.  JURY DEMAND

Defendant/Counterclaim Plaintiff respectfully demands a trial by a jury of her peers.

DATED THIS 7th day of May 2008.

Respectfully submitted,
CARPELAW PLLC

_/s/ Robert S. Apgood_
Robert S. Apgood, _Pro Hac Vice_
WSBA #31023
Attorney for Defendant Ada Mae Woffinden
CARPELAW PLLC

**DEFENDANT WOFFINDEN'S SECOND AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND** - 27

Case No. C 07-5370 SI

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
Email: rob@carpelaw.com

John Jeffrey Carter (Bar No. 79857)
329 Flume Street
Chico, CA 95927-3606
Telephone: 530-342-6196
Facsimile: 530 342-6195

<u>DECLARATION OF SERVICE</u>

I, Robert S. Apgood, hereby make the following Declaration from personal knowledge that on May 7, 2008, I electronically filed the foregoing:

1.    Defendant Woffinden's Second Amended Answer To Plaintiff's First Amended Complaint, Affirmative Defenses, Counterclaims, Prayer For Relief And Jury Demand; and

2.    this certificate of Service

with the Clerk of the Court using the CM/ECF system. In accordance with their ECF registration agreement and the court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys:

Collette Vogele
Benjamin Costa
Vogele & Associates
12 Geary Street, Suite 701
San Francisco, CA 94108

I herby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 7th day of May 2008 at Seattle, Washington.

CARPELAW PLLC

_s/ Robert S. Apgood_
_Pro Hac Vice_
WSBA # 31023
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
E-mail: rob@carpelaw.com

**DEFENDANT WOFFINDEN'S SECOND AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND** - 29

Case No. C 07-5370 SI