1  COLETTE VOGELE (SBN No. 192865)
   Email: colette@vogelelaw.com
2  BENJAMIN COSTA (SBN No. 245953)
   Email: ben@vogelelaw.com
3  **VOGELE & ASSOCIATES**
   12 Geary Street, Suite 701
4  San Francisco, CA 94108
   Tel: (415) 391-3311
5  Fax: (415) 358-4975

6  Attorneys for Plaintiff and Counter-defendant
   VIOLET BLUE

7

8           UNITED STATES DISTRICT COURT FOR THE

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12  VIOLET BLUE, an Individual,              Case No. C 07-5370 SI

13         Plaintiff and Counter-defendant,         **STIPULATED
                                            PROTECTIVE ORDER; [PROPOSED]**
14         v.                                       **ORDER THEREON**

15  ADA MAE JOHNSON a/k/a ADA
    WOFFINDEN, an individual d/b/a
16  VIOLET BLUE a/k/a VIOLET a/k/a
    VIOLET LUST; et al.,
17
           Defendants and Counter-claimants.
18

19  1.     PURPOSES AND LIMITATIONS

20         Disclosure and discovery activity in this action are likely to involve production of

21  confidential, proprietary, or private information for which special protection from public

22  disclosure and from use for any purpose other than prosecuting this litigation would be

23  warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

24  following Stipulated Protective Order. The parties acknowledge that this Order does not confer

25  blanket protections on all disclosures or responses to discovery and that the protection it affords

26  extends only to the limited information or items that are entitled under the applicable legal

27  principles to treatment as confidential. The parties further acknowledge, as set forth in Section

28  10, below, that this Stipulated Protective Order creates no entitlement to file confidential

1   2.10.   House Counsel: attorneys who are employees of a Party.

2   2.11.   Counsel (without qualifier): Outside Counsel and House Counsel (as well as their

3   support staffs).

4   2.12.   Expert: a person with specialized knowledge or experience in a matter pertinent to

5   the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

6   consultant in this action and who is not a past or a current employee of a Party or of a competitor

7   of a Party's and who, at the time of retention, is not anticipated to become an employee of a

8   Party or a competitor of a Party's. This definition includes a professional jury or trial consultant

9   retained in connection with this litigation.

10   2.13.   Professional Vendors: persons or entities that provide litigation support services

11   (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

12   storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

13   3.   SCOPE.

14   The protections conferred by this Stipulation and Order cover not only Protected Material

15   (as defined above), but also any information copied or extracted therefrom, as well as all copies,

16   excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

17   parties or counsel to or in court or in other settings that might reveal Protected Material.

18   4.   DURATION.

19   Even after the termination of this litigation, the confidentiality obligations imposed by

20   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

21   order otherwise directs.

22   5.   DESIGNATING PROTECTED MATERIAL.

23   5.1.   Exercise of Restraint and Care in Designating Material for Protection. Each Party

24   or non-party that designates information or items for protection under this Order must take care

25   to limit any such designation to specific material that qualifies under the appropriate standards. A

26   Designating Party must take care to designate for protection only those parts of material,

27   Documents, items, or oral or written communications that qualify – so that other portions of the

28   material, documents, items, or communications for which protection is not warranted are not

1   swept unjustifiably within the ambit of this Order.

2       Mass, indiscriminate, or routinized designations are prohibited. Designations that are

3   shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

4   unnecessarily encumber or retard the case development process, or to impose unnecessary

5   expenses and burdens on other parties), expose the Designating Party to sanctions.

6       If it comes to a Party's or a non-party's attention that information or items that it

7   designated for protection do not qualify for protection at all, or do not qualify for the level of

8   protection initially asserted, that Party or non-party must promptly notify all other parties that it

9   is withdrawing the mistaken designation.

10      5.2.    Manner and Timing of Designations.   Except as otherwise provided in this Order

11  (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

12  material that qualifies for protection under this Order must be clearly so designated before the

13  material is disclosed or produced.

14              Designation in conformity with this Order requires:

15      5.2.1.   for information in documentary form (apart from transcripts of depositions

16  or other pretrial or trial proceedings), that the Producing Party affix the legend

17  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top

18  of each page that contains protected material. If only a portion or portions of the material on a

19  page qualifies for protection, the Producing Party also must clearly identify the protected

20  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

21  portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY").

