[Pursuant to Civ. L. R. 3-4(a)(1), a complete list of parties represented appears in the signature page of this document.]

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIOLET BLUE, an Individual,<br><br>    Plaintiff,<br><br>    v.<br><br>ADA MAE JOHNSON a/k/a ADA WOOFINDEN, an individual d/b/a VIOLET BLUE a/k/a VIOLET a/k/a VIOLET LUST; et al,<br><br>    Defendants. | Case No. C 07-5370 SI<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

    Pursuant to Civil L.R. 16-10(d), the parties to the above-entitled action certify that they met and conferred prior to the subsequent case management conference scheduled in this case and jointly submit this Supplemental Joint Case Management Conference Statement.

### DESCRIPTION OF SUBSEQUENT CASE DEVELOPMENTS

**I.    Jurisdiction and Service**

    The jurisdictional issues in this case remain unchanged since the parties submitted their initial Joint Case Management Conference Statement.

    Since the filing of the initial Joint Case Management Conference Statement, Plaintiff Blue has properly served each of the remaining parties to her First Amended Complaint, with the

exception of Defendant Five Star Video L.C. Blue is informed and believes that Defendant Five Star Video L.C. is defunct. Blue has therefore dismissed that Defendant without prejudice.

II.     **Short Factual Summary of Case and Claims.**

    A.     Plaintiff's Factual Summary

Since the filing of the initial Joint Case Management Conference Statement, there have been several developments in the case. As referenced above, Blue has settled or dismissed outstanding claims against all Defendants in this case except for the claims against Defendant Woffinden. As part of those settlements, the Court issued a Permanent Injunction against Defendants Assassin Pictures, Assassin Cash, and Bill T. Fox on May 27, 2008 (*see* Docket #106).

The facts recited in the Plaintiff's Factual Summary contained in the initial Joint Case Management Conference Statement are still believed to be accurate. Since the filing of the initial Joint Case Management Conference Statement, several additional facts have come to light. Through discovery, Blue has learned of numerous contracts documenting Woffinden's use of Plaintiff's name, likeness, and trademark. Blue has learned that Woffinden has continued to appear in new films under the name Violet Blue, and that several such films have been released during the pendency of this litigation. Blue has also discovered, through the use of third party subpoenas, some information concerning Woffinden's income derived from the use of Plaintiff's name, likeness, and trademark.

At the time of the filing of the initial Joint Case Management Conference Statement, there were two motions pending before the Court. Both motions have been resolved. Specifically, on April 7, 2008, the Court denied Blue's motion to strike Woffinden's claim of outrage, and (ii) granted Blue's motion to dismiss Woffinden's claim of trademark infringement. The Court also denied sanctions requested by Blue. The Court, citing a lack of prejudice to Blue, granted Woffinden leave to amend her claims for trademark infringement and outrage. To meet the deadline imposed by FRCP 12 (a)(4)(A) for filing an Answer to the Counterclaims after failing to prevail on her motion, Blue filed her Answer to Woffinden's Counterclaims on April 21, 2008 (*see* Docket # 82). Several weeks later, however, on May 7, 2008, Woffinden filed what

purports to be "Defendant Woffinden's Second Amended Answer To Plaintiff's First Amended Complaint, Affirmative Defenses, Counterclaims, Prayer For Relief And Jury Demand" (*see* Docket #97). Filed with neither the written consent of Blue nor leave of Court, it is Blue's position that this amendment is untimely, prejudicial to Blue, and frivolous on its face. The parties have met and conferred regarding this matter and to date Defendant has refused to withdraw the pleading. Unless Defendant voluntarily withdraws the pleading, Blue may file a motion to strike and/or dismiss the pleading before the supplemental case management conference.

Since the filing of the initial Joint Case Management Conference Statement, the Court has also issued a Preliminary Injunction. (*See* Docket #98, #99.)

Finally, since the filing of the initial Joint Cases Management Conference Statement, the parties have attended a Settlement Conference presided over by Magistrate Judge Elizabeth D. Laporte. Details regarding this conference and status of settlement are addressed below in section XII.

