# VOGELE & ASSOCIATES

**Attorneys and Advisors**

Colette Vogele, Esq.
colette@vogelelaw.com

June 27, 2008

The Honorable Susan Illston
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 10 (19th Floor)
San Francisco, CA 94102

*Re: Blue v. Johnson (a/k/a Woffinden) et al., N.D. Cal. Case No. 07-05370-SI*

Dear Honorable Judge Illston,

At the Case Management Conference held on June 20, 2008, regarding the matter reference above, the undersigned counsel explained a concern over an untimely-filed amended pleading (Docket Entry No. 97) placed in the record by Defendant Ada Mae Johnson a/k/a Woffinden ("Woffinden"). Your Honor invited Plaintiff Violet Blue ("Blue") to submit a letter brief on the issue, and indicated that Defendant would have five days in which to respond to Plaintiff's letter brief. Accordingly, through this letter brief, Blue hereby moves to strike Docket No. 97 entitled "Defendant Woffinden's Second Amended Answer to Plaintiff's First Amended Complaint, Affirmative Defenses, Counterclaims, Prayer for Relief and Jury Demand" (hereinafter the "Second Amended Answer"). Blue further moves for sanctions against Woffinden and/or her counsel for the needless multiplication of these proceedings and failure to withdraw voluntarily the Second Amended Answer from the record.

## FACTUAL BACKGROUND

On February 4, 2008, Plaintiff Blue filed her First Amended Complaint ("FAC"). (*See* Docket No. 28.) Defendant Woffinden Answered the FAC and asserted, in relevant part, counterclaims for (i) outrage, (ii) cancellation of Blue's federal trademark application, (iii) injunctive relief to prevent Blue from using Woffinden's asserted "VIOLET BLUE" trademark

Vogele & Associates

Hon. Judge Illston
6/27/08
Page 2

("Answer to FAC"). (*See* Docket No. 29.) On February 25, Blue timely responded to the

counterclaims by filing a motion to (i) strike the outrage counterclaim (the fifth counterclaim) as

a meritless S.L.A.P.P. pursuant to Cal. Code Of Civ. P. § 425.16, and (ii) dismiss the other

counterclaims for failure to state a claim ("Motion to Strike"). (*See* Docket No. 42.)

On April 7, this Court granted in part and denied in part Blue's Motion to Strike ("April 7

Order"). (*See* Docket No. 73.)[1] In denying the motion to strike the outrage claim, the Court

granted leave to amend the claim of outrage to one for defamation. However, expressing

concerns over the proposed amendment, the Court ordered Defendant to consider the First

Amendment implications of such an amendment:

> Blue's motion to strike the fifth counterclaim [for outrage] is DENIED. However,
> the Court does have concerns about Woffinden's fifth counterclaim. First, the
> counterclaim is, by its plain language, a claim for outrage, so to the extent
> Woffinden wishes to bring a claim for defamation instead, she must amend her
> complaint to make that clear. Because the Court can foresee no prejudice to Blue,
> the Court grants Woffinden leave to do so. Second, if Woffinden chooses to
> amend her counterclaim to state a claim for defamation, she should consider how
> the First Amendment might affect her claim. <u>See</u> *Phila. Newspapers, Inc. v.
> Hepps*, 475 U.S. 767, 772-75 (1986); *Dworkin v. Hustler Magazine Inc.*, 867 F.2d
> 1188, 1196-97 (9th Cir. 1989).

Order at 8:1-8. Further, in denying Blue's request for sanctions in a related motion (*see* footnote

1 *supra*), this Court "acknowledge[d] Blue's concern about the potential for future

gamesmanship by Woffinden's counsel, and notes that repeated instances of similar behavior

should be avoided." <u>Id.</u> 10:8-10.

As dictated by Rule 12(a)(4)(A), ten days after the April 7 Order, Blue filed her answer to

the remaining counterclaims ("Answer to Counterclaims"). (*See* Docket No. 82.) Surprisingly, a

month after the April 7 Order, Woffinden filed Docket No. 97, her purported "Second Amended

---

[1] In the same Order, this Court also considered Blue's motion for sanctions on a related issue
(*See* Docket No. 23 (motion and brief), Docket No. 38 (reply brief)). This motion for sanctions
was brought based on Woffinden's bad faith conduct and unreasonable multiplication of the
proceedings becauseWoffinden had refused to consent to the filing of an amended complaint,
asserted that she would oppose Blue's motion to amend her complaint, but then did not oppose
the motion and failed to even file a notice of non-opposition. (*See* Docket No. 23. at 3:8-6-10.).

