# CARPELAW PLLC

2400 NW 80th Street     #130     Seattle, Washington 98117
Phone: 206-624-2379     Fax: 206-784-6305
carpelaw.com

**Robert S. Apgood**
rob@carpelaw.com

July 6, 2008

The Honorable Susan Illston
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 10 (19th Floor)
San Francisco, CA 94102

> **Re:   Blue v. Johnson, *et al.*, Case No. 07-05370**
> **Defendant's Response to Plaintiff's Letter (Dkt. # 112) Requesting the Court to Strike Defendant's Amended Answer (Dkt. # 97)**

Dear Judge Illston:

      During the June 20, 2008 Case Management Conference, Your Honor asked Ms. Vogele, counsel for Plaintiff Violet Blue, to submit a letter brief concerning Defendant Woffinden's Second Amended Answer filed May 7, 2008 (Dkt. # 97). Ms. Vogele filed a letter brief on behalf of Plaintiff Blue on June 27, 2007 (Dkt. # 112) wherein Plaintiff Blue moved this Court to strike Defendant Woffinden's Second Amended Answer. This letter brief is in response to Ms. Vogele's letter brief of June 27, 2007.

## FACTS

      Defendant Woffinden filed her First Amended Answer on February 4, 2008. *See Defendant Woffinden's First Amended Answer* ("First Amended Answer") (Dkt. # 29). In Defendant Woffinden's Amended Answer, Ms. Woffinden alleged counterclaims to Plaintiff Blue's Complaint that included the following: (1) a counterclaim for declaratory relief seeking a declaratory judgment of non-infringement by Defendant Woffinden ("First Counterclaim"), (2) a counterclaim for declaratory relief seeking a declaratory judgment that Plaintiff Blue's mark is

not famous ("Second Counterclaim"), (3) a counterclaim for cancellation of Plaintiff Blue's federal trademark application ("Third Counterclaim"), (4) a counterclaim for trademark infringement by Plaintiff Blue ("Fourth Counterclaim"), and (5) a counterclaim for outrage ("Fifth Counterclaim").

On February 25, 2008, Plaintiff Blue responded to Defendant Woffinden's Amended Answer with a motion to strike Ms. Woffinden's Fifth Counterclaim for outrage pursuant to California's anti-S.L.A.P.P. statute, Cal. Code of Civ. P. § 425.16, and to dismiss the Third and Fourth Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6). *See Plaintiff's Motion to Strike Counterclaims* (Dkt. # 42).

In an order dated April 7, 2008, this Court denied Plaintiff Blue's motion to strike Defendant Woffinden's Fifth Counterclaim for outrage. *See Order Re: Plaintiff's Motion to Strike* ("Order") (Dkt. # 73), 7:27 – 8:8. In that Order, the court stated the following expressly:

> However, the Court does have concerns about Woffinden's fifth counterclaim. First, the counterclaim is, by its plain language, a claim for outrage, so *to the extent Woffinden wishes to bring a claim for defamation instead, she must amend her complaint to make that clear. Because the Court can foresee no prejudice to Blue, the Court grants Woffinden leave to do so.* Second, if Woffinden chooses to amend her counterclaim to state a claim for defamation, she should consider how the First Amendment might affect her claim. *See Phila. Newspapers, Inc. v. Hepps*, 475 U.S. 767, 772-75 (1986); *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1196-97 (9th Cir. 1989).

*Id.* at 8:2-8 (emphasis added).

With respect to Plaintiff Blue's motion to dismiss Defendant's Woffinden's Third Counterclaim for cancellation, the court denied Ms. Blue's motion as moot. *Id.* at 8:15-18 "Since the filing of Blue's motion to dismiss, however, the United States Patent and Trademark Office issued the registration for Blue's trademark. Woffinden argues that this development moots Blue's motion to dismiss, and Blue agrees. The Court therefore DENIES AS MOOT Blue's motion to dismiss." *Id.*

Regarding Defendant Woffinden's Fourth Counterclaim for infringement, the Court granted Plaintiff Blue's motion to dismiss, but stated also that "*Woffinden will be granted leave to amend her fourth counterclaim*, but in doing so must adhere carefully to the requirements of Rule 11 and must conduct a reasonable inquiry to determine whether she is legitimately in doubt about the likelihood of confusion. Absent legitimate doubt, the Court will not look favorably upon such amendment. *Id.* at 9:25 – 10:2 (emphasis added).

Plaintiff Blue filed her answer to Defendant Woffinden's counterclaims on April 21, 2008. *See Plaintiff's Answer to Counterclaim* (Dkt. # 82).

As per this Court's April 7, 2008 Order, Defendant Woffinden filed her Second Amended Answer on May 7, 2008 to amend her Third, Fourth, and Fifth Counterclaims. *See Defendant's Second Amended Answer* ("Second Amended Answer") (Dkt. # 97).

