VOGELE & ASSOCIATES
Attorneys and Advisors

Colette Vogele, Esq.
colette@vogelelaw.com

July 9, 2008

The Honorable Susan Illston
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 10 (19th Floor)
San Francisco, CA 94102

*Re: Blue v. Johnson (a/k/a Woffinden) et al., N.D. Cal. Case No. 07-05370-SI*

Dear Judge Illston,

     Plaintiff Violet Blue ("Blue"), having received Defendant's Response to Plaintiff's Letter ("Response," Docket No. 115), filed by Defendant Ada Mae Johnson a/k/a Ada Woffinden ("Defendant") on July 7, 2008, provides this short reply to clarify the record regarding Defendant's claim that this matter is settled.

     Despite the claims made in her Response, this case has not been settled. In making such an assertion, Defendant completely ignores the fact that the parties appeared before Your Honor on June 20 for a case management conference. At that conference, Blue explained that Defendant failed to meet the contingencies of the settlement the parties had reached. This Court's own record reflects that understanding. See Civil Pretrial Minutes dated June 24, 2008, Docket No. 111 (noting that "[t]he parties are *discussing* settlement.") (*emphasis added*).

     What Defendant describes as "aspirational" dates for delivery were undoubtedly contingencies, as acknowledged by Blue, Magistrate Judge Laporte, and even Defendant herself. *See* Transcript of Settlement Proceedings ("Transcript"), Docket No. 107 at 2:14-22 ("THE COURT: … I think the settlement has been reached … *subject to a couple of specific contingencies* that will be recited … the settlement is intended to be binding and effective as of today – or *as of when the contingencies are removed*, I should say … we're intending to create a record today that is enforceable, *subject to those contingencies*."). *See also* id. at 2:25 (Defense counsel Mr. Apgood agreeing with Magistrate Judge Laporte's above-quoted statement), id. at 3:20 – 4:11 (Plaintiff's counsel Ms. Vogele enumerating the "contingent terms.") Defendant's failure to meet these contingencies on the dates noted – a failure Defendant readily admits – has resulted not in a settlement that has been "repudiated" by Defendant (as Defendant alleges Blue contends), but in no settlement at all.

     Despite Defendant's claims to the contrary, the doctrine of estoppel is not implicated. Defendant's responses to Blue's discovery requests were required by Rules 26, 33, 34, and 35 of the Federal Rules of Civil Procedure, not merely because of the settlement negotiations. Also,

Vogele & Associates

Hon. Judge Illston
7/9/08
Page 2

while it is true that the www.violeblue.org domain is now being held in trust by the undersigned counsel, this does not mean that Blue has "accepted" the settlement. If this fact is of any consequence, the domain should be moved into an escrow account pending the outcome of this matter, with both parties to share those costs equally.[1] Further, because of the timing of the original and contingent settlement terms, Defendant's claim that the transfer of the domain constituted binding "accept[ance]" of the settlement by Blue cannot be squared with a plain reading of the Transcript. To meet the contingent terms she herself agreed to, Defendant was to have turned over the website four days *before* she was required to meet the contingency regarding subpoenas issued to the Internal Revenue Service, seven days *before* meeting the contingency requiring that she answer Blue's discovery requests, and for longer still as the parties await the IRS response on which the settlement was also contingent. Clearly, it is Defendant who is mistaken about the status of this case as "settled."

Finally, Defendant has failed to mention the critical fourth contingency: that the documents produced by Defendant and received from the IRS prove up Defendant's claim of indigence. *See* Transcript at 4:8-11. Because documents already received by Blue from these sources belie Defendant's claims of financial indigence, there can be no settlement today under any reading of the terms. Simply put, no amount of performance by Defendant could render the original settlement effective.[2]

Very truly yours,

Vogele & Associates

/Colette Vogele/

Colette Vogele

CEV/ma

---

[1] Since Defendant is currently enjoined from making use of that domain, we submit that this arrangement -- whether the domain is held in escrow or in trust -- represents a distraction from the real issues here. *See* Order Granting Plaintiff Blue's Notice of Motion and Motion for Preliminary Injunction, Docket No 99, at 2:21-25. In any event, while the domain is held in trust it will remain inactive with no content to be hosted there.

[2] As explained clearly at the case management conference on June 20, 2008, in the parties' Joint Case Management Conference Statement (*See* Joint Case Management Conference Statement at 5:22-23, and in correspondence with Judge Laporte and Defendant's counsel, Blue does remain ready and willing to continue settlement discussions with Defendant simultaneous with litigation. Defendant, however, has made not one proposal of settlement. In short, Plaintiff does not have the luxury of waiting indefinitely for Defendant to follow through on the promises she makes. Blue is committed to doing what she must to bring this litigation to its conclusion in the shortest possible time, whether by judgment from this Court or through settlement.