COLETTE VOGELE (SBN 192865)
Email: colette@vogelelaw.com
BENJAMIN COSTA (SBN 245953)
Email: ben@vogelelaw.com
**VOGELE & ASSOCIATES**
12 Geary Street, Suite 701
San Francisco, CA 94108
Tel: (415) 391-3311
Fax: (415) 358-4975

Attorneys for Plaintiff and Counter-defendant
VIOLET BLUE

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIOLET BLUE, an Individual,<br><br>    Plaintiff and Counter-defendant,<br><br>    v.<br><br>ADA MAE JOHNSON a/k/a ADA WOFFINDEN, an individual d/b/a VIOLET BLUE a/k/a VIOLET a/k/a VIOLET LUST; et al.<br><br>    Defendants and Counter-claimants. | Case No. C 07-5370 SI<br><br>**EX PARTE APPLICATION FOR AN ORDER TO SHOW CAUSE RE: DEFENDANT'S COMPLIANCE WITH PRELIMINARY INJUNCTION AND JUNE 24, 2008 ORDER**<br><br>The Honorable Susan Illston<br>Courtroom 10, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Violet Blue ("Blue") will and hereby does move the Court ex parte pursuant to Local Civil Rule 7-10 for an Order to Show Cause regarding Defendants compliance with paragraph 4 of the Preliminary Injunction Order issued on May 12, 2008 [*see* Exhibit A hereto (Docket No. 99) ("PI Order")] and this Court's Order of June 24, 2008 [*see* Exhibit B hereto (Docket No. 111) ("June 24 Order")]. This motion is based upon this ex parte notice, the Memorandum of Points and Authorities herein and the exhibits attached hereto, the pleadings and papers on file.

The undersigned counsel submits that a copy of this motion has been faxed and emailed to Defendant's counsel, Robert Apgood, and the undersigned has attempted to reach Mr. Apgood by phone to alert him to the substance of this ex parte application. The undersigned also has informed Mr. Apgood that any response to this application should be emailed to the Court's clerk, Ms. Sutton, in addition to being filed through the ECF system, and that such response should be filed as soon as possible given the Court's unavailability after September 3, 2008.

## MEMORANDUM OF POINTS AND AUTHORITIES

Paragraph 4 of the PI Order requires Defendant to serve the PI Order on "all individuals and/or entities who distribute any films, videos, DVDs, images audio and/or audiovisual materials that include [Defendant] appearing under the name "Violet Blue" and/or any name confusingly similar to Plaintiff's trademark VIOLET BLUE (including 'Violetta Blue')." [*See* Exh. A (PI Order) at 2:1-4.] At the June 20, 2008, Case Management Conference, based on Plaintiff's concern that the PI Order had not properly been served, this Court ordered Defendant to "file a list of the distributers that the preliminary injunction order was served on." [*See* Exh. B (June 20 Order) at 1.] Defendant thereafter filed a document entitled "Notice of Third-Party Notification." [*See* Exhibit C hereto (Docket No. 113 & 113-2).] This incomplete[1] "Notice", however, is simply a print out of a list of names from Defendant's Yahoo! email address book. Other than "names" -- and in some cases not even a real or complete "name" -- the "Notice" does not provide further detail concerning the persons or entities served or when they were served, nor does it include a declaration or certificate under oath of service of the PI Order.[2] Accordingly,

---

[1] Defendant's "Notice" also states that "[i]n addition to the individuals and entities listed in the address book, a list of individuals contacted by telephone *is forthcoming* as an addendum to the attached list." [*See id.* at 1:23-24 (emphasis added).] Plaintiff has received no such list and the docket does not include such an addendum. Defendant's "Notice" also states that "[t]he Defendant lacks the information necessary to contact Vivid, Wicket, VCA, Playboy TV and HBO, but is pursuing that contact information." [*Id.* at 2:1-2.] Again, no further communication has been received nor has Defendant amended her "Notice" to reflect having completed service on these parties. Contact information for all of these entities is, of course, available via the internet at the website of the entity itself, or through their respective secretary of state records.

[2] In responding to discovery (discussed in the next paragraph), Defendant appears to have provided the email addresses of individuals in her Yahoo! address book, however the email list provided in discovery is longer and different from the list provided to the court in the "Notice." Plaintiff is thus without clarity of who was served, and the manner and timing of such alleged service.

the "Notice" filed by Defendant does not provide sufficient evidence that the PI Order was actually served on the relevant third parties. *See* Fed. R. Civ. P. 5(b)(2); *id.* 5(d). Indeed, it appears that all that has happened since the Court issued its PI Order on May 12 is that Defendant herself may have sent an email to some third parties (but no copy of any email(s) has been provided to Plaintiff or this Court), and she may have telephoned some of these third to tell them about the injunction. These efforts do not amount to "service" under the Federal Rules.

Furthermore, Plaintiff has sought discovery regarding Defendant's compliance with paragraph 4 of the PI Order. Defendant's discovery responses were received by Plaintiff's counsel on July 10, 2008. [*See* Exhibit D hereto (Plaintiff's Second Set of Requests for Production to Defendant and [Defendant's] Responses Thereto) (partially redacted to conceal email and address information).] In these document request responses, Defendant describes her compliance with the Court's PI Order by purportedly emailing the PI Order from an email account that she has since deleted. [*See id.* at 7 ("The email account from which the notifications and copies of the injunction were sent … was deleted upon completion of the mailings. See documents produced herewith showing recent notifications.").] Her responses also indicate that Defendant has enlisted the assistance of a reporter for an adult industry publication and requested that the reporter publicize Defendant's new stage name and also the existence of the injunction. [*See id.* at 7:14 (referencing http://www.avn.com/law/articles/30259.html).] Setting aside the possible spoliation of evidence concerns regarding Defendant's deletion of the email account, it is clear that Defendant's conduct does not constitute "service" under Rule 5 of the Federal Rules of Civil Procedure. In short, it appears that neither Defendant nor her counsel have served the Order on third parties as required by the PI Order and Your Honor's June 24 Order.[3]

///
///
///
///

---

[3] Importantly, no proof of service or certificate has been filed or offered by Defendant. Such proof or certificate would be under oath and subject to at least the protections against perjury and Rule 11 abuses. Plaintiff is mystified by Defendant's apparent disregard for basic procedural and substantive protections provided by the Courts and legal process generally.

1  For the foregoing reasons, Plaintiff hereby respectfully requests that the Court issue an
2  Order to Show Cause regarding Defendants compliance with paragraph 4 of the PI Order and
3  this Court's Order of June 24, 2008.

4  Dated: September 2, 2008

VOGELE & ASSOCIATES

By:   /S/
Colette Vogele
Attorneys for Plaintiff VIOLET BLUE

PLAINTIFF BLUE'S [DESCRIBE]                              i