Robert S. Apgood (Pro Hac Vice)
**CARPELAW PLLC**
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
Email: rob@carpelaw.com

John Jeffrey Carter
329 Flume Street
Chico, CA 95927-3606
Telephone: 530-342-6196
Facsimile: 530-342-6195

Attorneys for Defendant Ada Mae Woffinden *nee* Johnson

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| VIOLET BLUE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ADA MAE JOHNSON, *et al.*,<br><br>　　　　Defendant. | CASE NO.  CV 07-05370 SI<br><br>**DEFENDANT WOFFINDEN'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS**<br><br>Assigned to Hon. Susan Illston<br>Courtroom 10, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on October 17, 2008, at 9:00 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 10 (19th Floor) of the Honorable Susan Illston, Defendant Ada Mae Woffinden *nee* Johnson will and hereby does move the Court pursuant to Federal Rule of Civil Procedure 15(a) for leave to file her Third Amended Answer To Plaintiff's First Amended Complaint,

Affirmative Defenses, Counterclaims, Prayer For Relief And Jury Demand to include a new claim for conversion. This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the proposed Third Amended Answer, the pleadings and papers on file, and such other arguments as may be presented in the Reply and at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   STATEMENT OF FACTS

1. On May 22, 2008, the parties entered into settlement negations under the guidance of and with the assistance of the Honorable Magistrate Judge Elizabeth Laporte.
2. The parties reached a settlement agreement that contained contingent terms that had to be satisfied prior to the conversion of the preliminary injunction to a stipulated permanent injunction, to wit:
    a. the transfer of the domains "violetblue.org" and "xxxvioletblue.org" from Defendant to Plaintiff.
    b. the service of subpoenas upon the Internal Revenue Service seeking historical records of Defendant's tax filings;
    c. the production of certain records in response to discovery requests propounded to Defendant by Plaintiff; and that the records confirm Defendant Woffinden's financial status.
3. Each of these items had a date for delivery attached to it.
4. Defendant met each of her obligations for delivery of items 2 (b) & (c), but did not meet the dates for delivery attached to each item.[1]
5. Because Defendant did not meet the date deadlines attached to each item, Plaintiff disputed that the settlement existed alleging that Defendant had not met the contingencies.
6. On June 24, 2008, Mr. Apgood received an electronic mail message from Mr.

---

[1] Defendant did not subpoena records from the IRS due to IRS policy that all such records must be requested using the IRS form (4506T) specifically designed for these types of requests, which Defendant used for the request.

        Benjamin Costa regarding some delays he encountered when attempting to facilitate the transfer of the "violetblue.org" domain.

7. At some time on or after June 24, 2008, the "violetblue.org" domain was transferred into the possession, custody and control of Ms. Colette Vogele by Plaintiff Blue and/or her agent.

8. Prior to Plaintiff Blue or her agent transferring the "violetblue.org" domain into the possession, custody and control of Ms. Vogele, the domain was owned exclusively by Defendant Woffinden.

9. The "xxxvioletblue.org" domain is not owned by Defendant/Counterclaim Plaintiff Woffinden, so it is not hers to give.

In light of these facts, Defendant/Counterclaim Plaintiff Woffinden now seeks to add a claim of conversion to her counterclaims against Plaintiff/Counterclaim Defendant Blue.

The proposed amendments add only the one counterclaim that arises from new acts by Plaintiff/Counterclaim Defendant Blue. As such, Plaintiff is not prejudiced by the addition. For the reasons stated more fully below, Plaintiff's requested amendment is entirely justified under the liberal standards governing amendments to pleadings.

## II. LEAVE TO AMEND SHOULD BE GRANTED BECAUSE THE PROPOSED AMENDMENT WILL NOT PREJUDICE PLAINTIFF/COUNTERCLAIM DEFENDANT BLUE.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a). District courts have discretion in granting motions to amend, and the provision "leave shall be freely given" is a "mandate [] to be heeded." *Foman v. Davis*, 371 U.S. 178, 812 (1962).

