1
2
3
4
5
6
7
8

Robert S. Apgood
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117
Telephone: 206-624-2379
Facsimile: 206-784-6305
rob@carpelaw.com

John Jeffrey Carter
329 Flume Street
Chico, CA 95927-3606
Telephone: 530-342-6196
Facsimile: 530 342-6195

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

9
10
11
12
13
14
15
16
17
18
19

VIOLET BLUE, an individual,

               Plaintiff/Counterclaim Defendant,

vs.

ADA MAE JOHNSON et al.,

               Defendant/Counterclaim Plaintiff.

**Case No.:  C 07-5370 SI**

**DEFENDANT WOFFINDEN'S THIRD AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND**

Hon. Susan Illston
Courtroom 10, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

20
21
22
23
24
25
26

**ANSWER**

      COMES NOW the Defendant Ada Mae Woffinden *nee* Johnson aka "Violet" aka "Violet Lust" aka "Violet Blue" ("VIOLET BLUE"), by and through her attorneys, and alleges, as her Answer to the First Amended Complaint of Plaintiff Violet Blue, on information and belief, the following:

**INTRODUCTION**

      Almost eight (8) years ago, Defendant WOFFINDEN began her acting and modeling career,

**DEFENDANT WOFFINDEN'S THIRD AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND** - 1

Case No. C 07-5370 SI

starring and/or performing in traditional, mainstream productions, as well as starring and/or performing in productions that are commonly characterized as adult erotica. Adult Film Database (<http://www.adultfilmdatabase.com>) and the Internet Movie Database (<http://www.imdb.com>) both list the July 1999 production of a work entitled SMUT 14 as the oldest date in which the performer Violet Blue appeared. Defendant WOFFINDEN has no independent recollection of that production, but remembers only that in the year 1999, she performed in the production of The Crow Salvation (in which she had no speaking part, and therefore was not credited).

At about the same time, upon information and belief, Plaintiff BLUE, a self-styled pornography aficionado, was employed at a pornography store located in San Francisco, California, named "Good Vibrations," wherein copies of Defendant WOFFINDEN's video performances were, and, according to Plaintiff BLUE's amended complaint, continue to be sold.

Upon information and belief, when Defendant VIOLET-BLUE's video productions were being sold at Good Vibrations in San Francisco, Plaintiff BLUE was employed at Good Vibrations in San Francisco.

Defendant WOFFINDEN began using her stage name, "Violet Blue" on or about March 2000. At that time, she performed and Internet search for the name, "Violet Blue," but received no responsive documents. No results were provided referring to Plaintiff BLUE. As such, Defendant WOFFINDEN reasonably concluded that she would experience no conflicts or confusion by using that name.

Defendant WOFFINDEN, since commencing her career, has appeared in no fewer than 300 productions, using her maiden name, or more commonly, openly and notoriously using her stage name, "Violet Blue."

Unbeknownst to Defendant WOFFINDEN, Plaintiff BLUE alleges, at some time around 1999, she began using the *nom de plume*, "Violet Blue." Neither the Plaintiff nor the Defendant competes, one with the other, in their respective markets.

On or about March 2, 2007, almost eight (8) full years after Defendant WOFFINDEN began

---

**DEFENDANT WOFFINDEN'S THIRD AMENDED ANSWER TO**                    Case No. C 07-5370 SI
**PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES,**
**COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND** - 2

1   using her stage name, Plaintiff BLUE, filed her application for a trademark for the mark, "Violet Blue"

2   for use in international classes 9 and 41. *See Trademark Application Serial No. 77121570.* The mark

3   was placed on either the principal trademark register maintained by the United States Patent and

4   Trademark Office on March 4, 2008 and given the registration number 3391010.

5        On or about October 22, 2007, Plaintiff BLUE, filed her complaint against Defendant

6   WOFFINDEN.  On or about October 23, 2007, Defendant WOFFINDEN was personally served with a

7   copy of the summons and complaint.  The due date for an answer to the complaint was November 13,

8   2007.  Defendant WOFFINDEN searched diligently for counsel to represent her.  However, due to her

9   extremely limited means, she was not able to secure representation.  As such, she sought the assistance

10  of the AVN Online magazine, who put out a call for assistance on Defendant WOFFINDEN's behalf.

11       In January 2002, AVN Media, a well-established and highly regarded publisher of adult

12  entertainment industry trade magazines and sponsor of the annual AVN Awards that recognize

13  accomplishments of individuals in the adult entertainment industry awarded Defendant WOFFINDEN

14  the "Best New Starlet" award.

15       Plaintiff BLUE, a self-styled pornography aficionado, describes the Awards as "big

16  backslapping event where the same companies and same names win year after year." [1]

17       Defendant WOFFINDEN believes, and therefore avers, that Plaintiff BLUE has never been

18  nominated for nor received an AVN Award.

19       Since July 1999, Defendant WOFFINDEN has appeared or starred in more than 300 movies

20  and is a well known celebrity, both domestically and abroad.

21       On November 13, 2007, as a result of much pressure by counsel for Plaintiff BLUE to do so or

22  face a default on the complaint, Defendant WOFFINDEN filed her answer (dubbed "Response") to the

23  complaint as a *pro se* litigant.

24       On November 29, 2007, Robert S. Apgood of CarpeLaw PLLC, filed his application for

25

26  [1] Violet Blue (2007-01-18). The Rise of Indie Porn? *SF Gate.*

---

admission *pro hac vice* to this court for the limited purpose of representing Defendant WOFFINDEN in this matter.

On December 5, 2007, this Honorable Court granted the application.

On December 21, 2007, Plaintiff BLUE, a self-styled pornography aficionado, filed her Motion for Leave to File Amended Complaint.

On January 21, 2008, Defendant WOFFINDEN filed her Statement of Non-Opposition.

On January 29, 2008, this Honorable Court granted Plaintiff's motion.

On February 4, 2008, Defendant WOFFINDEN filed her answer to Plaintiff BLUE's First Amended Complaint, and Defendant WOFFINDEN alleged five counter claims against Plaintiff BLUE.

On February 25, 2008, Plaintiff BLUE filed a motion to strike and/or dismiss three of Defendant WOFFINDEN's counterclaims.

On April 7, 2008, this Honorable Court denied Plaintiff BLUE's motions to strike and/or dismiss VIOLET BLUE's three counterclaims, and granted Defendant WOFFINDEN's request for leave to amend her answer and counterclaims.

On June 27, 2008, Plaintiff filed her letter brief moving to strike Defendant Woffinden's Second Amended Answer to Plaintiff's First Amended Complaint.

On July 21, 2008, this Honorable Court denied Plaintiff's motion observing that Plaintiff's "cramped reading of the Federal Rules of Civil Procedure" were not a sufficient basis to afford the Plaintiff the relief she sought.

On or after June 24, 2008, pursuant to the settlement agreement reached between Plaintiff and Defendant Woffinden (See Dkt. No. 104), Defendant Woffinden tendered ownership of the domain "violetblue.org" to Plaintiff.

On or after June 24, 2008, Plaintiff Blue, individually or by her agent Collette Vogele, attorney for Plaintiff, transferred the domain "violetblue.org" into Ms. Vogele's.

On or after June 24, 2008, Plaintiff repudiated the settlement agreement between the parties.

1    Defendant/Counter-Plaintiff Woffinden now names Collette Vogele as counterclaim-defendant

2    as more fully described, *infra*.

3    Defendant WOFFINDEN now respectfully amends her answers and counterclaims to

4    Plaintiff's First Amended Complaint.

5    Answering Plaintiff's introductory paragraph at 1:24-28 through 2:1-3, Plaintiff states a

6    conclusion of law to which no response is required.  To the extent a response is required, Defendant

7    WOFFINDEN admits that she has, at differing times, used the names, "Ada Mae Johnson," "Ada

8    Woffinden," "Violet Blue, "Violet," and "Violet Lust" all for legitimate purposes and without any

9    intent to perpetrate a fraud.

10    ## I.  PARTIES

11    1.    Answering Paragraph 1, the averments contained therein are conclusions of law to

12    which no response is required.  To the extent a response is deemed required, Defendant neither admits

13    nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

14    Plaintiff to her proofs.

15    2.    Answering Paragraph 2, the averments contained therein are conclusions of law to

16    which no response is required.  To the extent a response is deemed required, Defendant ADMITS the

17    averments contained therein.

18    3.    Answering Paragraph 3, the averments contained therein are conclusions of law to

19    which no response is required.  To the extent a response is deemed required, Defendant neither admits

20    nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

21    Plaintiff to her proofs.

22    4.    Answering Paragraph 4, the averments contained therein are conclusions of law to

23    which no response is required.  To the extent a response is deemed required, Defendant neither admits

24    nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

25    Plaintiff to her proofs.

26    5.    Answering Paragraph 5, the averments contained therein are conclusions of law to

which no response is required.  To the extent a response is deemed required, based upon information

and belief, Defendant ADMITS the averments contained therein.

6.    Answering Paragraph 6, the averments contained therein are conclusions of law to

which no response is required.  To the extent a response is deemed required, Defendant neither admits

nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

Plaintiff to her proofs.

7.    Answering Paragraph 7, the averments contained therein are conclusions of law to

which no response is required.  To the extent a response is deemed required, Defendant neither admits

nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

Plaintiff to her proofs.

## II.  JURISDICTION AND VENUE

8.    Answering Paragraph 8, the averments contained therein are conclusions of law to

which no response is required.  To the extent a response is deemed required, based upon information

and belief, Defendant ADMITS the averments contained therein.

9.    Answering Paragraph 9, the averments contained therein are conclusions of law to

which no response is required.  To the extent a response is deemed required, based upon information

and belief, Defendant ADMITS the averments contained therein.  Defendant further ADMITS that

venue is also proper in the United States District Court, Western District of Washington.

10.    Answering Paragraph 10, the averments contained therein are conclusions of law to

which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

she has received monetary income as a result of the subscription Web site located at

www.violetblue.org, but neither admits nor denies the remainder of the averments contained therein

for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

11.    Answering Paragraph 11, the averments contained therein are conclusions of law to

which no response is required.  To the extent a response is deemed required, Defendant neither admits

nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

1    Plaintiff to her proofs.

2        12.    Answering Paragraph 12, the averments contained therein are conclusions of law to

3    which no response is required.  To the extent a response is deemed required, Defendant neither admits

4    nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

5    Plaintiff to her proofs.

6        13.    Answering Paragraph 13, the averments contained therein are conclusions of law to

7    which no response is required.  To the extent a response is deemed required, Defendant neither admits

8    nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

9    Plaintiff to her proofs.

10        14.    Answering Paragraph 14, the averments contained therein are conclusions of law to

11    which no response is required.  To the extent a response is deemed required, Defendant DENIES the

12    averments thereon for the reason that the averments contained therein are untrue.

13        15.    Answering Paragraph 15, the averments contained therein are conclusions of law to

14    which no response is required.  To the extent a response is deemed required, Defendant DENIES the

15    averments thereon for the reason that the averments contained therein are untrue.

16                    **III.  INTRADISTRICT  ASSIGNMENT**

17        16.    Answering Paragraph 16, the averments contained therein are conclusions of law to

18    which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

19    Local Rule 3-2(c) applies to this matter.

20                            **IV.  FACTS**

21    **A.        PLAINTIFF BLUE'S BACKGROUND.**

22        17.    Answering Paragraph 17, the averments contained therein are conclusions of law to

23    which no response is required.  To the extent a response is deemed required, Defendant accepts at face

24    value, and therefore does not deny, that Plaintiff is, as she pleads, "a newspaper communist."

25    Regarding the remainder of the allegations, Defendant neither admits nor denies the averments

26    contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

---

**DEFENDANT WOFFINDEN'S THIRD AMENDED ANSWER TO**                        Case No. C 07-5370 SI
**PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES,**
**COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND** - 7

18.    Answering Paragraph 18, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant ADMITS that Exhibit A appears to be a written article.  Regarding the remainder of the averments, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

19.    Answering Paragraph 19, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

20.    Answering Paragraph 20, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

21.    Answering Paragraph 21, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant DENIES that Plaintiff authored or broadcasted her "podcast" prior to February 12, 2004, and only did so several years after Defendant WOFFINDEN had openly and notoriously employed the use of her stage name and common-law trademark, "Violet Blue."  Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

22.    Answering Paragraph 22, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant ADMITS that Exhibit B appears to be a Web page, but DENIES that the Web page refers to Plaintiff BLUE as "one of the Internet's most influential figures."  Regarding the remainder of the averments, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

23.     Answering Paragraph 23, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

24.     Answering Paragraph 24, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

25.     Answering Paragraph 25, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant ADMITS that Exhibit C to the Amended Complaint is a photograph of a female, but DENIES that the exhibit provided to the Defendant if of a quality wherein any detail may be ascertained.  Defendant also ADMITS that the bangs termed "betty bangs" by the Plaintiff are reminiscent of the short bangs worn by the famous model and actress, "Betty Page."  Defendant WOFFINDEN further ADMITS that many women who perform in adult erotica emulate the hairstyles of noted performers, including Betty Page.  Defendant WOFFINDEN ADMITS that, upon information and belief, as recently as September 24, 2005, Plaintiff BLUE did **NOT** wear her hair in the "Betty Bangs" style.  *See, e.g.,* <http://web.archive.org/web/20050920052020/www.tinynibbles.com/violetblue.html>, whereas Defendant WOFFINDEN first emulated the Betty Page hairstyle in 2000 (at least five (5) years prior to Plaintiff BLUE adopting that style) when performing in the movie, "RealSexMachine 31."  Regarding the remainder of the averments, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

26.     Answering Paragraph 26, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

1

**B.    DEFENDANT JOHNSON (VIOLET BLUE)**

2    27.    Answering Paragraph 27, the averments contained therein are conclusions of law to

3    which no response is required.  To the extent a response is deemed required, Defendant admits that

4    early in her career, she adopted the stage name, "Violet Blue."  Defendant WOFFINDEN further

5    ADMITS that, as a result of such long-term use of that stage name, Defendant WOFFINDEN

6    possesses a common-law trademark in the mark, "Violet Blue." Regarding the remainder of the

7    paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient

8    knowledge or information and leaves Plaintiff to her proofs.

9    28.    Answering Paragraph 28, the averments contained therein are conclusions of law to

10   which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

11   since she began her acting career, she has appeared in hundreds of films, both mainstream and erotic,

12   wherein she appeared under stage name, "Violet Blue," including those listed in Defendant BLUE'S

13   complaint.  Regarding the remainder of the paragraph, Defendant neither admits nor denies the

14   averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her

15   proofs.

16   29.    Answering Paragraph 29, the averments contained therein are conclusions of law to

17   which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

18   some of the performances in which she partook were recorded in the State of California, but DENIES

19   that all such recordings occurred in the State of California.

20   30.    Answering Paragraph 30, the averments contained therein are conclusions of law to

21   which no response is required.  To the extent a response is deemed required, Defendant DENIES the

22   averments contained therein indicating that recordings of Defendant's performances are available for

23   sale at the Web sites located at www.movies.violetblue.org and www.violetblue.org.  Regarding the

24   remainder of the paragraph, Defendant neither admits nor denies the averments contained therein for

25   lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

26   31.    Answering Paragraph 31, the averments contained therein are conclusions of law to

1  which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

2  she has attended tradeshows in the District of Northern California promoting both her mainstream and

3  erotic performances, both on video and on the Internet Web site located at www.violetblue.org, but

4  DENIES that she "makes regular trips to this Judicial District."  Regarding the remainder of the

5  paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient

6  knowledge or information and leaves Plaintiff to her proofs.

7      32.    Answering Paragraph 32, the averments contained therein are conclusions of law to

8  which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

9  some of the performances in which she partook were recorded in the State of California, and that when

10  she was so performing, she was doing so under her stage name and common-law trademark, "Violet

11  Blue."

12      33.    Answering Paragraph 33, the averments contained therein are conclusions of law to

13  which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

14  she agreed to appear at the Exotic Erotic Ball and ADMITS that she entered into contracts with Perry

15  Mann, Inc. to appear in the Exotic Erotic Ball, but DENIES the remainder of the allegations for the

16  reason that the averments contained therein are untrue.

17      34.    Answering Paragraph 34, the averments contained therein are conclusions of law to

18  which no response is required.  To the extent a response is deemed required, Defendant neither admits

19  nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

20  Plaintiff to her proofs.

21      35.    Answering Paragraph 35, the averments contained therein are conclusions of law to

22  which no response is required.  To the extent a response is deemed required, Defendant DENIES that

23  www.violetblue.org is a "domain name."  Defendant ADMITS that "www.violetblue.org" is a *host

24  name*.  Defendant ADMITS that the domain name, "violetblue.org" was registered in 2001, in part for

25  her benefit.  Regarding the remainder of the paragraph, Defendant DENIES the averments contained

26  therein for the reasons that the averments contained therein are untrue.

36.    Answering Paragraph 36, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, DENIES that www.violetblue.org is a "domain," but ADMITS that the Web site located at "www.violetblue.org" has been and continues to be used for marketing Defendant WOFFINDEN's goods and services utilizing her stage name and trademark, "Violet Blue."  Defendant WOFFINDEN ADMITS that certain areas of the Web site located at www.violetblue.org contain imagery of her designed to strongly resemble the real-life and long-standing appearance of the famous model and actress, "Betty Page."  See Exhibit A attached hereto and by this reference hereby made a part hereof.  Defendant ADMITS that Plaintiff has styled herself to look like the famous actress and model "Betty Page" and that Plaintiff affirms this by referring to her short hair "bangs" as "Betty Bangs."  Defendant WOFFINDEN DENIES that she uses Plaintiff BLUE's likeness.  Defendant WOFFINDEN also DENIES that Plaintiff BLUE, a self-styled pornography aficionado, has the exclusive right to resemble the real-life and long-standing appearance of the famous model and actress, "Betty Page" and that to make any such representations is disingenuous.  Defendant WOFFINDEN ADMITS that Exhibit D to Plaintiff's First Amended Complaint contains a photograph of a female, alleged by Plaintiff to be of herself, who has prepared herself to strongly resemble the real-life and long-standing appearance of the famous model and actress, "Betty Page."  *See, e.g.,*
<http://web.archive.org/web/20060507095625/www.bettiepage.com/photos/nude/index.html>.
Regarding the remainder of the paragraph, Defendant DENIES the averments contained therein for the reasons that the averments contained therein are untrue.

37.    Answering Paragraph 37, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant ADMITS the averments contained therein.

38.    Answering Paragraph 38, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

1    Plaintiff to her proofs.

2        **C.    DEFENDANT ASSASSIN PICTURES.**

3        39.    Answering Paragraph 39, the averments contained therein are conclusions of law to

4    which no response is required.  To the extent a response is deemed required, Defendant neither admits

5    nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

6    Plaintiff to her proofs.

7        40.    Answering Paragraph 40, the averments contained therein are conclusions of law to

8    which no response is required.  To the extent a response is deemed required, Defendant neither admits

9    nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

10   Plaintiff to her proofs.

11       41.    Answering Paragraph 41, the averments contained therein are conclusions of law to

12   which no response is required.  To the extent a response is deemed required, upon information and

13   belief, Defendant Assassin Pictures provides billing services through its AssassinCash program.

14   Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments

15   contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

16       42.    Answering Paragraph 42, the averments contained therein are conclusions of law to

17   which no response is required.  To the extent a response is deemed required, upon information and

18   belief, Defendant Assassin Pictures receives income as a result of the paid subscriptions and other

19   commercial activity conducted on Defendant WOFFINDEN's Web site located at www.violetblue.org.

20   Defendant WOFFINDEN further ADMITS that she uses her stage name and trademark, "Violet Blue"

21   on that Web site.  Regarding the remainder of the paragraph, Defendant neither admits nor denies the

22   averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her

23   proofs.

24       43.    Answering Paragraph 43, the averments contained therein are conclusions of law to

25   which no response is required.  To the extent a response is deemed required, upon information and

26   belief, Defendant Assassin Pictures receives income through Defendant WOFFINDEN's Web site

1 located at www.violetblue.org.  Regarding the remainder of the paragraph, Defendant neither admits

2 nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

3 Plaintiff to her proofs.

4         **D.**        **DEFENDANT ASSASSINCASH.**

5         44.        Answering Paragraph 44, the averments contained therein are conclusions of law to

6 which no response is required.  To the extent a response is deemed required, Defendant neither admits

7 nor denies the averments contained therein for lack of sufficient knowledge or information and leaves

8 Plaintiff to her proofs.

9         45.        Answering Paragraph 45, the averments contained therein are conclusions of law to

10 which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

11 a Web site exists at www.assassincash.com.  Defendant WOFFINDEN ADMITS that "Defendant is

12 informed and believes that Defendant AssassinCash is operated by Defendant Assassin Pictures."

13 Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments

14 contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

15         46.        Answering Paragraph 46, the averments contained therein are conclusions of law to

16 which no response is required.  To the extent a response is deemed required, Defendant ADMITS that

17 "Defendant is informed and believes that AssassinCash is operated for the purpose of promoting an

18 adult erotic entertainment 'affiliate program' to assist individuals" in earning commissions on sales

19 referred to Web sites sponsored and promoted by AssassinCash.  Regarding the remainder of the

20 paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient

21 knowledge or information and leaves Plaintiff to her proofs.

22         47.        Answering Paragraph 47, the averments contained therein are conclusions of law to

23 which no response is required.  To the extent a response is deemed required, upon information and

24 belief, Defendant ADMITS that AssassinCash receives income as a result of the commercial aspects of

25 Defendant WOFFINDEN's Web site located at www.violetblue.org.  Defendant WOFFINDEN further

26 ADMITS that the offerings at the Web site located at www.violetblue.org feature Defendant

WOFFINDEN using her stage name and trademark, "Violet Blue." Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

48.     Answering Paragraph 48, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, upon information and belief, Defendant AssassinCash receives income through Defendant WOFFINDEN's Web site located at www.violetblue.org. Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

**E.     DEFENDANT FOX**

49.     Answering Paragraph 49, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, upon information and belief, Defendant WOFFINDEN ADMITS the averments contained therein.

50.     Answering Paragraph 50, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant WOFFINDEN ADMITS that she has a Web site located at www.violetblue.org, but DENIES the remainder of the paragraph for the reason that the averments contained therein are untrue.

51.     Answering Paragraph 51, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant WOFFINDEN ADMITS that she has a Web site located at www.violetblue.org, but DENIES the remainder of the paragraph for the reason that the averments contained therein are untrue.

**F.     DEFENDANT FIVE STAR**

52.     Answering Paragraph 52, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant WOFFINDEN DENIES the averments contained therein for the reason that the averments contained therein are untrue.

53.     Answering Paragraph 53, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant WOFFINDEN DENIES the averments contained therein for the reason that the averments contained therein are untrue.

**G.     ACTUAL CONFUSION AND THE DILUTION RESULTING FROM DEFENDANTS' USE OF PLAINTIFF BLUE'S NAME AND LIKENESS.**

54.     Answering Paragraph 54, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant WOFFINDEN ADMITS that she was scheduled to appear at the "Exotic Erotic Ball" on or about October 28, 2006 using her stage name and trademark, "Violet Blue."  Regarding the remainder of the paragraph, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

55.     Answering Paragraph 55, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant DENIES that Plaintiff was broadcasting her "podcast" in March 2000, when Defendant commenced use of her full stage name, "Violet Blue."  Regarding the remainder of the averments therein, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

56.     Answering Paragraph 56, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant neither admits nor denies the averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her proofs.

57.     Answering Paragraph 57, the averments contained therein are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant ADMITS that the Web site located at "www.violetblue.org" has been and continues to be used for marketing Defendant WOFFINDEN's goods and services utilizing her stage name and trademark, "Violet Blue."

Defendant WOFFINDEN ADMITS that certain areas of the Web site located at www.violetblue.org contain imagery of her designed to strongly resemble the real-life and long-standing appearance of the famous model and actress, "Betty Page." Defendant WOFFINDEN DENIES that she uses Plaintiff BLUE's likeness. Defendant WOFFINDEN also DENIES that Plaintiff BLUE has the exclusive right to resemble the real-life and long-standing appearance of the famous model and actress, "Betty Page" and that to make any such representations is disingenuous. Defendant WOFFINDEN ADMITS that in readying for some performances, she has prepared herself in the past to strongly resemble the real-life and long-standing appearance of the famous model and actress, "Betty Page." *See, e.g.,* <http://web.archive.org/web/20060507095625/www.bettiepage.com/photos/nude/index.html>. Regarding the remainder of the paragraph, Defendant DENIES the averments contained therein for the reasons that the averments contained therein are untrue.

### H.    (F) DEFENDANT JOHNSON'S BROKEN PROMISE TO CEASE AND DESIST

58.    Answering Paragraph 58, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant ADMITS that at one time she represented to Plaintiff BLUE that she was considering no longer using the stage name, "Violet Blue," but DENIES that such representation was a promise. Regarding the remainder of the paragraph, Defendant DENIES the averments contained therein for the reasons that the averments contained therein are untrue.

59.    Answering Paragraph 59, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant WOFFINDEN DENIES that her use of her stage name and trademark, "Violet Blue" is use of Plaintiff BLUE's valuable identity and trademark (much less an "unauthorized" one). Defendant WOFFINDEN ADMITS that her use of her stage name and common-law trademark, "Violet Blue" is fully within her lawful rights of use of her mark.

60.    Answering Paragraph 60, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant WOFFINDEN

1  ADMITS that Plaintiff BLUE, a self-styled pornography aficionado, has demanded that Defendant

2  WOFFINDEN cease, desist, and quit use of Defendant WOFFINDEN's stage name and trademark,

3  "Violet Blue."  Regarding the remainder of the paragraph, Defendant neither admits nor denies the

4  averments contained therein for lack of sufficient knowledge or information and leaves Plaintiff to her

5  proofs.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(Trademark Infringement)**

9      61.    Answering Paragraph 61, Defendant repeats and restates her answers in Paragraphs 1

10 through 60 as if set forth fully herein.

11     62.    Answering Paragraph 62, the averments contained therein are conclusions of law.  To

12 the extent that a response is deemed required, Defendant DENIES the averments contained therein for

13 the reasons that said allegations are untrue.

14     63.    Answering Paragraph 63, the averments contained therein are conclusions of law.  To

15 the extent that a response is deemed required, Defendant DENIES the averments contained therein for

16 the reasons that said allegations are untrue.

17     64.    Answering Paragraph 64, the averments contained therein are conclusions of law.  To

18 the extent that a response is deemed required, Defendant DENIES the averments contained therein for

19 the reasons that said allegations are untrue.

20     65.    Answering Paragraph 65, the averments contained therein are conclusions of law.  To

21 the extent that a response is deemed required, Defendant DENIES the averments contained therein for

22 the reasons that said allegations are untrue.

23     66.    Answering Paragraph 66, the averments contained therein are conclusions of law.  To

24 the extent that a response is deemed required, Defendant DENIES the averments contained therein for

25 the reasons that said allegations are untrue.

26                         **SECOND CAUSE OF ACTION**

**(Trademark Dilution)**

67.    Answering Paragraph 67, Defendant repeats and restates her answers in Paragraphs 1 through 66 as if set forth fully herein.

68.    Answering Paragraph 68, the averments contained therein are conclusions of law.  To the extent that a response is deemed required, Defendant DENIES the averments contained therein for the reasons that said allegations are untrue.

69.    Answering Paragraph 69, the averments contained therein are conclusions of law.  To the extent that a response is deemed required, Defendant DENIES the averments contained therein for the reasons that said allegations are untrue.

70.    Answering Paragraph 70, the averments contained therein are conclusions of law.  To the extent that a response is deemed required, Defendant ADMITS that Plaintiff has no control over the quality of Defendant's offerings whether through her Web site or through brick-and-mortar sales establishments, but DENIES the remainder of the paragraph for the reasons that said allegations are untrue.  Moreover, Defendant objects to Plaintiff's characterization of Defendant's work as "base, obscene, and pornographic" on the basis that Plaintiff owes much of her status as a self-described "well known and respected personality in the field of human sexuality" to authoring reviews on pornographic films.  Specifically, Defendant WOFFINDEN DENIES that Plaintiff's mark is "protected" from concurrent use by Defendant.  Defendant WOFFINDEN ADMITS that Plaintiff's own Web site located at http://www.tinynibbles.com discusses subjects such as "suck-lick-rim" (a reference to mouth-to-anus and mouth-to-genital sexual conduct), "hot sex ed" and "find good porn." Further, the works authored or reviewed by the Plaintiff include such titles as "The Ultimate Guide To Adult Videos: How To Watch Adult Videos And Make Your Sex Life Sizzle," "The Ultimate Guide To Fellatio: How To Go Down On A Man And Give Him Mind-Blowing Pleasure," "The Ultimate Guide To Cunninglingus," "The Smart Girl's Guide To Porn" and  "Ultimate Guide To Anal Sex For Women."

71.    Answering Paragraph 71, the averments contained therein are conclusions of law.  To

DEFENDANT WOFFINDEN'S THIRD AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND  - 19

Case No. C 07-5370 SI

1    the extent that a response is deemed required, Defendant DENIES the averments contained therein for

2    the reasons that said allegations are untrue.

3        72.    Answering Paragraph 72, the averments contained therein are conclusions of law.  To

4    the extent that a response is deemed required, Defendant DENIES the averments contained therein for

5    the reasons that said allegations are untrue.

6        73.    Answering Paragraph 73, the averments contained therein are conclusions of law.  To

7    the extent that a response is deemed required, Defendant DENIES the averments contained therein for

8    the reasons that said allegations are untrue.

9        74.    Answering Paragraph 74, the averments contained therein are conclusions of law.  To

10   the extent that a response is deemed required, Defendant DENIES the averments contained therein for

11   the reasons that said allegations are untrue.

12       75.    Answering Paragraph 75, the averments contained therein are conclusions of law.  To

13   the extent that a response is deemed required, Defendant DENIES the averments contained therein for

14   the reasons that said allegations are untrue.

### THIRD CAUSE OF ACTION

#### (Violation of Cal. Civil Code § 3344)

17       76.    Answering Paragraph 76, Defendant repeats and restates her answers in Paragraphs 1

18   through 75 as if set forth fully herein.

19       77.    Answering Paragraph 77, the averments contained therein are conclusions of law.  To

20   the extent that a response is deemed required, Defendant DENIES the averments contained therein for

21   the reasons that said allegations are untrue.

22       78.    Answering Paragraph 78, the averments contained therein are conclusions of law.  To

23   the extent that a response is deemed required, Defendant DENIES the averments contained therein for

24   the reasons that said allegations are untrue.  Moreover, Defendant objects to Plaintiff's disingenuous

25   characterization of Defendant's work as "obscene" on the basis that Plaintiff owes much of her status

26   as a self-described "well known and respected personality in the field of human sexuality" to authoring

reviews on adult entertainment films in which Defendant WOFFINDEN and others have performed. Defendant WOFFINDEN ADMITS that Plaintiff's own Web site located at http://www.tinynibbles.com discusses subjects such as "suck-lick-rim" (a reference to mouth-to-anus and mouth-to-genital sexual conduct), "hot sex ed" and "find good porn." Further, the works authored or reviewed by the Plaintiff include such titles as "The Ultimate Guide To Adult Videos: How To Watch Adult Videos And Make Your Sex Life Sizzle," "The Ultimate Guide To Fellatio: How To Go Down On A Man And Give Him Mind-Blowing Pleasure," "The Ultimate Guide To Cunninglingus," "The Smart Girl's Guide To Porn" and  "Ultimate Guide To Anal Sex For Women."

79.     Answering Paragraph 79, the averments contained therein are conclusions of law.  To the extent that a response is deemed required, Defendant DENIES the averments contained therein for the reasons that said allegations are untrue.

80.     Answering Paragraph 80, the averments contained therein are conclusions of law.  To the extent that a response is deemed required, Defendant DENIES the averments contained therein for the reasons that said allegations are untrue.

81.     Answering Paragraph 81, the averments contained therein are conclusions of law.  To the extent that a response is deemed required, Defendant DENIES the averments contained therein for the reasons that said allegations are untrue.

## FOURTH CAUSE OF ACTION

### (Unfair Competition)

82.     Answering Paragraph 82, Defendant repeats and restates her answers in Paragraphs 1 through 81 as if set forth fully herein.

83.     Answering Paragraph 83, the averments contained therein are conclusions of law.  To the extent that a response is deemed required, Defendant DENIES the averments contained therein for the reasons that said allegations are untrue.

84.     Answering Paragraph 84, the averments contained therein are conclusions of law.  To the extent that a response is deemed required, Defendant DENIES the averments contained therein for

1    the reasons that said allegations are untrue.

2        85.        Answering Paragraph 85, the averments contained therein are conclusions of law.  To

3    the extent that a response is deemed required, Defendant DENIES the averments contained therein for

4    the reasons that said allegations are untrue.

5                              **VI. AFFIRMATIVE DEFENSES**

6        As affirmative defenses, Defendant alleges and states as follows:

7        1.  Plaintiff has failed in whole or in part to state a claim upon which relief can be granted;

8        2.  Plaintiff has suffered no damages and/or has failed to mitigate her damages, if any;

9        3.  Plaintiff has suffered no injury nor is there a likelihood of injury;

10       4.  Plaintiff has suffered no harm and/or irreparable harm;

11       5.  Plaintiff failed to protect and/or enforce her alleged rights;

12       6.  Plaintiff's Complaint is barred as unconscionable;

13       7.  Plaintiff's Complaint is barred by reason of waiver;

14       8.  Plaintiff's Complaint is barred by the doctrine of estoppel;

15       9.  Plaintiff's Complaint is barred by the doctrine of assumption of laches;

16       10. No conduct by or attributable to Defendant was either the cause in fact or the proximate

17   cause of the damages alleged by Plaintiff. Rather, the damages alleged by Plaintiff were caused, either

18   in whole or in part, by Plaintiff's own acts or omissions or by the acts or omissions of persons or

19   entities other than Defendant. Plaintiffs' damages, if any, must be reduced accordingly;

20       11. Plaintiff's Complaint is barred by the Statutes of Limitations;

21       12. Plaintiff lacks exclusive right of use of the mark;

22       13. Plaintiff's claimed mark, "Violet Blue," is not a famous mark as that term is contemplated

23   by 15 U.S.C. § 1125(c)(1), *et seq.*  Plaintiff admits the same wherein on her own Web page located at

24   <http://www.tinynibbles.com>, she reproduces a quote from Webnation that states, "She might not be

25   a household name, but Violet Blue is the leading sex educator for the Internet generation." –

26   Webnation;

14. Plaintiff's requested mark is not fanciful.

15. Plaintiff's requested trademark is a word mark that is identical to the Crayola Crayon color, "Violet Blue," first offered in 1949, and Defendant WOFFINDEN's common-law trademark;

16. When Defendant WOFFINDEN adopted the use of her stage name, she had no knowledge of the Plaintiff;

17. Plaintiff, by attempting to convert the real-life and long-standing appearance of the famous model and actress "Betty Page" to her own exclusive use, comes to the court with unclean hands;

18. Plaintiff, by emphasizing the term "pornography" in her complaint when referring to the offerings of Defendant WOFFINDEN, implies that she does not engage in pornography. Yet, links to pornographic images of her emanate from her own Web site located at <http://www.tinynibbles.com> and direct the reader to the Web site located at <http://theblight.net/08/hhr_jan/>. By intentionally misleading this Honorable Court, Plaintiff BLUE, a self-styled pornography aficionado, comes to the court with unclean hands;

19. Plaintiff has filed trademark and service mark applications for subject matter specifically related to "sexual pleasures and pornography";

20. Although Defendant denies making any promises to Plaintiff, any promise that may have been made by Defendant WOFFINDEN to Plaintiff BLUE, a self-styled pornography aficionado, to cease using Defendant's stage name and trademark, "Violet Blue," was a gratuitous promise, wholly unsupported by consideration of any kind, and was subject to unilateral withdrawal by Defendant WOFFINDEN at any time for any reason, or no reason at all;

21. Plaintiff has acquiesced to Defendant WOFFINDEN's use of the mark;

22. Defendant WOFFINDEN's use of the mark was concurrent to Plaintiff's use of the mark since at least March 2000;

23. Plaintiffs cannot establish its claims of trademark infringement and unfair competition claims as the parties have co-existed with their respective uses of the name "Violet Blue" for many years without confusion;

24. Plaintiff cannot establish her first claim of infringement if Defendant's counterclaim for cancellation of Trademark and Service Mark Application Serial No. 77121570 (unregistered mark) is granted;

25. Defendant hereby reserves the right to add, supplement, modify, change or amend any and all of its Affirmative Defenses as the facts and circumstances become known through further discovery and/or investigation.

## VII.  COUNTERCLAIMS

Defendant Ada Mae Woffinden, *nee* Johnson ("Counterclaim Plaintiff"), an individual, asserts these counterclaims against Plaintiff Violet Blue, an individual ("Counterclaim Defendant").

## PARTIES

1.      Counterclaim Plaintiff Ada Mae Woffinden, *nee* Johnson, is an individual who resides in the State of Washington.

2.      Counterclaim Defendant, Violet Blue aka Wendy Sullivan Blue, is an individual who, on information and belief, resides in the State of California and this district.

3.      Counterclaim Defendant Violet Blue is listed as the owner of Trademark Registration Application Serial No. 77121570 and the Trademark Registration No. 3391010 for the trademark and service mark "Violet Blue" in the International Class 009 for web casts, and podcasts featuring music, audio books and news broadcasts, in the fields of *inter alia*, sexual pleasures and pornography; and in International Class 041 for downloadable publications in the nature of individual texts of blog posts, photographs, electronic books, audio books, news columns, and newsletters, in the fields of, *inter alia*, sexual pleasures and pornography.

4.      As a result of her close association with the adult erotica market, Counterclaim Defendant Violet Blue knew, or should have known, that Counterclaim Plaintiff Woffinden was openly and notoriously using the stage name and trademark "Violet Blue" as no later than March 2000.

5.      Counterclaim Defendant Blue's agent, Ms. Coette Vogele, without the knowledge and

consent of Defendant Woffinden, transferred into her possession, custody and control, that domain known as "violetblue.org" that Defendant Woffinden had tendered to Plaintiff/Counterclaim Defendant Violet Blue as an agreed part of the settlement contract reached between the parties on or about May 22, 2008.

6.    By transferring the domain "violetblue.org" into her possession, custody and control after repudiating the settlement contract, Counterclaim-Defendant Blue intentionally and tortiously converted the domain "violetblue.org" to her own, exclusive use, thereby denying Defendant Woffinden the benefit of the bargain of settlement of the dispute between Plaintiff Blue and Defendant Woffinden.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338.

8.    This Court has personal jurisdiction over Counterclaim Defendant and venue in this District is proper pursuant to 28 U.S.C. § 1391, and by virtue of the fact that the Counterclaim Defendant resides in this District and regularly solicits business in this District.  Counterclaim Plaintiffs further assert that jurisdiction is also proper in the Western District of Washington, as that is the district in which the Defendant/Counterclaim Plaintiff resides, and in which the Counterclaim Defendant conducts business by offering for sale to the residents therein, the various books that she has authored.  Counterclaim Defendant offers her books for sale through the online retailer, Amazon.com, with whom she has a contractual relationship and who is located in the Western District of Washington.

## FIRST COUNTERCLAIM FOR DECLARATORY RELIEF

9.    Counterclaim Plaintiff alleges, re-alleges and incorporates by reference each and every allegation set forth above.

10.    Counterclaim Plaintiff requests declaratory relief that her use of "Violet Blue" in connection with online and video adult erotica performances is not infringing Counterclaim Defendant

Blue's use of her name "Violet Blue" in connection with web casts, and podcasts featuring music, audio books and news broadcasts, in the fields of *inter alia*, sexual pleasures and pornography, and other categories identified in Trademark International Class 9, and downloadable publications in the nature of individual texts of blog posts, photographs, electronic books, audio books, news columns, newsletters, and other categories in the fields of *inter alia*, sexual pleasures and pornography, identified in Trademark International Class 41.

### SECOND COUNTERCLAIM FOR DECLARATORY RELIEF

11.     Counterclaim Plaintiff alleges, re-alleges and incorporates by reference each and every allegation set forth above.

12.     Counterclaim Plaintiff requests declaratory relief that Counterclaim Defendant Blue's use of "Violet Blue" is not famous and has not been diluted by Counterclaim Plaintiffs' use of "Violet" and "Violet Blue" in connection with online and video mainstream and adult erotica performances.

### THIRD COUNTERCLAIM FOR CANCELLATION OF U.S. TRADEMARK AND SERVICE MARK REGISTRATION NO. 3391010

13.     Counterclaim Plaintiff alleges, re-alleges and incorporates by reference each and every allegation set forth above.

14.     Counterclaim Plaintiff requests that the Court cancel Counterclaim Defendant Blue's U.S. Trademark and Service Mark Registration No. 3391010 as the Counterclaim Defendant Blue committed fraud on the U.S. Trademark Office by representing to the Office that Counterclaim Defendant Blue's use of the sought mark has been used "exclusively and continuously" in International Class 009 for web casts, and podcasts featuring music, audio books and news broadcasts, in the fields of *inter alia*, sexual pleasures and pornography; and in International Class 041 for downloadable publications in the nature of individual texts of blog posts, photographs, electronic books, audio books, news columns, and newsletters, in the fields of, *inter alia*, sexual pleasures and pornography and Counterclaim Defendant Blue nintentionally failed to take steps to correct this

1  misrepresentation.

2  **FOURTH COUNTERCLAIM FOR DAMAGES FROM DEFAMATION**

3  15.     Counterclaim Plaintiff alleges, re-alleges and incorporates by reference each and every

4  allegation set forth above.

5  16.     Counterclaim Defendant Blue has made numerous postings on the Internet regarding

6  Counterclaim Plaintiff and has, at times, slandered and libeled Counterclaim Plaintiff in such a

7  manner on Counterclaim Defendant Blue'ss Web site that Counterclaim Plaintiff cannot respond in a

8  meaningful manner.

9  17.     Counterclaim Defendant Blue's allegations were and are false.

10  18.     Counterclaim Plaintiff intended that these instances of defamation be committed in

11  such a manner that Counterclaim Plaintiff could not and cannot respond in a meaningful manner to

12  dispute the allegations.

13  19.     Counterclaim Defendant Blue is in an advantaged comparative situation over

14  Counterclaim Plaintiff in that she is able to reach the ears of some 3.2 million people on the Internet,

15  as alleged in her First Amended Complaint, and several millions of people in the greater San

16  Francisco, California area as a result of her weekly column in the SFGate publication.

17  20.     By making these allegations, Counterclaim Defendant Blue intended for other persons

18  to believe her allegations to be true.

19  21.     Responses on Counterclaim Defendant Blue's Web site indicate that other persons did

20  believe Counterclaim Defendants allegations to be true.

21  22.     Since Counterclaim Plaintiff is unable to post responses on Counterclaim Defendant

22  Blue's Web site, she is unable to dispute the allegations, and is thereby damaged by the false

23  allegations.

24  23.     As a result, Counterclaim Plaintiff Woffinden has been damaged in an amount to be

25  proven at trial.

26

**FIFTH COUNTERCLAIM FOR CONVERSION**

24.     Counterclaim Plaintiff alleges, re-alleges and incorporates by reference each and every allegation set forth above.

25.     On or about May 22, 2008, the parties entered into mediation to settle their dispute.

26.     On or about May 22, 2008, as a material term of the settlement, Defendant Woffinden agreed to transfer possession, custody and control of the "violetblue.org" domain to Plaintiff Blue.

27.     Counterclaim Defendant Blue repudiated the settlement contract created by the parties on May 22, 2008.

28.     On or after June 24, 2008, by artifice, Counterclaim Defendant Blue, individually or by her agent, transferred the "violetblue.org" domain away from Defendant Woffinden to herself via her agent, Ms. Colette Vogele, Esq.

29.     By transferring the "violetblue.org" domain away from Defendant Woffinden, Plaintiff Blue interfered with Defendant Woffinden's right to possess the domain.

30.     Plaintiff Blue intended to perform the act of transferring the "violetblue.org" domain away from Defendant Woffinden.

31.     Plaintiff Blue's transfer of the "violetblue.org" domain was the cause in fact of the interference of Defendant Woffinden's possession of the "violetblue.org" domain.

32.     As a result, Counterclaim Plaintiff Woffinden has been damaged in an amount to be proven at trial.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaim Plaintiff prays:

1.     That the Court deny all of Plaintiff's claims and relief and/or damages;

2.     That the Court enter judgment in favor of Defendant on Plaintiff's claims and dismiss Plaintiff's Complaint with prejudice;

3.     That the Court grant Counterclaim Plaintiff judgment against Counterclaim Defendant on Counterclaim Plaintiff's counterclaims;

4.     That the Court declares that Defendant did not infringe or dilute under the Lanham Act and that Defendant did not violate unfair competition laws;

5.     That Plaintiff failed to make an adequate pre-filing investigation as required under Rule 11, and the Court consider sanctions under Rule 11, including an award of attorney's fees to Defendant;

6.     That Counterclaim Defendant's U.S. Trademark and Service Mark Registration No. 3391010 be cancelled;

7.     That possession, custody and control of the "violetblue.org" domain be returned to Counterclaim Plaintiff Woffinden.

8.     That Defendant, Counterclaim Plaintiff be awarded her reasonable costs, including attorney's fees, incurred defending herself in this action and prosecuting her counterclaims;

9.     That Counterclaim Plaintiff be awarded fees pursuant to 28 U.S.C. § 1927; and

10.    For such further and other relief as the Court may deem appropriate.

## IX.  JURY DEMAND

Defendant/Counterclaim Plaintiff respectfully demands a trial by a jury of her peers.

DATED THIS 12th day of September 2008.

Respectfully submitted,
CARPELAW PLLC

/s/ Robert S. Apgood
Robert S. Apgood, *Pro Hac Vice*
WSBA #31023
Attorney for Defendant Ada Mae Woffinden
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
Email: rob@carpelaw.com

John Jeffrey Carter (Bar No. 79857)
329 Flume Street

**DEFENDANT WOFFINDEN'S THIRD AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND** - 29

Case No. C 07-5370 SI

1

2

3

Chico, CA 95927-3606
Telephone: 530-342-6196
Facsimile: 530 342-6195

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26