Robert S. Apgood
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117
Telephone: 206-624-2379
Facsimile: 206-784-6305
rob@carpelaw.com

John Jeffrey Carter
329 Flume Street
Chico, CA 95927-3606
Telephone: 530-342-6196
Facsimile: 530 342-6195

Attorneys for Defendant Ada Mae Woffinden *nee* Johnson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| VIOLET BLUE, an individual,<br><br>　　　　Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>ADA MAE JOHNSON et al.,<br><br>　　　　Defendant/Counterclaim Plaintiff. | **Case No.:  C 07-5370 SI**<br><br>**NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING SPECIFIC PERFORMANCE OF PLAINTIFF IN SETTLEMENT AGREEMENT**<br><br>Hon. Elizabeth D. Laporte<br>Courtroom E, 15th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

TO:     ALL PARTIES AND THEIR COUNSEL OF RECORD

　　　　PLEASE TAKE NOTICE THAT on such date and at such time as the Court shall determine, Defendant/Counterclaim Plaintiff Ada Mae Woffinden shall move and hereby MOVES THIS HONORABLE COURT for an ORDER Compelling Specific Performance of Plaintiff in Settlement Agreement for that settlement agreed to by the parties.

## I.  FACTUAL HISTORY

1. On May 22, 2008, the parties entered into settlement negations under the guidance of and with the assistance of this Honorable Court.

2. The parties reached a settlement agreement that contained contingent terms that had to be satisfied prior to the conversion of the preliminary injunction to a stipulated permanent injunction, to wit:

   a. the transfer of the domains "violetblue.org" and "xxxvioletblue.org" from Defendant to Plaintiff.

   b. the service of subpoenas upon the Internal Revenue Service seeking historical records of Defendant's tax filings;

   c. the production of certain records in response to discovery requests propounded to Defendant by Plaintiff; and that the records confirm Defendant Woffinden's financial status.

3. Each of these items had a date for delivery attached to it.

4. Defendant met each of her obligations for delivery of items 2 (b) & (c), but did not meet the dates for delivery attached to each item.[1]

5. Because Defendant did not meet the date deadlines attached to each item, Plaintiff disputed that the settlement existed alleging that Defendant had not met the contingencies. *Declaration of Robert S. Apgood In Support of Motion For An Order Compelling Specific Performance* ("Apgood Decl.") ¶¶ 1 - 4.

6. On June 17, 2008, Plaintiff Blue invited Defendant Woffinden to make an offer of settlement, specifically including transfer of the "violetblue.org" domain, as well as dates certain for completion of items 2 (b) & (c). Apgood Decl. at ¶¶ 5 – 6.

---

[1] Defendant did not subpoena records from the IRS due to IRS policy that all such records must be requested using the IRS form (4506T) specifically designed for these types of requests. Defendant did, however, request the records from the IRS using their form.

7. On June 17, 2008, Defendant Woffinden, by and through her counsel, responded to Plaintiff notifying her that the IRS records were being sought by use of the IRS form 4506T, that the "violetblue.org" domain could be transferred to Plaintiff by use of the transfer codes supplied by Defendant Woffinden, and that the records she sought in her written discovery requests had already been sent. Apgood Decl. at ¶¶ 7 – 8.

8. In the June 17, 2008 message, Defendant Woffinden offered to "settle [the dispute] on the terms agreed in the settlement conference." Apgood Decl. at ¶ 9.

9. On June 24, 2008, Mr. Apgood received an electronic mail message from Mr. Benjamin Costa regarding some delays he encountered when attempting to facilitate the transfer of the "violetblue.org" domain. Apgood Decl. at ¶¶ 10 – 11.

10. At that time, Mr. Apgood was led to believe, and did believe, that Plaintiff Blue had accepted Defendant Woffinden's offer to settle the dispute on the terms agreed in the settlement conference. Apgood Decl. at ¶ 12.

11. At some time on or after June 24, 2008, the "violetblue.org" domain was transferred into the possession, custody and control of Ms. Colette Vogele. Apgood Decl. at ¶ 13.

12. Prior to Plaintiff Blue or her agent transferring the "violetblue.org" domain into the possession, custody and control of Ms. Vogele, the domain was owned exclusively by Defendant Woffinden. Apgood Decl. at ¶ 14.

13. At no time between the time Ms. Woffinden made her offer to Plaintiff Blue to settle the dispute and the time that Plaintiff Blue and/or her agent transferred the "violetblue.org" domain into the possession, custody and control of Ms. Vogele, did Plaintiff Blue either accept or reject, expressly or implicitly, Defendant Woffinden's offer to settle. Apgood Decl. at ¶ 15.

**II.     ARGUMENT**

A.  <u>The Settlement Reached On May 22, 2008 Is In Full Force And Effect.</u>

As noted *supra*, the parties reached an agreement of settlement on May 22, 2008. As part of that settlement, there were certain contingencies that had to be satisfied prior to converting the

preliminary injunction to a stipulated permanent injunction. *Transcript of Proceedings*, (Docket No. 107) at 5:8-10 ("the contingencies will be satisfied prior to the parties asking the Court to convert the preliminary injunction into a permanent injunction").

Each of the terms uses ambiguous language structured primarily in the fashion "On or before <some date>, defendant shall <perform some act>." Each of these terms could be interpreted in one of three ways, 1) as an express condition to Plaintiff's obligation to dismiss her claims, 2) as a promise by Defendant to perform each act on the date specified, and 3) both as an express condition to Plaintiff's obligation to dismiss and as a promise by Defendant to perform the act on the related date.

If each term is interpreted as an express condition to Plaintiff's obligation to dismiss, she is free to not proceed with the settlement if she so desires because, as a general proposition, a true condition must be literally performed. However, in this situation, Defendant is not liable for breach of the settlement contract because, by hypothesis, she has not made a promise to perform the act on the date specified.

If the language is looked upon as language of promise by Defendant and that promise was breached by the act not being performed on the date specified, there are two (2) ways in which a claim could arise. Plaintiff could sue Defendant for breach, in which event the issue would be the materiality of the breach. If the breach is material, Plaintiff would be free to not proceed and could sue Defendant for total breach, or she could elect to continue with the contract and sue for partial breach. If the breach is immaterial, Plaintiff would still be required to dismiss her claims and could only assert a claim for partial breach. *Phillips & Colby Constr. Co. v. Seymour*, 91 U.S. (1 Otto) 646, 23 L.Ed. 341 (1875); Restatement Second, Contracts, Reporter's Notes to § 236.

Defendant Woffinden made promises to perform the acts on the dates specified. However, it is generally agreed that a party need not perform on the precise day stated in the contract unless time is made of the essence. *Biggs v. Wilson*, 1 F.3d 1537, 1545 (9th Cir. Cal. 1993), citing *John D. Calamari & Joseph M. Perillo*, Contracts § 11-22 at 410. (2nd ed. 1977). If time is not of the essence, a reasonable delay in performing does not constitute a material breach of promise. *Id.* If time is of the

essence, the breach of that promise will constitute a material breach. *Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, 2007 U.S. Dist. LEXIS 47555 (E.D. Cal. June 15, 2007), citing *Gold Mining & Water Co. v. Swinerton*, 23 Cal. 2d 19, 27, 142 P.2d 22 (1943). The logical corollary is that if time is *not* of the essence, a reasonable delay will not rise to the level of being a material breach.

While Defendant Woffinden may have technically breached the contract, she nevertheless substantially performed under the contract. Plaintiff has made no representation that she was damaged by Defendant's delay, and she was not estopped from performing under the contract since the only thing preventing her from performing is the delay of receipt of records from the Internal Revenue Service (which is wholly out of Defendant's control). The records sought by Plaintiff in her written discovery request have been delivered. The "violetblue.org" domain has been transferred to Plaintiff and/or Plaintiff's agent.[2] Defendant Woffinden has executed and delivered the IRS form 4506T to the Internal Revenue Service and is awaiting their response. Indeed, nothing remains for Defendant Woffinden to do except deliver copies of the IRS records to Plaintiff upon their receipt. Yet, Plaintiff Blue has adopted the position that the failure by Defendant Woffinden to make the deliverables on the dates specified is a breach that justifies her canceling the contract. *See* Apgood Decl. ¶¶ 3-4.

To justify a complete cancellation of the settlement contract, Defendant Woffinden's breach must be "material." "In most cases, performance on the exact time is not 'of the essence,' and yet an unexcused failure to perform exactly on time is a breach, albeit a minor one." 13-68 *Corbin on Contracts* § 68.2. However, Defendant Woffinden has substantially performed under the settlement contract. Substantial performance is the antithesis of material breach.

Moreover, Plaintiff's transfer of the domain to her possession, custody and control acts as an implied waiver by Plaintiff of Defendant's breach. On that basis, Plaintiff must be compelled to specific performance under the contract.

---

[2] Although the terms of the settlement contract call for the transfer of the "xxxvioletblue.org" domain, that domain is not owned by Defendant Woffinden and is therefore not hers to give. As of this writing, it appears that that domain is not registered and does not belong to anyone. As such, Plaintiff may register the domain in her name and does not require the cooperation of or act by Defendant Woffinden to do so.

A.   <u>If The Settlement Reached On May 22, 2008 Is Not In Full Force And Effect, Plaintiff and Defendant Entered Into A New Contract When Plaintiff Transferred the VioletBlue.org Domain To Herself And/Or Her Agent.</u>

As noted *supra,* Plaintiff Blue solicited an offer of settlement from Defendant Woffinden by and through her counsel in the June 17, 2008 electronic mail message. Apgood Decl. ¶¶ 5-6. In response to this solicitation, Defendant Woffinden, by and through her counsel, offered to enter into a settlement with Plaintiff Blue "on the terms agreed in the settlement conference." Apgood Decl. ¶¶ 7-8. At no time between the time Ms. Woffinden made her offer to Plaintiff Blue to settle the dispute and the time that Plaintiff Blue and/or her agent transferred the "violetblue.org" domain into the possession, custody and control of Ms. Vogele as agent for Plaintiff Blue, did Plaintiff Blue either accept or reject, expressly or implicitly, Defendant Woffinden's offer to settle. Apgood Decl. at ¶ 15.

As noted *supra*, on or about June 24, 2008, Plaintiff Blue and/or her agent transferred the "violetblue.org" domain out of possession of Defendant Woffinden and into Plaintiff's possession, custody and control by and through her agent, Ms. Colette Vogele. Apgood Decl. ¶¶ 13-14. At all times relevant to the transfer of the domain, Mr. Apgood, counsel for Defendant, was led to believe and did believe that Plaintiff was transferring the domain into her possession because she had decided to enter into formal settlement with Defendant Woffinden. Apgood Decl. ¶¶ 10-12.

It is statutory law in California that "[p]erformance of the conditions of a proposal, or the acceptance of the consideration offered with a proposal, is an acceptance of the proposal." Cal. Civ. Code § 1584. Acceptance by performance requires that at least part of what the offer requests be performed or tendered and includes acceptance by a performance which operates as a return promise. *United States v. Wilson*, 392 F.3d 1055, 1060 (9th Cir. 2004), *citing* Restatement 2d of Contracts, §50.

In the electronic mail message sent by Mr. Apgood to Ms. Vogele, Defendant Woffinden offered to settle the dispute "on the terms agreed in the settlement conference." Apgood Decl. at ¶ 12. One of the terms of settlement, and a term to which Plaintiff Blue was not otherwise entitled, was the transfer of the "violetblue.org" domain from Defendant Woffinden to Plaintiff Blue.

1  Where something to which the offeree is not unconditionally entitled is tendered to him upon
2  stated conditions and he exercises dominion over it, he is bound by the conditions even though he
3  informs the offeror that he rejects them.  When he can rightfully exercise dominion over the thing
4  tendered only if he accepts the conditions, he will not be permitted to avoid them by asserting that his
5  conduct was tortious. (See Rest., Contracts, § 72, subsec. 2, and comment b; 6 Williston on Contracts
6  (rev. ed. 1938), § 1856; *cf. Edgar v. Hitch*, 46 Cal.2d 309, 311 [294 P.2d 3]; *Grayhill Drilling Co. v.
7  Superior Oil Co.*, 39 Cal.2d 751, 753 [249 P.2d 21]; *Potter v. Pacific Coast Lumber Co.*, 37 Cal.2d
8  592, 597 [234 P.2d 16].); *William H. Morris Co. v. Group W., Inc.*, 1995 U.S. App. LEXIS 28158, 5-6
9  (9th Cir. Sept. 27, 1995)("Where something to which the offeree is not unconditionally entitled is
10 tendered to him upon stated conditions and he exercises dominion over it, he is bound by the
11 conditions even though he informs the offeror that he rejects them.").

12  Here, Plaintiff Blue has exercised dominion over the "violetblue.org" domain, a property to
13 which she was not unconditionally entitled and that was tendered to her by Defendant Woffinden,
14 which tender was conditioned to be "on the terms agreed in the settlement conference."  Irrespective
15 of Plaintiff Blue's express rejection of the existence of the settlement contract, by exercising dominion
16 over the domain, she has accepted Defendant Woffinden's offer of settlement on those terms and she
17 may not be permitted to avoid them.  *Id.*; Restatement 2d of Contracts, § 50.

18  For these reasons, Plaintiff must be compelled to specific performance of the contract of
19 settlement into which she has entered and now repudiates.

20  DATED THIS 14th day of September 2008.

21                                  Respectfully submitted,

22                                  CARPELAW PLLC

23                                  */s/ Robert S. Apgood*
24                                  Robert S. Apgood, *Pro Hac Vice*
                                    WSBA #31023
25                                  Attorney for Defendant Ada Mae Woffinden
                                    CARPELAW PLLC
26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

                                2400 NW 80th Street #130  
                                Seattle, WA 98117-4449  
                                Telephone: (206) 624-2379  
                                Facsimile: (206) 784-6305  
                                Email: rob@carpelaw.com

**DECLARATION OF SERVICE**

I, Robert S. Apgood, hereby make the following Declaration from personal knowledge that on September 14, 2008, I served the foregoing:

1. Motion For Order Compelling Specific Performance of Plaintiff in Settlement Agreement;

2. Declaration of Robert S. Apgood In Support of Motion For Order Compelling Specific Performance of Plaintiff in Settlement Agreement and the exhibits thereto;

3. [Proposed] Order Compelling Specific Performance of Plaintiff in Settlement Agreement;

4. Motion For An Order To Shorten Time;

5. [Proposed] Order Granting Motion For Shortening Time To Hear Motion to Compel; and

6. this Certificate of Service

by filing a copy thereof with Clerk of the Court via the Court's CM-ECF system. As a result of their agreement and the court's rule, the following will be notified of this filing and copies of the documents will be made available to them:

Colette Vogele
Benjamin Costa
Vogele & Associates
12 Geary Street
Suite 701
San Francisco, CA 94108

I herby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 14th day of September 2008 at Seattle, Washington.

CARPELAW PLLC

*s/ Robert S. Apgood*
*Pro Hac Vice*
WSBA # 31023
CARPELAW PLLC
2400 NW 80th Street #130

MOTION FOR ORDER COMPELLING SPECIFIC PERFORMANCE OF PLAINTIFF IN SETTLEMENT AGREEMENT   - 9

Case No. C 07-5370 SI

1
2
3

                                               Seattle, WA 98117-4449
                                               Telephone: (206) 624-2379
                                               Facsimile: (206) 784-6305
                                               E-mail: rob@carpelaw.com

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

MOTION FOR ORDER COMPELLING SPECIFIC PERFORMANCE OF          Case No. C 07-5370 SI
PLAINTIFF IN SETTLEMENT AGREEMENT   - 10