Robert S. Apgood
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117
Telephone: 206-624-2379
Facsimile: 206-784-6305
rob@carpelaw.com

John Jeffrey Carter
329 Flume Street
Chico, CA 95927-3606
Telephone: 530-342-6196
Facsimile: 530 342-6195

Attorneys for Defendant Ada Mae Woffinden *nee* Johnson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| VIOLET BLUE, an individual,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>ADA MAE JOHNSON et al.,<br><br>    Defendant/Counterclaim Plaintiff. | **Case No.: C 07-5370 SI**<br><br>**NOTICE OF MOTION AND MOTION FOR AN ORDER SHORTENING TIME TO HEAR MOTION TO COMPEL**<br><br>Hon. Elizabeth D. Laporte<br>Courtroom E, 15th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD

    PLEASE TAKE NOTICE THAT on such date and at such time as the Court shall determine, Defendant/Counterclaim Plaintiff Ada Mae Woffinden shall move and hereby MOVES THIS HONORABLE COURT for an ORDER Shortening Time to Hear Motion to Compel.

# I.  Reasons For Requesting Shortening of Time

1. Defendant/Counterclaim Plaintiff Ada Mae Woffinden *nee* Johnson has filed her Motion For An Order to Compel Specific Performance of Plaintiff in Settlement Agreement concurrently with this motion.

2. The parties are scheduled to appear before this court on October 3, 2008 for purposes of attempting settling the dispute between the parties.

3. The parties previously entered into a settlement agreement on or about May 22, 2008, which Plaintiff/Counterclaim Defendant has repudiated.

4. Civil L.R. 7-2(a) requires that all motions must be scheduled for hearing no sooner than 35 days after filing to motion.

5. If the motion to compel is scheduled according to local rule, the court would not consider the motion until weeks after the scheduled settlement conference before this court.

6. In order to promote judicial economy and to not place unnecessary financial burden's on the parties associated with traveling to and engaging in settlement discussion, Deffendant suggests that her motion to compel would, if granted, eliminate the need for the settlement conference altogether.

7. In order to consider Defendant's motion, this Honorable Court will necessarily

## II.  Attempts To Obtain Stipulation

8. On September 11, 2008, Counsel for Defendant Woffinden sent an electronic mail message to counsel for Plaintiff Blue describing the motion Defendant is filing and seeking stipulation to shorten time to allow the motion to be heard and considered prior to meeting for settlement.

9. On September 12, 2008, Plaintiff, by and through her counsel, declined to enter into the stipulation.

## III.  Substantial Harm Or Prejudice That Would Occur If The Court Did Not Change The Time

# I.  Reasons For Requesting Shortening of Time

1. Defendant/Counterclaim Plaintiff Ada Mae Woffinden *nee* Johnson has filed her Motion For An Order to Compel Specific Performance of Plaintiff in Settlement Agreement concurrently with this motion.

2. The parties are scheduled to appear before this court on October 3, 2008 for purposes of attempting settling the dispute between the parties.

3. The parties previously entered into a settlement agreement on or about May 22, 2008, which Plaintiff/Counterclaim Defendant has repudiated.

4. Civil L.R. 7-2(a) requires that all motions must be scheduled for hearing no sooner than 35 days after filing to motion.

5. If the motion to compel is scheduled according to local rule, the court would not consider the motion until weeks after the scheduled settlement conference before this court.

6. In order to promote judicial economy and to not place unnecessary financial burden's on the parties associated with traveling to and engaging in settlement discussion, Deffendant suggests that her motion to compel would, if granted, eliminate the need for the settlement conference altogether.

7. In order to consider Defendant's motion, this Honorable Court will necessarily

## II.  Attempts To Obtain Stipulation

8. On September 11, 2008, Counsel for Defendant Woffinden sent an electronic mail message to counsel for Plaintiff Blue describing the motion Defendant is filing and seeking stipulation to shorten time to allow the motion to be heard and considered prior to meeting for settlement.

9. On September 12, 2008, Plaintiff, by and through her counsel, declined to enter into the stipulation.

## III.  Substantial Harm Or Prejudice That Would Occur If The Court Did Not Change The Time

10. In her motion to compel, Defendant offers argument that statutory and case law substantiate her claim that the parties are bound by a settlement contract and that the issue can be determined as a matter of law.

11. If Defendant/Counterclaim Plaintiff Woffinden is forced to attend another settlement conference, yet her motion to compel is ultimately granted, the parties will have been harmed by the unnecessary expense of mediation in the form of attorney's fees, and Defendant Woffinden will have been harmed by the unnecessary expense of transporting herself and her counsel to and from San Francisco.

12. When Defendant Woffinden's counsel contacted Plaintiff's counsel seeking stipulation, he explained the nature of the motion and the benefits that would be enjoyed by the parties by not having to suffer the time and expense of the conference, all in compliance with Civil L.R. 37-1(a).

### IV.    Nature Of The Underlying Dispute

13. The underlying dispute regards the settlement agreement the parties entered on or about May 22, 2008.

14. In that agreement, Defendant Woffinden committed to certain deliverables.

15. Each of those deliverables had a date attached to it.

16. Defendant Woffinden delivered the items, but was technically in breach because of delays in the deliveries.

17. Plaintiff states that no settlement agreement exists as a result of the late deliveries.

18. Defendant believes, and argues, that the days were not material, were reasonable under the circumstances, and that California statutory law and case law mandate that the settlement agreement may not be totally repudiated by Plaintiff as she did.

### V.    Previous Time Changes

19. On February 11, 2008, the parties stipulated to continuing the hearing date on a motion brought by Plaintiff (Dkt. No. 31).

20. On February 29, 2008, the parties stipulated to a continuance of a Case Management Conference (Dkt. No. 51).

21. On March 13, 2008, the court continued a motions hearing (Dkt. No. 60).

## VI. Effect The Requested Time Modification Would Have On The Schedule For The Case

22. Granting Defendant's motions (both the motion to shorten time and the motion to compel) will result in the Court striking the settlement conference scheduled for October 3, 2008.

23. Granting Defendant's motion to compel will moot the need for trial.

For all of these reasons, Defendant's Motion to Shorten Time should be granted.

Defendant Woffinden hereby respectfully requests that the Court notice the hearing on this motion on Friday, September 26, 2008.

DATED THIS 14th day of September 2008.

    Respectfully submitted,

    CARPELAW PLLC

    */s/ Robert S. Apgood*
    Robert S. Apgood, *Pro Hac Vice*
    WSBA #31023
    Attorney for Defendant Ada Mae Woffinden
    CARPELAW PLLC
    2400 NW 80th Street #130
    Seattle, WA 98117-4449
    Telephone: (206) 624-2379
    Facsimile: (206) 784-6305
    Email: rob@carpelaw.com