COLETTE VOGELE (SBN 192865)
Email: colette@vogelelaw.com
BENJAMIN COSTA (SBN 245953)
Email: ben@vogelelaw.com
VOGELE & ASSOCIATES
12 Geary Street, Suite 701
San Francisco, CA 94108
Tel: (415) 751-5737
Fax: (415) 358-4975

Attorneys for Plaintiff and Counter-defendant
VIOLET BLUE

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIOLET BLUE, an Individual,<br><br>Plaintiff and Counter-defendant,<br><br>v.<br><br>ADA MAE JOHNSON a/k/a ADA WOFFINDEN, an individual d/b/a VIOLET BLUE a/k/a VIOLET a/k/a VIOLET LUST; et al.<br><br>Defendants and Counter-claimant. | Case No. C 07-5370 SI<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN ORDER SHORTENING TIME TO HEAR MOTION TO COMPEL**<br><br>The Honorable Elizabeth D. Laporte<br>Courtroom E, 15th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

## I. INTRODUCTION.

Plaintiff Violet Blue ("Blue") hereby opposes the motion of Defendant Ada Mae Johnson, a/k/a Ada Woffinden ("Woffinden" or "Defendant"), to shorten time to hear motion to compel (Dkt. No. 135, "The Motion").

Woffinden admits that the domain transfer at issue in the underlying motion, the event to which her theory of specific performance is tied, occurred on or about June 24, 2008. On August 29, 2008, over two months later, the parties met with the Court to conduct a case management conference. At that conference, Blue and Woffinden mutually agreed to attend a second case settlement conference. The Civil Pretrial Minutes for the August 29, 2008, case management conference reflect that agreement. (Dkt. No. 126.) Now, nearly three months after the events complained of occurred, and with the second settlement conference looming, Woffinden asks this Court to ignore that agreement, and its own Order, and to expedite the hearing of a frivolous motion that, if it were sincere, should have been brought months ago.

Blue opposes Defendant's Motion on the grounds that (A) it is procedurally defective, (B) Woffinden agreed to the further settlement conference she now seeks to avoid, (C) Woffinden will suffer no harm if the motion is denied, (D) any shortening of time now requested owes only to the delay of Woffinden in asserting her meritless claim, and (E) that the underlying motion is frivolous. Accordingly, Woffinden's motion to shorten time should be denied.

## II. JURISDICTION.

Blue respectfully submits that the Magistrate Settlement Judge lacks the jurisdiction to hear either the instant Motion to shorten time or the underlying motion for specific performance. "Each Magistrate Judge appointed by the Court is authorized to exercise all powers and perform all duties conferred upon Magistrate Judges by 28 U.S.C. § 636, by the local rules of this Court and by any written order of a District Judge designating a Magistrate Judge to perform specific statutorily authorized duties in a particular action." Civil L.R. 72-1; *See also* 28 U.S.C. § 636 (jurisdiction and power of Magistrate Judges). In this case, District Judge Ilston has designated this Magistrate Court to hear the parties' settlement conference and for no other purpose. For this

reason, Blue respectfully does not consent to this Motion or the underlying motion for specific performance being heard by the Magistrate Judge and respectfully submits that this Motion must be decided by Judge Illston.

## III. ARGUMENT.

### A. Woffinden's Motion Is Procedurally Defective

Woffinden's motion to shorten time must be denied because it is procedurally defective. Local Rule 6-3, addressing motions to change time, requires that each such motion be accompanied by a declaration. Civil L.R. 6-3. Here, no such declaration has been submitted. Woffinden's motion should thus be denied as procedurally deficient.

### B. Woffinden's Agreement To A Further Settlement Conference.

The Motion should be denied because Woffinden agreed to attend the further settlement conference at the last Case Management Conference held in this action. Her attempt to now change that reflects her efforts to back out of that agreement and the Court's Order.

The parties appeared before this Court on August 29, 2008, for a case management conference. At that conference, the Court stated its belief that further settlement conference would be advisable and solicited the thoughts of counsel representing Blue and Woffinden. Counsel for Woffinden did not object to the need for a further settlement conference. After consulting counsels' calendars and the case schedule, and even discussing the question of personal appearances, the Court determined that a further settlement conference would be most effective if it took place after Plaintiff received Defendant's outstanding discovery responses. All parties then agreed it should take place on dates between September 22 and 30. *See* Civil Pretrial Minutes (Dkt. No. 126) ("[t]he parties shall participate in a further settlement conference with Magistrate-Judge Laporte between 9/22/08 and 9/30/08.").[1]

It should be further noted that in the Second Supplemental Joint Case Management Conference Statement (Dkt. No. 120), Woffinden raises her assertion that the case was already settled. Despite this posture, both parties expressed their desire at the case management conference itself to have a further settlement conference, creating the logical conclusion that

[1] Due to conflicts on Judge Laporte's calendar, the Ordered settlement conference is actually scheduled for October 3, 2008. (*See* Dkt. No. 127.)

(of course) *no* settlement had yet been reached. In other words, Woffinden agreed to participate in the further settlement conference even after stating her position that the case had been settled. Accordingly, Woffinden's reasoning for needing to shorten time--because of a perceived "burden" of appearing for a settlement conference--should be seen for what it is: a backdoor attempt to get out of her agreement to conduct a further settlement conference.

C. Woffinden Will Suffer No Harm Or Prejudice.

Woffinden will not suffer substantial harm or prejudice if her motion to shorten time is denied. Woffinden has the burden on her motion, and she has provided no case support for her argument that she will be "harmed" if the motion to shorten time is not granted.

On a motion to shorten or extend time, in assessing the substantial harm or prejudice element a court should look to the substantial harm or prejudice to the party's substantive case -- not the harm to its pocketbook. The financial "burden" of attending a settlement conference, and one mutually agreed-to no less, causes neither substantial harm nor prejudice to Woffinden's case. *Accord*, Noble v. Kiewit Pacific Co., 2008 WL 413754, at *1 (N.D. Cal., Feb. 13, 2008) (Illston, J.) (Shortening time to hear motion to expedite deposition of plaintiff who was dying of cancer because underlying motion could be rendered moot if plaintiff passed away thereby causing substantial harm to plaintiff's case); Centillium Communications, Inc. v. Atlantic Mut. Ins. Co., 2008 WL 728639, at *5 (N.D.Cal., March 17, 2008) (Extending time for response to partial summary judgment motion because without extension defendant's new counsel could not adequately respond to the motion thereby causing substantial harm to defendant's case).

Here, this Court expressed its desire that the parties "make *personal* appearances at the settlement conference". (*See* Dkt. 126.) The only harm and prejudice Woffinden claims in her Motion is the harm of attending the agreed-to settlement conference, and the burden of following the normal court orders issued under the Federal Rules, Local Civil and ADR Rules. *See* ADR L.R. 7-4 (requiring personal attendance of parties and counsel); *see also* Dispute Resolution Procedures in the Northern District of California, p. 14 (describing personal attendance requirement); Civ. L. R. 7-2(a) (reflecting this District's 35-day motion schedule). Accordingly, the "burden" Woffinden references to support her argument is neither substantial harm nor

prejudice. *See, e.g.,* Nobel, 2008 WL 413754, at *1; Centillium Comms., 2008 WL 728639, at *5. Accordingly, there is no substantial harm.

D. Woffinden's Own Delay In Bring The Motion.

Further, Woffinden's delay in bring the underlying motion contradicts her freshly-minted argument that the time period to hear such a motion must be shortened. As that underlying motion makes plain, the most recent "new" event -- the domain name transfer purportedly giving rise to Woffinden's novel theory -- occurred nearly three months ago. In short, had Woffinden made her underlying motion at that time, or at any time before the most recent Case Management Conference, such a motion would have been heard long before the scheduled settlement conference, or would have at least be on calendar, without shortening time. This lengthy delay by Woffinden has naturally worked substantial harm to Blue who has responded to recently-served discovery requests by Woffinden, drafted case management conference statements, continued in her own third-party discovery efforts, and attended the case management conference all under the reality that the case was still pending.

E. Woffinden's Underlying Motion Lacks Merit.

Finally, speaking briefly to the merits of the underlying motion, Woffinden's motion is flawed in two critical ways which should be obvious. First, her motion completely fails to mention the fourth contingent term of the settlement: that her produced tax records prove her claim of indigence. (*See* Transcript of Settlement Proceedings, Dkt. No. 107 at 4:8-11.) From the partial records Woffinden has produced to date, it is clear that this contingency cannot be satisfied and that the contingent settlement, accordingly, could never have taken effect, and Plaintiff has never accepted any other settlement terms.

Second, it goes without saying that, Woffinden's own conduct firmly contradicts her position that the case is settled. Since the time of the domain transfer, she has steadfastly continued forward in pursuing her counterclaims, conducting discovery, and even seeking to amend her answer *twice*. For example, Woffinden has (i) opposed a motion by Blue seeking to strike her second amended answer (*see* Dkt. No. 115), (ii) served discovery on Blue, (iii) subpoenaed the US Patent & Trademark Office regarding Blue's trademark, (iv) subpoenaed

Open Enterprises, Blue's former employer, (v) attended a case management conference, (vi) agreed to attend a second settlement conference, (vii) responded to Blue's third set of discovery requests, and (viii) even filed a motion seeking leave to file a third amended answer (*See* Dkt. Nos. 131-132). *See* Declaration of C. Vogele, ¶7 & Exhs. G-L. These actions are plainly inconsistent with the notion that the case is settled.[2]

## IV. CONCLUSION.

While Plaintiff Blue sincerely hopes that the parties can resolve the pending dispute prior to the October 3 settlement conference, if not at that conference, there is no valid basis for Defendant's motion to shorten time. For the reasons stated above, Blue respectfully requests that Defendant's Motion For An Order Shortening Time To Hear Motion To Compel be denied.

Dated: September 18, 2008

VOGELE & ASSOCIATES

By: /S/
Benjamin Costa
Attorneys for Plaintiff VIOLET BLUE

[2] Plaintiff will of course address all of the substantive flaws in Woffinden's underlying motion on a normal 35-day motion calendar, if this matter is not settled before then.)