COLETTE VOGELE (SBN 192865)
Email: colette@vogelelaw.com
BENJAMIN COSTA (SBN 245953)
Email: ben@vogelelaw.com
VOGELE & ASSOCIATES
12 Geary Street, Suite 701
San Francisco, CA 94108
Tel: (415) 751-5737
Fax: (415) 358-4975

Attorneys for Plaintiff and Counter-defendant
VIOLET BLUE

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIOLET BLUE, an Individual,<br><br>Plaintiff and Counter-defendant,<br><br>v.<br><br>ADA MAE JOHNSON a/k/a ADA WOFFINDEN, an individual d/b/a VIOLET BLUE a/k/a VIOLET a/k/a VIOLET LUST; et al.<br><br>Defendants and Counter-claimants. | Case No. C 07-5370 SI<br><br>**DECLARATION OF COLETTE VOGELE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AN ORDER SHORTENING TIME TO HEAR MOTION TO COMPEL**<br><br>The Honorable Elizabeth D. Laporte<br>Courtroom E, 15th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

I, COLETTE VOGELE, declare:

1. I am a member of the State Bar of California, admitted to practice before this Court, founding attorney of Vogele & Associates, and attorney of record for Plaintiff Violet Blue herein. The facts contained in this declaration are known personally to me and, if called as a witness, I could and would testify competently thereto under oath.

2. On May 22, 2008, Plaintiff Blue and Defendant Woffinden appeared for a settlement conference before Hon. Magistrate Judge Elizabeth D. Laporte. That conference

produced a contingent settlement. A true and correct copy of the Transcript of Proceedings for the May 22, 2008 settlement conference detailing the contingent agreement is attached hereto as Exhibit **A**.

3. When Defendant Woffinden failed to meet the contingent terms of this agreement, on June 9, 2008, Plaintiff Blue wrote to Hon. Magistrate Judge Laporte, taking the position that any contingent settlement reached was no longer valid and should be vacated. A true and correct copy of that letter is attached hereto as Exhibit **B**.

4. On June 10, 2008, Defendant Woffinden's counsel, Robert S. Apgood, wrote to Hon. Magistrate Judge Laporte, stating that "[i]f, however, the plaintiff is now repudiating the contractual settlement, the defendant shall move forward accordingly." A true and correct copy of that June 10, 2008 letter is attached hereto as Exhibit **C**.

5. On June 13, 2008, more than three months before filing the instant motion, Defendant Woffinden first adopted the position that "the settlement terms are intact and the parties have reached settlement," in the parties' Supplemental Joint Case Management Conference Statement. A true and correct copy of the Supplemental Joint Case Management Conference Statement is attached hereto as Exhibit **D**.

6. At the June 20, 2008, case management conference, the parties continued "discussing settlement," as evidenced by the Civil Pretrial Minutes of that conference. A true and correct copy of the Civil Pretrial Minutes for the June 20, 2008, conference is attached here to as Exhibit **E**.

7. Throughout July and August, 2008, the parties continued to discuss settlement while moving forward in their respective cases. For example, during that time, Plaintiff Blue served discovery on Defendant, as well as on several third parties, to gather facts to support her claims. A true and correct copy of the Plaintiff Blue's third set of document requests is attached here to as Exhibit **F** (Plaintiff Violet Blue's Third Set Of Requests For Production To Defendant Ada Mae Johnson, Plaintiff Violet Blue's Second Set Of Requests For Admissions To Defendant Ada Mae Johnson, And Plaintiff Violet Blue's Second Set Of Interrogatories To Defendant Ada Mae Johnson). Plaintiff also filed motions that Defendant has actively opposed. (*See, e.g.,* Dkt.

Nos. 115 and 117). Defendant also served discovery on Plaintiff Blue in the form of requests for document production to which Plaintiff has responded. Defendant further subpoenaed the US Patent & Trademark Office regarding the VIOLET BLUE trademark and also Plaintiff Blue's former employer Open Enterprises. A true and correct copy of the subpoenas propounded by Defendant are attached here to as Exhibit **G** (US Patent & trademark Office Subpoena) and **H** (Open Enterprises Subpoena). Defendant also produced some additional documents, provided a supplemental initial disclosure, and provided some responses to interrogatories and requests for admission that had been propounded by Plaintiff Blue. A true and correct copy of Defendant's written discovery responses and supplemental initial disclosures are attached here to as Exhibit **I, J, K and L**. Nowhere in these responses does Defendant object to the discovery on grounds that the matter is settled.

8. On August 25, 2008, the parties filed their Second Supplemental Joint Case Management Conference Statement, in which Defendant Woffinden again asserts that the case has been settled. A true and correct copy of the Second Supplemental Joint Case Management Conference Statement is attached hereto as Exhibit **M**.

9. At the August 29, 2008, case management conference, the parties agreed to attend a second settlement conference with Hon. Magistrate Judge Laporte, and the Court so Ordered shown in the Civil Pretrial Minutes of that conference. A true and correct copy of the Civil Pretrial Minutes for the August 29, 2008, conference is attached here to as Exhibit **N**.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of September, 2008, in San Francisco, California.

Dated: September 18, 2008

VOGELE & ASSOCIATES

By:____________/S/________________________
Colette Vogele
Attorneys for Plaintiff VIOLET BLUE

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that permission to the filing of this document has been obtained from Colette Vogele.

Dated: September 18, 2008 /S/ Benjamin A. Costa

______________________________

Benjamin A. Costa