# EXHIBIT A

Pages 1 - 7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE MAGISTRATE JUDGE ELIZABETH D. LAPORTE

VIOLET BLUE, an Individual,

Plaintiff and Counter-defendant,

vs.

ADA MAE JOHNSON a/k/a/ ADA WOOFINDEN, an Individual d/b/a VIOLET BLUE a/k/a VIOLET a/k/a VIOLET LUST; et al.,

Defendants and Counter-claimants.

NO. C 07-5370-SI(EDL)

**Certified Copy**

San Francisco, California
Thursday
May 22, 2008
1:36 p.m.

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**For Plaintiff:**

Vogele & Associates
12 Geary Street, Suite 701
San Francisco, CA 94104
(415) 751-5737
(415) 205-5737 (fax)

**BY: COLETTE VOGELE**
**BENJAMIN ANTHONY COSTA**

**For Defendant:**

Carpe Law
2400 80th Street NW, Suite 130
Seattle, Washington 98117
(206) 624-2379
(206) 784-6305 (fax)

**BY: ROBERT S. APGOOD**

**Reported By:** **Lydia Zinn, CSR #9223, RPR**
**Official Reporter - U.S. District Court**

**THE CLERK:** Calling Civil 07-5370, Violet Blue versus Ada Mae Johnson.

Counsel, please state your appearances for the record.

**MS. VOGELE:** Colette Vogele, for plaintiff.

**MR. APGOOD:** Robert Apgood, for defendant Ada Mae Johnson.

**THE COURT:** All right. And would the clients please introduce themselves as well for the record?

**MS. WOOFINDEN:** I'm Ada Woofinden, also known as Ada Mae Johnson, the defendant.

**THE COURT:** And the plaintiff, please.

**MS. BLUE:** I'm the plaintiff, Violet Blue.

**THE COURT:** Thank you. All right. I think the settlement had been reached with a -- subject to a couple of specific contingencies that will be recited. And apart from those, the settlement is intended to be binding and effective as of today -- or as of when the contingencies are removed, I should say, but -- and that the parties do intend to reduce it to writing, but if they do not succeed, we're intending to create a record today that is enforceable, subject to those contingencies.

And is that counsel's understanding?

**MS. VOGELE:** Yes, your Honor.

**MR. APGOOD:** Yes, your Honor.

**THE COURT:** All right. And I think you're going to recite the essential terms of the settlement. And then I'll ask if those are correct; and we'll ask the clients as well.

Would you go ahead and do that, please?

**MS. VOGELE:** Sure. Thank you, your Honor.

The first term of the settlement is that the preliminary injunction will be made permanent.

And the second term is that the defendant agrees to coöperate in future litigations or investigations that the plaintiff may engage in regarding the name -- her name, Violet Blue. And specifically, defendant agrees in good faith to coöperate on third-party discovery during the pendency of future actions related to the name Violet Blue; to facilitate the discovery of information sought by Blue; to be reasonably available for deposition and/or trial testimony, as needed; and to preserve and not to destroy evidence which may be discoverable.

In return, Plaintiff Blue agrees to pay Defendant's reasonable costs for deposition and for trial testimony.

There are a few contingent terms. The first is that on or before May 30th, the defendant shall transfer the domain name www.violetblue.org, and also triple x violetblue.org, to the plaintiff.

On or before June 6th, the defendant shall voluntarily turn over records requested in discovery, including

defendant's tax records, bank records, fan mail, model contracts, case ex fliers, pictures used for autographs, e-mails with people she's worked with and worked for, including Bill Fox, Ira Levine, and Sabrina Model.

And the third contingency is on or before June 3rd, defendant will subpoena tax returns for the years 2000 through 2007, with a subpoena return date of 14 days thereafter.

And the fourth contingency is that the tax returns confirm defendants' claims of indigence regarding her financial situation and her ability to make any sort of financial settlement.

The next term is regarding enforcement. The parties agree that if the settlement agreement is breached, the parties will provide notice with a 30-day opportunity to cure. And if the cure is not made, the parties agree that arbitration that is binding through either Triple A or JAMS will be the mechanism for resolving that dispute. The arbitration will take place in the Northern District of California. The losing party shall pay costs and any award that the arbitration results in.

Nothing in that enforcement mechanism will preclude the enforcement of the permanent injunction through a civil contempt proceeding.

**THE COURT:** In the alternative, correct?

In other words, if you elect arbitration, then there

won't be a contempt proceeding, but instead, if they elect contempt proceeding, then there won't be arbitration.

**MS. VOGELE:** True, yes.

Can we go off the record for a moment?

**THE COURT:** Yes. Off the record.

(Off the record)

**THE COURT:** Back on the record.

It has been clarified that the contingencies will be satisfied prior to the parties asking the Court to convert the preliminary injunction into a permanent injunction.

**MS. VOGELE:** Correct.

**MR. APGOOD:** Correct.

**THE COURT:** And it would be a stipulated permanent injunction.

**MR. APGOOD:** Yes.

**MS. VOGELE:** Right.

**THE COURT:** You may continue.

**MS. VOGELE:** Thank you, your Honor.

The next term is that the plaintiff shall make the following dated update to oppose at her blog, tinynibbles.com. And it will read, quote, "I met with Ms. Johnson, and she assures me that the statements my friend made to me mischaracterizes the situation." End quote.

The next term is that, to the extent the plaintiff is required to respond to Docket Number 97, the defendant has

agreed not to seek default against the plaintiff.

**MR. APGOOD:** For the pendency of the settlement process, yes.

**MS. VOGELE:** Right, until -- yeah. Let me just restate that.

To the extent that Plaintiff is required to respond to Docket Number 97, Defendant agrees not to seek default against Plaintiff, pending the satisfaction of all the contingencies in the settlement.

Then the last two terms are that we will have mutual releases. California Civil Code 1542 shall apply. And the parties will each dismiss with prejudice all claims made against the other party in this action.

**THE COURT:** All right. Now I'm going to ask Mr. Apgood. Do those reflect the essential terms of the settlement that's been agreed to?

**MR. APGOOD:** Yes, your Honor.

**THE COURT:** Then I'm going to ask each of the clients.

Ms. Violet Blue, do you understand the terms of settlement, as just stated?

**MS. BLUE:** Yes, I do.

**THE COURT:** Do you agree to them?

**MS. BLUE:** Yes, I do.

**THE COURT:** I'm going to ask Ada Mae Johnson, a.k.a.

Woofinden.

**MS. WOOFINDEN:** Yes, I do.

**THE COURT:** Do you agree to them?

**MS. WOOFINDEN:** Yes, I do.

**THE COURT:** Thank you very much. I appreciate everybody's efforts. We can go off the record now.

(At 1:48 p.m. the proceedings were adjourned.)

- - - -

**CERTIFICATE OF REPORTER**

I, LYDIA ZINN, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in C 07-5370-SI(EDL), Violet Blue v. Ada Mae Johnson, et al.,were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

Lydia Zinn, CSR 9223, RPR

Tuesday, May 27, 2008