# EXHIBIT F

COLETTE VOGELE (SBN No. 192865)
Email: colette@vogelelaw.com
BENJAMIN COSTA (SBN No. 245953)
Email: ben@vogelelaw.com
**VOGELE & ASSOCIATES**
12 Geary Street, Suite 701
San Francisco, CA 94108
Tel: (415) 391-3311
Fax: (415) 358-4975

Attorneys for Plaintiff
VIOLET BLUE

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIOLET BLUE, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>ADA MAE JOHNSON a/k/a ADA WOFFINDEN, an individual d/b/a VIOLET BLUE a/k/a VIOLET a/k/a VIOLET LUST, et al.<br><br>Defendants. | Case No. C 07-5370 SI<br><br>**PLAINTIFF VIOLET BLUE'S THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ADA MAE JOHNSON**<br>(Nos. 99-113) |
| AND RELATED CROSS-CLAIM | |

**PROPOUNDING PARTY:** Plaintiff VIOLET BLUE

**RESPONDING PARTY:** Defendant ADA MAE JOHNSON a/k/a ADA WOOFINDEN

**SET NO.:** Three (Nos. 99 through 113)

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 34, you are required to respond under oath to the following requests for production and to deliver to Vogele & Associates, at the address above, the documents so requested within thirty (30) days of service hereof.

## DEFINITIONS

1. “ACTION” means this Civil Action No. 07-5370 pending in the Northern District of California.

2. "AEBN" means A.E.B.N., Inc., its subsidiaries, parent companies, agents, partners, or affiliates, including, without limitation, the Adult Entertainment Broadcast Network” and AEBN.net.

3. "APPEARANCE" means any personal attendance at any event open to the public, invitees, or other ticketed attendees.

4. "AVN" means AVN Media Network, its subsidiaries, parent companies, agents, partners, or affiliates, including, without limitation, AVN.com, AVN Online, AVN Magazine, AVN Adult Entertainment Expo, and the AVN Awards Show.

5. "BETTY BANGS" means the hairstyle associated with Betty Page and generally having the characteristics of being a very dark color with short bangs.

6. “CC BILL” means CC Bill LLC its subsidiaries, parent companies, agents, partners, or affiliates, including, without limitation, ccbill.com.

7. "COMMUNICATIONS" means and refers to any verbal, written, or symbolic expressions, or interchange of any type. To the extent a Request seeks copies of oral COMMUNICATIONS, such COMMUNICATIONS may be provided by sound recording, by transcript, or by contemporaneous memoranda, including slides or computer-generated displays.

8. "DEFENDANT ASSASSIN" means Defendant Assassin Pictures, any subsidiaries, parent companies, agents, partners, or affiliates, including but not limited to Defendant Assassin Cash.

9. "DEFENDANT FIVE STAR" means Defendant Five Star Video, L.C., any subsidiaries, parent companies, agents, partners, or affiliates, including but not limited to Defendant Five Star Video Distributors.

10. "DEFENDANT FOX" means Defendant Bill Fox and any aliases including but not limited to Bill T. Fox.

/ / /

11. The term "DOCUMENT" has its broadest possible meaning under the Federal Rule of Civil Procedure 34, includes any writing or thing, and includes the original and any non-identical copy, regardless of origin or location, of any written, typewritten, drawn, charted, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, now or formerly in YOUR possession, custody or control, including, but not limited to, any drawing, photograph, book, pamphlet, periodical, letter, correspondence, telegram, invoice, email, contract, purchase order, estimate, report, memorandum, intra-office communication, computer databases, data sheets, data processing cards, tapes, disc recordings, diskettes, memoranda, work papers, work sheets, work records, literature, reports, notes, drafts, diaries, messages, telegrams, books, ledgers, publications, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bids, time cards, invoices, receipts, purchase orders, contracts, telephone records, and any other records, writings, or computer input or output, working paper, record, study, paper, chart, graph, index, and any transcription(s) thereof, and all other memorialization(s) of any conversations(s), meeting(s), and conference(s), by telephone or otherwise. The term "DOCUMENT" also means every copy of a document where such copy is not an identical duplicate of the original, whether because of deletions, underlings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery, or any other difference or modification of any kind.

12. "EXOTIC EROTIC BALL" means any event or enterprise associated with Perry Mann Inc., including without limitation EEB Productions, Perry Mann, Perry Moldauer, www.exoticeroticball.com, and the event in San Francisco commonly known as the Exotic Erotic Ball.

13. "IDENTIFY" means to provide sufficient information to enable PLAINTIFF's counsel to contact any PERSON identified (including the name, employer's name, title, business, home address, and telephone number), to locate, recognize, and request production of any DOCUMENT identified, and to describe any COMMUNICATION identified (including the substance of the COMMUNICATION and all PERSONS involved therein).

///

14. "PERSON" means and refers to any human being, corporation, partnership, association, legal representative, trustee, trustee in bankruptcy, and/or receiver.

15. "PLAINTIFF" means Plaintiff Violet Blue.

16. "RELEVANT PERIOD" means the period starting from the earlier of January 1, 1999, or one year prior to the date YOU first performed or presented YOUR image to any market or audience to the present.

17. "PLAINTIFF'S TRADEMARK" means PLAINTIFF'S common law and federally registered trademark rights in "VIOLET BLUE" (U.S. Application Serial No. 77/121,570, U.S. Trademark Registration No. 3,391,010).

18. "VIOLETBLUE.ORG" means any website associated with that domain name, including but not limited to www.violetblue.org, www.movies.violetblue.org, xxx.violetblue.org, or any other similar subdomain.

19. "YOU," or "YOUR," means Defendant Ada Mae Johnson a/k/a Ada Woffinden, her agents, employees, representatives, attorneys, accountants, brokers, consultants, and anyone else acting on her behalf.

20. The "COUNTERCLAIMS" means the counterclaims asserted as part of DEFENDANT WOFFINDEN'S SECOND AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND, Docket Number 97, filed on May 7, 2008, beginning at 23:22.

21. "USPTO" means the United States Patent and Trademark Office.

22. Use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. YOUR response to these Requests for Production will include all DOCUMENTS and information within YOUR possession, custody, or control including, but not limited to, DOCUMENTS and information in the possession, custody, or control of any of YOUR employees, accountants, attorneys, brokers, consultants, or other agents or representatives.

///

2. These Requests are continuing, requiring YOU to supplement YOUR response and YOUR production of DOCUMENTS in accordance with Fed. R. Civ. P. 26(e) with respect to any DOCUMENTS and information within the scope of this request as may be located or acquired following YOUR initial response.

3. The specific or duplicative or overlapping nature of any of the DOCUMENT descriptions set forth below will not be construed to limit the generality or breadth of any other DOCUMENT description contained in this or any other Request for Production of Documents.

4. If YOU claim any form of privilege, whether based on statute or otherwise, as a ground for non-production, YOU are hereby requested to provide the following information:

a. for DOCUMENTS: (i) the date of the DOCUMENT; (ii) the name of the DOCUMENT's originator, the name of the PERSON(s) to whom it is addressed, and the names of all PERSON(s) who were shown copies or to whom copies were distributed; (iii) a general physical description of the type of DOCUMENT, and the subject matter to which it pertains; (iv) the current custodian of the DOCUMENT; and (v) the precise grounds on which the claim of privilege or other objection to production is based, with sufficient specificity to permit the Court to make a full determination whether the claim of privilege is valid.

b. for oral COMMUNICATIONS: (i) the name of the PERSON making the COMMUNICATION and the names of PERSONS present while the COMMUNICATION was made, and, where not apparent, the relationship of the PERSONS present to the PERSON making the COMMUNICATION; (ii) the date and place of COMMUNICATION; (iii) the general subject matter of the COMMUNICATION; and (iv) the precise grounds on which the claim of privilege or other objection to production is based, with sufficient specificity to permit the Court to make a full determination whether the claim of privilege is valid.

5. Each request should be answered separately and in order.

///

///

6. If YOU are unable to respond to any request fully, supply the information that is available and explain why YOUR response is incomplete, the efforts made to obtain the information, and the source from which all responsive information may be obtained.

7. If, for any reason other than a claim of privilege, YOU refuse to respond to any request herein, state the grounds upon which such refusal is based with sufficient particularity to permit a determination of the propriety of such refusal.

8. If, in answering these requests, YOU claim that any request, or a definition or instruction applicable thereto, is ambiguous, do not use such claim as a basis for refusing to respond, but rather set forth as a part of the response the language YOU claim is ambiguous and the interpretation YOU have used to respond to the individual request.

9. Attach or identify all DOCUMENTS referred to or used in connection with the preparation of YOUR responses to these requests.

10. If any DOCUMENT requested herein was at one time in existence, but has been lost, destroyed, transferred voluntarily or involuntarily to others, not subject to YOUR control or otherwise disposed of, or if any DOCUMENT responsive to any request exists, but is not available, IDENTIFY in writing each such DOCUMENT and provide the following information: (i) the date or approximate date it was lost, transferred, destroyed, or otherwise disposed of; (ii) the circumstances and manner in which it was lost, transferred, destroyed, or otherwise disposed of; (iii) the reason or reasons for disposing of the DOCUMENT (if discarded or destroyed); (iv) the identity of all PERSON(s) authorizing or having knowledge of the circumstances surrounding the disposal of the DOCUMENT; (v) the identity of the PERSON(s) who lost, transferred, destroyed or otherwise disposed of the DOCUMENT; and (vi) the identity of all PERSON(s) having knowledge of the contents thereof.

11. Each Request applies to the RELEVANT PERIOD unless otherwise indicated.

12. Each of the foregoing definitions and instructions is hereby incorporated by reference into, and shall be deemed a part of, each and every other definition and instruction contained herein as well as each specific request set forth below.

///

## REQUESTS FOR PRODUCTION

**Request for Production No. 99.**

All DOCUMENTS referring or relating to the allegation in paragraph 8 of the COUNTERCLAIMS that "use [by Defendant Woffinden] of 'Violet Blue' in connection with online and video adult erotica performances is not infringing [BLUE's] use of her name 'Violet Blue' in connection with web casts, and podcasts featuring music, audio books and news broadcasts, in the fields of inter alia, sexual pleasures and pornography, and other categories identified in Trademark International Class 9, and downloadable publications in the nature of individual texts of blog posts, photographs, electronic books, audio books, news columns, newsletters, and other categories in the fields of inter alia, sexual pleasures and pornography, identified in Trademark International Class 41."

**Request for Production No. 100.**

All DOCUMENTS referring or relating to the allegation in paragraph 10 of the COUNTERCLAIMS that PLAINTIFF'S TRADEMARK is not famous.

**Request for Production No. 101.**

All DOCUMENTS referring or relating to the allegation in paragraph 10 of the COUNTERCLAIMS that PLAINTIFF'S TRADEMARK "has not been diluted by [Defendant Woffinden's] use of 'Violet' and 'Violet Blue' in connection with online and video mainstream and adult erotica performances."

**Request for Production No. 102.**

All DOCUMENTS referring or relating to the allegation in paragraph 12 of the COUNTERCLAIMS that BLUE "represent[ed] to the [USPTO] that [BLUE's] use of the [VIOLET BLUE] mark has been used 'exclusively and continuously' in International Class 009 for web casts, and podcasts featuring music, audio books and news broadcasts, in the fields of inter alia, sexual pleasures and pornography; and in International Class 041 for downloadable publications in the nature of individual texts of blog posts, photographs, electronic books, audio books, news columns, and newsletters, in the fields of, inter alia, sexual pleasures and pornography."

**Request for Production No. 103.**

All DOCUMENTS referring or relating to any filing with the USPTO in which BLUE allegedly represents to the Office that she has used PLAINTIFF'S TRADEMARK "exclusively and continuously."

**Request for Production No. 104.**

All DOCUMENTS referring or relating to the allegation in paragraph 14 of the COUNTERCLAIMS that BLUE "has made numerous postings on the Internet regarding [Woffinden] and has, at times, slandered and libeled [Woffinden] in such a manner on [BLUE's] Web site that [Woffinden] cannot respond in a meaningful manner."

**Request for Production No. 105.**

All DOCUMENTS referring or relating to the allegation in paragraph 15 of the COUNTERCLAIMS that BLUE has made numerous postings on the Internet regarding Woffinden, which "were and are false."

**Request for Production No. 106.**

All DOCUMENTS referring or relating to the allegation in paragraph 16 of the COUNTERCLAIMS that BLUE intended that these alleged "instances of defamation be committed in such a manner that [Woffinden] could not and cannot respond in a meaningful manner to dispute the allegations."

**Request for Production No. 107.**

All DOCUMENTS referring or relating to the allegation in paragraph 17 of the COUNTERCLAIMS that BLUE "is in an advantaged comparative situation over [Woffinden] in that [BLUE] is able to reach the ears of some 3.2 million people on the Internet … and several millions of people in the greater San Francisco, California area as a result of her weekly column in the SFGate publication."

**Request for Production No. 108.**

All DOCUMENTS referring or relating to the allegation in paragraph 18 of the COUNTERCLAIMS that BLUE "intended for other persons to believe [the allegedly defamatory] allegations to be true."

**Request for Production No. 109.**

All DOCUMENTS referring or relating to the allegation in paragraph 19 of the COUNTERCLAIMS that "Responses on [BLUE's] Web site indicate that other persons did believe [Blue's allegedly defamatory] allegations to be true."

**Request for Production No. 110.**

All DOCUMENTS referring or relating to the allegation in paragraph 20 of the COUNTERCLAIMS that Woffinden "is unable to dispute the [allegedly defamatory] allegations, and is thereby damaged by the [allegedly] false allegations."

**Request for Production No. 111.**

All DOCUMENTS and COMMUNICATIONS that refer, reflect, or relate to any allegedly slanderous, libelous, and/or defamatory statements made by BLUE.

**Request for Production No. 112.**

All DOCUMENTS referring or relating to the allegation in paragraph 2 of the COUNTERCLAIMS that Plaintiff Blue has been known by any name other than "Violet Blue."

**Request for Production No. 113.**

All DOCUMENTS and COMMUNICATIONS between YOU and David "Ben" Burch referring, relating to, or referencing BLUE or YOUR use of the name "Violet Blue."

Dated: August 5, 2008

VOGELE & ASSOCIATES

By: ______________________
Benjamin A. Costa
Attorneys for Plaintiff VIOLET BLUE

## DECLARATION OF SERVICE

I, Benjamin A. Costa, hereby declare:

I am over eighteen years of age and not a party to the within cause. My business address is 12 Geary Street, Suite 701, San Francisco, CA 94108. On August 5, 2008, I served a copy of PLAINTIFF VIOLET BLUE'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ADA MAE JOHNSON a/k/a ADA WOOFINDEN (Nos. 99 - 113) on each of the following, by placing the same in an envelope addressed respectively as follows:

Robert S. Apgood
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117
Telephone: 206-624-2379
Facsimile: 206-784-6305
rob@carpelaw.com

Each said envelope was then, on said date, sealed and deposited in the United States mail at San Francisco, California, San Francisco Count, the county in which I am employed, with the postage thereon fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 5, 2008 at San Francisco, California.

Benjamin A. Costa

COLETTE VOGELE (SBN No. 192865)
Email: colette@vogelelaw.com
BENJAMIN COSTA (SBN No. 245953)
Email: ben@vogelelaw.com
**VOGELE & ASSOCIATES**
12 Geary Street, Suite 701
San Francisco, CA 94108
Tel: (415) 391-3311
Fax: (415) 358-4975

Attorneys for Plaintiff
VIOLET BLUE

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIOLET BLUE, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>ADA MAE JOHNSON a/k/a ADA WOFFINDEN, an individual d/b/a VIOLET BLUE a/k/a VIOLET a/k/a VIOLET LUST, et al.<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIM | Case No. C 07-5370 SI<br><br>**PLAINTIFF VIOLET BLUE'S SECOND SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT ADA MAE JOHNSON**<br>(Nos. 3-12) |

**PROPOUNDING PARTY:** Plaintiff VIOLET BLUE

**RESPONDING PARTY:** Defendant ADA MAE JOHNSON a/k/a ADA WOOFINDEN

**SET NO.:** Two (Nos. 3 through 12)

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 36, you are required to respond under oath to the following Requests for Admissions within thirty (30) days of service hereof.

///

///

## DEFINITIONS AND INSTRUCTIONS

1. "ACTION" means this Civil Action No. 07-5370 pending in the Northern District of California.

2. "AEBN" means A.E.B.N., Inc., its subsidiaries, parent companies, agents, partners, or affiliates, including, without limitation, the Adult Entertainment Broadcast Network" and AEBN.net.

3. "APPEARANCE" means any personal attendance at any event open to the public, invitees, or other ticketed attendees.

4. "AVN" means AVN Media Network, its subsidiaries, parent companies, agents, partners, or affiliates, including, without limitation, AVN.com, AVN Online, AVN Magazine, AVN Adult Entertainment Expo, and the AVN Awards Show.

5. "BETTY BANGS" means the hairstyle associated with Betty Page and generally having the characteristics of being a very dark color with short bangs.

6. "CC BILL" means CC Bill LLC its subsidiaries, parent companies, agents, partners, or affiliates, including, without limitation, ccbill.com.

7. "COMMUNICATIONS" means and refers to any verbal, written, or symbolic expressions, or interchange of any type. To the extent a Request seeks copies of oral COMMUNICATIONS, such COMMUNICATIONS may be provided by sound recording, by transcript, or by contemporaneous memoranda, including slides or computer-generated displays.

8. The "COUNTERCLAIMS" means the counterclaims plead as part of DEFENDANT WOFFINDEN'S SECOND AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND, Docket Number 97, filed on May 7, 2008, beginning at 23:22.

9. "DEFENDANT ASSASSIN" means Defendant Assassin Pictures, any subsidiaries, parent companies, agents, partners, or affiliates, including but not limited to Defendant Assassin Cash.

///

10. "DEFENDANT FIVE STAR" means Defendant Five Star Video, L.C., any subsidiaries, parent companies, agents, partners, or affiliates, including but not limited to Defendant Five Star Video Distributors.

11. "DEFENDANT FOX" means Defendant Bill Fox and any aliases including but not limited to Bill T. Fox.

12. The term "DOCUMENT" has its broadest possible meaning under the Federal Rule of Civil Procedure 34, includes any writing or thing, and includes the original and any non-identical copy, regardless of origin or location, of any written, typewritten, drawn, charted, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, now or formerly in YOUR possession, custody or control, including, but not limited to, any drawing, photograph, book, pamphlet, periodical, letter, correspondence, telegram, invoice, email, contract, purchase order, estimate, report, memorandum, intra-office communication, computer databases, data sheets, data processing cards, tapes, disc recordings, diskettes, memoranda, work papers, work sheets, work records, literature, reports, notes, drafts, diaries, messages, telegrams, books, ledgers, publications, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bids, time cards, invoices, receipts, purchase orders, contracts, telephone records, and any other records, writings, or computer input or output, working paper, record, study, paper, chart, graph, index, and any transcription(s) thereof, and all other memorialization(s) of any conversations(s), meeting(s), and conference(s), by telephone or otherwise. The term “DOCUMENT” also means every copy of a document where such copy is not an identical duplicate of the original, whether because of deletions, underlings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery, or any other difference or modification of any kind.

13. "EXOTIC EROTIC BALL" means any event or enterprise associated with Perry Mann Inc., including without limitation EEB Productions, Perry Mann, Perry Moldauer, www.exoticeroticball.com, and the event in San Francisco commonly known as the Exotic Erotic Ball.

///

14. "IDENTIFY" means to provide sufficient information to enable PLAINTIFF's counsel to contact any PERSON identified (including the name, employer's name, title, business, home address, and telephone number), to locate, recognize, and request production of any DOCUMENT identified, and to describe any COMMUNICATION identified (including the substance of the COMMUNICATION and all PERSONS involved therein).

15. "PERSON" means and refers to any human being, corporation, partnership, association, legal representative, trustee, trustee in bankruptcy, and/or receiver.

16. "PLAINTIFF" means Plaintiff Violet Blue.

17. "RELEVANT PERIOD" means the period starting from the earlier of January 1, 1999, or one year prior to the date YOU first performed or presented YOUR image to any market or audience to the present.

18. "PLAINTIFF'S TRADEMARK" means PLAINTIFF'S common law and federally registered trademark rights in "VIOLET BLUE" (U.S. Application Serial No. 77/121,570, U.S. Trademark Registration No. 3,391,010).

19. "USPTO" means the United States Patent and Trademark Office.

20. "VIOLETBLUE.ORG" means any website associated with that domain name, including but not limited to www.violetblue.org, www.movies.violetblue.org, xxx.violetblue.org, or any other similar subdomain.

21. "YOU," or "YOUR," means Defendant Ada Mae Johnson a/k/a Ada Woffinden, her agents, employees, representatives, attorneys, accountants, brokers, consultants, and anyone else acting on her behalf.

22. Use of the singular form of any word includes the plural and vice versa.

23. Each interrogatory applies to the RELEVANT PERIOD unless otherwise stated.

24. If YOU object to the scope or breadth of any interrogatory, identify, to the extent possible, that portion of the interrogatory that YOU can answer notwithstanding YOUR objections.

///

///

25. In the event that any of these interrogatories call for a document that has been lost or destroyed, or for information contained in such a document, such document is to be identified by stating the following: (a) the type of document, e.g., letter or memorandum; (b) the general subject matter of the document; (c) the date of the document; (d) the author(s) of the document; (e) the addressee(s) of the document; (f) the recipient(s) of the document; (g) where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other; (h) Custodian(s) of the document or person(s) otherwise responsible for the document(s) safekeeping, storage, or filing; (i) the date the document was lost or destroyed; and (j) the circumstances surrounding the loss of the document and, if the document was destroyed, the reason for the circumstances surrounding its destruction.

**REQUESTS FOR ADMISSIONS**

**Request For Admission No. 3.**

Admit that YOUR use of the stage name "Violet Blue" is confusingly similar to PLAINTIFF'S TRADEMARK.

**Request For Admission No. 4.**

Admit that PLAINTIFF'S TRADEMARK is famous.

**Request For Admission No. 5.**

Admit that YOUR use of the stage name "Violet Blue" dilutes PLAINTIFF'S TRADEMARK.

**Request For Admission No. 6.**

Admit that BLUE never represented to the USPTO that PLAINTIFF'S TRADEMARK had been used "exclusively and continuously."

**Request For Admission No. 7.**

Admit that YOU are a public figure.

**Request For Admission No. 8.**

Admit that YOU have been a public figure since at least as early as February 2001.

///

///

**Request For Admission No. 9.**

Admit that any statements made about YOU by BLUE concern matters of public interest.

**Request For Admission No. 10.**

Admit that BLUE has never slandered YOU.

**Request For Admission No. 11.**

Admit that BLUE has never libeled YOU.

**Request For Admission No. 12.**

Admit that YOU are not damaged, nor have YOU been damaged, by any statements made by BLUE about YOU.

Dated: August 5, 2008

VOGELE & ASSOCIATES

By:____________________
Benjamin A. Costa
Attorneys for Plaintiff VIOLET BLUE

## DECLARATION OF SERVICE

I, Benjamin A. Costa, hereby declare:

I am over eighteen years of age and not a party to the within cause. My business address is 12 Geary Street, Suite 701, San Francisco, CA 94108. On August 5, 2008, I served a copy of PLAINTIFF VIOLET BLUE'S SECOND SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT ADA MAE JOHNSON a/k/a ADA WOOFINDEN (Nos. 3 - 12) on each of the following, by placing the same in an envelope addressed respectively as follows:

Robert S. Apgood
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117
Telephone: 206-624-2379
Facsimile: 206-784-6305
rob@carpelaw.com

Each said envelope was then, on said date, sealed and deposited in the United States mail at San Francisco, California, San Francisco Count, the county in which I am employed, with the postage thereon fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 5, 2008 at San Francisco, California.

Benjamin A. Costa

COLETTE VOGELE (SBN No. 192865)
Email: colette@vogelelaw.com
BENJAMIN COSTA (SBN No. 245953)
Email: ben@vogelelaw.com
**VOGELE & ASSOCIATES**
12 Geary Street, Suite 701
San Francisco, CA 94108
Tel: (415) 391-3311
Fax: (415) 358-4975

Attorneys for Plaintiff
VIOLET BLUE

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIOLET BLUE, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>ADA MAE JOHNSON a/k/a ADA WOFFINDEN, an individual d/b/a VIOLET BLUE a/k/a VIOLET a/k/a VIOLET LUST, et al.<br><br>Defendants. | Case No. C 07-5370 SI<br><br>**PLAINTIFF VIOLET BLUE'S SECOND SET OF INTERROGATORIES TO DEFENDANT ADA MAE JOHNSON** (Nos. 18-22) |
| AND RELATED CROSS-CLAIM | |

**PROPOUNDING PARTY:** Plaintiff VIOLET BLUE

**RESPONDING PARTY:** Defendant ADA MAE JOHNSON a/k/a ADA WOOFINDEN

**SET NO.:** Two (Nos. 18 through 22)

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 33, you are required to respond under oath to the following interrogatories within thirty (30) days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

1. “ACTION” means this Civil Action No. 07-5370 pending in the Northern District of California.

2. "AEBN" means A.E.B.N., Inc., its subsidiaries, parent companies, agents, partners, or affiliates, including, without limitation, the Adult Entertainment Broadcast Network” and AEBN.net.

3. "APPEARANCE" means any personal attendance at any event open to the public, invitees, or other ticketed attendees.

4. "AVN" means AVN Media Network, its subsidiaries, parent companies, agents, partners, or affiliates, including, without limitation, AVN.com, AVN Online, AVN Magazine, AVN Adult Entertainment Expo, and the AVN Awards Show.

5. "BETTY BANGS" means the hairstyle associated with Betty Page and generally having the characteristics of being a very dark color with short bangs.

6. “CC BILL” means CC Bill LLC its subsidiaries, parent companies, agents, partners, or affiliates, including, without limitation, ccbill.com.

7. "COMMUNICATIONS" means and refers to any verbal, written, or symbolic expressions, or interchange of any type. To the extent a Request seeks copies of oral COMMUNICATIONS, such COMMUNICATIONS may be provided by sound recording, by transcript, or by contemporaneous memoranda, including slides or computer-generated displays.

8. The “COUNTERCLAIMS” means the counterclaims plead as part of DEFENDANT WOFFINDEN’S SECOND AMENDED ANSWER TO PLAINTIFF’S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND, Docket Number 97, filed on May 7, 2008, beginning at 23:22.

9. "DEFENDANT ASSASSIN" means Defendant Assassin Pictures, any subsidiaries, parent companies, agents, partners, or affiliates, including but not limited to Defendant Assassin Cash.

///

10. "DEFENDANT FIVE STAR" means Defendant Five Star Video, L.C., any subsidiaries, parent companies, agents, partners, or affiliates, including but not limited to Defendant Five Star Video Distributors.

11. "DEFENDANT FOX" means Defendant Bill Fox and any aliases including but not limited to Bill T. Fox.

12. The term "DOCUMENT" has its broadest possible meaning under the Federal Rule of Civil Procedure 34, includes any writing or thing, and includes the original and any non-identical copy, regardless of origin or location, of any written, typewritten, drawn, charted, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, now or formerly in YOUR possession, custody or control, including, but not limited to, any drawing, photograph, book, pamphlet, periodical, letter, correspondence, telegram, invoice, email, contract, purchase order, estimate, report, memorandum, intra-office communication, computer databases, data sheets, data processing cards, tapes, disc recordings, diskettes, memoranda, work papers, work sheets, work records, literature, reports, notes, drafts, diaries, messages, telegrams, books, ledgers, publications, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bids, time cards, invoices, receipts, purchase orders, contracts, telephone records, and any other records, writings, or computer input or output, working paper, record, study, paper, chart, graph, index, and any transcription(s) thereof, and all other memorialization(s) of any conversations(s), meeting(s), and conference(s), by telephone or otherwise. The term "DOCUMENT" also means every copy of a document where such copy is not an identical duplicate of the original, whether because of deletions, underlings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery, or any other difference or modification of any kind.

13. "EXOTIC EROTIC BALL" means any event or enterprise associated with Perry Mann Inc., including without limitation EEB Productions, Perry Mann, Perry Moldauer, www.exoticeroticball.com, and the event in San Francisco commonly known as the Exotic Erotic Ball.

///

14. "IDENTIFY" means to provide sufficient information to enable PLAINTIFF's counsel to contact any PERSON identified (including the name, employer's name, title, business, home address, and telephone number), to locate, recognize, and request production of any DOCUMENT identified, and to describe any COMMUNICATION identified (including the substance of the COMMUNICATION and all PERSONS involved therein).

15. "PERSON" means and refers to any human being, corporation, partnership, association, legal representative, trustee, trustee in bankruptcy, and/or receiver.

16. "PLAINTIFF" means Plaintiff Violet Blue.

17. "RELEVANT PERIOD" means the period starting from the earlier of January 1, 1999, or one year prior to the date YOU first performed or presented YOUR image to any market or audience to the present.

18. "PLAINTIFF'S TRADEMARK" means PLAINTIFF'S common law and federally-registered trademark rights in "VIOLET BLUE" (U.S. Application Serial No. 77/121,570, U.S. Trademark Registration No. 3,391,010).

19. "USPTO" means the United States Patent and Trademark Office.

20. "VIOLETBLUE.ORG" means any website associated with that domain name, including but not limited to www.violetblue.org, www.movies.violetblue.org, xxx.violetblue.org, or any other similar subdomain.

21. "YOU," or "YOUR," means Defendant Ada Mae Johnson a/k/a Ada Woffinden, her agents, employees, representatives, attorneys, accountants, brokers, consultants, and anyone else acting on her behalf.

22. Use of the singular form of any word includes the plural and vice versa.

23. Each interrogatory applies to the RELEVANT PERIOD unless otherwise stated.

24. If YOU object to the scope or breadth of any interrogatory, identify, to the extent possible, that portion of the interrogatory that YOU can answer notwithstanding YOUR objections.

25. In the event that any of these interrogatories call for a document that has been lost or destroyed, or for information contained in such a document, such document is to be identified

by stating the following: (a) the type of document, e.g., letter or memorandum; (b) the general subject matter of the document; (c) the date of the document; (d) the author(s) of the document; (e) the addressee(s) of the document; (f) the recipient(s) of the document; (g) where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other; (h) Custodian(s) of the document or person(s) otherwise responsible for the document(s) safekeeping, storage, or filing; (i) the date the document was lost or destroyed; and (j) the circumstances surrounding the loss of the document and, if the document was destroyed, the reason for the circumstances surrounding its destruction.

## INTERROGATORIES

**Interrogatory No. 18.**

Describe with particularity all facts which support YOUR contention, contained within YOUR first COUNTERCLAIM, paragraph 8, for declaratory relief, that Defendant Woffinden's "use of 'Violet Blue' in connection with online and video adult erotica performances is not infringing [BLUE's] use of [BLUE's] name 'Violet Blue' in connection with web casts, and podcasts featuring music, audio books and news broadcasts, in the fields of inter alia, sexual pleasures and pornography, and other categories identified in Trademark International Class 9, and downloadable publications in the nature of individual texts of blog posts, photographs, electronic books, audio books, news columns, newsletters, and other categories in the fields of inter alia, sexual pleasures and pornography, identified in Trademark International Class 41."

**Interrogatory No. 19.**

Describe with particularity all facts which support YOUR contentions, contained within YOUR second COUNTERCLAIM, paragraph 10, for declaratory relief, that PLAINTIFF'S TRADEMARK is not famous.

**Interrogatory No. 20.**

Describe with particularity all facts which support YOUR contentions, contained within YOUR second COUNTERCLAIM, paragraph 10, for declaratory relief, that PLAINTIFF'S TRADEMARK "has not been diluted by [Defendant Woffinden's] use of

'Violet' and 'Violet Blue' in connection with online and video mainstream and adult erotica performances."

**Interrogatory No. 21.**

Describe with particularity all facts which support YOUR contention, contained within YOUR third COUNTERCLAIM, paragraph 12, that BLUE "represent[ed] to the [USPTO] that [BLUE's] use of the [PLAINTIFF'S TRADEMARK] has been used 'exclusively and continuously.'"

**Interrogatory No. 22.**

IDENTIFY with particularity each statement made by BLUE which YOU contend defames YOU, as alleged in YOUR fourth COUNTERCLAIM, paragraphs 14-20, including, without limitation, when and where each such statement was allegedly made.

Dated: August 5, 2008

VOGELE & ASSOCIATES

By: [signature]
Benjamin A. Costa
Attorneys for Plaintiff VIOLET BLUE

**DECLARATION OF SERVICE**

I, Benjamin A. Costa, hereby declare:

I am over eighteen years of age and not a party to the within cause. My business address is 12 Geary Street, Suite 701, San Francisco, CA 94108. On August 5, 2008, I served a copy of PLAINTIFF VIOLET BLUE'S SECOND SET OF INTERROGATORIES TO DEFENDANT ADA MAE JOHNSON a/k/a ADA WOOFINDEN (Nos. 18 - 22) on each of the following, by placing the same in an envelope addressed respectively as follows:

Robert S. Apgood
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117
Telephone: 206-624-2379
Facsimile: 206-784-6305
rob@carpelaw.com

Each said envelope was then, on said date, sealed and deposited in the United States mail at San Francisco, California, San Francisco Count, the county in which I am employed, with the postage thereon fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 5, 2008 at San Francisco, California.

Benjamin A. Costa