# EXHIBIT G

Robert S. Apgood
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117
Telephone: 206-624-2379
Facsimile: 206-784-6305
rob@carpelaw.com

John Jeffrey Carter
329 Flume Street
Chico, CA 95927-3606
Telephone: 530-342-6196
Facsimile: 530 342-6195

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| VIOLET BLUE, an individual,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>ADA MAE JOHNSON et al.,<br><br>Defendant/Counterclaim Plaintiff. | **Case No.: C 07-5370 SI**<br><br>**NOTICE OF SUBPOENA (UNITED STATES PATENT AND TRADEMARK OFFICE)** |

CARPELAW PLLC

<u>/s/ *Robert S. Apgood*</u>
Robert S. Apgood, *Pro Hac Vice*
WSBA #31023
Attorney for Defendant Ada Mae Woffinden
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
Email: rob@carpelaw.com

# DECLARATION OF SERVICE

I, Robert S. Apgood, hereby make the following Declaration from personal knowledge that on August 20, 2008, I served the foregoing:

1. Notice of Subpoena (United States Patent and Trademark Office); and

2. this certificate of Service

on the following attorneys:

Collette Vogele
Benjamin Costa
Vogele & Associates
12 Geary Street, Suite 701
San Francisco, CA 94108

By depositing a copy of same in the U.S. Mail, postage prepaid.

I herby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 20th day of August 2008 at Seattle, Washington.

CARPELAW PLLC

*s/ Robert S. Apgood*
*Pro Hac Vice*
WSBA # 31023
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
E-mail: rob@carpelaw.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| VIOLET BLUE,<br>Plaintiff/Counterclaim Defendant<br>v.<br>ADA MAE JOHNSON, *et al.*,<br>Defendant/Counterclaim Plaintiff | SUBPOENA IN A CIVIL CASE<br><br>**Case Number: C 07-5370 SI**<br>**Pending in District: N.D. California** |

To: General Counsel
United States Patent and Trademark Office
P.O. Box 15667
Arlington, VA 22215

| | |
|---|---|
| [ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
| PLACE OF TESTIMONY | COURTROOM<br>DATE AND TIME |
| [ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
| PLACE OF TESTIMONY | DATE AND TIME |
| [X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):<br>**See attached Exhibit A** | |
| PLACE<br>Law Offices of Jon Katz<br>8720 Georgia Avenue, Suite 703<br>Silver Spring, Montgomery County, Maryland 20910<br>301-495-7755 | DATE AND TIME<br>September 20, 2008<br>12:00 PM |
| [ ] YOU ARE COMMANDED permit inspection of the following premises at the place, date, and time specified below: | |
| PLACE OF TESTIMONY | DATE AND TIME |
| Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6). | |
| ISSUING OFFICER SIGNATURE AND TITLE<br>[signature] Member | DATE<br>08/20/2008 |
| ISSUING OFFICER NAME, ADDRESS AND TELEPHONE NUMBER<br>**CARPELAW PLLC**<br>**2400 NW 80th Street #130**<br>**Seattle, WA 98117**<br>**206-624-2379** | |

## PROOF OF SERVICE

| | |
|---|---|
| SERVED<br>DATE 08/20/2008<br>General Counsel | PLACE USPTO – PO Box 15667, Arlington, VA |
| SERVED ON (PRINT NAME)<br>General Counsel | MANNER OF SERVICE<br>U.S. Mail |
| SERVED BY (PRINT NAME)<br>Robert S. Apgood | TITLE<br>Attorney for Defendant Johnson |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| | |
|---|---|
| EXECUTED ON (DATE)<br>08/20/2008 | SIGNATURE OF SERVER<br>2400 NW 80th St. Ste. 130, Seattle, WA<br>ADDRESS OF SERVER |

Federal Rule of Civil Procedure 45(c)-(d)
(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions.
A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is to employed or regularly transacts business in person, except that, subject the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) Duties in Responding to Subpoena.
(1) Producing Documents or Electronically Stored Information.
These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## EXHIBIT A

## DOCUMENTS TO BE PRODUCED

All documents, including, but not limited to, all correspondence, e-mail communications, memoranda, invoices, indicia of payment, user activity logs, and account information or transaction reports that refer or relate to the trademark and service mark application and subsequent trademark and service mark for the following mark:

- "Violet Blue" – Serial No. 77121570 / Reg. No. 3391010

Definitions

The terms "document" and "e-mail communication" as used herein, mean any and all materials falling within subparagraphs (1) through (4) of Rule 1001 of the Federal Rules of Evidence, including without limitation, all computer files, disks, backup tapes, or any other place or thing in which electronic data is stored.