# EXHIBIT H

Robert S. Apgood
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117
Telephone: 206-624-2379
Facsimile: 206-784-6305
rob@carpelaw.com

John Jeffrey Carter
329 Flume Street
Chico, CA 95927-3606
Telephone: 530-342-6196
Facsimile: 530 342-6195

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| VIOLET BLUE, an individual,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>ADA MAE JOHNSON et al.,<br><br>Defendant/Counterclaim Plaintiff. | **Case No.: C 07-5370 SI**<br><br>**NOTICE OF SUBPOENA (OPEN ENTERPRISES, INC.)** |

CARPELAW PLLC

*/s/ Robert S. Apgood*
Robert S. Apgood, *Pro Hac Vice*
WSBA #31023
Attorney for Defendant Ada Mae Woffinden
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
Email: rob@carpelaw.com

## DECLARATION OF SERVICE

I, Robert S. Apgood, hereby make the following Declaration from personal knowledge that on August 1, 2008, I served the foregoing:

1. Notice of Subpoena (Open Enterprises, Inc.); and

2. this certificate of Service

on the following attorneys:

Collette Vogele
Benjamin Costa
Vogele & Associates
12 Geary Street, Suite 701
San Francisco, CA 94108

By depositing a copy of same in the U.S. Mail,postage prepaid.

I herby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 1st day of August 2008 at Seattle, Washington.

CARPELAW PLLC

*s/ Robert S. Apgood*
*Pro Hac Vice*
WSBA # 31023
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
E-mail: rob@carpelaw.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Violet Blue,<br><br>Plaintiff/Counterclaim Defendant<br>v.<br><br>Ada Mae Johnson, *et al.*,<br><br>Defendant/Counterclaim Plaintiff | SUBPOENA IN A CIVIL CASE<br><br>**Case Number: CV 07-5370 SI** |

To: **Theresa Sparks**
**Open Enterprises, Inc.**
**938 Howard Street Ste 101**
**San Francisco, CA 94103**

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM<br><br>DATE AND TIME |
|---|---|

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents at the place, date, and time specified below (list documents or objects):

**See attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| **John Jeffrey Carter**<br>**329 Flume Street**<br>**Chico, CA 95927-3606** | September 4, 2008 |

[ ] YOU ARE COMMANDED permit inspection of the following premises at the place, date, and time specified below:

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| [signature] Member | 08/01/2008 |

ISSUING OFFICER NAME, ADDRESS AND TELEPHONE NUMBER
**Robert S. Apgood**
**CARPELAW PLLC**
**2400 NW 80th Street #130**
**Seattle, WA 98117**
**206-624-2379**

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

EXECUTED ON
(DATE)

SIGNATURE OF SERVER

ADDRESS OF SERVER

**Federal Rule of Civil Procedure 45(c)-(d)**

**(c) Protection of Persons Subject to Subpoenas.**
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is to employed or regularly transacts business in person, except that, subject the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
**(d) Duties in Responding to Subpoena.**
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DOCUMENTS TO BE PRODUCED

All documents, including, but not limited to, all correspondence, e-mail communications, memoranda, invoices, user activity logs, contracts, payroll records, and account information or transaction reports that refer or relate to Plaintiff Violet Blue, aka Violet Wendi Blue, aka Wendi Sullivan, aka Wendi Sullivan Blue, including but not limited to personnel and/or employee files.

### Definitions

The terms "document" and "e-mail communication" as used herein, mean any and all materials falling within subparagraphs (1) through (4) of Rule 1001 of the Federal Rules of Evidence, including without limitation, all computer files, disks, backup tapes, or any other place or thing in which electronic data is stored.