# EXHIBIT I

COLETTE VOGELE (SBN No. 192865)
Email: colette@vogelelaw.com
BENJAMIN COSTA (SBN No. 245953)
Email: ben@vogelelaw.com
VOGELE & ASSOCIATES
12 Geary Street, Suite 701
San Francisco, CA 94108
Tel: (415) 391-3311
Fax:(415) 358-4975
Attorneys for Plaintiff VIOLET BLUE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| VIOLET BLUE, an individual,<br><br>Plaintiff/Counterclaim<br>Defendant,<br><br>vs.<br><br>ADA MAE JOHNSON et al.,<br><br>Defendant/Counterclaim<br>Plaintiff. | Case No.: C 07-5370 SI<br><br>PLAINTIFF VIOLET BLUE'S THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ADA MAE JOHNSON (Nos. 99 - 113)<br>**AND RESPONSES THERETO**<br><br>Hon. Susan Illston<br>Courtroom 10, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

**PROPOUNDING PARTY:** Plaintiff VIOLET BLUE

**RESPONDING PARTY:** Defendant ADA MAE JOHNSON a/k/a ADA WOFFINDEN

**SET NO.:** hree (Nos. 99 through 113)

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 34, you are required to respond under oath to the following requests for production and to deliver to Vogele & Associates, at the address above, the documents so requested within thirty (30) days of service hereof.

**OBJECTION:** Fed. R. Civ. P. 34 does not require that which Plaintiff contends it requires.

## DEFINITIONS

1. "ACTION" means this Civil Action No. 07-5370 pending in the Northern District of California.

2. "AEBN" means A.E.B.N., Inc., its subsidiaries, parent companies, agents, partners, or affiliates, including, without limitation, the Adult Entertainment Broadcast Network" and AEBN.net.

3. "APPEARANCE" means any personal attendance at any event open to the public, invitees, or other ticketed attendees.

4. "AVN" means AVN Media Network, its subsidiaries, parent companies, agents, partners, or affiliates, including, without limitation, AVN.com, AVN Online, AVN Magazine, AVN Adult Entertainment Expo, and the AVN Awards Show.

5. "BETTY BANGS" means the hairstyle associated with Betty Page and generally having the characteristics of being a very dark color with short bangs.

6. "CC BILL" means CC Bill LLC its subsidiaries, parent companies, agents, partners, or affiliates, including, without limitation, ccbill.com.

7. "COMMUNICATIONS" means and refers to any verbal, written, or symbolic expressions, or interchange of any type. To the extent a Request seeks copies of oral COMMUNICATIONS, such COMMUNICATIONS may be provided by sound recording, by transcript, or by contemporaneous memoranda, including slides or

computer-generated displays.

8. "DEFENDANT ASSASSIN" means Defendant Assassin Pictures, any subsidiaries, parent companies, agents, partners, or affiliates, including but not limited to Defendant Assassin Cash.

9. "DEFENDANT FIVE STAR" means Defendant Five Star Video, L.C., any subsidiaries, parent companies, agents, partners, or affiliates, including but not limited to Defendant Five Star Video Distributors.

10. "DEFENDANT FOX" means Defendant Bill Fox and any aliases including but not limited to Bill T. Fox.

11. The term "DOCUMENT" has its broadest possible meaning under the Federal Rule of Civil Procedure 34, includes any writing or thing, and includes the original and any non-identical copy, regardless of origin or location, of any written, typewritten, drawn, charted, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, now or formerly in YOUR possession, custody or control, including, but not limited to, any drawing, photograph, book, pamphlet, periodical, letter, correspondence, telegram, invoice, email, contract, purchase order, estimate, report, memorandum, infra-office communication, computer databases, data sheets, data processing cards, tapes, disc recordings, diskettes, memoranda, work papers, work sheets, work records, literature, reports, notes, drafts, diaries, messages, telegrams, books, ledgers, publications, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bids, time cards, invoices, receipts, purchase orders, contracts, telephone records, and any other records, writings, or computer input or output, working paper, record, study, paper, chart, graph, index, and any transcription(s) thereof, and all other memorialization(s) of any conversations(s), meeting(s), and conference(s), by telephone or otherwise. The term "DOCUMENT"

also means every copy of a document where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery, or any other difference or modification of any kind.

12. "EXOTIC EROTIC BALL" means any event or enterprise associated with Perry Mann Inc., including without limitation EEB Productions, Perry Mann, Perry Moldauer, www.exoticeroticball.com, and the event in San Francisco commonly known as the Exotic Erotic Ball.

13. "IDENTIFY" means to provide sufficient information to enable PLAINTIFF' s counsel to contact any PERSON identified (including the name, employer's name, title, business, home address, and telephone number), to locate, recognize, and request production of any DOCUMENT identified, and to describe any COMMUNICATION identified (including the substance of the COMMUNICATION and all PERSONS involved therein).

14. "PERSON" means and refers to any human being, corporation, partnership, association, legal representative, trustee, trustee in bankruptcy, and/or receiver.

15. "PLAINTIFF" means Plaintiff Violet Blue.

16. "RELEVANT PERIOD" means the period starting from the earlier of January 1, 1999, or one year prior to the date YOU first performed or presented YOUR image to any market or audience to the present.

17. "PLAINTIFF'S TRADEMARK" means PLAINTIFF'S common law and federally registered trademark rights in "VIOLET BLUE" (U.S. Application Serial No. 77/121,570, U.S. Trademark Registration No. 3,391,010).

18. "VIOLETBLUE.ORG" means any website associated with that domain name, including but not limited to www.violetblue.org, www.movies.violetblue.org,

xxx.violetblue.org, or any other similar subdomain.

"YOU," or "YOUR," means Defendant Ada Mae Johnson a/k/a Ada Woffinden, her agents, employees, representatives, attorneys, accountants, brokers, consultants, and anyone else acting on her behalf.

The "COUNTERCLAIMS" means the counterclaims asserted as part of DEFENDANT WOFFINDEN'S SECOND AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND, Docket Number 97, filed on May 7, 2008, beginning at 23:22.

21. "USPTO" means the United States Patent and Trademark Office.

22. Use of the singular form of any word includes the plural and vice versa.

**INSTRUCTIONS**

1. YOUR response to these Requests for Production will include all DOCUMENTS and information within YOUR possession, custody, or control including, but not limited to, DOCUMENTS and information in the possession, custody, or control of any of YOUR employees, accountants, attorneys, brokers, consultants, or other agents or representatives.

2. These Requests are continuing, requiring YOU to supplement YOUR response and YOUR production of DOCUMENTS in accordance with Fed. R. Civ. P. 26(e) with respect to any DOCUMENTS and information within the scope of this request as may be located or acquired following YOUR initial response.

3. The specific or duplicative or overlapping nature of any of the DOCUMENT descriptions set forth below will not be construed to limit the generality or breadth of any other DOCUMENT description contained in this or any other Request for Production of Documents.

4. If YOU claim any form of privilege, whether based on statute or otherwise, as a ground for non-production, YOU are hereby requested to provide the following information:

a. for DOCUMENTS: (i) the date of the DOCUMENT; (ii) the name of the DOCUMENT'S originator, the name of the PERSON(s) to whom it is addressed, and the names of all PERSON(s) who were shown copies or to whom copies were distributed; (iii) a general physical description of the type of DOCUMENT, and the subject matter to which it pertains; (iv) the current custodian of the DOCUMENT; and (v) the precise grounds on which the claim of privilege or other objection to production is based, with sufficient specificity to permit the Court to make a full determination whether the claim of privilege is valid.

b. for oral COMMUNICATIONS: (i) the name of the PERSON making the COMMUNICATION and the names of PERSONS present while the COMMUNICATION was made, and, where not apparent, the relationship of the PERSONS present to the PERSON making the COMMUNICATION; (ii) the date and place of COMMUNICATION; (iii) the general subject matter of the COMMUNICATION; and (iv) the precise grounds on which the claim of privilege or other objection to production is based, with sufficient specificity to permit the Court to make a full determination whether the claim of privilege is valid.

5. Each request should be answered separately and in order.

6. If YOU are unable to respond to any request fully, supply the information that is available and explain why YOUR response is incomplete, the efforts made to obtain the information, and the source from which all responsive information may be

obtained.

7. If, for any reason other than a claim of privilege, YOU refuse to respond to any request herein, state the grounds upon which such refusal is based with sufficient particularity to permit a determination of the propriety of such refusal.

8. If, in answering these requests, YOU claim that any request, or a definition or instruction applicable thereto, is ambiguous, do not use such claim as a basis for refusing to respond, but rather set forth as a part of the response the language YOU claim is ambiguous and the interpretation YOU have used to respond to the individual request.

9. Attach or identify all DOCUMENTS referred to or used in connection with the preparation of YOUR responses to these requests.

10. If any DOCUMENT requested herein was at one time in existence, but has been lost, destroyed, transferred voluntarily or involuntarily to others, not subject to YOUR control or otherwise disposed of, or if any DOCUMENT responsive to any request exists, but is not available, IDENTIFY in writing each such DOCUMENT and provide the following information: (i) the date or approximate date it was lost, transferred, destroyed, or otherwise disposed of; (ii) the circumstances and manner in which it was lost, transferred, destroyed, or otherwise disposed of; (iii) the reason or reasons for disposing of the DOCUMENT (if discarded or destroyed); (iv) the identity of all PERSON(s) authorizing or having knowledge of the circumstances surrounding the disposal of the DOCUMENT; (v) the identity of the PERSON(s) who lost, transferred, destroyed or otherwise disposed of the DOCUMENT; and (vi) the identity of all PERSON(s) having knowledge of the contents thereof.

11. Each Request applies to the RELEVANT PERIOD unless otherwise indicated.

12. Each of the foregoing definitions and instructions is hereby incorporated by reference into, and shall be deemed a part of, each and every other definition and instruction contained herein as well as each specific request set forth below.

## REQUESTS FOR PRODUCTION

**Request for Production No. 99.**

All DOCUMENTS referring or relating to the allegation in paragraph 8 of the COUNTERCLAIMS that "use [by Defendant Woffinden] of 'Violet Blue' in connection with online and video adult erotica performances is not infringing [BLUE's] use of her name 'Violet Blue' in connection with web casts, and podcasts featuring music, audio books and news broadcasts, in the fields of inter alia, sexual pleasures and pornography, and other categories identified in Trademark International Class 9, and downloadable publications in the nature of individual texts of blog posts, photographs, electronic books, audio books, news columns, newsletters, and other categories in the fields of inter alia, sexual pleasures and pornography, identified in Trademark International Class 41."

**RESPONSE:** Plaintiff's failure to produce DOCUMENTS and other evidence that prove that Defendant Woffinden's use of the name "Violet Blue" infringes PLAINTIFF'S TRADEMARK is Defendant Woffinden's offer of proof that her use of "Violet Blue" is not infringing PLAINTIFF'S TRADEMARK. Defendant therefore submits that no such documents exist.

**Request for Production No. 100.**

All DOCUMENTS referring or relating to the allegation in paragraph 10 of the COUNTERCLAIMS that PLAINTIFF'S TRADEMARK is not famous.

**RESPONSE:** Plaintiff's failure to produce DOCUMENTS and other evidence that prove that PLAINTIFF'S TRADEMARK is famous are Defendant Woffinden's offer of proof that PLAINTIFF'S TRADEMARK is not famous. Defendant therefore submits that no such documents exist.

**Request for Production No. 101.**

All DOCUMENTS referring or relating to the allegation in paragraph 10 of the COUNTERCLAIMS that PLAINTIFF'S TRADEMARK "has not been diluted by [Defendant Woffinden's] use of 'Violet' and 'Violet Blue' in connection with online and video mainstream and adult erotica performances."

**RESPONSE:** Plaintiff's failure to produce DOCUMENTS and other evidence that prove that PLAINTIFF'S TRADEMARK has been diluted by Defendant Woffinden's use of "Violet" and "Violet Blue" are Defendant Woffinden's offer of proof that PLAINTIFF'S TRADEMARK has not been diluted by Defendant Woffinden's use of "Violet" and "Violet Blue." Defendant therefore submits that no such documents exist

**Request for Production No. 102.**

All DOCUMENTS referring or relating to the allegation in paragraph 12 of the COUNTERCLAIMS that BLUE "represented to the [USPTO] that [BLUE's] use of the [VIOLET BLUE] mark has been used 'exclusively and continuously' in International Class 009 for web casts, and podcasts featuring music, audio books and news broadcasts, in the fields of inter alia, sexual pleasures and pornography; and in International Class 041 for downloadable publications in the nature of individual texts of blog posts, photographs, electronic books, audio books, news columns, and

newsletters, in the fields of, inter alia, sexual pleasures and pornography."

**RESPONSE:** See Plaintiff's Amended Complaint (Dkt. No. 28).

**Request for Production No. 103.**

All DOCUMENTS referring or relating to any filing with the USPTO in which BLUE allegedly represents to the Office that she has used PLAINTIFF'S TRADEMARK "exclusively and continuously."

**OBJECTION:** The Request is cumulative to Request No. 102.

**RESPONSE:** See Response to Request No. 102.

**Request for Production No. 104.**

All DOCUMENTS referring or relating to the allegation in paragraph 14 of the COUNTERCLAIMS that BLUE "has made numerous postings on the Internet regarding [Woffinden] and has, at times, slandered and libeled [Woffinden] in such a manner on [BLUE's] Web site that [Woffinden] cannot respond in a meaningful manner."

**RESPONSE:** See the attached responsive documents.

**Request for Production No. 105.**

All DOCUMENTS referring or relating to the allegation in paragraph 15 of the COUNTERCLAIMS that BLUE has made numerous postings on the Internet regarding Woffinden, which "were and are false."

**OBJECTION:** The Request is cumulative to Request No. 104.

**RESPONSE:** See the response to Request No. 104.

**Request for Production No. 106.**

All DOCUMENTS referring or relating to the allegation in paragraph 16 of the COUNTERCLAIMS that BLUE intended that these alleged "instances of defamation be committed in such a manner that [Woffinden] could not and cannot respond in a meaningful manner to dispute the allegations."

**RESPONSE:** See **ORDER** Granting Plaintiff's Motion for Preliminary Injunction (Dkt. No. 98).

**Request for Production No. 107.**

All DOCUMENTS referring or relating to the allegation in paragraph 17 of the COUNTERCLAIMS that BLUE "is in an advantaged comparative situation over [Woffinden] in that [BLUE] is able to reach the ears of some 3.2 million people on the Internet... and several millions of people in the greater San Francisco, California area as a result of her weekly column in the SFGate publication."

**RESPONSE:** See Plaintiff's Amended Complaint (Dkt. No. 28). See also See **ORDER** Granting Plaintiff's Motion for Preliminary Injunction (Dkt. No. 98).

**Request for Production No. 108.**

All DOCUMENTS referring or relating to the allegation in paragraph 18 of the COUNTERCLAIMS that BLUE "intended for other persons to believe [the allegedly defamatory] allegations to be true."

**OBJECTION:** The Request calls for a legal conclusion.

**RESPONSE:** Without waiving objections, at this time, Defendant has no knowledge of any such documents. However, discovery has not yet concluded and

Defendant Woffinden shall supplement this response if any such documents are discovered.

**Request for Production No. 109.**

All DOCUMENTS referring or relating to the allegation in paragraph 19 of the COUNTERCLAIMS that "Responses on [BLUE's] Web site indicate that other persons did believe [Blue's allegedly defamatory] allegations to be true."

**RESPONSE:** See the attached responsive documents.

**Request for Production No. 110.**

All DOCUMENTS referring or relating to the allegation in paragraph 20 of the COUNTERCLAIMS that Woffinden "is unable to dispute the [allegedly defamatory] allegations, and is thereby damaged by the [allegedly] false allegations."

**RESPONSE:** See **ORDER** Granting Plaintiff's Motion for Preliminary Injunction (Dkt. No. 98).

**Request for Production No. 111.**

All DOCUMENTS and COMMUNICATIONS that refer, reflect, or relate to any allegedly slanderous, libelous, and/or defamatory statements made by BLUE.

**OBJECTION:** The Request is cumulative to Request Nos. 104 and 105.

**RESPONSE:** See responses to Requests Nos. 104 and 105.

**Request for Production No. 112.**

All DOCUMENTS referring or relating to the allegation in paragraph 2 of the COUNTERCLAIMS that Plaintiff Blue has been known by any name other than

"Violet Blue."

**RESPONSE:** See the attached responsive documents.

**Request for Production No. 113.**

All DOCUMENTS and COMMUNICATIONS between YOU and David "Ben" Burch referring, relating to, or referencing BLUE or YOUR use of the name "Violet Blue."

**OBJECTION:** The Request is compound.

**RESPONSE:** Without waiving objections, at this time, Defendant has no knowledge of any such documents. However, discovery has not yet concluded and Defendant Woffinden shall supplement this response if any such documents are discovered.

Dated: August 5, 2008

VOGELE & ASSOCIATES

By: ____________________

**DECLARATION OF SERVICE**

I, Benjamin A. Costa, hereby declare:

I am over eighteen years of age and not a party to the within cause. My business address is 12 Geary Street, Suite 701, San Francisco, CA 94108. On August 5, 2008,1 served a copy of PLAINTIFF VIOLET BLUE'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ADA MAE JOHNSON a/k/a ADA WOOFINDEN (Nos. 99 -113) on each of the following, by placing the same in an envelope addressed respectively as follows:

Robert S. Apgood
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117
Telephone: 206-624-2379
Facsimile: 206-784-6305
rob@carpelaw.com

Each said envelope was then, on said date, sealed and deposited in the United States mail at San Francisco, California, San Francisco Count, the county in which I am employed, with the postage thereon fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 5, 2008 at San Francisco, California.

Benjamin A. Costa

# CERTIFICATION

The undersigned attorney has read the foregoing Responses to Plaintiff Violet Blue's First Set of Requests For Production To Defendant Ada Mae Johnson a/k/a Ada Woffinden and any objections thereto, and certifies that the responses and objections are in compliance with Federal Rule of Civil Procedure 26(g).

Robert S. Apgood

# DECLARATION OF SERVICE

I, Robert S. Apgood, hereby make the following Declaration from personal knowledge that on September 4, 2008, I served the foregoing:

1. Plaintiff Violet Blue's First Set Of Requests For Production To Defendant Ada Mae Johnson **And Responses Thereto**; and

2. this Declaration

by depositing copies thereof in the U.S. Mail, postage prepaid to:

Colette Vogele
Benjamin Costa
Vogele & Associates
12 Geary St., Ste. 701
San Francisco, CA 94108

I herby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 4h day of September 2008 at Seattle, Washington.

CARPELAW PLLC

*s/ Robert S. Apgood*
*Pro Hac Vice*
WSBA # 31023
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
E-mail: rob@carpelaw.com