# EXHIBIT K

COLETTE VOGELE (SBN No. 192865)
Email: colette@vogelelaw.com
BENJAMIN COSTA (SBN No. 245953)
Email: ben@vogelelaw.com
VOGELE & ASSOCIATES
12 Geary Street, Suite 701
San Francisco, CA 94108
Tel: (415) 391-3311
Fax:(415) 358-4975
Attorneys for Plaintiff VIOLET BLUE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

VIOLET BLUE, an Individual,

Plaintiff/Counter-Defendant,

v.

ADA MAE JOHNSON a/k/a ADA WOOFINDEN, an individual d/b/a VIOLET BLUE a/k/a VIOLET a/k/a VIOLET LUST;,

Defendant/Counter-Plaintiff; and

VIOLET BLUE, INC., a California corporation; ASSASSIN PICTURES INC., a California Corporation; ASSASSINCASH.COM; BILL T. FOX, an individual, a/k/a BILL FOX; FIVE STAR VIDEO L.C., an Arizona Limited Liability Company a/k/a FIVE STAR VIDEO DISTRIBUTORS LLC d/b/a FIVE STAR FULFILLMENT; and DOES 1-10,

Defendants.

Case No.: C 07-5370 SI

PLAINTIFF VIOLET BLUE'S SECOND SET OF INTERROGATORIES TO DEFENDANT ADA MAE JOHNSON a/k/a ADA WOOFINDEN
(Nos. 18 - 22)
**AND ANSWERS THERETO**

Hon. Susan Illston
Courtroom 10, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**PROPOUNDING PARTY:** Plaintiff VIOLET BLUE

**RESPONDING PARTY:** Defendant ADA MAE JOHNSON a/k/a ADA WOOFINDEN

**SET NO.:** One (Nos. 18 through 22)

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 33, you are required to respond under oath to the following interrogatories within thirty (30) days of the service hereof.

## DEFINITIONS AND INSTRUCTIONS

1. "ACTION" means this Civil Action No. 07-5370 pending in the Northern District of California.

2. "AEBN" means A.E.B.N., Inc., its subsidiaries, parent companies, agents, partners, or affiliates, including, without limitation, the Adult Entertainment Broadcast Network" and AEBN.net.

3. "APPEARANCE" means any personal attendance at any event open to the public, invitees, or other ticketed attendees.

4. "AVN" means AVN Media Network, its subsidiaries, parent companies, agents, partners, or affiliates, including, without limitation, AVN.com, AVN Online, AVN Magazine, AVN Adult Entertainment Expo, and the AVN Awards Show.

5. "BETTY BANGS" means the hairstyle associated with Betty Page and generally having the characteristics of being a very dark color with short bangs.

6. "CC BILL" means CC Bill LLC its subsidiaries, parent companies, agents, partners, or affiliates, including, without limitation, ccbill.com.

7. "COMMUNICATIONS" means and refers to any verbal, written, or symbolic expressions, or interchange of any type. To the extent a Request seeks copies of oral COMMUNICATIONS, such COMMUNICATIONS may be provided by sound recording, by transcript, or by contemporaneous memoranda, including slides or computer-generated displays.

8. The "COUNTERCLAIMS" means the counterclaims plead as part of DEFENDDANT WOFFINDEN'S SECOND AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, PRAYER FOR RELIEF AND JURY DEMAND, Dicket No. 97, filed on May 7, 2008, beginning at 23:22.

9. "DEFENDANT ASSASSIN" means Defendant Assassin Pictures, any subsidiaries, parent companies, agents, partners, or affiliates, including but not limited to Defendant Assassin Cash.

10. "DEFENDANT FIVE STAR" means Defendant Five Star Video, L.C., any subsidiaries, parent companies, agents, partners, or affiliates, including but not limited to Defendant Five Star Video Distributors.

11. "DEFENDANT FOX" means Defendant Bill Fox and any aliases including but not limited to Bill T. Fox.

12. The term "DOCUMENT" has its broadest possible meaning under the Federal Rule of Civil Procedure 34, includes any writing or thing, and includes the original and any non-identical copy, regardless of origin or location, of any written, typewritten, drawn, charted, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, now or formerly in YOUR possession, custody or control, including, but not limited to, any drawing, photograph, book, pamphlet, periodical, letter, correspondence, telegram, invoice, email, contract, purchase order, estimate, report, memorandum, infra-office communication, computer databases, data sheets, data processing cards, tapes, disc recordings, diskettes, memoranda, work papers, work sheets, work records, literature, reports, notes, drafts, diaries, messages, telegrams, books, ledgers, publications, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bids, time cards, invoices, receipts, purchase orders, contracts, telephone records, and any other records, writings, or computer input or output, working paper, record, study, paper, chart, graph, index, and any transcription(s) thereof, and all other memorialization(s) of any conversations(s), meeting(s), and conference(s), by telephone or otherwise. The term "DOCUMENT" also means every copy of a document where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery, or any other difference or modification of any kind.

13. "EXOTIC EROTIC BALL" means any event or enterprise associated with Perry Mann Inc., including without limitation EEB Productions, Perry Mann, Perry Moldauer, www.exoticeroticball.com, and the event in San Francisco commonly known as the Exotic Erotic Ball.

14. "IDENTIFY" means to provide sufficient information to enable PLAINTIFF'S counsel to contact any PERSON identified (including the name, employer's name, title, business, home address, and telephone number), to locate, recognize, and request production of any DOCUMENT identified, and to describe any COMMUNICATION identified (including the substance of the COMMUNICATION and all PERSONS involved therein).

15. "PERSON" means and refers to any human being, corporation, partnership, association, legal representative, trustee, trustee in bankruptcy, and/or receiver.

16. "PLAINTIFF" means Plaintiff Violet Blue.

17. "RELEVANT PERIOD" means the period starting from the earlier of January 1, 1999, or one year prior to the date YOU first performed or presented YOUR image to any market or audience to the present.

18. "PLAINTIFF'S TRADEMARK" means PLAINTIFF'S common law and federally-registered trademark rights in "VIOLET BLUE" (U.S. Application Serial No. 77/121,570, U.S. Trademark Registration No. 3,391,010).

19. "USPTO" means the United States Patent and Trademark Office.

20. "VIOLETBLUE.ORG" means any website associated with that domain name, including but not limited to www.violetblue.org, www.movies.violetblue.org, xxx.violetblue.org, or any other similar subdomain.

21. "YOU," or "YOUR," means Defendant Ada Mae Johnson a/k/a Ada Woffinden, her agents, employees, representatives, attorneys, accountants, brokers, consultants, and anyone else acting on her behalf.

22. Use of the singular form of any word includes the plural and vice versa.

23. Each Interrogatory applies to the RELEVANT PERIOD unless otherwise indicated.

24. If YOU object to the scope or breadth of any interrogatory, identify, to the extent possible, that portion of the interrogatory that YOU can answer notwithstanding YOUR objections.

25. In the event that any of these interrogatories calls for a document that has been lost or destroyed, or for information contained in such a document, such document is to be identified by stating the following: (a) the type of document, e.g., letter or memorandum; (b) the general subject matter of the document; (c) the date of the document; (d) the author(s) of the document; (e) the addressee(s) of the document; (f) the recipient(s) of the document; (g) where not apparent, the relationship of the author(s), addressee(s) and recipient(s) to each other; (h) Custodian(s) of the document or person(s) otherwise responsible for the document's safekeeping, storage, or filing; (i) the date the document was lost or destroyed; and (j) the circumstances surrounding the loss of the document and, if the document was destroyed, the reason for the circumstances surrounding its destruction.

## INTERROGATORIES

**Interrogatory No. 18.**

Describe with particularity all facts which support YOUR contention, contained within YOUR first COUNTERCLAIM, paragraph 8, for declaratory relief, that Defendant Woffinden's "use of 'Violet Blue' in connection with online and video adult erotica performances is not infringing [BLUE's] use of [BLUE's] name 'Violet Blue' in connection with web casts, and podcasts featuring music, audio books and news broadcasts, in the fields of inter alia, sexual pleasures and pornography, and other categories identified in Trademark International Class 9, and downloadable publications in the nature of individual texts of blog posts, photographs, electronic books, audio books, news columns, newsletters, and other categories in the fields of inter alia, sexual pleasures and pornography, identified in Trademark International Class 41."

**OBJECTION:** Plaintiff's interrogatory improperly attempts to shift the burden of proof from Plaintiff to Defendant Woffinden regarding Plaintiff's Trademark Infringement claim. It is Plaintiff's burden to establish that Defendant's acts are infringing. It is not Defendant's burden to prove the absence of infringement.

**ANSWER:** Without waiving objection, Defendant relies on Plaintiff's lack of factual support for her claim that Defendant is infringing Plaintiff's trademark.

**Interrogatory No. 19.**

Describe with particularity all facts which support YOUR contentions, contained within YOUR second COUNTERCLAIM, paragraph 10, for declaratory relief, that PLAINTIFF'S TRADEMARK is not famous.

**OBJECTION:** Plaintiff's interrogatory improperly attempts to shift the burden of proof from Plaintiff to Defendant Woffinden regarding Plaintiff's Trademark Dilution claim. In order to prevail at trial, Plaintiff bears to burden of proving that her mark is famous.

**ANSWER:** Without waiving objection, Defendant relies on Plaintiff's lack of factual support for her claim that Plaintiff's trademark is famous.

**Interrogatory No. 20.**

Describe with particularity all facts which support YOUR contentions, contained within YOUR second COUNTERCLAIM, paragraph 10, for declaratory relief, that PLAINTIFF'S TRADEMARK "has not been diluted by [Defendant Woffinden's use of 'Violet' and 'Violet Blue' in connection with online and video mainstream and adult erotica performances."

**OBJECTION:** Plaintiff's interrogatory improperly attempts to shift the burden of proof from Plaintiff to Defendant Woffinden regarding Plaintiff's Trademark Dilution claim. In order to prevail at trial, Plaintiff bears to burden of proving that her mark is famous.

**ANSWER:** Without waiving objection, Defendant relies on Plaintiff's lack of factual support for her claim that Plaintiff's trademark is famous.

**Interrogatory No. 21.**

Describe with particularity all facts which support YOUR contention, contained within YOUR third COUNTERCLAIM, paragraph 12, that BLUE "represented] to the [USPTO] that [BLUE's] use of the [PLAINTIFF'S TRADEMARK] has been used 'exclusively and continuously.'"

**OBJECTION:** Plaintiff's interrogatory improperly attempts to shift the burden of proof from Plaintiff to Defendant Woffinden regarding Plaintiff's Trademark Dilution claim.

**ANSWER:** Without waiving objection, Defendant relies on Plaintiff's own admission and claim that "through continuous and exclusive use dating back at least until 1999, [BLUE] has acquired valuable trademark rights to the use of her mark VIOLET BLUE."

**<u>Interrogatory No. 22.</u>**

IDENTIFY with particularity each statement made by BLUE which YOU contend defames YOU, as alleged in YOUR fourth COUNTERCLAIM, paragraphs 14-20, including, without limitation, when and where each such statement was allegedly made.

**ANSWER:**

On October 27, 2006 and thereafter, you made a posting to your web log ("blog") referring to Defendant Woffinden as "The Fake Violet Blue" and as a "twat."

On February 21, 2008, and thereafter, you made a posting to your blog that Defendant Woffinden engaged in a "pregnant gangbang porn" performance.

Dated: August 5, 2008

VOGELE & ASSOCIATES

By:______________________________
Benjamin A. Costa Attorneys for Plaintiff VIOLET BLUE

## DECLARATION OF SERVICE

I, Benjamin A. Costa, hereby declare:

I am over eighteen years of age and not a party to the within cause. My business address is 12 Geary Street, Suite 701, San Francisco, CA 94108. On August 5, 2008,1 served a copy of PLAINTIFF VIOLET BLUE'S SECOND SET OF INTERROGATORIES TO DEFENDANT ADA MAE JOHNSON a/k/a ADA WOOFINDEN (Nos. 18-22) on each of the following, by placing the same in an envelope addressed respectively as follows:

Robert S. Apgood
CarpeLaw PLLC
2400 NW 80th Street #130
Seattle, WA 98117
Telephone: 206-624-2379
Facsimile: 206-784-6305
rob@carpelaw.com

Each said envelope was then, on said date, sealed and deposited in the United States mail at San Francisco, California, San Francisco Count, the county in which I am employed, with the postage thereon fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 5, 2008 at San Francisco, California.

Benjamin A. Costa

## CERTIFICATION

The undersigned attorney has read the foregoing Responses to Plaintiff Violet Blue's ~~First~~ Second Set of Interrogatories To Defendant Ada Mae Johnson a/k/a Ada Woffinden and any objections thereto, and certifies that the responses and objections are in compliance with Federal Rule of Civil Procedure 26(g).

Robert S. Apgood

STATE OF WASHINGTON )
) ss.
COUNTY OF Grays Harbor )

I, Ada Woffinden, being first duly sworn, on oath, depose and say that I am a defendant herein and that I have read the within and foregoing Plaintiff Violet Blue's ~~First~~ Second Set Of Interrogatories To Defendant Ada Mae Johnson And Answers Thereto, know the contents thereof, and believe the same to be true.

Ada Woffinden

SUBSCRIBED AND SWORN TO before me this 4th day of September 2008.

CHASE J. NAPIER
NOTARY PUBLIC
STATE OF WASHINGTON
My Commission Expires Dec. 16, 2009

Chase J. Napier
(Print Name)
Notary Public in and for the State of Washington, residing at Aberdeen.
My commission expires: 12/16/09

**DECLARATION OF SERVICE**

I, Robert S. Apgood, hereby make the following Declaration from personal knowledge that on September 4, 2008 I served the foregoing:

1. Plaintiff Violet Blue's Second Set Of Interrogatories To Defendant Ada Mae Johnson **And Responses Thereto**; and

2. this Declaration

by depositing copies thereof in the U.S. Mail, postage prepaid to:

Colette Vogele
Benjamin Costa
Vogele & Associates
12 Geary St., Ste. 701
San Francisco, CA 94108

I herby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 4th day of September 2008 at Seattle, Washington.

CARPELAW PLLC

*s/ Robert S. Apgood*
*Pro Hac Vice*
WSBA # 31023
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
E-mail: rob@carpelaw.com