# EXHIBIT M

Case 3:07-cv-05370-SI Document 120 Filed 08/25/2008 Page 1 of 13

[Pursuant to Civ. L. R. 3-4(a)(1), a complete list of parties represented appears in the signature page of this document.]

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

VIOLET BLUE, an Individual,

Plaintiff/Counter-Defendant,

v.

ADA MAE JOHNSON a/k/a ADA WOOFINDEN, an individual d/b/a VIOLET BLUE a/k/a VIOLET a/k/a VIOLET LUST;,

Defendant/Counter-Plaintiff; and

VIOLET BLUE, INC., a California corporation; ASSASSIN PICTURES INC., a California Corporation; ASSASSINCASH.COM; BILL T. FOX, an individual, a/k/a BILL FOX; FIVE STAR VIDEO L.C., an Arizona Limited Liability Company a/k/a FIVE STAR VIDEO DISTRIBUTORS LLC d/b/a FIVE STAR FULFILLMENT; and DOES 1-10,

Defendants.

Case No. C 07-5370 SI

**SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Location:

The Honorable Susan Illston
Courtroom 10, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

CMC Date: August 29, 2008
CMC Time: 2:30 p.m.

Pursuant to Civil L.R. 16-10(d), the parties to the above-entitled action certify that they met and conferred prior to the subsequent case management conference scheduled in this case

Case 3:07-cv-05370-SI Document 120 Filed 08/25/2008 Page 2 of 13

and jointly submit this Supplemental Joint Case Management Conference Statement.

**DESCRIPTION OF SUBSEQUENT CASE DEVELOPMENTS**

**I. Jurisdiction and Service**

The jurisdictional issues in this case remain unchanged since the parties submitted their first Supplemental Joint Case Management Conference Statement dated June 13, 2008 (*see* Docket No. 109) ("June 13 Joint CMC Statement").

**II. Short Factual Summary of Case and Claims.**

Plaintiff's Statement:

Since the filing of the supplemental Joint Case Management Conference Statement, Plaintiff has continued with party and third-party discovery. The facts recited in the Plaintiff's Factual Summary contained in the initial Joint Case Management Conference Statement dated March 4, 2008 (*see* Docket No. 52) are still believed to be accurate, as are the additional facts identified in the June 13 Joint CMC Statement.

Plaintiff notes that Defendant continues to erroneously assert that this matter is settled. To refresh the Courts memory, this exact issue was discussed at the last Case Management Conference held on June 20, 2008 before this Court. At that conference, the Court issued new dates for the schedule to which Defendant agreed. Further, this Court expressly put on the record that the case was not settled noting that "[t]he parties are *discussing* settlement." (*See* Civil Pretrial Minutes dated June 24, 2008, Docket No. 111) (emphasis added).) This should put Defendant's claims that an actual settlement exists to rest. Nevertheless, because Woffinden has raised this issue again, Blue feels compelled to provide your Honor with a brief summary of the details of this dispute in Section XII of this Joint statement which addresses Settlement.

Defendant Woffinden's Statement:

While the parties may be "*discussing* settlement," Defendant submits that the discussion is solely about the details of settlement, and *not* material terms or whether settlement has been reached. Plaintiff's and Plaintiff's counsel's persistent and inexcusable repudiation of the settlement contract to which the parties have *already agreed* only unnecessarily multiplies the proceedings in this case.

Case 3:07-cv-05370-SI Document 120 Filed 08/25/2008 Page 3 of 13

Defendant Woffinden protests Plaintiff's continuation of this matter on the basis that the dispute was settled by the parties in mediation before Magistrate Judge Laporte on May 22, 2008. Since that date, Plaintiff has repudiated the settlement, yet has accepted the benefit of the terms of settlement from Defendant Woffinden. As such, Defendant Woffinden shall necessarily be seeking leave to amend her counterclaims to include a new co-defendant in the matter who has conspired with Plaintiff to convert, or who has independently converted, Defendant Woffinden's property (the domain "violetblue.org"), to wit: Colette Vogele, counsel to Plaintiff/Counter-Defendant. Defendant/Counter-Plaintiff Woffinden has necessarily propounded additional discovery requests on party and third parties in furtherance of her defenses and counterclaims.

**III. Principal Legal Issues in the Case.**

Plaintiff's Statement:

The legal issues in this case remain unchanged since the parties filed their initial Joint Case Management Conference Statement.

Defendant Woffinden's Statement:

The legal issues in this matter have changed. Defendant Woffinden now has one or more new legal counterclaims, including, but not necessarily limited to, conversion and conspiracy to convert Defendant's property, to wit: Defendant's lawful possessory interest in the domain "violetblue.org."

**IV. Motions**

Plaintiff's Statement:

No motions are currently pending. As Blue completes her discovery on her affirmative claims, she anticipates filing motions for summary judgment on her affirmative claims for trademark infringement, dilution, violation of California Civil Code Section 3344 and unfair competition, and on Defendant Woffinden's First, Second, and Third Counterclaims. Blue also expects that after discovery on the Fourth Counterclaim (for defamation), she will likely file a summary judgment motion on that claim.

Defendant Woffinden's Statement:

Case 3:07-cv-05370-SI Document 120 Filed 08/25/2008 Page 4 of 13

Defendant Woffinden shall be filing her motion to amend her counterclaims to include a new counterclaim defendant and another motion seeking specific performance of settlement by Plaintiff Blue. Defendant/Counter-Plaintiff Woffinden anticipates filing a motion for summary judgment resulting from the parties' settlement of the dispute on May 22, 2008 before Magistrate Judge Laporte.

Defendant/Counter-Plaintiff Woffinden anticipates filing a motion to sever the claims against her and her counterclaims from the claims levied against the non-dismissed co-defendants on the basis that the record does not indicate whether they have been served and does not indicate an order of dimissal of claims against them.

Moreover, Defendant Woffinden OBJECTS to the filing of this statement as "joint" on the basis that other named defendants in the dispute who have not been dismissed have not contributed to this statement.

**V. Amendment of the Pleadings.**

Plaintiff's Statement:

The issues pertaining to the amendment of the pleadings remain unchanged since the parties filed the June 13 Joint CMC Statement.

Defendant Woffinden's Statement:

As indicated, *supra*, Defendant Woffinden shall be seeking to amend the pleadings to include a new counter-defendant and one or more new counterclaims.

**VI. Evidence Preservation.**

The issues pertaining to evidence preservation remain unchanged since the parties filed the June 13 Joint CMC Statement.

**VII. Disclosures.**

Since the parties filed the June 13 Joint CMC Statement, Blue has supplemented her disclosures once. She intends to further supplement her disclosures as required under the Federal Rules. To date, Defendant Woffinden has served no supplemental disclosures, but reserves the right to do so, and shall do so, as evidence is discovered.

**VIII. Discovery.**

Plaintiff's Statement:

On August 5, 2008, Blue served her second set of interrogatories, second set of requests for admissions, and third set of requests for production of documents on Defendant Woffinden. These request related generally to Defendant Woffinden's recently asserted Fourth Counterclaim for defamation. Blue anticipates seeking the deposition of Defendant Woffinden after responses to these discovery requests are received, as necessary. Because the Fourth Counterclaim for defamation was only recently added to the record (*see* Docket No. 118, Order dated July 21, 2008), the parties request a short extension of time to complete discovery on the Fourth Counterclaim for defamation (see Section XVII, below).

Defendant Woffinden's Statement:

On August 1, 2008, Defendant/Counter Plaintiff Woffinden propounded her First Set of Requests For Production to Plaintiff. Defendant Woffinden anticipates that the discover sought will, *inter alia*, dispositively dispel Plaintiff's and Plaintiff's counsel's repeated representations that Plaintiff's "given" name (named bestowed at birth) is Plaintiff's current name, "Violet Blue" and that Plaintiff's and Plaintiff's counsel's iterative representations to that effect are fallacious. *See, e.g.,* Dkt. No. 66 at 8, fn. 2.

Both parties have served subpoenae on third parties for documents and other tangible things to prove or disprove the contentions in the claims before this Honorable Court in this matter.

**IX. Class Actions.**

Plaintiff's Statement:

Plaintiff continues her assertion that the case before this Court is not a class action and therefore class certification is unnecessary.

Defendant Woffinden's Statement:

As a result of Plaintiff/Counter-Defendant's recent litigation in other fora, Defendant/Counter-Plaintiff Woffinden is now unsure of whether this matter is a class action on the basis that discovery may indicate that a class action exists.

**X. Related Cases.**

Plaintiff's Statement:

The parties jointly continues their assertion that they have no knowledge of any related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

Defendant Woffinden's Statement:

As a result of this action, at least one third party made public statements regarding Plaintiff's veracity and Plaintiff's history as she has represented in this matter. As a result of these statements, Plaintiff Blue unsuccessfully sought a restraining order proscribing further public comment by her critic arguing threat of bodily harm. *See, e.g., Blue v. Burch*, Case No. CCH-08-568060, Superior Court of California, San Francisco County (August, 2008) <http://webaccess.sftc.org/Scripts/Magic94/mgrqispi94.dll?APPNAME=IJS&PRGNAME=ROA22&ARGUMENTS=-ACCH08568060> (last visited 08/22/2008)("After hearing testimony from the plaintiff and argument by counsel[1], and good cause appearing, the Court, having found that plaintiff Violet Blue failed to meet her burden, DENIES without prejudice plaintiff's request for issuance of a restraining order.")(footnote added).

**XI. Relief.**

Plaintiff's Statement:

The relief sought by Plaintiff Blue remains unchanged since the parties filed the initial Joint Case Management Conference Statement.

Defendant Woffinden's Statement:

Defendant/Counter-Plaintiff Woffinden shall be seeking additional relief in the form of claims sought against Plaintiff/Counter-Defendant Blue and/or Colette Vogele for, *inter alia*, conversion of Defendant's property.

**XII. Settlement and ADR.**

Plaintiff's Statement:

The parties participated in a settlement conference before Magistrate Judge Laporte on

[1] Plaintiff Blue was represented by Colette Vogele.

Case 3:07-cv-05370-SI Document 120 Filed 08/25/2008 Page 7 of 13

May 22, 2008. No settlement is currently in place. As previously explained to this Court, the parties had appeared before Judge Laporte on May 22 and had reached a settlement ***contingent*** upon four terms that Defendant had to comply with by specifically-negotiated deadlines. *See generally* June 13 Jt CMC Statement at 5:16-23; *see* Transcript of Settlement Proceedings, Docket No. 107 at 2:14-22 ("THE COURT: … I think the settlement has been reached … subject to a couple of specific ***contingencies*** that will be recited … the settlement is intended to be binding and effective as of today – or as of when the contingencies are removed, I should say … we're intending to create a record today that is enforceable, ***subject to those contingencies***.") (emphasis added). *See also id.* at 2:25 (Defense counsel Mr. Apgood agreeing with Magistrate Judge Laporte's above-quoted statement), *id.* at 3:20 – 4:11 (Plaintiff's counsel Ms. Vogele enumerating the "contingent terms."). The four contingent terms were: (1) that on or before May 30, the domain names www.violetblue.org and xxx.violetblue.org would be transferred to Blue; (2) that on or before June 6, 2008, Defendant Woffinden would subpoena her tax records from the Government for the years 2000 to 2007; (3) that Defendant Woffinden would produce records which had been requested in response to Plaintiff Blue's discovery requests including her tax records and bank records, and (4) that the records produced and tax returns received from the Government would prove up Defendant's alleged indigence. The case was not stayed during the time that Defendant Woffinden would be working to meet these contingencies.

Unfortunately, Defendant did not meet any of the contingencies in the times required, nor has she ever met the contingency requiring her to produce a complete set of the tax returns to prove her indigence. Indeed, the tax returns she has produced show that she was ***above*** the poverty level, making it impossible for her to meet the indigence contingency to begin with. Finally, in the interim, through continued and costly third-party discovery, Blue has learned that Defendant Woffinden has indeed earned much more money than she alluded to during the settlement negotiations before Judge Laporte. As such, Plaintiff fails to see how Defendant can meet the contingencies identified before Judge Laporte, and the settlement is simply not effective. In short, it should be clear that Plaintiff Blue has not repudiated any settlement.

Notwithstanding the foregoing, Blue is amenable to continuing direct discussions between the parties and would be agreeable to a further settlement conference before Judge Laporte.

Defendant Woffinden's Statement:

The parties reached a settlement on May 22, 2008, which Plaintiff Blue has now repudiated. Defendant/Counter-Plaintiff Woffinden intends to seek specific performance by breaching Plaintiff/Counter-Defendant Blue under, at least, the legal theory of promissory estoppel.

Defendant Woffinden has fulfilled her obligations set forth in the settlement agreement between the parties. Although some deliverables were excusably delivered later than aspirationally agreed, *they were, nevertheless, delivered and Plaintiff has accepted the benefits therefrom*. Moreover, Plaintiff has tendered *absolutely NO* offer of proof that she was prejudiced or otherwise damaged by the nominal tardiness of Defendant Woffinden's deliveries, yet she has now repudiated the settlement agreement without legal justification, thereby damaging Defendant Woffinden by requiring the sufferance of unnecessary legal fees and emotional distress. Again, Defendant Wofinden asks, "Just WHAT does Plaintiff seek?????" Defendant Woffinden does not know, and Plaintiff does not state. Of particular note, Ms. Colette Vogele took exclusive dominion over the domain "violetblue.org" in her own name. While claiming that she took the domain "in trust," no

**XIII. Consent to Magistrate Judge for All Purposes.**

Plaintiff's Statement:

Plaintiff continues her position that this case remain before the current Court, and does not therefore consent to have a magistrate judge conduct further proceedings in this case including trial and entry of judgment.

Defendant Woffinden's Statement:

Defendant/Counter-Plaintiff Woffinden is seeking intervention by Magistrate Judge Laporte to enforce the settlement agreed to by the parties and subsequently repudiated by Plaintiff.

Case 3:07-cv-05370-SI Document 120 Filed 08/25/2008 Page 9 of 13

**XIV. Other References.**

Plaintiff's Statement:

Plaintiff continues in her belief that this matter is not suitable for reference to a binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

Defendant Woffinden's Statement:

Defendant/Counter-Plaintiff Woffinden believes that intervention by Magistrate Judge Laporte to enforce the settlement agreed to by the parties and subsequently repudiated by Plaintiff is proper in this matter.

**XV. Narrowing of Issues.**

Plaintiff's Statement:

Plaintiff Blue's position regarding the narrowing of the issues remains unchanged since the parties filed the initial Joint Case Management Conference Statement.

Defendant Woffinden's Statement:

Defendant/Counter-Plaintiff Woffinden contends that there are no issues pending before this Honorable Court other than the issue of Plaintiff's breach of the settlement agreement reached on May 22, 2008.

**XVI. Expedited Schedule.**

Plaintiff's Statement:

Plaintiff Blue's position regarding an expedited schedule remains unchanged since the parties filed their initial Joint Case Management Conference Statement.

Defendant Woffinden's Statement:

Defendant/Counter-Plaintiff Woffinden states that the schedule in this matter requires revision to accommodate additional discovery regarding her existing counterclaims and new counterclaims against Plaintiff/Counter-Defendant Blue and her new claims against Colette Vogele.

**XVII. Scheduling.**

Plaintiff's Statement:

Plaintiff proposes that the schedule identified in the Court's Pretrial Preparation Order

issued on April 14, 2008, as amended on June 24, 2008, should be further amended as follows, and disagrees with the schedule proposed by Defendant:

| Event | Current Date | Proposed New Date |
|---|---|---|
| Fact discovery cut-off for all issues except Defendant's Fourth Counterclaim (for defamation) | 9/26/08 | 9/26/08 |
| Fact discovery cut-off for issues related to Defendant's Fourth Counterclaim (for defamation) | N/A | 10/31/08 |
| Exchange of expert reports pursuant to 26(a)(2)(A) on all issues for which a party bears the burden of proof | 8/18/08 | 9/19/08 |
| Rebuttal expert reports | 9/5/08 | 10/3/08 |
| Expert discovery cut off | 9/30/08 | 10/31/08 |
| Summary Judgment Motion Hearings | 11/21/08 | 12/19/08 |
| Pretrial conference | 1/12/09 | 1/12/09 |
| Trial | 1/26/09 | 1/26/09 |

Defendant Woffinden's Statement:

Defendant/Counter-Plaintiff Woffinden believes that, in light of newly discovered facts, and Plaintiff's counsel's joining in damages to Defendant, Plaintiff's proposed schedule is untenable and suggests the following schedule revisions to accommodate newly required discovery against Plaintiff/Counter-Defendant Blue and proposed Counter-Defendant Vogele:

| Event | Current Date | Proposed New Date |
|---|---|---|
| Fact discovery cut-off for all issues except Defendant's Fourth Counterclaim (for defamation) and Defendant's new counterclaim for conversion and related matters | 9/26/08 | 12/26/08 |
| Fact discovery cut-off for issues related to Defendant's Fourth | N/A | 11/31/08 |

Case 3:07-cv-05370-SI Document 120 Filed 08/25/2008 Page 11 of 13

| | | |
|---|---|---|
| Counterclaim (for defamation) | | |
| Fact discovery cut-off for issues related to Defendant's Proposed Counterclaim for conversion and related matters | N/A | 12/26/08 |
| Exchange of expert reports pursuant to 26(a)(2)(A) on all issues for which a party bears the burden of proof | 8/18/08 | 11/19/08 |
| Rebuttal expert reports | 9/5/08 | 01/03/09 |
| Expert discovery cut off | 9/30/08 | 12/31/08 |
| Summary Judgment Motion Hearings | 11/21/08 | 02/19/09 |
| Pretrial conference | 1/12/09 | 03/12/09 |
| Trial | 1/26/09 | 03/26/09 |

**XVIII. Trial.**

Issues relating to the length of trial remain unchanged since the parties filed their initial Joint Case Management Conference Statement.

**XIX. Disclosure of Non-party Interested Entities or Persons.**

Plaintiff's Statement:

Issues relating to the issue of disclosing non-party interested entities or persons remains unchanged since the parties filed the June 13 Joint CMC Statement.

Defendant Woffinden's Statement:

Issues related to disclosing non-party interested entities or persons may change as a result of discovery related to Defendant/Counter-Plaintiff's new claims discussed, *supra*.

**XX. Other Matters.**

Plaintiff's Statement:

Defendant's counsel's assertion of new matters at this late stage of the case, and attempt to assert a claim of "conversion" against Plaintiff's counsel, Colette Vogele, are wholly without merit and should be immediately rejected by this Court as yet another form of Defendant's

Case 3:07-cv-05370-SI Document 120 Filed 08/25/2008 Page 12 of 13

counsel's gamesmanship, a concern expressed early in this case and about which this Court has already issued a warning to counsel. *See* Order Re Plaintiff's Motion To Strike or Dismiss Defendant's Counterclaims and Plaintiff's Motion for Sanctions, April 7, 2008 (Docket No. 73) at 10:8-10) ("acknowledge[ing] Blue's concern about the potential for future gamesmanship by Woffinden's counsel, and notes that repeated instances of similar behavior should be avoided)

Defendant Woffinden's Statement:

Plaintiff's counsel may make her arguments of defense in her answer to Defendant Woffinden's claims, whether levied in this case, or in a separate action. While Plaintiff's counsel attempts to prejudice this Honorable Court by making allegations of "gamesmanship," it is her actions, and her actions alone, that give rise to Defendant./Counter-Plaintiff Woffinden's claims against her for, *inter alia*, conversion. As a result of that conversion, and as an operation of the rules promulgated by ICANN, Defendant/Counter-Plaintiff Woffinden is now unable to deliver the "violetblue.org" domain to Plaintiff/Counter-Defendant. *See* FAQ for Domain Name Holders <http://www.icann.org/en/transfers/dnholder-faq-03nov04.htm> (last visited 08/25/2002). As was succinctly stated to Plaintiff's counsel, Defendant./Counter-Plaintiff Woffinden was not consulted, nor did she otherwise, expressly or impliedly, agree to Plaintiff's counsel's taking of the domain in question "in trust." As such, the taking was not in trust," but was simply a taking wholly outside of the scope of the terms of the settlement agreement between the parties, which agreement has been unjustifiably repudiated by Plaintiff.

Defendant/Counter-Plaintiff Woffinden asserts that new matters, including but not limited to, Plaintiff/Counter-Defendant Blues and/or Colette Vogele's conversion of Defendant/Counter-Plaintiff Woffinden's domain name, "violetblue.org," have arisen.

Dated: August 25, 2008

VOGELE & ASSOCIATES

By: /S/
Colette Vogele
Attorneys for Plaintiff VIOLET BLUE

COLETTE VOGELE (SBN No. 192865)
Email: colette@vogelelaw.com
BENJAMIN COSTA (SBN No. 245953)

Case 3:07-cv-05370-SI Document 120 Filed 08/25/2008 Page 13 of 13

Email: ben@vogelelaw.com
VOGELE & ASSOCIATES
12 Geary Street, Suite 701
San Francisco, CA 94108
Tel: (415) 751-5737
Fax: (415) 358-4975

Dated: August 25, 2008

CARPELAW PLLC

By: ______/S/____________
Robert Apgood
Attorney for Defendant ADA MAE JOHNSON a/k/a ADA WOFFINDEN, an individual d/b/a VIOLET BLUE a/k/a VIOLET a/k/a VIOLET LUST

ROBERT S. APGOOD (Pro Hac Vice)
WSBA 31023
Email: rob@carpelaw.com
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-2400
Tel: (206) 624-2379
Fax: (206) 784-6305

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Robert Apgood.

Dated: August 25, 2008

VOGELE & ASSOCIATES

By:______/S/__________________
Colette Vogele
Attorneys for Plaintiff VIOLET BLUE