23      A Party or non-party that makes original documents or materials available for inspection

24  need not designate them for protection until after the inspecting Party has indicated which

25  material it would like copied and produced. During the inspection and before the designation, all

26  of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

27  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

28  copied and produced, the Producing Party must determine which documents, or portions thereof,

1    qualify for protection under this Order, then, before producing the specified documents, the

2    Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

3    CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains

4    Protected Material. If only a portion or portions of the material on a page qualifies for protection,

5    the Producing Party also must clearly identify the protected portion(s) (e.g., by making

6    appropriate markings in the margins) and must specify, for each portion, the level of protection

7    being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

8    EYES ONLY").

9        5.2.2.    for testimony given in deposition or in other pretrial or trial proceedings,

10    that the Party or non-party offering or sponsoring the testimony identify on the record, before the

11    close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

12    any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS'

13    EYES ONLY." When it is impractical to identify separately each portion of testimony that is

14    entitled to protection, and when it appears that substantial portions of the testimony may qualify

15    for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on

16    the record (before the deposition or proceeding is concluded) a right to have up to 20 days to

17    identify the specific portions of the testimony as to which protection is sought and to specify the

18    level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

19    ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately

20    designated for protection within the 20 days shall be covered by the provisions of this Stipulated

21    Protective Order.

22       Transcript pages containing Protected Material must be separately bound by the court

23    reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

24    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

25    nonparty offering or sponsoring the witness or presenting the testimony.

26        5.2.3.    for information produced in some form other than documentary, and for

27    any other tangible items, that the Producing Party affix in a prominent place on the exterior of

28    the container or containers in which the information or item is stored the legend

PROTECTIVE ORDER                                    C 07-5370 SI

1    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only

2    portions of the information or item warrant protection, the Producing Party, to the extent

3    practicable, shall identify the protected portions, specifying whether they qualify as

4    "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5       5.3.    <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to

6    designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

7    Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

8    under this Order for such material. If material is appropriately designated as "Confidential" or

9    "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the

10    Receiving Party, on timely notification of the designation, must make reasonable efforts to

11    assure that the material is treated in accordance with the provisions of this Order.

12   6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

13       6.1.    <u>Timing of Challenges.</u> Unless a prompt challenge to a Designating Party's

14    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

15    economic burdens, or a later significant disruption or delay of the litigation, a Party does not

16    waive its right to challenge a confidentiality designation by electing not to mount a challenge

17    promptly after the original designation is disclosed.

18       6.2.    <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating

19    Party's confidentiality designation must do so in good faith and must begin the process by

20    conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

21    with counsel for the Designating Party. In conferring, the challenging Party must explain the

22    basis for its belief that the confidentiality designation was not proper and must give the

23    Designating Party an opportunity to review the designated material, to reconsider the

24    circumstances, and, if no change in designation is offered, to explain the basis for the chosen

25    designation. A challenging Party may proceed to the next stage of the challenge process only if it

26    has engaged in this meet and confer process first.

27       6.3.    <u>Judicial Intervention.</u> A Party that elects to press a challenge to a confidentiality

28    designation after considering the justification offered by the Designating Party may file and

1   serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

2   applicable) that identifies the challenged material and sets forth in detail the basis for the

3   challenge. Each such motion must be accompanied by a competent declaration that affirms that

4   the movant has complied with the meet and confer requirements imposed in the preceding

5   paragraph and that sets forth with specificity the justification for the confidentiality designation

6   that was given by the Designating Party in the meet and confer dialogue.

7       The burden of persuasion in any such challenge proceeding shall be on the Designating

8   Party. Until the court rules on the challenge, all parties shall continue to afford the material in

9   question the level of protection to which it is entitled under the Producing Party's designation.

10  identifies the challenged material and sets forth in detail the basis for the challenge. Each such

11  motion must be accompanied by a competent declaration that affirms that the movant has

12  complied with the meet and confer requirements imposed in the preceding paragraph and that

13  sets forth with specificity the justification for the confidentiality designation that was given by

14  the Designating Party in the meet and confer dialogue.

15      The burden of persuasion in any such challenge proceeding shall be on the Designating

16  Party. Until the court rules on the challenge, all parties shall continue to afford the material in

17  question the level of protection to which it is entitled under the Producing Party's designation.

18  7.    ACCESS TO AND USE OF PROTECTED MATERIAL.

19      7.1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed

20  or produced by another Party or by a non-party in connection with this case only for prosecuting,

21  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only

22  to the categories of persons and under the conditions described in this Order. When the litigation

23  has been terminated, a Receiving Party must comply with the provisions of section 11, below

24  (FINAL DISPOSITION).

25      Protected Material must be stored and maintained by a Receiving Party at a location and

26  in a secure manner that ensures that access is limited to the persons authorized under this Order.

27      7.2.    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

28  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

1  disclose any information or item designated CONFIDENTIAL only to:

2         7.2.1.   the Receiving Party's Outside Counsel of record in this action, as well as

3  employees of said Counsel to whom it is reasonably necessary to disclose the information for

4  this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

5  attached hereto as Exhibit A;

6         7.2.2.   the officers, directors, and employees (including House Counsel) of the

7  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

8  signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

9         7.2.3.   experts (as defined in this Order) of the Receiving Party to whom

10 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

11 Bound by Protective Order" (Exhibit A);

12        7.2.4.   the Court and its personnel;

13        7.2.5.   court reporters, their staffs, and professional vendors to whom disclosure

14 is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

15 Protective Order" (Exhibit A);

16        7.2.6.   during their depositions, witnesses in the action to whom disclosure is

17 reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

18 (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

19 Protected Material must be separately bound by the court reporter and may not be disclosed to

20 anyone except as permitted under this Stipulated Protective Order.

21        7.2.7.   the author of the document or the original source of the information.

22     7.3.     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

23 Information or Items. Unless otherwise ordered by the court or permitted in writing by the

24 Designating Party, a Receiving Party may disclose any information or item designated

25 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

26        7.3.1.   the Receiving Party's Outside Counsel of record in this action, as well as

27 employees of said Counsel to whom it is reasonably necessary to disclose the information for

28 this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

PROTECTIVE ORDER                                                                            C 07-5370 SI

1  attached hereto as Exhibit A;

2      7.3.2.   Experts (as defined in this Order) (1) to whom disclosure is reasonably

3  necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective

4  Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have

5  been followed;

6      7.3.3.   the Court and its personnel;

7      7.3.4.   court reporters, their staffs, and professional vendors to whom disclosure

8  is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

9  Protective Order" (Exhibit A); and

10      7.3.5.   the author of the document or the original source of the information.

11      7.4.   <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –</u>

12  <u>ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>

13      7.4.1.   Unless otherwise ordered by the court or agreed in writing by the

14  Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

15  information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

16  EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

17  specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

18  disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or

19  her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the

20  Expert's current employer(s), (5) identifies each person or entity from whom the Expert has

21  received compensation for work in his or her areas of expertise or to whom the expert has

22  provided professional services at any time during the preceding five years, and (6) identifies (by

23  name and number of the case, filing date, and location of court) any litigation in connection with

24  which the Expert has provided any professional services during the preceding five years.

25      7.4.2.   A Party that makes a request and provides the information specified in the

26  preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

27  within seven court days of delivering the request, the Party receives a written objection from the

28  Designating Party. Any such objection must set forth in detail the grounds on which it is based.

---

PROTECTIVE ORDER

C 07-5370 SI

1    7.4.3.  A Party that receives a timely written objection must meet and confer with

2    the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

3    agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert

4    may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule

5    79-5, if applicable) seeking permission from the court to do so. Any such motion must describe

6    the circumstances with specificity, set forth in detail the reasons for which the disclosure to the

7    Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

8    suggest any additional means that might be used to reduce that risk. In addition, any such motion

9    must be accompanied by a competent declaration in which the movant describes the parties'

10   efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

11   discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

12   approve the disclosure.

13   In any such proceeding the Party opposing disclosure to the Expert shall bear the burden

14   of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

15   outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

16   8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
       LITIGATION.

17

18   If a Receiving Party is served with a subpoena or an order issued in other litigation that

19   would compel disclosure of any information or items designated in this action as

20   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

21   Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

22   immediately and in no event more than three court days after receiving the subpoena or order.

23   Such notification must include a copy of the subpoena or court order.

24   The Receiving Party also must immediately inform in writing the Party who caused the

25   subpoena or order to issue in the other litigation that some or all the material covered by the

26   subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

27   deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

28   caused the subpoena or order to issue.

PROTECTIVE ORDER                                                            C 07-5370 SI

1    The purpose of imposing these duties is to alert the interested parties to the existence of

2    this Protective Order and to afford the Designating Party in this case an opportunity to try to

3    protect its confidentiality interests in the court from which the subpoena or order issued. The

4    Designating Party shall bear the burdens and the expenses of seeking protection in that court of

5    its confidential material – and nothing in these provisions should be construed as authorizing or

6    encouraging a Receiving Party in this action to disobey a lawful directive from another court.

7    9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

8    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

9    Material to any person or in any circumstance not authorized under this Stipulated Protective

10   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

11   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

12   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

13   this Order, and (d) request such person or persons to execute the "Acknowledgment and

14   Agreement to Be Bound" that is attached hereto as Exhibit A.

15   10.    FILING PROTECTED MATERIAL.

16   Without written permission from the Designating Party or a court order secured after

17   appropriate notice to all interested persons, a Party may not file in the public record in this action

18   any Protected Material. A Party that seeks to file under seal any Protected Material must comply

19   with Civil Local Rule 79-5.

20   11.    FINAL DISPOSITION.

21   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

22   after the final termination of this action, each Receiving Party must return all Protected Material

23   to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies,

24   abstracts, compilations, summaries or any other form of reproducing or capturing any of the

25   Protected Material. With permission in writing from the Designating Party, the Receiving Party

26   may destroy some or all of the Protected Material instead of returning it. Whether the Protected

27   Material is returned or destroyed, the Receiving Party must submit a written certification to the

28   Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

1    deadline that identifies (by category, where appropriate) all the Protected Material that was

2    returned or destroyed and that affirms that the Receiving Party has not retained any copies,

3    abstracts, compilations, summaries or other forms of reproducing or capturing any of the

4    Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

5    copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

6    work product, even if such materials contain Protected Material. Any such archival copies that

7    contain or constitute Protected Material remain subject to this Protective Order as set forth in

8    Section 4 (DURATION), above.

9    12.    <u>MISCELLANEOUS.</u>

10        12.1.    <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to

11   seek its modification by the Court in the future.

12        12.2.    <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective

13   Order no Party waives any right it otherwise would have to object to disclosing or producing any

14   information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

15   no Party waives any right to object on any ground to use in evidence of any of the material

16   covered by this Protective Order.

17        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

18

19   Dated: 5/22/08

20                                                      **VOGELE & ASSOCIATES**

21

22   By: _____
                Colette Vogele
23              Attorneys for Plaintiff VIOLET BLUE

24   Dated: 5/22/2008

25                                                      CarpeLaw PLLC

26   By: _____
                Robert Stillman Apgood

27

28                                                      Attorneys for Defendant ADA MAE
                                                        JOHNSON a/k/a ADA WOOFINDEN, an

1

individual d/b/a VIOLET BLUE a/k/a
VIOLET a/k/a VIOLET LUST

2

3

Robert S. Apgood
CARPELAW PLLC
2400 NW 80th Street, #130
Seattle, WA 98117
Telephone: (206) 624-2379
Facsimile: (206) 784-6305

4

5

6

7

John Jeffrey Carter
329 Flume Street
Chico, CA 95927-3606
Telephone: (530) 342-6196
Facsimile: (530) 342-6195

8

9

10

11       Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under

12   penalty of perjury that concurrence in the filing of this document has been obtained from Robert

13   Apgood.

14       Dated: _____

15                                                VOGELE & ASSOCIATES

16

17                                       By:_____
                                                Colette Vogele
18                                       Attorneys for Plaintiff VIOLET BLUE

19

20

21   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

22

23   DATED: _____        _____

24                                        The Honorable Susan Illston
                                         United States District/Magistrate Judge
25

26

27

28

PROTECTIVE ORDER                                                    C 07-5370 SI

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Northern District of California on [date] in the case of Violet

Blue v. Ada Mae Johnson, et al., Case No. C 07-5370 SI.  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California

agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed Name:    _____
                             [Printed Name]

Signature:    _____
                       [Signature]

PROTECTIVE ORDER                                                                                    C 07-5370 SI