B.   Defendant's Factual Summary

Defendant agrees generally with Plaintiff's statement of the facts with the following exception: regarding Defendant's filing of its amended answer and counterclaims, Defendant relied on this Honorable Court's Order at Docket No. 73 granting Defendant Woffinden LEAVE TO AMEND the fourth counterclaim (which she did by deleting the claim), and LEAVE TO AMEND the fifth (now fourth) counterclaim to reflect that the claim is one for defamation. No other substantive changes were made to the pleading, and this was the only amended answer filed by Defendant.

Defendant is at sea as to why Plaintiff makes an issue out of an act specifically authorized by this Honorable Court.

**III.   Principal Legal Issues in the Case.**

The legal issues in this case remain unchanged since the parties filed their initial Joint Case Management Conference Statement.

///

### IV. Motions

No motions are currently pending.

As described above, Blue may file a motion to strike and/or dismiss the improper pleading (Docket #97) before the case management conference date, unless Defendant agrees to withdraw the pleading.

Blue also anticipates filing motions for summary judgment soon after the close of discovery and in any event prior to the dates set in the Court's Pretrial Preparation Order (Docket #79).

### V. Amendment of the Pleadings.

The issues pertaining to the amendment of the pleadings remain unchanged since the parties filed their initial Joint Case Management Conference Statement.

### VI. Evidence Preservation.

The issues pertaining to evidence preservation remain unchanged since the parties filed their initial Joint Case Management Conference Statement.

### VII. Disclosures.

Since the parties filed their initial Joint Case Management Conference Statement, on May 14, 2008, Plaintiff Blue served her First Set of Supplemental Disclosures by mail pursuant to Fed. R. Civ. P. 26(a)(1). Blue has not received Supplemental Disclosures from Woffinden and so believes that no such Supplemental Disclosures have been made.

### VIII. Discovery.

Since the parties filed their initial Joint Case Management Conference Statement, Blue has served Woffinden with Plaintiff's First Set of Interrogatories, Requests for Production, and Requests for Admissions on April 17, 2008. Blue further served her Second Set of Requests for Production of Documents on May 14, 2008. To date, Woffinden has not responded to any of Plaintiff's written discovery requests. Blue has also requested deposition dates, however she has received no response from Defendant regarding the proposed dates for deposition. Blue has also engaged in third-party discovery through subpoenas for records served on numerous relevant entities and individuals.

As a part of the parties settlement agreement, Defendant agreed to complete her responses to Plaintiff's written discovery requests (of which, Plaintiff's Request For Production are vast and numerous), and is diligently pursuing their completion and is anticipated to be completed no later than Monday June16, 2008.

## IX.  Class Actions.

The parties jointly continue their assertion that the case before this Court is not a class action and therefore class certification is unnecessary.

## X.  Related Cases.

The parties jointly continue their assertion that they have no knowledge of any related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

## XI.  Relief.

The relief sought by Plaintiff Blue remains unchanged since the parties filed their initial Joint Case Management Conference Statement.

## XII.  Settlement and ADR.

Plaintiff's Statement re: Settlement

Taking place on May 22, 2008, the Settlement Conference presided over by Magistrate Judge Elizabeth D. Laporte ended with a contingent settlement in place, dependent upon several terms being met by Woffinden on or before specific dates (see Docket #104 & #107). If these contingencies were not met, the settlement would not take effect. Woffinden has thus far failed to perform any of these contingencies by the dates set (the last of which being June 6, 20008.) As a result, there is currently no effective settlement in place, though Blue is amenable to further discussions simultaneous with the ongoing litigation of this action.

Defendant's Statement re: Settlement

Defendant agrees that the parties reached settlement on May 22, 2008 in the conference presided over by Magistrate Judge Elizabeth Laporte. The settlement was contingent on certain deliverables from Defendant to Plaintiff. However, Defendant disagrees that a term of the settlement was that time is of the essence of the agreement (indeed, nothing on the record

5

indicates such), but that the dates of certain deliverables were aspirational in nature to promote a prompt resolution of the matter. Defendant asserts that the settlement terms are intact and that the parties have reached a settlement. At no time has Defendant repudiated the settlement, nor accepted Plaintiff's repudiation of that contract.

### XIII. Consent to Magistrate Judge for All Purposes.

The parties jointly continue to agree that they do not consent to have a magistrate judge conduct all further proceedings in this case including trial and entry of judgment.

### XIV. Other References.

The parties jointly agree that they do not believe this matter is suitable for reference to a binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. Narrowing of Issues.

The parties' position regarding the narrowing of the issues remains unchanged since the parties filed their initial Joint Case Management Conference Statement.

### XVI. Expedited Schedule.

The parties' position regarding an expedited schedule remains unchanged since the parties filed their initial Joint Case Management Conference Statement.

### XVII. Scheduling.

**Plaintiff's position:**

The issue of scheduling has undergone one change since the parties filed their initial Joint Case Management Conference Statement: Woffinden has agreed, to the extent that Blue is required to respond to the filing purporting to be "Defendant Woffinden's Second Amended Answer To Plaintiff's First Amended Complaint, Affirmative Defenses, Counterclaims, Prayer For Relief And Jury Demand" (Docket #97), that she will not seek default against Blue, pending the satisfaction of all contingencies in the settlement, detailed above (see Docket #107 at 6:6-9). Since the contingent settlement appears to have fallen apart, Plaintiff is considering a motion to strike and/or dismiss this pleading (Docket # 97), which may be filed before the supplemental Case Management Conference.

Other than this, the parties jointly agree that the schedule identified in the Court's Pretrial

Preparation Order issued on April 14, 2008, should remain in effect without changes.

**Defendant's position:**

Defendant Woffinden disputes that she stated that she would "not seek default against Blue, *pending the satisfaction of all contingencies in the settlement,* detailed above" as alleged by Plaintiff. Rather, Defendant Woffinden stated, and reasserts, that she shall not seek default during the pendency of settlement. Defendant Woffinden's position is that she is continuing forward on matters related to the settlement of the dispute and that it is only Plaintiff who characterizes the delay in deliverables agreed in the settlement as unmet "contingencies" that allow her to repudiate the settlement agreement reached by the parties on May 22, 2008.

**XVIII. Trial.**

Issues relating to the length of trial remain unchanged since the parties filed their initial Joint Case Management Conference Statement.

**XIX. Disclosure of Non-party Interested Entities or Persons.**

Since the filing of the initial Joint Case Management Conference Statement, Plaintiff has learned of the involvement of non-parties who are involved in the production and distribution of content wherein Defendant appears as "Violet Blue": PHE, Inc., its subsidiary Adam & Eve, and Home Box Office, Inc. These non-parties may have an interest that could be substantially affected by the outcome of the proceeding. Plaintiff has also learned, and continues to learn, that several third parties distribute the works in which Woffinden appears under the infringing stage name, "Violet Blue." Blue has served discovery on Woffinden to ascertain the identities of these distributors.

///
///
///
///
///
///
///

**XX.   Other Matters.**

The parties jointly assert that no other matters have arisen since the parties filed their initial Joint Case Management Conference Statement.

Dated: June 13, 2008                      VOGELE & ASSOCIATES

By: _____
Benjamin A. Costa
Attorneys for Plaintiff VIOLET BLUE

COLETTE VOGELE (SBN No. 192865)
Email: colette@vogelelaw.com
BENJAMIN COSTA (SBN No. 245953)
Email: ben@vogelelaw.com
**VOGELE & ASSOCIATES**
12 Geary Street, Suite 701
San Francisco, CA 94108
Tel: (415) 751-5737
Fax: (415) 358-4975

Dated: June 13, 2008                      CARPELAW PLLC

By: _____/S/_____
Robert Apgood
Attorney for Defendant ADA MAE
JOHNSON a/k/a ADA WOFFINDEN, an
individual d/b/a VIOLET BLUE a/k/a
VIOLET a/k/a VIOLET LUST

ROBERT S. APGOOD (Pro Hac Vice)
WSBA 31023
Email: rob@carpelaw.com
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-2400
Tel: (206) 624-2379
Fax: (206) 784-6305

8

1

2  Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of
3  perjury that concurrence in the filing of this document has been obtained from Robert Apgood.

4
   Dated: June 13, 2008                     VOGELE & ASSOCIATES
5
6                                           By: _____
7                                               Benjamin A. Costa
                                                Attorneys for Plaintiff VIOLET BLUE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL JOINT CASE
MANAGEMENT CONFERENCE STATEMENT                              Case No. C 05-5370 SI