Vogele & Associates

Hon. Judge Illston
6/27/08
Page 3

Answer…". In that filing, Woffinden amended her earlier answer by attempting to convert the counterclaim for "outrage" to one alleging a claim for "defamation." For the reasons explained below, this Second Amended Answer should be struck from the record, and sanctions against Woffinden and her counsel should be awarded to Blue.

## **ARGUMENT**

Woffinden's Second Amended Answer must be struck as untimely under Federal Rule of Civil Procedure 15. Moreover, under <u>Foman v. Davis</u>, further leave to amend should not be granted. Finally, sanctions are appropriate and should be granted.

A.    *Woffinden's Second Amended Answer Is Untimely.*

The Federal Rules are clear as to the timing of amended pleadings before trial. Under Rule 15(a)(1)(A), Woffinden may amend a pleading "before being served with a responsive pleading." Blue timely filed her responsive Answer to Counterclaims on April 21.[2] Woffinden's Second Amended Answer was then filed more than two weeks after that date. Thus, under Rule 15(a)(1)(A), Woffinden's amendment is plainly untimely and must be struck.

Under Rule 15(a)(2), Woffinden may amend a pleading for which a response has already been served, but "only with the opposing party's written consent or the court's leave." Woffinden's Second Amended Answer was filed neither with the consent of Blue nor leave of the Court. Thus, the Second Amended Answer also fails to meet the requirements of Rule 15(a)(2) and so must be struck.

---

[2] Under Rule 12(a)(4)(A), if a court's order following the denial of a Rule 12 motion does not specify a date by which the answer is due, "the responsive pleading must be served within 10 days after notice of the court's action." Blue's Motion was grounded in Rules 12(b)(6) and 12(f). Blue's motion was, in relevant part, denied. Because the April 7 Order denying Blue's Motion specified no date by which Blue was bound to answer the remaining counterclaims, Blue's Answer to Counterclaims was due on or before April 21, 2008. Blue refrained from filing her Answer to Counterclaims until the final day on which such filing would be timely in order to allow Woffinden time to amend at that time, if she so wished.

Vogele & Associates

Hon. Judge Illston
6/27/08
Page 4

     B.     *Further Leave To Amend Should Not Now Be Granted.*

The Court should not grant Woffinden further leave to amend at this late date. Rule 15(a)(2) instructs the Court to grant leave "when justice so requires." In construing Rule 15(a), the Supreme Court, in <u>Foman v. Davis</u>, 371 U.S. 178 (1962), held that such leave could appropriately be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, [and] futility of amendment." <u>Id</u>. at 182. *See also* <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987) (reversing a lower court for failure to weigh these factors).

Under <u>Foman</u> and its progeny, the analysis here weighs strongly against granting leave to amend. There can be little doubt that Woffinden's Second Amended Answer – seeking vaguely to allege a claim of defamation based on Blue's writings on her blog – is frivolous. This Court implied as much in instructing Woffinden to "consider how the First Amendment might affect her [defamation] claim." April 7 Order at 8:5-8 (citing *Phila. Newspapers*, 475 U.S. at 772-75; *Dworkin*, 867 F.2d at 1196-97). *See also* Blue's Motion to Strike at 14:2-17:20 (arguing that Woffinden could not establish a probability of success on her fifth counterclaim – whether for outrage or for defamation – based on Blue's free speech rights under the First Amendment). The Second Amended Answer makes highly superficial and minimal changes to the "outrage" claim in attempting to restate it as a defamation claim. *Compare* Answer to FAC at 27:2-23 *with* Second Amended Answer at 26:6-26 (merely deleting a single sentence from paragraph 17 of the original outrage claim and changing the word "outrage" to "defamation" once in paragraph 19). The claim offers zero detail as to what statement(s) by Blue is allegedly defamatory. Thus, for the same reasons stated in Blue's Motion to Strike at 14:2-17:20 regarding the outrage claim, the alleged defamation claim is frivolous, and leave to amend should not be granted.

Vogele & Associates

Hon. Judge Illston
6/27/08
Page 5

Moreover, the amendment will prejudice Blue. Coming so far after the Rule 15 deadline, Woffinden's Second Amended Answer seeks to insert a new claim into this proceeding long after the time when such an addition would have been proper. At this time, Blue has conducted discovery, obtained declarations, subpoenaed documents from numerous third parties, negotiated towards settlement, and prepared for summary judgment without consideration of this late claim for defamation. To permit such a claim now would prejudice Blue and upset the case schedule.

Finally, the Second Amended Answer was filed with undue delay and in bad faith. Specifically, the Second Amended Answer was filed a month after the Court's grant of leave to amend and weeks after Blue's responsive filing. Indeed, Blue waited the full ten days to file her answer in order that Woffinden would have time to amend if she so wished. There was no reason –Woffinden's counsel has offered not a single reason – for the delay in her filing the Second Amended Answer. Further, as noted in this Court's order denying sanctions, Blue and this Court share concerns "about the potential for … gamesmanship by Woffinden's counsel." April 7 Order at 10:9. Here, the continued gamesmanship of Woffinden and her counsel – evidenced by their ignoring the rules of procedure and assertion of frivolous claims – underscores the bad faith in her filing of the Second Amended Answer and refusal to voluntarily withdraw the pleading.

C.    *Sanctions Are Appropriate Here For Woffinden And Her Counsel's Needless Multiplying the Proceedings and Continued Gamesmanship.*

During the meet and confer process regarding the substance of this motion, the undersigned counsel explained fully the basis for this motion to counsel for Woffinden. This was in person during the settlement conference, and also through email. Ignoring Rule 12 and 15, Woffinden's counsel has relied solely on the April 7 Order stating that Woffinden had "LEAVE TO AMEND the fifth (now fourth) counterclaim to reflect that the claim is one for defamation." (*See* Exhibit **A**.) Taken to its logical conclusion, and in total disregard for the requirements of Rule 15, Woffinden position is that the April 7 Order grants her leave to amend the counterclaims at any time she wishes, even up to the day before trial. Such a position is clearly

Vogele & Associates

Hon. Judge Illston
6/27/08
Page 6

without merit. As such, Woffinden and her Counsel should be sanctioned for their failure to follow the rules and for their needless multiplication of the proceedings in this matter.

Very truly yours,

**Vogele & Associates**

*/s/*

Colette E. Vogele

CEV/ma

*Enclosures:*
*Email correspondence dated 5/13/08*

# EXHIBIT A

From:  Robert Apgood <rob@carpelaw.com>
Subject:  **Re: Blue v. Johnson - withdrawal of Docket No. 97**
Date:  May 13, 2008 5:30:06 PM PDT
To:  Colette Vogele <colette@vogelelaw.com>

Robert Apgood
In Address Book

Dear Ms. Vogele:

Please refer to Judge Illston's Order at Docket No. 73 granting Defendant Woffinden LEAVE TO AMEND the fourth counterclaim (which she did by deleting the claim), and LEAVE TO AMEND the fifth (now fourth) counterclaim to reflect that the claim is one for defamation.

You are, of course, free to engage in whatever motions practice you deem fit.  However, please be advised that IF you file the motion you threaten below, we shall necessarily oppose it as frivolous.  Your threats of seeking sanctions are becoming wearisome.

In the future, please refrain from needless imposition on my time and my client's scant fiscal resources requiring me to respond to issues that you could easily resolve by listening to the court's orders issued from the bench and by reading the court's written orders inserted into the case file.

Regards,
RobertS. Apgood

At 03:06 PM 5/13/2008, you wrote:

Dear Mr. Apgood,

On May 7, it appears Defendant filed a document entitled "Defendant Woffinden's Second Amended Answer To Plaintiff's First Amended Complaint, Affirmative Defenses, Counterclaims, Prayer For Relief And Jury Demand." (Docket No. 97.) I am writing to request that Defendant withdraw that document voluntarily from the record since it is untimely and further because Defendant failed to seek leave of court before filing it. *See* Fed. R. Civ. P. 12, 15.

Please let me know as soon as possible whether Defendant will voluntarily withdraw Docket No. 97 from the record. If she refuses, we will be forced to bring yet another motion in this matter and we will seek sanctions for the time and costs in bringing such a motion.

Thank you for your prompt attention to this matter.

Very truly yours,

Colette Vogele