During the June 20, 2008 Case Management Conference with the Court, Ms. Vogele, counsel for Plaintiff Blue, expressed her belief to the Court that Defendant Woffinden's Second Answer is untimely. This Court requested a letter brief on the issue from the Plaintiff to be due June 27, 2008, with Defendant Woffinden's response due July 7, 2008. Ms. Vogele filed Plaintiff Blue's letter brief on June 27, 2008. *See Letter from Plaintiff Blue regarding Motion to Strike* ("Plaintiff's Letter") (Dkt. # 112). In that letter, Plaintiff Blue espoused the belief that, because Fed. R. Civ. P. 12(a)(4)(A) requires a responsive pleading to be filed within ten days following the denial of a Rule 12 motion, Defendant Woffinden had ten days to amend her counterclaims pursuant to the Court's April 7, 2008 Order. *Plaintiff's Letter* at p. 2, n. 2.

## ARGUMENT

**A.    Defendant Woffinden's Second Amended Answer is not untimely because this Court granted Ms. Woffinden leave to amend.**

Plaintiff Blue's counsel has employed a rather novel reading of Fed. R. Civ. P. 15(a) to reach the conclusion that Defendant Woffinden's Second Amended Answer is untimely. According to Plaintiff Blue, because Rule 15(a)(1)(A) only allows amendment to a pleading as a

Honorable Susan Illston
July 6, 2008
Page 4 of 4

matter of course prior to service of a responsive pleading, Ms. Woffinden could only amend her answer pursuant to this Court's April 7 Order *before* Plaintiff Blue answered Ms. Woffinden's First Amended Answer and Counterclaims.  Otherwise, in accordance with Rule 15(a)(2), unless Plaintiff Blue gave her written consent to amend or *further* leave was granted by the Court, Defendant Woffinden could not amend.  Furthermore, Plaintiff Blue alleges that she was required by operation of Rule 12(a)(4)(A) to file her response to Ms. Woffinden's First Amended Answer within ten days after notice of the Court's April 7 Order, and that Ms. Woffinden was required to amend her First Amended Answer within that ten days *as well as prior to Plaintiff Blue's* response to the First Amended Answer.  Plaintiff Blue's argument, however, totally ignores the fact that this Court has *already granted* leave to Defendant Woffinden to amend her First Amended Answer.  Moreover, following Plaintiff Blue's interpretation of the interaction between Rules 12 and 15 would have absurd results when considered in light of this Court's April 7 Order.

    Rule 12(a)(4)(A) sets the outer temporal limit for the filing responsive pleadings following Court action regarding a Rule 12 motion.  Rule 12(a)(4)(A) makes no mention of the *minimum* time that must elapse after such Court action *before* such a responsive pleading must be filed.  Thus, to take Plaintiff Blue's argument to its illogical extreme, Plaintiff Blue could have filed her answer to Defendant Woffinden's First Amended Answer *the same day* that this Court granted Ms. Woffinden leave to amend her First Amended Answer.  Thus, because Rule 15(a)(2) would only allow amendment after a responsive pleading is filed with the written consent of the opposing party or leave of the Court, Ms. Woffinden would, *the same day she was granted leave to amend*, be required to return to this Court to seek leave to amend *again*. Plaintiff Blue argues that Defendant Woffinden's position regarding the April 7 Order is that the Order "grants her leave to amend the counterclaims <u>at any time she wishes</u>, even up to the day before trial."  *Plaintiff's Letter*, p. 5 (emphasis in original).  However, Plaintiff Blue's strained

Honorable Susan Illston
July 6, 2008
Page 5 of 5

analysis would have the illogical effect of granting Plaintiff Blue the ability to *completely negate* this Court's Order of April 7. Plaintiff Blue's argument defies credulity and common sense.

Plaintiff Blue has offered *no* authority to support her position that the Federal Rules of Civil Procedure would allow for such a strange result. Plaintiff Blue does, however, point out that she waited the full ten days before filing her answer to Defendant Woffinden's First Amended Answer. Apparently, Plaintiff Blue would offer her own behavior in an attempt to lend credence to her untenable position with respect to the FRCP. However, despite Plaintiff Blue's refrain from filing her answer to Defendant Woffinden's First Amended Answer for the full ten days, this fact does not negate the fact that she could have, according to her own interpretation, filed her answer immediately, thereby nullifying this Court's April 7 Order. Regardless of Plaintiff Blue's reading of Rules 12 and 15, and her belief that her actions subsequent to the April 7 Order lend credence to her interpretation of the FRCP, her conclusion that Defendant Woffinden's Second Amended Answer was untimely is erroneous. The Federal Rules simply cannot be read to allow a single party the ability to unilaterally usurp an order of the Court within mere minutes of its issuance.

**B.     Sanctions are inappropriate because Defendant Woffinden's filing of her amended was in no way designed to be dilatory or "gamesmanship" but was rather simply filed in accordance with leave granted by this Court on April 7.**

Plaintiff Blue expresses surprise that that Defendant Woffinden filed her Second Amended Answer on May 7, 2008. However, Plaintiff Blue ignores the fact that the April 7 order granting Defendant Woffinden leave to amend the First Amended Answer was just as accessible to Plaintiff Blue as it was to Defendant Woffinden. Therefore, though Plaintiff Blue has stated that she "waited the full ten days" before filing her answer to the First Amend Answer, she provides no explanation why her counsel did not make a simple phone call or send an e-mail to Defendant Woffinden's counsel to determine (1) if Defendant Woffinden's Second Amended

Honorable Susan Illston
July 6, 2008
Page 6 of 6

Answer would be forthcoming, and (2) if Defendant Woffinden would seek default on her remaining counterclaims as alleged in her First Amended Answer should Plaintiff Blue fail to answer them by April 21.  Just such a communication would reveal to Plaintiff Blue that (1) Defendant Woffinden's Second Amended Answer was forthcoming, and (2) that, because Defendant Woffinden's counsel did not share Plaintiff Blue's strained interpretation of the FRCP and this Court's April 7 Order, Defendant Woffinden would not in any way seek default on the First Amended Answer.  While Plaintiff Blue may find it surprising that Defendant Woffinden amended her First Amended Answer after being granted leave to do so, Defendant Woffinden found Plaintiff Blue's filing of her answer to the First Amended Answer just as surprising.

Defendant Woffinden was merely acting in accordance with leave granted by this Court to amend her First Amend Answer to conform with this Court's April 7 Order.  This was the *only reason* that Defendant Woffinden amended her First Amended Answer.  Plaintiff Blue and Defendant Woffinden and their respective counsel clearly have differing interpretations of the effect of this Court's April 7 Order and its interoperation with Rules 12 and 15, but this differing understanding was not the result of gamesmanship or dilatory conduct by Defendant Woffinden or her counsel.  Rather, it simply was what it was – a difference of opinion – and nothing more.  Defendant Woffinden's position with respect to her amendment of the First Amended Answer is clearly demonstrated by Exhibit A to Plaintiff's Letter, wherein Defendant Woffinden's counsel expressed the rationale for Defendant Woffinden's filing of her Second Amended Answer.  *See Plaintiff's Letter* at Exhibit A.

Defendant Woffinden is beginning to tire of Plaintiff Blue's accusations of multiplication of proceedings and gamesmanship.  Rhetorically, Defendant Woffinden must ask how her or her counsel's conduct is in any way multiplying proceedings when a quick glance at the docket reveals that it is Plaintiff Blue that has made over half of the filings listed there.  Moreover, it is Plaintiff Blue that has served upon Defendant Woffinden multiple and extensive discovery requests and subpoena.  A glance at the docket reveals that, aside from a motion for admission

Honorable Susan Illston
July 6, 2008
Page 7 of 7

*pro hac vice*, Defendant Woffinden's answers and counterclaims, and responses in opposition to Plaintiff Blue's motions, Defendant Woffinden has basically made no filings in this matter.

As expressed to Ms. Vogele, Plaintiff Blue is free to engage in whatever motion practice she should see fit. *Plaintiff's Letter* at Exhibit A. However, Defendant Woffinden's position is what it is, and Plaintiff Blue's position is what it is. While the two positions may be inapposite, this does not mean that any gamesmanship was involved. Rather, this merely represents a difference of opinion that necessarily arises as a result of the adversarial process, especially where, as has been demonstrated here, the Rules and case law provide no clear guidance. Yet Plaintiff Blue would have this court believe that the difference of opinion described above is the result of gamesmanship and the unnecessary multiplication of proceedings. However, Defendant Woffinden must ask this question: "what possible benefit would result from multiplying these proceedings?" To offer a purely pragmatic answer, there would be no benefit to Defendant Woffinden or her counsel. Defendant Woffinden has scant fiscal resources just as her attorney has limited time. Defendant Woffinden has no interest in multiplying the attorney's fees that *both parties* would necessarily owe their respective counsel by *additionally* multiplying these already extensive proceedings. Defendant Woffinden's counsel has no interest in expending his already scarce time by multiplying these proceedings.

Ultimately, this Court will decide the outcome of this difference of opinion. That is the nature of litigation. Plaintiff Blue offers only this difference of opinion as evidence of Defendant Woffinden's "gamesmanship" and "dilatory conduct." Yet Defendant Woffinden has no reason to additionally multiply these proceedings and emphatically denies that any gamesmanship or dilatory conduct was involved in her filing of the Second Amended Complaint. Defendant Woffinden and her counsel are very much aware of Rule 12 and 15 and their implications on the amendment of pleadings. Defendant Woffinden believed – and still believes – that because this Court granted Defendant Woffinden leave to amend her First Amended Answer, Defendant Woffinden had the ability to do so. Because Defendant Woffinden *in no way* intended to

Honorable Susan Illston
July 6, 2008
Page 8 of 8

multiply these proceedings or engage in dilatory conduct through the filing of the Second Amended Answer, this Court should not sanction Defendant Woffinden or her counsel for filing the Second Amended Answer.

**C.    Plaintiff Blue's Motion to Strike is ultimately moot because the parties have already settled this matter and Plaintiff Blue's continued pursuit of this litigation is, in itself, an unnecessary multiplication of these proceedings.**

As evidenced by the Minute Entry of the Settlement Conference in this matter before Judge Elizabeth LaPorte, *see Minute Entry of Settlement Proceedings* (Dkt. # 104), this matter has been *settled*.  Counsel for both parties appeared before Judge Laporte on May 22, 2008 and articulated on the record the basic framework for their agreement to settle this matter.  As articulated by the parties, Plaintiff Blue agreed to dismiss her claims against Defendant Woffinden in exchange for Defendant Woffinden's agreement to, *inter alia*, perform the following:  (1) dismissal of Defendant Woffinden's counterclaims, (2) transfer the Internet domain VIOLETBLUE.ORG from Defendant Woffinden to Plaintiff Blue, (3) cessation of Defendant Woffinden's use of Violet Blue as her stage name, and (4) Defendant Woffinden's provision of responses to certain discovery requests proffered by Plaintiff Blue.

Since May 22, Plaintiff Blue has claimed that Defendant Woffinden has repudiated the settlement agreement articulated by the parties.  According to Plaintiff Blue, the dates provided for performance on the agreement by Defendant Woffinden were conditions precedent to the parties' agreement, and, because Defendant Woffinden was unable to perform by those dates, Defendant Woffinden repudiated the agreement.  While Defendant Woffinden's nonperformance by those dates is clearly excusable due to her inability to perform,[1] and Defendant Woffinden

---

[1] For instance, part of the settlement agreement required Defendant Woffinden to provide Plaintiff Blue with her tax filings for the past seven years.  To obtain her tax filings, Defendant Woffinden was required to file an IRS Form 4506T (Request for Transcript of Tax Return).  Defendant Woffinden filed the Form 4506T, but when the IRS will provide a response is anyone's guess.

Honorable Susan Illston
July 6, 2008
Page 9 of 9

believes that the dates contained in the settlement terms articulated to Judge LaPorte were aspirational rather than conditional, these facts and arguments are as moot as the instant motion.

As of July 1, 2008, counsel for Plaintiff Blue accepted transfer of ownership of the domain VIOLETBLUE.ORG from Defendant Woffinden. By accepting Defendant Woffinden's performance on the agreement, Plaintiff Blue is now estopped from claiming repudiation by Plaintiff Blue. Moreover, Defendant Woffinden has provided responses to Plaintiff Blue's discovery requests as required by the settlement agreement.

The parties to this motion have an agreement in principle to settle their respective claims against one another. Defendant Woffinden has performed on this agreement and Plaintiff Blue has accepted performance. *Both* parties' time and money would be better spent by finalizing settlement of their respective claims as both have agreed. By continuing to pursue motions practice concerning ultimately moot issues, the only multiplication of this litigation is apparently coming not from Defendant Woffinden, but instead from Plaintiff Blue.

## CONCLUSION

For the reasons set forth above, Defendant Woffinden respectfully requests that this Honorable Court DENY Plaintiff Blue's Motion to Strike Defendant Woffinden's Second Amended Answer and DENY Plaintiff Blue's request for sanctions. As articulated before Judge LaPorte on May 22, Defendant Woffinden continues to abide by her desire to settle these matters. Defendant Woffinden therefore also respectfully requests that this Honorable Court ORDER further settlement proceedings as may be necessary to resolve this matter, and also respectfully requests this Honorable Court ORDER Plaintiff Blue pay Defendant Woffinden's costs and fees associated with answering Plaintiff Blue's letter brief because it is ultimately a moot point in light of the settlement by the parties.

Honorable Susan Illston
July 6, 2008
Page 10 of 10

                         Sincerely,

                         CARPELAW PLLC

                         *s/ Robert S. Apgood*
                         Robert S. Apgood

Case 3:07-cv-05370-SI    Document 115    Filed 07/07/2008    Page 10 of 10