Rule 15 is designed to facilitate amendment, except when prejudice to the opposing party would result. *United States v. Hougham*, 364 U.S. 310, 316 (1961). In deciding whether to grant leave to amend, the court takes several factors into account: "(1) whether the movant unduly delayed in bringing the motion, (2) evidence of bad faith or dilatory motive on the part of the movant; (3) the movant's repeated failure to cure deficiencies by previous amendments; (4) prejudice to the opposing

party; and (5) futility of amendment." *G & C Auto Body Inc. v. Geico General Insurance Company*, 2007 WL 3306629, slip op. (N.D. Cal. 2007) (Jenkins, J.); citing to *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Unless prejudice is shown, or a strong showing of one of the remaining factors, there is a presumption under Rule 15(a) in favor of granting leave to amend. *G & C Auto Body Inc.*, 2007 WL 3306629, slip op.; citing to *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice under Rule 15 means "undue difficulty in prosecuting [or defending] the lawsuit as a result of the change in tactics or theories." *Smith v. Guaranty Service Corp.*, 51 F.R.D. 289, 293 (N.D. Cal. 1970); citing to *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969).

Defendant/Counterclaim Plaintiff Woffinden brings this motion without undue delay as it was only the recent acts of Plaintiff/Counterclaim Defendant Blue that give rise to Defendant's new claim. As such, Defendant/Counterclaim Plaintiff filed this motion without bad faith or dilatory motive. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (2003); *G & C Auto Body Inc. v. GEICO General Ins. Co.*, 2007 WL 3306629, slip op. (N.D. Cal. 2007) (Jenkins, J.). Similarly, Defendant/Counterclaim Plaintiff Woffinden has not failed to cure a defect because it when she previously amended her answer and counterclaims, the cause of action had not yet arisen.

Plaintiff/Counterclaim Defendant Blue cannot sustain any claim of prejudice as the conversion claim arises solely as a result of her or her agents' actions.

Finally, Woffinden's actions are purposeful and serve the interests of justice. This is true as a result of the fact that the claim arises out of the underlying claims and counterclaims in this dispute, and the mandatory joinder doctrine compels Defendant/Counterclaim Plaintiff to seek relief in the instant action.

In conclusion, permitting the inclusion of this new claim affords Defendant/Counterclaim Plaintiff Woffinden complete relief and reinstates to her that which is rightfully and lawfully hers.

//

//

4  CV 07-05370 SI

**DEFENDANT WOFFINDEN'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS**

III.  CONCLUSION

For all of these reasons, Defendant/Counterclaim Plaintiff Woffinden's motion must be granted and this Honorable Court should grant her leave to file her amended answer and counterclaims.

Dated this 12th of September 2008.

                                    Respectfully submitted,

                                    **CARPELAW PLLC**

                                    _____
                                    WSBA # 31023
                                    CARPELAW PLLC
                                    2400 NW 80th Street #130
                                    Seattle, WA 98117
                                    Telephone: (206) 624-2379
                                    Fax: (206) 784-6305
                                    E-mail: rob@carpelaw.com
                                    Attorney for Defendant Ada Mae Woffinden

# DECLARATION OF SERVICE

I, Robert S. Apgood, hereby make the following Declaration from personal knowledge that on September 12, 2008, I electronically filed the foregoing:

1. Defendant/Counterclaim Plaintiff Woffinden's Motion for Leave to File Amended Answer and Counterclaims;

2. Exhibit A - Defendant Woffinden's Third Amended Answer To Plaintiff's First Amended Complaint, Affirmative Defenses, Counterclaims, Prayer For Relief And Jury Demand;

3. [Proposed] Order Granting Defendant/Counterclaim Plaintiff Woffinden's Motion for Leave to File Amended Answer and Counterclaims; and

4. this Certificate of Service

with the Clerk of the Court using the CM/ECF system. In accordance with their ECF registration agreement and the court's rules, the Clerk of the Court will send e-mail notification of such filing to the following attorneys:

Collette Vogele
Benjamin Costa
Vogele & Associates
12 Geary Street, Suite 701
San Francisco, CA 94108

I herby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 12th day of September 2008 at Seattle, Washington.

CARPELAW PLLC

*s/ Robert S. Apgood*
*Pro Hac Vice*
WSBA # 31023
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
E-mail: rob@carpelaw.com

**1.**

**DEFENDANT WOFFINDEN'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS**